Richard D. Marca, State Bar # 127365
*Richard.Marca@varnerbrandt.com*
Jeff T. Olsen, State Bar #283249
*Jeff.Olsen@varnerbrandt.com*
**VARNER & BRANDT LLP**
3750 University Avenue, Suite 610
Riverside, California 92501
Telephone: (951) 274-7777
Facsimile: (951) 274-7770

Attorneys for Defendant,
WESTERN EXPRESS, INC., a Tennessee
corporation, doing business as WESTERN
EXPRESS TRANSPORT OF
CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC RIVERA, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WESTERN EXPRESS, INC. doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | (San Bernardino County Superior Court Case No. CIVDS1811980)<br>USDC Case No. 5:18-CV-1633<br><br>**NOTICE OF REMOVAL BY DEFENDANT WESTERN EXPRESS, INC., A TENNESSEE CORPORATION, D/B/A WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC. PURSUANT TO 28 U.S.C. §§ 1441, AND 1446**<br><br>**(CLASS ACTION FAIRNESS ACT)**<br><br>Complaint Filed: May 15, 2018<br>First Amended Complaint Filed: June 26, 2018<br>Trial Date: None Set |

*Varner & Brandt LLP*
*3750 University Avenue, Suite 610*
*Riverside, California 92501*
*(951) 274-7777*

**NOTICE OF REMOVAL**

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

**TO THE HONORABLE JUDGE OF THE ABOVE-ENTITLED UNITED STATES DISTRICT COURT, THE CLERK OF THE ABOVE-ENTITLED UNITED STATES DISTRICT COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Western Express, Inc., a Tennessee corporation, d/b/a Western Express Transport of California, Inc. (hereinafter "Defendant" or "Western"), is a defendant in a civil putative class action styled *Marc Rivera, individually and on behalf of others similarly situated v. Western Express, Inc., doing business as Western Express Transport of California, Inc., a Tennessee Corporation; and Does 1 through 10, inclusive*, Case No. CIVDS1811980 ("State Court Action"), which has been served and filed in the Superior Court for the State of California, County of San Bernardino, Civil Division. Pursuant to U.S.C. §§ 1332, 1441, and 1446, Western removes this action to the United States District Court for the Central District of California, Eastern Division, which is the judicial district and division in which the action is pending. Removal is proper for the following reasons:

1. On or about May 15, 2018, Plaintiff Marc Rivera ("Plaintiff") filed a putative class action and representative action lawsuit in the Superior Court of California for the County of San Bernardino. (Ex. 1, Complaint.) On June 26, 2018, Plaintiff filed an amended putative class action and representative action lawsuit in the same Court. (Ex. 2, First Amended Class Action and Representative Action Complaint ("FAC") and Attached Exhibits.) On July 5, 2018, Western was personally served with the Summons and FAC via process server. (Ex. 3, Proof of Service); (Ex. 4, Summons.) On May 15, 2018, the Superior Court of California for the County of San Bernardino issued a Notice of Case Management Conference and Notice of Assignment, scheduling a Case Management Conference for July 19, 2018 and assigning the case to Judge David S. Cohn. This Notice of Case Management Conference, Notice of Case Assignment and related documents are attached as

**NOTICE OF REMOVAL**

Exhibit 5.  On August 2, 2018, Defendant Western filed its Answer to the FAC in the Superior Court of San Bernardino.  (Ex., 6, Answer).  True and correct copies of all documents filed or served by the parties during the pendency of this case in the Superior Court of California for the County of San Bernardino prior to the filing of this Notice of Removal are attached as Exhibits 1 through 6.  No other pleadings, process, or orders have been served on Western in the State Court Action.

2.    This Notice of Removal has been filed within thirty (30) days of service of the Summons and Amended Complaint upon Western, and is thus timely under 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 84(c)(1), San Bernardino County is within the Eastern Division of the United States District Court for the Central District of California.  Therefore, this Court is the proper Court for removal of this Action.[1]

3.    The State Court Action was commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453, and 1711–15.

4.    In the FAC, Plaintiff asserted individual and class claims against Western for the following: failure to pay minimum wages for all hours worked; failure to provide off-duty, unpaid 30-minute meal periods or a "premium wage" in lieu thereof; failure to provide off-duty, paid rest periods or a "premium wage" in lieu thereof; failure to timely pay final wages to terminated or separated employees; failure to provide accurate itemized wage statements; violation of Unfair Competition Law; and penalties pursuant to California's Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq., ("PAGA") for the same underlying labor code. (*See* Ex. 2, ¶¶ 101-173.)

---

[1] Western recognizes that, pursuant to 28 U.S.C. § 1441(a), the State Court Action must be removed "to the district court of the United States for the district and division embracing the place where such action is pending."  However, Western in no way waives its right to move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12 for, *inter alia*, improper venue, in the time prescribed by Rule 81.

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California  92501
(951) 274-7777

**NOTICE OF REMOVAL**

5.    Plaintiff seeks to represent himself and the proposed class of individuals that meet the following criteria:

> All current and former employee drivers of Defendants who resided in California at any time within the Relevant Time Period, whose job duties include, among other things, driving commercial motor vehicles and performing services related thereto within the State of California, and who are/were paid on a "piece rate" and/or rate-per-mile basis for compensation purposes.

(collectively, "the Proposed Class") Ex. 2, FAC at ¶ 23.  The Relevant Time Period for the proposed class encompasses a period of four (4) years prior to the filing of the original Complaint up to present date, and therefore runs from May 14, 2014 through the date of this filing.

6.    Plaintiff seeks, on behalf of himself and on behalf of the Proposed Class, damages for alleged: failure to pay minimum wages for all hours worked; failure to provide off-duty, unpaid 30-minute meal periods or a "premium wage" in lieu thereof; failure to provide off-duty, paid rest periods or a "premium wage" in lieu thereof; failure to timely pay final wages to terminated or separated employees; failure to provide accurate itemized wage statements; violation of Unfair Competition Law; and various California Labor Code's PAGA violations. More specifically, Plaintiff seeks recovery of alleged wages - including minimum, regular, and/or overtime-owed, payment of all meal and rest period premiums, penalty wages of 30-days' pay, statutory penalties, restitution of wages, recovery of all civil penalties, attorneys' fees, cost of suit, litigation costs, administrative and accounting costs, pre-and post-judgment interest, and any other and further remedy deemed necessary by the Court.  (Ex. 2, Prayer for Relief, p. 36-38 at ¶¶ 4-18.)

## DIVERSITY JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

7.    Pursuant to CAFA, 28 U.S.C. § 1332(d)(2)(A), when the number of class members defined in a complaint exceeds 100, a federal district court has

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California  92501
(951) 274-7777

**NOTICE OF REMOVAL**

original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant.

8.      Furthermore, the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d)(6).

9.      For the sole purpose of determining diversity jurisdiction, the requirements for this Court's exercise of diversity jurisdiction under CAFA are satisfied in this case, as discussed more fully below.

## I.      Putative Class Numerosity under CAFA

10.     A threshold requirement of CAFA is that there must be at least 100 putative class members.  28 U.S.C. § 1332(d)(5)(B).  This requirement is easily satisfied here.  Western has reviewed its records, and Plaintiff seeks to represent a putative class as which totals an approximate **1,763 employees** (for the applicable four-year statute of limitations for wage claims time period of May 15, 2014 to May 15, 2018).  As far as allegations under the California Private Attorney General Act of 2004 ("PAGA"), which has a separate 1-year statute of limitations, the alleged representative class of "aggrieved employees" Plaintiff seeks to represent totals approximately **1,295 employees** (for the time period of May 15, 2017 through July 31, 2018).

## II.      Diversity of Citizenship under CAFA

11.     For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity; that is, at least one purported class member must be a citizen of a state different from the state of citizenship of any named defendant.  28 U.S.C. § 1332(d)(2)(A).

12.     Defendant Western Express is a citizen of the State of Tennessee.  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."

13.    The term "principal place of business" "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 599 U.S. 77, 92–93 (2010).  Moreover, "[i]t is the place that Courts of Appeals [and the Supreme Court of the United States] have called the corporation's 'nerve center,'" which is normally "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*. at 93.  Finally, "[t]here can be only one principal place of business for diversity purposes."  *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 (9th Cir. 2009) (quotation marks omitted).

14.    Both presently and at the time the State Court Action was commenced, Western is and was incorporated under the laws of the State of Tennessee. Additionally, Western's principal place of business, headquarters, and/or "nerve center" is located in Nashville, Tennessee and was located there at the time Plaintiff commenced his action.  Western's Nashville, Tennessee headquarters is the center of direction, control, and coordination because it handles all aspects of payroll, the retention of personnel and employment records, and is the location where senior management and officers are located.

15.    Western does maintain several additional facilities throughout the country, including a single facility in California located in the City of Fontana, County of San Bernardino, State of California.  This Fontana, California facility serves as a terminal for preventative maintenance and dispatch of truck drivers. Western does business in California as Western Express Transport of California, Inc. However, Western Express Transport of California, Inc. is not a separate corporation of Western Express, Inc.; rather, it is a fictitious name by which Western operates in California due to the fact that another entity was previously operating in California under the name Western Express Inc.

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

**NOTICE OF REMOVAL**

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

16.     Plaintiff is a resident of the City of Gardena, County of Los Angeles, State of California. Ex. 2, ¶ 13.

17.     Plaintiff is a citizen of the State of California.  Western is a citizen of the State of Tennessee.   Therefore, minimum diversity under 28 U.S.C. § 1332(d)(2)(A) is established.

**III.     Amount in Controversy under CAFA**

18.     Pursuant to the United States Supreme Court's decision in *Dart v. Cherokee Basin Operating Co. v. Owens*, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart v. Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Indeed, "[i]n measuring the amount in controversy, a court must *assume* that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on *all claims made in the complaint*." *Hernandez v. Towne Park, Ltd.*, 2012 U.S. Dist. LEXIS 86975, at *21 (C.D. Cal. June 22, 2012) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008), and citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (emphasis added)). Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Id.* at *22 (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003)).

19.     "To determine whether the matter in controversy exceeds [$5,000,000], the claims of the individual class members shall be aggregated." *Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) (internal quotation marks omitted). Aggregation of class members' claims to determine the amount in controversy was "explicitly endorsed by Congress" when it enacted CAFA. *Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1159 (C.D. Cal. Dec. 11, 2013). Finally, when aggregating class members' claims, a defendant is not limited to the claims of the

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

named plaintiffs, but is permitted to "include persons (named or unnamed) who fall within the definition of the *proposed* or certified class." *Std. Fire Ins. Co.*, 133 S. Ct. at 1348 (quoting 28 U.S.C. § 1332(d)(1)(D) (emphasis added)).

20.    Plaintiff filed his Complaint in the Superior Court of California for the County of San Bernardino and in doing so did not state an amount in controversy. "When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy . . . [should] a defendant want[] to pursue a federal forum under CAFA, that defendant . . . [bears] the burden to put forward evidence showing that the amount in controversy is a reasonable one." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  As mentioned previously, this burden is met through "an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Id.* at 1197–98 (citing *Dart*, 135 S. Ct. at 554).

21.    If, however, "the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court will decide where the preponderance lies."  *Ibarra*, 775 F.3d at 1198 (citing *Dart*, 135 S. Ct. at 554).  Thus, the level of proof required to satisfy CAFA's amount in controversy requirement is a preponderance of the evidence. *See Rodriquez v. AT&T Mobility Services, LLC*, 728 F.3d 975, 977 (9th Cir. 2013).

22.    To meet this standard of proof, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  In meeting this standard of proof, a removing defendant is not obligated to "research, state and prove the plaintiff's claims for damages." *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC(FFMx), 2011 U.S. Dist. LEXIS 16045, at *4 (C.D. Cal. Feb. 10, 2011).

23.    In this action, Plaintiff alleges and seeks, on behalf of himself and the Proposed Class, damages for alleged: failure to pay statutory minimum wage for all hours worked; failure to pay all wages due and owed; failure to provide thirty (30)-

minute duty-free meal periods, or to pay one (1) hour of additional wages at the employees' regular rate of compensation in lieu thereof; failure to provide mandated rest periods of at least ten (10) minutes per four (4) hours of work, or to pay one (1) hour of additional wages at the employees' regular rate of compensation in lieu thereof; failure to provide complete, accurate, and itemized wage statements; failure to provide employees with mandated notice; violation of California Business and Professions Code § 17200, *et seq.*; and various violations of the PAGA. (Ex. 2, FAC, ¶ 8(a)–(g).)

24.     The amount in controversy requirement can be met by focusing on only some of the 11 causes of action in the Complaint.  To address the amounts in controversy with respect to several of the causes of action in the Complaint, Western would be forced to conduct extensive and unduly burdensome analysis of vast employment records, including logs and timecards, payroll recaps, and expense reimbursement reports, for all members of the Proposed Class, which totals approximately 1,763 individuals.  However, as discussed below, analyzing only causes of action whose alleged amounts in controversy are readily ascertainable yields an amount in excess of the jurisdictional threshold amount of $5,000,000.

25.     As Plaintiff, does not allege in his FAC the rate at which violations by Western Express occurred, Western assumes (with respect to analyzing the amounts in controversy of the following causes of action only), an alleged 100% violation rate in accordance with this Court's case law. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 ("Plaintiff included no limitation on the number of violations, and taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate.")

26.     As discussed more fully above, Western carries the burden to rely on "reasonable assumptions" for purposes of calculating the amount in controversy in a notice of removal. *Ibarra*, 775 F.3d at 1198.  Here, for purposes of calculating the violation rate only, even though violations were characterized by Plaintiff as

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California  92501
(951) 274-7777

**NOTICE OF REMOVAL**

"systematic" (Ex. 2, FAC ¶ 89), Defendant reasonably assumes only one (1) alleged missed meal and rest period out of a 5-day workweek, or a *20% violation rate* within any given week.

27.    When calculating violation rates in this case, even a 20% violation rate results in a 100% violation for that pay period for the limited purposes of calculating damages pursuant to California Labor Code § 558, and PAGA.  Thus, this 20% violation rate should meet the Defendant's burden of relying on a "reasonable assumption" for purposes of calculating the amount in controversy. *Ibarra*, 775 F.3d at 1198.

**Second Cause of Action – Failure to Provide Off-Duty, Unpaid 30-Minute Meal Periods or a "Premium Wage" in Lieu Thereof (Violation of Cal. Labor Code §§ 226.7, 512, 558; Industrial Welfare Commission ("IWC") Wage Order 9, § 11)**

28.    Plaintiff alleges in his Complaint that he and the Proposed Class "systematically" worked periods of more than five (5) hours without receiving the mandated 30-minute duty-free meal period and for periods of more than ten (10) hours without receiving the mandated second 30-minute, duty-free meal period. (Ex. 2, FAC ¶ 47.)

29.    Plaintiff alleges that Western is liable to Plaintiff and the Proposed Class for civil penalties for such a violation pursuant to Cal. Labor Code § 558, which amounts to (1) fifty dollar ($50) fine for each underpaid employee for the initial pay period for which the employee was underpaid and (2) a one-hundred dollar ($100) fine for each underpaid employee for any subsequent pay period for which the employee was underpaid.

30.    Plaintiff does not specify how many pay periods he and the Proposed Class were allegedly underpaid.  Western pays its drivers on a pay-period basis.  The average length of employment of a truck driver at Western Express is approximately 170 days, or 24 weeks.  Therefore, at an alleged 100% violation rate, the amount in

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

10

controversy with respect to the first week is $88,150 (1,763 employees x $50 x 1 week). With respect to each of the remaining 23 weeks of average employment, the amount in controversy is $4,054,900 (1,763 employees x $100 x 23 weeks).

31.    Therefore, the total alleged amount in controversy *in § 558 penalties alone* as to the Proposed Class on the Second Cause of Action is **$4,143,050** ($88,150 + $4,054,900).

**Third Cause of Action – Failure to Provide Mandated Rest Periods or to pay Additional Wages in Lieu Thereof (Violation of Cal. Labor Code §§ 226.7, 558; Industrial Welfare Commission ("IWC") Wage Order 9, § 12)**

32.    Plaintiff alleges that Defendant had a "uniform and systematic policy" whereby it "failed to authorize and permit ten-minute rest periods . . . for every four hours worked (or major fraction thereof)." (Ex. 2, FAC ¶ 58.)

33.    Plaintiff alleges that Western is liable to Plaintiff for civil penalties for such a violation pursuant to Cal. Labor Code § 558, which amounts to (1) fifty dollar ($50) fine for each underpaid employee for the initial pay period for which the employee was underpaid and (2) a one-hundred dollar ($100) fine for each underpaid employee for any subsequent pay period for which the employee was underpaid.

34.    Plaintiff does not specify how many pay periods he and the Proposed Class were allegedly underpaid. Western pays its drivers on a pay-period basis. The average length of employment of a truck driver at Western Express is approximately 170 days, or 24 weeks. Therefore, at an alleged 100% violation rate, the amount in controversy with respect to the first week is $88,150 (1,763 employees x $50 x 1 week). With respect to each of the remaining 23 weeks of average employment, the amount in controversy is $4,054,900 (1,763 employees x $100 x 23 weeks).

35.    Therefore, the total alleged amount in controversy *in § 558 penalties alone* as to the Proposed Class on the Third Cause of Action is **$4,143,050** ($88,150 + $4,054,900).

///

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

11

**NOTICE OF REMOVAL**

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

**Fifth Cause of Action – Failure to Provide Accurate Itemized Wage Statements (Violation of Cal Labor Code §§ 226, 226.6, 1174, 1174.5, 1175; IWC Wage Order 9, § 7)**

36.    Plaintiff alleges that Western "knowingly and intentionally failed to furnish Plaintiff and Class Members with complete itemized wage statements accurately listing gross and net wages earned, the pay period begin date, and the address of the legal entity that is the employer" in violation of applicable California Labor Code IWC Wage Orders. (Ex. 2, FAC ¶ 80.)

37.    Plaintiff also alleges that he and the Proposed Class are entitled to recover from Western "the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation up to four thousand dollars ($4,000)" pursuant to Cal. Labor Code § 226(e). (Ex. 2, FAC ¶ 85.)

38.    Plaintiff does not specify how many pay periods he and the Proposed Class were not furnished with complete itemized wage statements accurately listing gross and net wages earned, the pay period begin date, and the address of the legal entity that is the employer. Western pays its drivers on a pay-period basis. However, the average length of employment of a truck driver at Western Express is approximately 170 days, or 24 weeks, which equals 24 pay periods. Therefore, at an alleged 100% violation rate, the amount in controversy with respect to the first week is $88,150 (1,763 employees x $50 x 1 week). With respect to each of the remaining 23 weeks of average employment, the amount in controversy is $4,054,900 (1,763 employees x $100 x 23 weeks).

39.    Therefore, the total alleged amount in controversy *in § 558 penalties alone* as to the Plaintiff and the Proposed Class on the Fifth Cause of Action is **$4,143,050** ($88,150 + $4,054,900).

///

///

**NOTICE OF REMOVAL**

**Seventh Cause of Action – PAGA Penalties**

40.     PAGA provides that "an aggrieved employee may recover the civil penalty…in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed."  (Ex. FAC, ¶ 103.)

41.     Plaintiff's Seventh Cause of Action allege that "Defendants' conduct…violates the [PAGA] regulations."  (Ex. 2, FAC 119, 133, 146, 168.) Essentially, by these allegations, Plaintiff alleges that the same underlying violations of the Labor Code as described in the earlier Causes of Action, thereby also result in violations of the PAGA statute, allowing for separate, civil penalties against Defendant as well.

42.     For that reason, Plaintiff seeks to be the named-representative filed on behalf of a representative class of other alleged "aggrieved employees" in 1-year statute of limitations period, which runs from May 14, 2017 to date.

43.     Labor Code section 2699(f)(2), states that that the civil penalty for violation will be calculated as follows:  "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  (See also, Ex. 2, FAC at ¶ 117.)

44.     Violations of PAGA, which result in civil penalty, has a 1-year statute of limitations.  See Cal. Civ. Proc. Section 340(a).  Therefore, Western has reviewed its records, and Plaintiff seeks to represent the PAGA class of "aggrieved employees," which totals: 1,295 employees.

45.     Plaintiff does not specify how many pay periods he and the Proposed Class were allegedly underpaid, resulting in PAGA penalties for each cause of action.  Western pays its drivers on a one-week pay-period basis.  The average length

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

13

of employment of a truck driver at Western Express is approximately 170 days, or 24 weeks.

46.     With respect to Plaintiff's Seventh Cause of Action for PAGA penalties for failure to pay all hours worked, at an alleged 100% violation rate, the amount in controversy with respect to the first week is $129,500 (1,295 employees x $100 PAGA penalty x 1 pay period).  With respect to each of the remaining 23 weeks of average employment, the amount in controversy is $5,957,000 (1,295 employees x $200 x 23 pay periods).

47.     Therefore, the total alleged amount in controversy *in potential PAGA penalties* as to the representative class on the Seventh Cause of Action alone is approximately **$6,086,500** ($5,957,000 + 129,500).

**Combined Amount in Controversy in Civil Penalties Alone for the Second, Third, Fifth, and Seventh Causes of Action**

48.     Accepting Plaintiff's allegations as true, even a conservative estimate of the amount that Plaintiff has put in controversy, solely with respect to the civil penalties of the Second, Third, Fifth, and Seventh causes of action for the proposed class and representative PAGA class discussed above is **$18,515,650** ($12,429,150 + $6,086,500).

49.     Here, it should be noted that Plaintiff's Eighth, Ninth, and Tenth Causes of Action for separate PAGA penalties would increase the total amount in controversy.  In fact, each of those named separate causes of action would result in respective totals similar to the Seventh Cause of Action.  It should also be pointed out that the *actual underpaid wages alleged* in the First through Sixth Causes of Action have not been addressed for purposes of brevity either.  In sum, with only some of the damages discussed in this Notice, it becomes clear that Plaintiff has plead an amount of controversy clearly exceeding the $5,000,000 threshold for CAFA.  Defendant respectfully reserves its rights to go into further detail on other causes of action which have been sidelined for efficiency and judicial economy.

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

**NOTICE OF REMOVAL**

**A.    Attorneys' Fees**

50.    Plaintiff also seeks attorneys' fees, among other things.  "Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract."  *Simmons v. PCR Tech.*, 209 F.Supp. 1029, 1034-35 (N.D. Cal. 2002) (citing *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).  Pursuant to California Labor Code § 218.5, "[i]n any action for the nonpayment of wages … the court shall award reasonable attorney's fees and costs to the prevailing party if any party requests attorney's fees and costs upon the initiation of the action."  Here, Plaintiffs' attorneys here have requested "reasonable attorneys' fees and cost of suit."  Prayer for Relief ¶ 14.

51.    The Ninth Circuit has established 25% of the common fund as a benchmark award for attorneys' fees. See *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); See also *Stern v. RMG Sunset, Inc.*, No. 17-CV-1646 JLS (NLS), 2018 U.S. Dist. LEXIS 85021, at *9 (S.D. Cal. May 21, 2018); *Rodriquez v. CleanSource, Inc.*, No. 14-CV-789-L(DHB), 2014 U.S. Dist. LEXIS 106901, at *4 (S.D. Cal. Aug. 4, 2015).

52.    Applying a 25% benchmark figure, the attorneys' fees for the limited potential exposure above would be **$4,628,912.50** ($18,515,650 x 0.25).  Including this amount, the potential alleged amount in controversy in these limited causes of action and their attorneys' fees equals approximately **$23,144,562.50**, which is well above the $5,000,000 minimum threshold amount required by § 1332(d)(6).[2]

**IV.    All Other Requirements Are Met for Removal**

53.    CAFA's minimum $5,000,000 threshold is met.

54.    This Court has jurisdiction over this Action pursuant to CAFA.

---

[2]  As mentioned, for purposes of efficiency, these exemplar amounts in controversy to not make up the entirety of the controversy as pleaded in the FAC.  For example, the amounts discussed above do not include amounts calculated for the actual unpaid wages, or additional PAGA penalties, which can be addressed and calculated upon the Court's request.

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California  92501
(951) 274-7777

**NOTICE OF REMOVAL**

55.     This Notice of Removal is filed within thirty (30) days of the receipt of service of Plaintiff's Complaint for Damages, i.e., service of July 5, 2018, as required by 28 U.S.C. § 1446(b).  Therefore, this matter may be removed by Western under 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 84, San Bernardino County is within the United States District Court for the Central District of California, Eastern Division. Therefore, this Court is the proper Court for removal of this action.

56.     A copy of this Notice of Removal of Action, and all Exhibits hereto, will be filed with the Clerk of the Superior Court of San Bernardino County, California.

57.     As Western is the only named defendant in this action, all defendants who have been properly served at the time of removal have consented in writing to the removal.

58.     Attached to this Notice as Exhibits 1 through 6 are true and correct copies of all pleadings and process served on Western or filed in this action.

Wherefore, Defendant Western respectfully requests that the above-entitled action be removed in its entirety from the Superior Court of California for the County of San Bernardino.

Dated: August 3, 2018                    Respectfully submitted,

                                         VARNER & BRANDT LLP


                                         By: */s/ Richard Marca*
                                             Richard D. Marca
                                             Jeff T. Olsen
                                             Attorneys for Defendant,
                                             WESTERN EXPRESS, INC., a
                                             Tennessee corporation, doing business
                                             as WESTERN EXPRESS
                                             TRANSPORT OF CALIFORNIA, INC.

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

**NOTICE OF REMOVAL**

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

**PROOF OF SERVICE**

Re:  *Marc Rivera, individually, et al. v. Western Express, Inc., etc., et al.*
United States District Court Case No. 5:18-CV-1633

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 3750 University Avenue, Suite 610, Riverside, CA 92501. On August 3, 2018, I served copies of the within documents described as **NOTICE OF REMOVAL BY DEFENDANT WESTERN EXPRESS, INC., A TENNESSEE CORPORATION, D/B/A WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC. PURSUANT TO 28 U.S.C. §§ 1441, AND 1446** on the interested parties in this action in a sealed envelope addressed as follows:

**See attached Service List**

[X] **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY CM/ECF SYSTEM -** I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants listed on the attached Service List.

[ ] **BY PERSONAL SERVICE** - I caused such envelope to be delivered by hand to the offices of the addressee pursuant to C.C.P. § 1011.

[ ] **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

[ ] **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e). Said document was transmitted to the facsimile number of the office of the addressee from the office of Varner & Brandt, LLP, in Riverside, on the date set forth above. The facsimile machine I used complied with California Rules *of Court*, Rule 2003(3) and no error was reported by the machine. Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

[X] **FEDERAL** - I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 3, 2018, at Riverside, California.

*/s/ Madison Montgomery*
Madison Montgomery

1

**SERVICE LIST**

Re:    *Marc Rivera, individually, et al. v. Western Express, Inc., etc., et al.*
       United States District Court Case No. 5:18-CV-1633

Michael D. Singer                                      **Attorneys for Plaintiff,**
J. Jason Hill                                          ***MARC RIVERA, individually and***
COHELAN KHOURY & SINGER                                ***on behalf of others similarly***
605 C Street, Suite 200                                ***situated***
San Diego, California 92101
Tel.: (619) 595-3001
Fax: (619) 595-3000
msinger@ckslaw.com
jhill@ckslaw.com

Jonathan Lebe
LEBE LAW APC
777 S. Alameda Street, Second Floor
Los Angeles, California 90021
Tel.: (213) 358-7046
Fax: (310) 820-1258
jon@lebelaw.com

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

2