EXHIBIT 1

1  **COHELAN KHOURY & SINGER**
2  Michael D. Singer (SBN 115301)
   msinger@ckslaw.com
3  J. Jason Hill (SBN 179630)
   jhill@ckslaw.com
4  605 C Street, Suite 200
   San Diego, CA 92101
5  Telephone: (619) 595-3001/Facsimile: (619) 595-3000

6  **LEBE LAW APC**
7  Jonathan Lebe (SBN 284605)
   jon@lebelaw.com
8  777 S. Alameda Street, Second Floor
   Los Angeles, California 90021
9  Telephone: (213) 358-7046/Facsimile: (310) 820-1258

10  Attorneys for Plaintiff Marc Rivera, on behalf of himself and other similarly situated

```
                   F I L E D
            SUPERIOR COURT OF CALIFORNIA
              COUNTY OF SAN BERNARDINO
             SAN BERNARDINO CIVIL DIVISION

                   MAY 1 5 2018

        BY  Ashley Marley
            ASHLEY MULCAHY, DEPUTY
```

11      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12      **FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| 13  MARC RIVERA, individually and on behalf of others similarly situated, | CASE NO. CIVDS1811980 |
| 14 | **CLASS ACTION COMPLAINT FOR:** |
| 15          Plaintiffs, | (1)  Failure to Pay Minimum Wages for All Hours Worked; |
|         vs. | |
| 16 | (2)  Failure to Provide Mandated Meal Periods or to Pay Additional Wages in Lieu Thereof; |
| 17  WESTERN EXPRESS, INC., doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation; and DOES 1 through 10, inclusive, | |
| 18 | (3)  Failure to Provide Mandated Rest Periods or to Pay Additional Wages in Lieu Thereof; |
| 19 | |
| 20          Defendants. | (4)  Failure to Timely Pay Final Wages; |
| 21 | (5)  Failure to Provide Accurate Itemized Wage Statements; |
| 22 | (6)  Violation of Unfair Competition Law |
| 23 | |
| 24 | **DEMAND FOR JURY TRIAL** |

25

26

27

28

---

Class Action Complaint



Plaintiff MARC RIVERA (referred to herein as "Plaintiff" or "RIVERA"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & GENERAL ALLEGATIONS

1.    Plaintiff brings this action against his former employer, WESTERN EXPRESS, INC., doing business in California as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., and DOES 1 through 10 (collectively referred to herein as "Defendants"), for California Labor Code violations stemming from Defendants' failure to pay minimum wages for all hours worked, failure to provide mandated meal and/or rest periods or to pay additional wages in lieu thereof, failure to timely pay final wages upon separation of employment, and failure to provide complete, accurate itemized wage statements.

2.    Plaintiff brings this class action on behalf of himself and all other similarly-situated current and former drivers of Defendants who resided in California at any time within the Relevant Time Period, as defined below, and whose job duties include, among other things, driving commercial motor vehicles and performing services related thereto, and who are/were compensated on a per-mile basis for at least part of their compensation (hereinafter, the "Represented Employees").

3.    At all relevant times, Plaintiff and other similarly-situated Represented Employees are/were responsible for providing freight hauling and logistic services for Defendants within the State of California, as well as throughout various other states.

4.    Plaintiff and Represented Employees seek to recover damages, liquidated damages, interest, penalties, costs of suit and attorneys' fees resulting from Defendants' failure to pay minimum wages for all hours worked, failure to provide mandated meal and/or rest periods, failure to timely pay final wages upon separation, failure to provide complete, accurate itemized wage statements and injunctive relief against Defendants' unfair business practices related thereto.

5.    The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

- 1 -

6.     After initial investigation, Plaintiff alleges that Western Express paid drivers solely by mileage and did not pay for pre-and post-trip inspection work duties and waiting time subject to employer control, and other non-driving time performing work duties in violation of California law. See, *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36 (employer does not satisfy minimum wage obligations under Wage Orders by averaging "flag-rate" (piece-rate) pay to auto mechanics, which would constitute illegal wage deduction and forfeiture under Labor Code sections 221 and 223; employees entitled to separate hourly compensation for time spent waiting for repair work or performing other non-repair tasks directed by employer during their shifts). Further, Plaintiff alleges that the employer did not separately pay for compliant 10-minute rest periods in violation of California law.  See, *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864 (task-based or piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage laws).

7.     Further, after investigation, based on the California Division of Labor Standards Enforcement ("DLSE") records, the employer in this case did not timely comply with Labor Code section 226.2.  Labor Code section 226.2 provides employers an affirmative defense against any claims for recovery of wages, liquidated damages, civil penalties, statutory penalties, or premium pay under Labor Code section 226.7 that are based solely on the employer's failure to timely pay piece-rate employees the compensation due for rest and recovery periods and other non-productive time for wages earned prior to December 31, 2015. The employer must have, by no later than December 15, 2016, paid the employee's non-productive time at the highest of: The hourly rate determined by dividing the total compensation for the workweek—exclusive of compensation for rest and recovery periods and any premium compensation for overtime—by the total hours worked during the workweek, exclusive of rest and recovery periods; or Minimum wage plus interest; or 4 percent of the employee's gross earnings less up to 1 percent paid for non-productive time for the time period of July 1, 2012 to December 31, 2015. Plaintiff is informed and believes that Defendants failed to comply with Labor Code section 226.2, and thereafter, failed to comply with the requirements to pay drivers for 10-minute rest periods at their regular rate of pay, or at least at California's applicable minimum wage.

Class Action  Complaint

8. For the Relevant Time Period, Plaintiff alleges that Defendants, and each of them:

a. Failed to pay the statutory minimum wage for all hours worked to Plaintiff and Represented Employees in violation of California Labor Code §§ 221, 223, 1194, 1194.2, 1197, and Industrial Welfare Commission ("IWC") Wage Order 9;

b. Failed to pay all wages due and owing to Plaintiff and Represented Employees in violation of California Labor Code §§ 201, 202, 203, 212, 218.6, 221, 223, 224, 226.7, 450, 512, 558, 1194, 1194.2, 1197, and IWC Wage Order 9;

c. Failed to provide Plaintiff and Represented Employees at least thirty (30)-minute duty-free meal periods as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California Labor Code §§ 226.7, 512, 558, and IWC Wage Order 9;

d. Failed to provide Plaintiff and Represented Employees with mandated rest periods of at least ten (10) minutes per four (4) hours of work, or major faction thereof, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California Labor Code §§ 226.7, 558, and IWC Wage Order 9;

e. Failed to provide complete, accurate itemized wage statements to Plaintiff and Represented Employees in violation of California Labor Code §§ 226, 226.6, 1174, 1174.5, 1175, and IWC Wage Order 9;

f. Failed to provide Plaintiff and Represented Employees with the mandated notice required under California Labor Code § 2810.5;

g. Violated California Business and Professions Code §§ 17200, *et seq.* as further set forth below.

## JURISDICTION & VENUE

9. Jurisdiction and venue are proper here because, upon information and belief and throughout the Relevant Time Period, Defendants were, and are, licensed to do business in the

- 3 -

1  State of California, maintain a physical facility located at 15521 Slover Avenue, Fontana,

2  California, County of San Bernardino, and because many of the acts alleged herein occurred

3  throughout San Bernardino County and/or other counties within the State of California.

4        10.    Throughout the Relevant Time Period, Plaintiff and Represented Employees

5  resided within the State of California and performed work for Defendants throughout the State of

6  California, as well as in various other states. The unlawful acts alleged herein have a direct effect

7  on Plaintiff and those similarly situated within the State of California.

8        11.    Plaintiff is informed and believes and thereon alleges that he and Represented

9  Employees had virtually the same job duties and responsibilities. As a consequence, any

10  differences between particular individual employees who work or have worked as a driver for

11  Defendants, in terms of the duties actually performed, were and are legally insignificant to the

12  issues presented by this action.

13        12.    Represented Employees have suffered damages and will continue to suffer the

14  same harm as Plaintiff as a result of Defendants' unlawful conduct unless the relief requested

15  herein is granted.

16              **PARTIES**

17    **Plaintiff**

18        13.    Plaintiff MARC RIVERA resides in Gardena in the State of California. RIVERA

19  was employed with Defendants from approximately January 2017 through August 2017 as a truck

20  driver and was paid on a piece-rate or by-the-mile basis.

21        14.    According to the wage statements RIVERA received while working for

22  Defendants, his employer was Defendant WESTERN EXPRESS, INC.   However, California

23  secretary of state records another domestic WESTERN EXPRESS, INC. in Fresno, California,

24  who is was not Plaintiff's employer.  Rather, since the name of was taken, WESTERN EXPRESS,

25  INC., omitted the fact on its wage statements that it was operating in the state of California as

26  WESTERN EXPRESS TRANSPORTATION OF CALIFORNIA, INC., which actually misled

27  Plaintiff since employment record requests were sent to the incorrect company, the "Western

28  Express. Inc." operating in Fresno, California.  The Fresno, California entity was never Plaintiff's

- 4 -

1 │ employer at any time during the relevant time period and once presented with a record request,

2 │ informed Plaintiff through his counsel that no such records of his employment existed.

3 │      15.    Throughout his employment with Defendants, Plaintiff did not receive minimum

4 │ wages for all hours worked, was not provided with mandated meal and/or rest periods or paid the

5 │ mandated additional wages in lieu thereof. Plaintiff also did not receive complete, accurate

6 │ itemized wage statements.  Additionally, Plaintiff was not timely paid his final wages upon his

7 │ separation of employment from Defendants.

8 │ **Defendants**

9 │      16.    On information and belief, and throughout the Relevant Time Period, Defendant

10 │ WESTERN EXPRESS, INC. is a Tennessee corporation authorized to do and doing business in

11 │ the State of California as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC. A

12 │ search of the California Secretary of State Webpage produced the following information about

13 │ Defendant WESTERN EXPRESS, INC.: (a) corporate license number C2802026, filed September

14 │ 6, 2005, and active; (b) address of 7135 Centennial Place, Nashville, Tennessee 37209; and (c) the

15 │ agent for service of process as National Registered Agents, Inc., 818 W. Seventh St., Suite 930,

16 │ Los Angeles, California 90017.

17 │      17.    All Defendants' principle business offices and local headquarters in the State of

18 │ California are primarily located in San Bernardino County, in Fontana, California.

19 │      18.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are

20 │ engaged in the hauling and delivery of freight across the United States.

21 │      19.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

22 │ conduct business throughout the United States and maintain a terminal located in Fontana,

23 │ California, among other states, and is the legal employer of Plaintiff and Represented Employees

24 │ during the Relevant Time Period.

25 │      20.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of

26 │ participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10,

27 │ inclusive, but on information and belief alleges that those Defendants are legally responsible for

28 │ the payment of penalties and damages to Plaintiff and Represented Employees by virtue of

- 5 -

1 │ Defendants' unlawful actions and practices, and therefore sues these Defendants by such fictitious

2 │ names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE

3 │ Defendants when ascertained.

4 │      21.     Plaintiff is informed and believes, and based thereon alleges, that the Defendants

5 │ acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

6 │ scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are

7 │ legally attributable to the other Defendants. On information and belief, a unity of interest and

8 │ ownership between each Defendant exists such that all Defendants acted as a single employer of

9 │ Plaintiff and Represented Employees.

10 │ **CLASS ACTION ALLEGATIONS**

11 │      22.     Plaintiff hereby incorporates by reference Paragraphs 1 through 19 above as though

12 │ fully set forth herein.

13 │      23.     Plaintiff brings this action on behalf of himself and all others similarly situated as a

14 │ class action pursuant to Code of Civil Procedure § 382. The Class that Plaintiff seeks to represent

15 │ is defined as follows:

16 │            All current and former employee drivers of Defendants who resided in
   │            California at any time within the Relevant Time Period, whose job duties

17 │            include, among other things, driving commercial motor vehicles and
   │            performing services related thereto within the State of California, and who

18 │            are/were paid on a rate-per-mile basis for compensation purposes.

19 │      24.     Plaintiff reserves the right to amend or modify the class description with greater

20 │ specificity or further division into subclasses or limitation to particular issues as appropriate.

21 │      25.  .   Plaintiff RIVERA is a member of the Class he seeks to represent.

22 │      26.     This action is appropriately suited for a class action because:

23 │          a.   The members of the Class which Plaintiff seeks to represent are sufficiently

24 │             numerous that joinder is impracticable. Although the exact number is currently

25 │             unknown to Plaintiff, this information is easily ascertainable from Defendants'

26 │             payroll and personnel records.

27 │          b.   Common questions of fact and law predominate. Such common questions

28 │             include, but are not limited to:

- 6 -

i.  Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to pay the statutory minimum wage to Plaintiff and Class members for all hours worked;

ii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide daily mandated meal and/or rest periods to Plaintiff and Class members and/or failing to compensate Plaintiff and Class members with one additional hour of wages in lieu of each meal or rest period denied;

iii. Whether Defendants violated the California Labor Code by failing to pay all wages due upon separation of employment between Defendants and Plaintiff and Class members, whether such separation was voluntary or involuntary;

iv. Whether Defendants violated the California Labor Code by failing to provide Plaintiff and Class Members with complete, accurate itemized wage statements;

v. Whether Defendants violated California Business & Professions Code §§ 17200, *et seq.* by: failing to pay minimum wages for all hours worked by Plaintiff and Class Members; failing to provide mandated meal and/or rest periods to Plaintiff and Class Members and not compensating such employees with one hour of additional wages in lieu of each meal or rest period denied; failing to timely pay all final wages due upon separation of employment between Defendants and Plaintiff Class Members; and failing to provide Plaintiff and Class Members with complete, accurate itemized wage statements;

vi. Whether Defendants violated §§ 17200, *et seq.* of the California Business and Professions Code and, without limitation, California Labor Code §§ 201, 202, 203, 212, 218.6, 221, 223, 224, 226, 226.6, 226.7, 450, 512, 558, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1198.5, 2800, 2802, and 2810.5,

- 7 -

among possibly other sections inadvertently omitted, and the applicable IWC Wage Order , which violations constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

vii. Whether Plaintiff and Class Members are entitled to equitable relief pursuant to California Business & Professions Code §§ 17200, *et seq.*

c. Plaintiff's claims are typical of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' ongoing Labor Code and IWC Wage Order violations pertaining to payment of minimum wages for all hours worked, meal and rest periods, payment of final wages upon separation of employment, inaccurate and/or incomplete itemized wage statements

d. Plaintiff will fairly and adequately protect the interest of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to him and all Class Members. Plaintiff's interests are not in conflict with those of the Class members. Further, Plaintiff and Class Representative MARC RIVERA's counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including many wage and hour class action cases.

27. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

28. Class action procedure will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff knows of no difficulty that might be encountered in management of this litigation which would preclude maintenance as a class action.

///

///

- 8 -

Class Action Complaint

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED
#### (Cal. Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order 9, § 4)

29.    Plaintiff hereby incorporates by reference Paragraphs 1 through 27 above as though fully set forth herein.

30.    Failure of an employer to pay its employees the California minimum wage violates, *inter alia*, Labor Code § 1197 and IWC Wage Order 9, § 4.

31.    During the Relevant Time Period, Plaintiff and Class Members were employed by Defendants as over-the-road drivers and were paid a per-mileage rate for each mileage driven for at least part of their compensation.

32.    While over-the-road, Plaintiff and Class Members were required to remain on assignment continually for more than 24 hours and were confined to the general vicinity of their assigned truck for more than 24 consecutive hours. Plaintiff and Class Members reported their status to Defendants via the Qualcomm computer in their assigned truck.

33.    During the Relevant Time Period, Defendants required Plaintiff and Class Members to remain under their control without paying for all "hours worked" and resulted in Plaintiff and Class members earning less than the applicable California minimum hourly wage for each hour worked.

34.    Specifically, Defendants maintained and continue to maintain a practice of refusing to compensate Class Members for time spent not driving, including but not limited to, fueling vehicles, waiting for the loading and unloading of trailers, performing pre- and post-trip inspections, and completing paperwork.

35.    Plaintiff and Class members were not exempt from the requirement to be paid at least the applicable California minimum wage throughout the Relevant Time Period for each hour worked.

36.    Plaintiff is informed and believes, and thereon alleges, that Defendants intentionally, willfully, and improperly failed to pay minimum wages to him and Class Members in violation of Labor Code §§ 221, 223, 1194, and 1197.

- 9 -

37.     Defendants' conduct was willful because Defendants knew Plaintiff and Class Members were entitled to be paid at least the California minimum wage throughout the Relevant Time Period for each hour worked, yet Defendants chose not to pay them in accordance thereto.

38.     As a result of Defendants' wrongful conduct, Plaintiff and Class Members have been damaged in amounts to be proven at trial.

39.     Plaintiff, on behalf of himself and Class Members, seeks recovery of all unpaid wages, including unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs of suit, pursuant to Labor Code §§ 1194 and 1194.2, against Defendants in an amount to be proven at trial.

<div align="center">

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MANDATED MEAL PERIODS**
**OR TO PAY ADDITIONAL WAGES IN LIEU THEREOF**
**(Cal. Labor Code §§ 226.7, 512, 558; IWC Wage Order 9, § 11)**

</div>

40.     Plaintiff hereby incorporates by reference Paragraphs 1 through 37 above as though fully set forth herein.

41.     Labor Code § 512(a) and IWC Wage Order 9, § 11(A) provide that an employer may not require, cause, or permit an employee to work for a period of more than five hours per day without providing the employee with an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is not more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.

42.     Labor Code § 512(a) and IWC Wage Order 9, § 11(B) further provide that an employer may not require, cause, or permit an employee to work for a period of more than ten hours per day without providing the employee with a second uninterrupted meal period of not less than 30 minutes, except that if the total hours worked is not more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

43.     Labor Code § 226.7(a) provides that no employer shall require an employee to work during any mandated meal period.

44.     Pursuant to Labor Code § 226.7(b) and IWC Wage Order 9, § 11(D), an employee is entitled to one additional hour of pay at the employee's regular rate of pay for each work day

- 10 -

1   that the meal period was not provided.

2       45.     On information and belief, and at all times relevant, Plaintiff alleges that he and

3   Class Members systematically worked periods of more than five (5) hours without receiving the

4   mandated 30-minute duty-free meal period and for periods of more than ten (10) hours without

5   receiving the mandated second 30-minute duty-free meal period while in the employ of

6   Defendants.

7       46.     On information and belief, Plaintiff and Class Members did not voluntarily or

8   willfully waive the mandated meal periods. Any expressed or implied waivers obtained from

9   Plaintiff and/or Class members were not willfully obtained, were not voluntarily agreed to, were a

10  condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not

11  permit or authorize Plaintiff and Class Members to take meal periods in accordance with

12  California law.

13      47.     By their failure to provide Plaintiff and Class Members with meal periods as

14  required by California law, and failing to pay one hour of additional wages in lieu of each meal

15  period not provided, Defendants willfully violated Labor Code §§ 226.7 and 512, and IWC Wage

16  Order 9, § 11. Accordingly, Defendants are liable for one hour of additional wages at the

17  employee's regular rate of compensation for each work day that a meal period was not lawfully

18  provided.

19      48.     As a result of Defendants' unlawful acts, Plaintiff and Class Members have been

20  deprived of additional wages in amounts to be proven at trial, and are entitled to recover such

21  amounts, plus interest and penalties thereon, attorneys' fees and costs of suit.

22      49.     Defendants are also liable to Plaintiff and Class Members for the civil penalties

23  provided for in Labor Code § 558 because of the violations alleged in this claim for relief.

24      50.     Further, after the employment of Plaintiff and other members of the Class ended,

25  Defendants never paid them all wages due to them (as defined by applicable California law)

26  because these employees were never paid any of the additional hours of wages with respect to

27  meal periods described above in this paragraph. Defendants' failure to pay said additional hours

28  of wages after these employees' employment ended was willful within the meaning of Labor Code

1 § 203.  Therefore, under Labor Code § 203, as additional relief and continuation of wages for

2 failure to comply with the meal period laws, each of these employees is entitled to one day's

3 wages, at the regular rate, for each day following the time periods in Labor Code §§ 201 or 202,

4 up to a maximum of 30 days' wages for each employee.  Because none of these employees were

5 ever paid the additional hours of wages with respect to meal periods described above in this

6 paragraph, each of these employees is entitled to 30 days' additional wages.

7 <center>**THIRD CAUSE OF ACTION**</center>

8 <center>**FAILURE TO PROVIDE MANDATED REST PERIODS**<br>**OR TO PAY ADDITIONAL WAGES IN LIEU THEREOF**</center>

9 <center>**(Cal. Labor Code §§ 226.7, 558; IWC Wage Order 9, § 12)**</center>

10 51.  Plaintiff hereby incorporates by reference Paragraphs 1 through 48 above as though

11 fully set forth herein.

12 52.  IWC Wage Order 9, § 12(A) mandates that employees be provided with a rest

13 period of ten (10) minutes per four (4) hours worked, or major fraction thereof.

14 53.  Labor Code § 226.7(a) provides that no employer shall require an employee to

15 work during any mandated rest period.

16 54.  Pursuant to Labor Code § 226.7(b) and IWC Wage Order 9, § 12(B), an employee

17 is entitled to one additional hour of pay at the employees' regular rate of pay for each work day

18 that the rest period was not provided.

19 55.  On information and belief, and at all times relevant, Plaintiff alleges that he and

20 Class Members were denied the required ten (10) minute rest periods for every four (4) hours, or

21 major fraction thereof, worked per day as non-exempt employees, and that Defendants further

22 failed to provide compensation in lieu of rest periods not provided.

23 56.  On information and belief, Plaintiff and Class members did not voluntarily or

24 willfully waive the mandated rest periods. Any expressed or implied waivers obtained from

25 Plaintiff and/or Class members were not willfully obtained, were not voluntarily agreed to, were a

26 condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not

27 permit or authorize Plaintiff and Class members to take rest periods in accordance with California

28 law.

<center>- 12 -</center>

57.     By their failure to provide Plaintiff and Class members with rest periods as required by California law, and failing to pay one hour of additional wages in lieu of each rest period not provided, Defendants willfully violated Labor Code § 226.7 and IWC Wage Order 9, § 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a rest period was not lawfully provided.

58.     As a result of Defendants' unlawful acts, Plaintiff and Class Members have been deprived of additional wages in amounts to be proven at trial, and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees and costs of suit.

59.     Defendants are also liable to Plaintiff and Class members for the civil penalties provided for in Labor Code § 558 because of the violations alleged in this claim for relief.

60.     Further, after the employment of Plaintiff and other members of the Class ended, Defendants never paid them all wages due to them (as defined by applicable California law) because these employees were never paid any of the additional hours of wages with respect to rest periods described above in this paragraph. Defendants' failure to pay said additional hours of wages after these employees' employment ended was willful within the meaning of Labor Code § 203. Therefore, under Labor Code § 203, as additional relief and continuation of wages for failure to comply with the rest period laws, each of these employees is entitled to one day's wages, at the regular rate, for each day following the time periods in Labor Code §§ 201 or 202, up to a maximum of 30 days' wages for each employee. Because none of these employees were ever paid the additional hours of wages with respect to rest periods described above in this paragraph, each of these employees is entitled to 30 days' additional wages.

## FOURTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY FINAL WAGES
### (Cal. Labor Code §§ 201-203)

61.     Plaintiff hereby incorporates by reference Paragraphs 1 through 58 above as though fully set forth herein.

62.     Labor Code § 201 requires employers to immediately pay any wages, without abatement or reduction, to any employee who is discharged.

63.     Labor Code § 202 provides that if an employee quits his or her employment, his or

- 13 -

1  her wages shall become due and payable not later than 72 hours thereafter, unless the employee

2  has given 72 hours previous notice of his or her intention to quit, in which case the employee is

3  entitled to his or her wages at the time of quitting.

4       64.    For a violation of Labor Code §§ 201 or 202, Labor Code § 203(a) provides that

5  where the employer willfully fails to timely pay any wages of an employee who is discharged or

6  who quits, the wages of the employee shall continue as a penalty from the due date thereof at the

7  same rate until paid or until an action therefor is commenced, but that the wages shall not continue

8  for more than 30 days.

9       65.    As alleged above, Plaintiff and Class Members are entitled to compensation for all

10 wages earned, including without limitation, unpaid minimum wages and additional wages for meal

11 and/or rest periods they were denied. Plaintiff and Class members are therefore entitled to Labor

12 Code § 203 penalties.

13      66.    More than 30 days have passed since Plaintiff and certain affected Class Members

14 were terminated or have voluntarily left Defendants' employ without giving at least 72-hour

15 notice, and on information and belief, they have not received payment pursuant to Labor Code §

16 203. As a consequence of Defendants' willful conduct in not paying all earned wages, Plaintiff

17 and certain affected Class Members are entitled to 30 days' wages as a penalty under Labor Code

18 § 203, as well as any underlying unpaid wages.

19      67.    The exact amount of Labor Code § 203 penalties is all in an amount to be shown

20 according to proof at trial.

21                     **FIFTH CAUSE OF ACTION**
       **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
22      **(Cal. Labor Code §§ 226, 226.6, 1174, 1174.5, 1175; IWC Wage Order 9, § 7)**

23      68.    Plaintiff hereby incorporates by reference Paragraphs 1 through 65 above as though

24 fully set forth herein.

25      69.    Labor Code § 226(a) requires an employer to provide its employees with itemized

26 wage statements accurately stating gross wages earned, total hours worked, the number of piece-

27 rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all

28 deductions, net wages earned, the inclusive dates of the pay period, the employee's name and the

- 14 -

Class Action Complaint

1  last four digits of his or her social security number (or employee identification number), the name

2  and address of the legal entity that is the employer, and all applicable hourly rates in effect during

3  the pay period and the corresponding number of hours worked at each hourly rate by the

4  employee.

5        70.    Labor Code § 1174(d) requires, in part, that employers, including Defendants,

6  maintain payroll records showing the daily hours worked and the wages paid to employees, among

7  other requirements.

8        71.    Pursuant to Labor Code § 1174.5, any person, including any entity, employing

9  labor who willfully fails to maintain accurate and complete records required by Labor Code §

10  1174(d) is subject to a penalty.

11        72.    Pursuant to IWC Wage Order 9, § 7(A)(3), every employer shall keep time records

12  showing when the employee begins and ends each work period. Meal periods and total hours

13  worked daily shall also be recorded.

14        73.    Additionally, IWC Wage Order 9, § 7(A)(5) requires employers to keep total hours

15  worked in the pay period and applicate rates of pay.

16        74.    At all relevant times, Defendants failed to maintain records pursuant to the Labor

17  Code and applicable IWC Wage Order by failing to maintain records showing meal periods.

18        75.    Defendants' failure to provide and maintain records required by the Labor Code

19  and applicable IWC Wage Order deprived Plaintiff and Class Members of the ability to know,

20  understand, and question the accuracy and frequency of meal periods. Therefore, Plaintiff and

21  Class Members had no way to dispute the resulting failure to pay wages, all of which resulted in

22  an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and Class Members

23  have suffered and continue to suffer substantial losses related to the use and enjoyment of such

24  wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel

25  Defendants to fully perform their obligations under state law, all to their respective damage in

26  amounts according to proof at trial.

27        76.    Furthermore, Defendants knowingly and intentionally failed to furnish Plaintiff and

28  Class Members with complete itemized wage statements accurately listing gross and net wages

Class Action Complaint

1  earned, the pay period begin date, and the address of the legal entity that is the employer.

2      77.    As a result of Defendants' violation of Labor Code §§ 226(a), 226.6, 1174(d),

3  1174.5, 1175, Plaintiff and Class Members have suffered injury and damage to their statutorily-

4  protected rights.

5      78.    Specifically, Plaintiff and Class Members have been injured by Defendants'

6  intentional violation of California Labor Code § 226(a) because they were denied both their legal

7  right to receive, and their protected interest in receiving, complete, accurate, itemized wage

8  statements under Labor Code § 226(a).

9      79.    By failing to keep and/or provide accurate records as required by Labor Code §§

10  226(a), 1174(d) and IWC Wage Order 9, § 7, Defendants have injured Plaintiff and Class

11  Members and made it difficult to calculate the unpaid minimum, regular, and additional meal and

12  rest period wages owed, as well as interest due to Plaintiff and Class Members.

13      80.    Plaintiff has also been injured as a result of having to bring this action to attempt to

14  obtain correct wage information following Defendants' refusal to comply with many of the

15  mandates of California's Labor Code and related laws and regulations.

16      81.    Labor Code § 226(e) provides that if an employer knowingly and intentionally fails

17  to provide an accurate wage statement listing, among other things, the amount of gross or net

18  wages, the name and address of the legal entity that is the employer, the name of the employee and

19  only the last four digits of his or her social security number or an employee identification number,

20  then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for

21  the initial violation and one hundred dollars ($100) for each subsequent violation up to four

22  thousand dollars ($4,000).

23      82.    Plaintiff and Class Members also seek and request, pursuant to Labor Code §

24  226(g), injunctive relief to ensure compliance by Defendants with § 226(a), to wit, that the wage

25  statements Defendants provide to their employees accurately list all wages earned, the pay period

26  begin date, and the address of the legal entity that is the employer. Plaintiff also requests an award

27  of costs and reasonable attorneys' fees.

28      83.    The exact amount of Plaintiff's and Class members' damages is all in an amount to

- 16 -

Class Action Complaint

1 be shown according to proof at trial.

### SIXTH CAUSE OF ACTION
### VIOLATION OF UNFAIR COMPETITION LAW
(Bus. & Prof. Code §§ 17200, *et seq.*)

84.     Plaintiff hereby incorporates by reference Paragraphs 1 through 81 above as though fully set forth herein.

85.     California Business & Professions Code §§ 17200, *et seq.*, prohibit acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice...." Plaintiff and Class Members, as herein alleged, have suffered and continue to suffer injuries in fact due to Defendants' unfair and unlawful business practices.

86.     Defendants, and each of them, are "persons" as defined under Business & Professions Code § 17021.

87.     As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failing to pay wages for all hours worked, failing to provide mandated meal and/or rest periods, failing to timely pay final wages upon separation of employment, and failing to provide complete, accurate, itemized wage statements, all in order to decrease their costs and increase their profits.

88.     At all relevant times herein mentioned, Defendants did not pay Plaintiff and Class Members all wages and monies and other financial obligations attached thereto to which they were owed.

89.     Defendants' violations of the California Labor Code and IWC Orders, and their scheme to lower their payroll costs as alleged herein, constitute unlawful and unfair business practices as it was done in a systematic manner over a period of time to the detriment of their employees, including Plaintiff.

90.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class Members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

91.     Defendants' activities, as alleged herein, are violations of California law, and

- 17 -

1   constitute unlawful business acts and practices in violation of California Business & Professions

2   Code §§ 17200, *et seq.*

3          92.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be

4   predicated on the violation of any state or federal law. All of the acts described herein as violations

5   of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in

6   violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and

7   unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in

8   violation of California Business and Professions Code §§ 17200, *et seq.*

9          93.    Plaintiff, individually, and on behalf of members of the putative Class, has no plain,

10   speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a

11   consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of

12   the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually,

13   and on behalf of members of the putative class, has suffered and will continue to suffer irreparable

14   harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair,

15   unlawful, and/or fraudulent business practices.

16          94.    Plaintiff, individually, and on behalf of members of the putative class, is entitled to,

17   and does seek such relief as may be necessary to disgorge the profits which Defendants have

18   acquired, or of which Plaintiff and Class Members have been deprived, by means of the above-

19   described unfair, unlawful and/or fraudulent business practices. Plaintiff and the members of the

20   Class are not obligated to establish individual knowledge of the unfair practices of Defendants in

21   order to recover restitution.

22          95.    Plaintiff, individually, and on behalf of members of the putative Class, is further

23   entitled to and does seek a declaration that the above-described business practices are unfair,

24   unlawful, and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from

25   engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the

26   future.

27          96.    Pursuant to Business & Professions Code §§ 17200, *et seq.*, Plaintiff and Class

28   Members are entitled to restitution of the wages withheld and retained by Defendants during a

- 18 -

Class Action Complaint

1   period that commences four years prior to the filing of this complaint; a permanent injunction

2   requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award

3   of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable

4   laws; and an award of costs.

**PRAYER FOR RELIEF**

6        Plaintiff, on behalf of himself and all others similarly situated, prays for relief and

7   judgment against Defendants, jointly and severally as follows:

8       1.    That the matter be certified as a class action pursuant to California Code of Civil

9   Procedure section 382 and applicable California Rules of Court;

10       2.    That Plaintiff be appointed as the Class Representative;

11       3.    That counsel for Plaintiff be appointed Class Counsel;

12       4.    On the First Cause of Action: To pay all minimum, regular and/or overtime wages

13   for all hours worked as required by law in an amount according to proof;

14       5.    On the Second Cause of Action: To pay all meal period premiums for failure to

15   provide off-duty meal periods as required by law, in an amount according to proof;

16       6.    On the Third Cause of Action: To pay all rest period premiums for failure to

17   provide paid 10-minute rest periods as required by law, in an amount according to proof;

18       7.    On the Fourth Cause of Action: For statutory penalties under Labor Code sections

19   203 related to Defendants' failure to timely pay all wages due to terminated or separated Class

20   Member, distributed in a fair and equitable manner in an amount in an amount according to proof;

21       8.    On the Fifth Cause of Action: For statutory penalties under Labor Code sections

22   226(e) and (g) related to Defendants' failure to provide accurate wage statements to the extent

23   provided by law, up to a maximum of $4,000.00 per Class Member, distributed in a fair and

24   equitable manner in an amount in an amount according to proof;

25       9.    On the Sixth Cause of Action: For restitution of wages due to the UCL Subclass

26   members pursuant to Business & Professions Code §§ 17200, *et seq.*, distributed in a fair and

27   equitable manner in an amount according to proof and an injunction compelling Defendants to

28   meet their obligation henceforth to properly pay minimum wages and meal and rest period

- 19 -

Class Action Complaint

1 premiums;

2      10.     For reasonable attorney's fees pursuant to Labor Code section 1194 and/or for

3 public benefit as provided by Code of Civil Procedure section 1021.5, or other applicable statute;

4      11.     For reasonable litigation costs, including costs of administration and accounting;

5      12.     For the Court to otherwise determine the appropriate remedy to compensate each

6 Plaintiff and Class Member as required to promote fairness and justice, including but not limited

7 to establishing procedures for compensation, compensation amounts and fluid recovery if

8 appropriate; and

9      13.     Any such other and further relief as this Court may deem necessary, just, and/or

10 proper.

11                              **DEMAND FOR JURY TRIAL**

12      Plaintiff demands a jury trial of all claims triable as of right by jury.

13

14 Dated: May 14, 2018                **COHELAN KHOURY & SINGER**
                                     **LEBE LAW, APC**
15                                   **MESRIANI LAW GROUP, APLC**

16

17                                   By: _____

18                                        Michael D. Singer
                                          J. Jason Hill
19                                   Attorneys for Plaintiff MARC RIVERA

20

21

22

23

24

25

26

27

28

                                        - 20 -

                                Class Action  Complaint