EXHIBIT 2



**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**LEBE LAW APC**
Jonathan Lebe (SBN 284605)
jon@lebelaw.com
777 S. Alameda Street, Second Floor
Los Angeles, California 90021
Telephone: (213) 358-7046/Facsimile: (310) 820-1258

Attorneys for Plaintiff Marc Rivera, on behalf of himself and other similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 2 6 2018

BY_____
JASMIN CASILLAS, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

MARC RIVERA, individually and on behalf of others similarly situated,

Plaintiffs,

vs.

WESTERN EXPRESS, INC., doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation; and DOES 1 through 10, inclusive,

Defendants.

CASE NO. CIVDS1811980

*FIRST AMENDED* CLASS ACTION and REPRESENTATIVE ACTION COMPLAINT PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") FOR:

**(1) Failure to Pay Minimum Wages for All Hours Worked in Violation of Cal. Labor Code §§ 226.2 and 1194.2;**

**(2) Failure to Provide Off-Duty, Unpaid 30-Mintue Meal Periods or a "Premium Wage" in Lieu Thereof in Violation of Cal. Labor Code § 226.7 and Industrial Welfare Commission ("IWC") Wage Order 9, § 11;**

**(3) Failure to Provide Off-Duty, Paid Rest Periods or a "Premium Wage" in Lieu Thereof in Violation of Cal. Labor Code § 226.7 and IWC Wage Order 9, § 12;**

**(4) Failure to Timely Pay Final Wages to Terminated or Separated Employees in Violation of Cal. Labor Code § 203;**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  )  (5) Failure to Provide Accurate Itemized Wage
2  )  Statements in Violation of Labor Code
   )  §§ 226(a)-(e);
3  )
   )  (6) Unfair Competition in Violation of Cal.
4  )  Bus. & Prof. Code §§ 17200, *et seq.*;
5  )
   )  (7)  Civil Penalties Pursuant to the PAGA
6  )  Based on Violations of Cal. Labor Code §
   )  1194.2 for Failure to Pay all "Hours Worked";
7  )
   )  (8)  Civil Penalties Pursuant to the PAGA
8  )  Based on Violations of Cal. Labor Code §
   )  226.7 and IWC Wage Order 9, §§ 11-12 for
9  )  Failure to Provide Off-Duty Meal and Rest
   )  Periods or a "Premium Wage" in Lieu
10 )  Thereof;
   )
11 )  (9) Civil Penalties Pursuant to the PAGA
   )  Based on Violations of Cal. Labor Code §
12 )  226.3 for Non-compliant Wage Statements;
   )
13 )  (10)  Civil Penalties Pursuant to the PAGA
   )  Based on Violations of Cal. Labor Code § 210
14 )  for Untimely Payment of Wages;
   )
15 )  (11) Civil Penalties Pursuant to the PAGA
   )  based on Violations of the Applicable IWC
16 )  Wage Orders as Permitted by Labor Code §
   )  558(a)
17 )
   )
18 )  Action Filed:  May 15, 2018
   )
19 )  **DEMAND FOR JURY TRIAL**
20
21
22
23
24
25
26
27
28

*First Amended* Class Action and Representative Action Complaint          Case No. CIVDS1811980

1    Plaintiff MARC RIVERA (referred to herein as "Plaintiff" or "RIVERA"), on behalf of

2  himself and all others similarly situated and as a Representative on behalf of the California Labor

3  and Workforce Development Agency pursuant the Private Attorneys General Act of 2004

4  ("PAGA"), Labor Code sections 2698, *et seq.*, complains and alleges as follows:

5                **INTRODUCTION & GENERAL ALLEGATIONS**

6      1.    Plaintiff brings this action against his former employer, WESTERN EXPRESS,

7  INC., doing business in California as WESTERN EXPRESS TRANSPORT OF CALIFORNIA,

8  INC., and DOES 1 through 10 (collectively referred to herein as "Defendants"), for California

9  Labor Code violations stemming from Defendants' failure to pay minimum wages for all hours

10  worked, failure to provide mandated meal and/or rest periods or to pay additional wages in lieu

11  thereof, failure to timely pay final wages upon separation of employment, and failure to provide

12  complete, accurate itemized wage statements. As amended, Plaintiff also seeks civil penalties as

13  against the Defendants, pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Labor

14  Code sections 2699, *et seq.*, and underpayment of wages as a civil penalty pursuant to Labor Code

15  section 558 (a) for violations of the applicable Industrial Welfare Commission Wage Order, 9-

16  2002.

17      2.    Plaintiff brings this class action on behalf of himself and all other similarly-situated

18  current and former drivers of Defendants who resided in California at any time within the

19  Relevant Time Period, as defined below, and whose job duties include, among other things,

20  driving commercial motor vehicles and performing services related thereto, and who are/were

21  compensated on a piece-rate or per-mile basis for at least part of their compensation (hereinafter,

22  the "Represented Employees").

23      3.    At all relevant times, Plaintiff and other similarly-situated Represented Employees

24  are/were responsible for providing freight hauling and logistic services for Defendants within the

25  State of California, as well as throughout various other states.

26      4.    Plaintiff and Represented Employees seek to recover damages, liquidated damages,

27  interest, penalties, costs of suit and attorneys' fees resulting from Defendants' failure to pay

28  minimum wages for all hours worked, failure to provide mandated meal and/or rest periods, failure

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 1 -

1  to timely pay final wages upon separation, failure to provide complete, accurate itemized wage

2  statements and injunctive relief against Defendants' unfair business practices related thereto.

3       5.    The acts complained of herein have occurred, are presently occurring, and are

4  expected to continue occurring, within the time period from four (4) years preceding the filing of

5  the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the

6  "Relevant Time Period").

7       6.    After initial investigation, Plaintiff alleges that Western Express paid drivers solely

8  by mileage and did not pay for pre-and post-trip inspection work duties and waiting time subject

9  to employer control, and other non-driving time performing work duties in violation of California

10  law. See, *Gonzalez v. Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36 (employer does not

11  satisfy minimum wage obligations under Wage Orders by averaging "flag-rate" (piece-rate) pay to

12  auto mechanics, which would constitute illegal wage deduction and forfeiture under Labor Code

13  sections 221 and 223; employees entitled to separate hourly compensation for time spent waiting

14  for repair work or performing other non-repair tasks directed by employer during their shifts).

15  Further, Plaintiff alleges that the employer did not separately pay for compliant 10-minute rest

16  periods in violation of California law.  See, *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864

17  (task-based or piece-rate compensation formula that does not compensate separately for rest

18  periods does not comply with California minimum wage laws).

19       7.    Further, after investigation, based on the California Division of Labor Standards

20  Enforcement ("DLSE") records, the employer in this case did not timely comply with Labor Code

21  section 226.2.  Labor Code section 226.2 provides employers an affirmative defense against any

22  claims for recovery of wages, liquidated damages, civil penalties, statutory penalties, or premium

23  pay under Labor Code section 226.7 that are based solely on the employer's failure to timely pay

24  piece-rate employees the compensation due for rest and recovery periods and other non-productive

25  time for wages earned prior to December 31, 2015. The employer must have, by no later than

26  December 15, 2016, paid the employee's non-productive time at the highest of: The hourly rate

27  determined by dividing the total compensation for the workweek—exclusive of compensation for

28  rest and recovery periods and any premium compensation for overtime—by the total hours worked

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 2 -

during the workweek, exclusive of rest and recovery periods; or Minimum wage plus interest; or 4 percent of the employee's gross earnings less up to 1 percent paid for non-productive time for the time period of July 1, 2012 to December 31, 2015. Plaintiff is informed and believes that Defendants failed to comply with Labor Code section 226.2, and thereafter, failed to comply with the requirements to pay drivers for 10-minute rest periods at their regular rate of pay, or at least at California's applicable minimum wage.

8.     For the Relevant Time Period, Plaintiff alleges that Defendants, and each of them:

    a.  Failed to pay the statutory minimum wage for all hours worked to Plaintiff and Represented Employees in violation of California Labor Code sections 221, 223, 1194, 1194.2, 1197, and Industrial Welfare Commission ("IWC") Wage Order 9;

    b.  Failed to pay all wages due and owing to Plaintiff and Represented Employees in violation of California Labor Code sections 201, 202, 203, 212, 218.6, 221, 223, 224, 226.7, 450, 512, 558, 1194, 1194.2, 1197, and IWC Wage Order 9;

    c.  Failed to provide Plaintiff and Represented Employees at least thirty (30)-minute duty-free meal periods as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California Labor Code sections 226.7, 512, 558, and IWC Wage Order 9.  Here, Plaintiff, the Represented Employees, and the similar "aggrieved employees were not relieved of all duties during meal periods due to Defendants' policies and uniform business practices;

    d.  Failed to provide Plaintiff and Represented Employees with mandated rest periods of at least ten (10) minutes per four (4) hours of work, or major faction thereof, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California Labor Code sections 226.7, 558, and IWC

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 3 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Wage Order 9. Here, Plaintiff, the Represented Employees, and the similar "aggrieved employees were not paid separately for 10-minute rest periods in violation of the holding in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864 (task-based or piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage laws);

e. Failed to provide complete, accurate itemized wage statements to Plaintiff and Represented Employees in violation of California Labor Code sections 226, 226.6, 1174, 1174.5, 1175, and IWC Wage Order 9;

f. Failed to provide Plaintiff and Represented Employees with the mandated notice required under California Labor Code section 2810.5;

g. Violated California Business and Professions Code sections 17200, *et seq.* as further set forth below; and

h. Violated the California Private Attorneys General Act of 2004, Labor Code sections 2698, *et seq.*

## JURISDICTION & VENUE

9. Jurisdiction and venue are proper here because, upon information and belief and throughout the Relevant Time Period, Defendants were, and are, licensed to do business in the State of California, maintain a physical facility located at 15521 Slover Avenue, Fontana, California, County of San Bernardino, and because many of the acts alleged herein occurred throughout San Bernardino County and/or other counties within the State of California.

10. Throughout the Relevant Time Period, Plaintiff and Represented Employees resided within the State of California and performed work for Defendants throughout the State of California, as well as in various other states. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.

11. Plaintiff is informed and believes and thereon alleges that he and Represented Employees had virtually the same job duties and responsibilities. As a consequence, any differences between particular individual employees who work or have worked as a driver for Defendants, in terms of the duties actually performed, were and are legally insignificant to the

- 4 -

1  issues presented by this action.

2      12.    Represented Employees have suffered damages and will continue to suffer the

3  same harm as Plaintiff as a result of Defendants' unlawful conduct unless the relief requested

4  herein is granted.

5  **PARTIES**

6  **Plaintiff**

7      13.    Plaintiff MARC RIVERA resides in Gardena in the State of California. RIVERA

8  was employed with Defendants from approximately January 2017 through August 2017 as a truck

9  driver and was paid on a piece-rate or by-the-mile basis.

10      14.    According to the wage statements RIVERA received while working for

11  Defendants, his employer was Defendant WESTERN EXPRESS, INC. However, California

12  secretary of state records another domestic WESTERN EXPRESS, INC. in Fresno, California,

13  who is was not Plaintiff's employer. Rather, since the name of was taken, WESTERN EXPRESS,

14  INC., omitted the fact on its wage statements that it was operating in the state of California as

15  WESTERN EXPRESS TRANSPORTATION OF CALIFORNIA, INC., which actually misled

16  Plaintiff since employment record requests were sent to the incorrect company, the "Western

17  Express. Inc." operating in Fresno, California. The Fresno, California entity was never Plaintiff's

18  employer at any time during the relevant time period and once presented with a record request,

19  informed Plaintiff through his counsel that no such records of his employment existed.

20      15.    Throughout his employment with Defendants, Plaintiff did not receive minimum

21  wages for all hours worked, was not provided with mandated meal and/or rest periods or paid the

22  mandated additional wages in lieu thereof. Plaintiff also did not receive complete, accurate

23  itemized wage statements. Additionally, Plaintiff was not timely paid all his final wages upon his

24  separation of employment from Defendants.

25  **Defendants**

26      16.    On information and belief, and throughout the Relevant Time Period, Defendant

27  WESTERN EXPRESS, INC. is a Tennessee corporation authorized to do and doing business in

28  the State of California as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC. A

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 5 -

1  search of the California Secretary of State Webpage produced the following information about

2  Defendant WESTERN EXPRESS, INC.: (a) corporate license number C2802026, filed September

3  6, 2005, and active; (b) address of 7135 Centennial Place, Nashville, Tennessee 37209; and (c) the

4  agent for service of process as National Registered Agents, Inc., 818 W. Seventh St., Suite 930,

5  Los Angeles, California 90017.

6         17.    All Defendants' principle business offices and local headquarters in the State of

7  California are primarily located in San Bernardino County, in Fontana, California.

8         18.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are

9  engaged in the hauling and delivery of freight across the United States.

10        19.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

11  conduct business throughout the United States and maintain a terminal located in Fontana,

12  California, among other states, and is the legal employer of Plaintiff and Represented Employees

13  during the Relevant Time Period.

14        20.    Plaintiff is ignorant of the true names, capacities, relationships, and extent of

15  participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10,

16  inclusive, but on information and belief alleges that those Defendants are legally responsible for

17  the payment of penalties and damages to Plaintiff and Represented Employees by virtue of

18  Defendants' unlawful actions and practices, and therefore sues these Defendants by such fictitious

19  names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE

20  Defendants when ascertained.

21        21.    Plaintiff is informed and believes, and based thereon alleges, that the Defendants

22  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

23  scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are

24  legally attributable to the other Defendants. On information and belief, a unity of interest and

25  ownership between each Defendant exists such that all Defendants acted as a single employer of

26  Plaintiff and Represented Employees.

27                        **CLASS ACTION ALLEGATIONS**

28        22.    Plaintiff hereby incorporates by reference Paragraphs 1 through 21 above as though

- 6 -

*First Amended* Class Action and Representative Action Complaint    Case No. CIVDS1811980

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  fully set forth herein.

2      23.    Plaintiff brings this action on behalf of himself and all others similarly situated as a

3  class action pursuant to Code of Civil Procedure section 382. The Class that Plaintiff seeks to

4  represent is defined as follows:

5          All current and former employee drivers of Defendants who resided in
        California at any time within the Relevant Time Period, whose job duties
6          include, among other things, driving commercial motor vehicles and
        performing services related thereto within the State of California, and who
7          are/were paid on a "piece rate" and/or rate-per-mile basis for
8          compensation purposes.

9      24.    Plaintiff reserves the right to amend or modify the class description with greater

10  specificity or further division into subclasses or limitation to particular issues as appropriate.

11      25.    Plaintiff RIVERA is a member of the Class he seeks to represent.

12      26.    This action is appropriately suited for a class action because:

13      a.  The members of the Class which Plaintiff seeks to represent are sufficiently

14          numerous that joinder is impracticable. Although the exact number is currently

15          unknown to Plaintiff, this information is easily ascertainable from Defendants'

16          payroll and personnel records.

17      b.  Common questions of fact and law predominate. Such common questions

18          include, but are not limited to:

19          i.  Whether Defendants violated the California Labor Code and applicable

20            IWC Wage Order by failing to pay the statutory minimum wage to Plaintiff

21            and Class members for all hours worked;

22          ii.  Whether Defendants violated the California Labor Code and applicable

23            IWC Wage Order by failing to provide daily mandated meal and/or rest

24            periods to Plaintiff and Class members and/or failing to compensate

25            Plaintiff and Class members with one additional hour of wages in lieu of

26            each meal or rest period denied;

27          iii.  Whether Defendants violated IWC Wage Order 9, section 12 by failing to

28            separately pay for "paid" ten-minute rest periods for every four hours

COMELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

worked (or major fraction thereof), at least at minimum wage, so as to comply with the decision in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864;

iv.    Whether Defendants violated the California Labor Code by failing to pay all wages due upon separation of employment between Defendants and Plaintiff and Class members, whether such separation was voluntary or involuntary;

v.    Whether Defendants violated the California Labor Code by failing to provide Plaintiff and Class Members with complete, accurate itemized wage statements;

vi.    Whether Defendants violated California Business & Professions Code sections 17200, *et seq.* by: failing to pay minimum wages for all hours worked by Plaintiff and Class Members; failing to provide mandated meal and/or rest periods to Plaintiff and Class Members and not compensating such employees with one hour of additional wages in lieu of each meal or rest period denied; failing to timely pay all final wages due upon separation of employment between Defendants and Plaintiff Class Members; and failing to provide Plaintiff and Class Members with complete, accurate itemized wage statements;

vii.    Whether Defendants violated sections 17200, *et seq.* of the California Business and Professions Code and, without limitation, California Labor Code sections 201, 202, 203, 212, 218.6, 221, 223, 224, 226, 226.6, 226.7, 450, 512, 558, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1198.5, 2800, 2802, and 2810.5, among possibly other sections inadvertently omitted, and the applicable IWC Wage Order , which violations constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

viii.    Whether Plaintiff and Class Members are entitled to equitable relief pursuant to California Business & Professions Code sections 17200, *et seq.*

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 8 -

c. Plaintiff's claims are typical of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' ongoing Labor Code and IWC Wage Order violations pertaining to payment of minimum wages for all hours worked, meal and rest periods, payment of final wages upon separation of employment, inaccurate and/or incomplete itemized wage statements

d. Plaintiff will fairly and adequately protect the interest of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation due to him and all Class Members. Plaintiff's interests are not in conflict with those of the Class members. Further, Plaintiff and Class Representative MARC RIVERA's counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including many wage and hour class action cases.

27. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

28. Class action procedure will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff knows of no difficulty that might be encountered in management of this litigation which would preclude maintenance as a class action.

29. The class action is manageable because all common issues can be determined from identical payroll records and other corporate records showing piece-rate pay, and common uniform policies that will minimize or eradicate individual issues at trial.

30. Plaintiff also brings this action as a Representative Action pursuant to Labor Code sections 2698, *et seq.*, the California Private Attorneys General Act of 2004 ("PAGA") for himself and all similar "aggrieved employees." Plaintiff provided notice to the California Labor and Workforce Development Agency ("LWDA") on or about April 6, 2018. The LWDA did not

- 9 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    intervene and the Defendants did not seek to cure. As a result, as a matter of law, Plaintiff is

2    entitled to amend this Complaint for full compliance and exhaustion of notice requirements under

3    the PAGA and seek civil penalty assessments against Defendants as a Representative of the State

4    of California as hereinafter alleged and in accordance with law, in additional to costs and

5    reasonable attorneys' fees a provided by the PAGA statute.  A true and correct copy of the April 6,

6    2018 Notice to the LWDA and to the Defendants is attached hereto **Exhibit A** and is expressly

7    incorporated into this First Amended Complaint as if set forth in full. Plaintiff alleges that the

8    notice period provided by statute has expired and amendment is proper pursuant to Labor Code

9    section 2699.3 (a)(2)(C).

10                              **CAUSES OF ACTION**

11                            **FIRST CAUSE OF ACTION**
          **FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED**

12            **(Cal. Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order 9, § 4)**

13           31.    Plaintiff hereby incorporates by reference Paragraphs 1 through 30 above as though

14    fully set forth herein.

15           32.    Failure of an employer to pay its employees the California minimum wage violates,

16    *inter alia*, Labor Code section 1197 and IWC Wage Order 9, section 4.

17           33.    During the Relevant Time Period, Plaintiff and Class Members were employed by

18    Defendants as over-the-road drivers and were paid a per-mileage rate for each mileage driven for

19    at least part of their compensation.

20           34.    While over-the-road, Plaintiff and Class Members were required to remain on

21    assignment continually for more than 24 hours and were confined to the general vicinity of their

22    assigned truck for more than 24 consecutive hours. Plaintiff and Class Members reported their

23    status to Defendants via the Qualcomm computer in their assigned truck.

24           35.    During the Relevant Time Period, Defendants required Plaintiff and Class

25    Members to remain under their control without paying for all "hours worked" and resulted in

26    Plaintiff and Class members earning less than the applicable California minimum hourly wage for

27    each hour worked.

28           36.    Specifically, Defendants maintained and continue to maintain a practice of refusing

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 10 -

*First Amended* Class Action and Representative Action Complaint     Case No.  CIVDS1811980

1   to compensate Class Members for time spent not driving, including but not limited to, fueling

2   vehicles, waiting for the loading and unloading of trailers, performing pre- and post-trip

3   inspections, and completing paperwork.

4        37.   Plaintiff and Class members were not exempt from the requirement to be paid at

5   least the applicable California minimum wage throughout the Relevant Time Period for each hour

6   worked.

7        38.   Plaintiff is informed and believes, and thereon alleges, that Defendants

8   intentionally, willfully, and improperly failed to pay minimum wages to him and Class Members

9   in violation of Labor Code sections 221, 223, 1194, and 1197.

10        39.   Defendants' conduct was willful because Defendants knew Plaintiff and Class

11   Members were entitled to be paid at least the California minimum wage throughout the Relevant

12   Time Period for each hour worked, yet Defendants chose not to pay them in accordance thereto.

13        40.   As a result of Defendants' wrongful conduct, Plaintiff and Class Members have

14   been damaged in amounts to be proven at trial.

15        41.   Plaintiff, on behalf of himself and Class Members, seeks recovery of all unpaid

16   wages, including unpaid minimum wages, liquidated damages, interest, attorneys' fees and costs

17   of suit, pursuant to Labor Code sections 1194 and 1194.2, against Defendants in an amount to be

18   proven at trial.

19   **SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MANDATED MEAL PERIODS**

20   **OR TO PAY ADDITIONAL WAGES IN LIEU THEREOF**
**(Cal. Labor Code §§ 226.7, 512, 558; IWC Wage Order 9, § 11)**

21   

22        42.   Plaintiff hereby incorporates by reference Paragraphs 1 through 41 above as though

23   fully set forth herein.

24        43.   Labor Code section 512(a) and IWC Wage Order 9, section 11(A) provide that an

25   employer may not require, cause, or permit an employee to work for a period of more than five

26   hours per day without providing the employee with an uninterrupted meal period of not less than

27   30 minutes, except that if the total work period per day of the employee is not more than six hours,

28   the meal period may be waived by mutual consent of both the employer and the employee.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

44.     Labor Code section 512(a) and IWC Wage Order 9, section 11(B) further provide that an employer may not require, cause, or permit an employee to work for a period of more than ten hours per day without providing the employee with a second uninterrupted meal period of not less than 30 minutes, except that if the total hours worked is not more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

45.     Labor Code section 226.7(a) provides that no employer shall require an employee to work during any mandated meal period.

46.     Pursuant to Labor Code section 226.7(b) and IWC Wage Order 9, section 11(D), an employee is entitled to one additional hour of pay at the employee's regular rate of pay for each work day that the meal period was not provided.

47.     On information and belief, and at all times relevant, Plaintiff alleges that he and Class Members systematically worked periods of more than five (5) hours without receiving the mandated 30-minute duty-free meal period and for periods of more than ten (10) hours without receiving the mandated second 30-minute, duty-free meal period while in the employ of Defendants.

48.     On information and belief, Plaintiff and Class Members did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiff and/or Class members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiff and Class Members to take meal periods in accordance with California law.

49.     By their failure to provide Plaintiff and Class Members with meal periods as required by California law, and failing to pay one hour of additional wages in lieu of each meal period not provided, Defendants willfully violated Labor Code sections 226.7 and 512, and IWC Wage Order 9, section 11. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period was not lawfully provided.

- 12 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1    50.    As a result of Defendants' unlawful acts, Plaintiff and Class Members have been

2    deprived of additional wages in amounts to be proven at trial, and are entitled to recover such

3    amounts, plus interest and penalties thereon, attorneys' fees and costs of suit.

4    51.    Defendants are also liable to Plaintiff and Class Members for the civil penalties

5    provided for in Labor Code section 558 because of the violations alleged in this claim for relief.

6    52.    Further, after the employment of Plaintiff and other members of the Class ended,

7    Defendants never paid them all wages due to them (as defined by applicable California law)

8    because these employees were never paid any of the additional hours of wages with respect to

9    meal periods described above in this paragraph.  Defendants' failure to pay said additional hours

10   of wages after these employees' employment ended was willful within the meaning of Labor Code

11   section 203.  Therefore, under Labor Code section 203, as additional relief and continuation of

12   wages for failure to comply with the meal period laws, each of these employees is entitled to one

13   day's wages, at the regular rate, for each day following the time periods in Labor Code sections

14   201 or 202, up to a maximum of 30 days' wages for each employee.  Because none of these

15   employees were ever paid the additional hours of wages with respect to meal periods described

16   above in this paragraph, each of these employees is entitled to 30 days' additional wages.

17                             **THIRD CAUSE OF ACTION**

18               **FAILURE TO PROVIDE MANDATED REST PERIODS**
                 **OR TO PAY ADDITIONAL WAGES IN LIEU THEREOF**
19                 **(Cal. Labor Code §§ 226.7, 558; IWC Wage Order 9, § 12)**

20   53.    Plaintiff hereby incorporates by reference Paragraphs 1 through 52 above as though

21   fully set forth herein.

22   54.    IWC Wage Order 9, section 12(A) mandates that employees be provided with a rest

23   period of ten (10) minutes per four (4) hours worked, or major fraction thereof.

24   55.    Labor Code section 226.7(a) provides that no employer shall require an employee

25   to work during any mandated rest period.

26   56.    Pursuant to Labor Code section 226.7(b) and IWC Wage Order 9, section 12(B), an

27   employee is entitled to one additional hour of pay at the employees' regular rate of pay for each

28   work day that the rest period was not provided.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 13 -

*First Amended* Class Action and Representative Action Complaint      Case No.  CIVDS1811980

57. On information and belief, and at all times relevant, Plaintiff alleges that he and Class Members were denied the required ten (10)-minute rest periods for every four (4) hours, or major fraction thereof, worked per day as non-exempt employees, and that Defendants further failed to provide compensation in lieu of rest periods not provided.

58. Specifically, Defendants and each of them, failed to authorize and permit ten-minute rest periods, paid as separate hourly pay in addition to piece-rate (or by-the-mile) pay for Represented Employees subject to the Defendants' piece-rate or pay-by-the-mile rate, for every four hours worked (or major fraction thereof). This uniform and systematic policy of Defendants directly violated the holding in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864 in that it failed to compensate separately for rest periods and does not comply with California minimum wage laws.

59. Further – and in the alternative — even if periods of rest were authorized, Defendants' uniform and systematic policies and business practices did not allow for the Represented Employees to be relieved of all duties during rest periods as Plaintiff, the Represented Employees, and aggrieved employees were required to monitor all aspects of client, employer, and other business-related communications during any purported break period.

60. On information and belief, Plaintiff and Class members did not voluntarily or willfully waive the mandated rest periods. Any expressed or implied waivers obtained from Plaintiff and/or Class members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiff and Class members to take rest periods in accordance with California law by not offering paid rest periods as required by *Bluford.*

61. By their failure to provide Plaintiff and Class members with rest periods as required by California law, and failing to pay one hour of additional wages in lieu of each rest period not provided, Defendants willfully violated Labor Code section 226.7 and IWC Wage Order 9, section 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a rest period was not lawfully provided.

62. As a result of Defendants' unlawful acts, Plaintiff and Class Members have been

- 14 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  deprived of additional wages in amounts to be proven at trial, and are entitled to recover such

2  amounts, plus interest and penalties thereon, attorneys' fees and costs of suit.

3     63.    Defendants are also liable to Plaintiff and Class members for the civil penalties

4  provided for in Labor Code section 558 because of the violations alleged in this claim for relief.

5     64.    Further, after the employment of Plaintiff and other members of the Class ended,

6  Defendants never paid them all wages due to them (as defined by applicable California law)

7  because these employees were never paid any of the additional hours of wages with respect to rest

8  periods described above in this paragraph. Defendants' failure to pay said additional hours of

9  wages after these employees' employment ended was willful within the meaning of Labor Code

10  section 203. Therefore, under Labor Code section 203, as additional relief and continuation of

11  wages for failure to comply with the rest period laws, each of these employees is entitled to one

12  day's wages, at the regular rate, for each day following the time periods in Labor Code sections

13  201 or 202, up to a maximum of 30 days' wages for each employee. Because none of these

14  employees were ever paid the additional hours of wages with respect to rest periods described

15  above in this paragraph, each of these employees is entitled to 30 days' additional wages.

16                    **FOURTH CAUSE OF ACTION**
                **FAILURE TO TIMELY PAY FINAL WAGES**
17                      **(Cal. Labor Code §§ 201-203)**

18     65.    Plaintiff hereby incorporates by reference Paragraphs 1 through 64 above as though

19  fully set forth herein.

20     66.    Labor Code section 201 requires employers to immediately pay any wages, without

21  abatement or reduction, to any employee who is discharged.

22     67.    Labor Code section 202 provides that if an employee quits his or her employment,

23  his or her wages shall become due and payable not later than 72 hours thereafter, unless the

24  employee has given 72 hours previous notice of his or her intention to quit, in which case the

25  employee is entitled to his or her wages at the time of quitting.

26     68.    For a violation of Labor Code sections 201 or 202, Labor Code section 203(a)

27  provides that where the employer willfully fails to timely pay any wages of an employee who is

28  discharged or who quits, the wages of the employee shall continue as a penalty from the due date

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 15 -

1    thereof at the same rate until paid or until an action therefor is commenced, but that the wages

2    shall not continue for more than 30 days.

3        69.    As alleged above, Plaintiff and Class Members are entitled to compensation for all

4    wages earned, including without limitation, unpaid minimum wages and additional wages for meal

5    and/or rest periods they were denied. Plaintiff and Class members are therefore entitled to Labor

6    Code section 203 penalties.

7        70.    More than 30 days have passed since Plaintiff and certain affected Class Members

8    were terminated or have voluntarily left Defendants' employ without giving at least 72-hour

9    notice, and on information and belief, they have not received payment pursuant to Labor Code

10   section 203. As a consequence of Defendants' willful conduct in not paying all earned wages,

11   Plaintiff and certain affected Class Members are entitled to 30 days' wages as a penalty under

12   Labor Code section 203, as well as any underlying unpaid wages.

13       71.    The exact amount of Labor Code section 203 penalties is all in an amount to be

14   shown according to proof at trial.

## FIFTH CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (Cal. Labor Code §§ 226, 226.6, 1174, 1174.5, 1175; IWC Wage Order 9, § 7)

17       72.    Plaintiff hereby incorporates by reference Paragraphs 1 through 71 above as though

18   fully set forth herein.

19       73.    Labor Code section 226(a) requires an employer to provide its employees with

20   itemized wage statements accurately stating gross wages earned, total hours worked, the number

21   of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate

22   basis, all deductions, net wages earned, the inclusive dates of the pay period, the employee's name'

23   and the last four digits of his or her social security number (or employee identification number),

24   the name and address of the legal entity that is the employer, and all applicable hourly rates in

25   effect during the pay period and the corresponding number of hours worked at each hourly rate by

26   the employee.

27       74.    Labor Code section 1174(d) requires, in part, that employers, including Defendants,

28   maintain payroll records showing the daily hours worked and the wages paid to employees, among

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

other requirements.

75.    Pursuant to Labor Code section 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by Labor Code section 1174(d) is subject to a penalty.

76.    Pursuant to IWC Wage Order 9, section 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods and total hours worked daily shall also be recorded.

77.    Additionally, IWC Wage Order 9, section 7(A)(5) requires employers to keep total hours worked in the pay period and applicate rates of pay.

78.    At all relevant times, Defendants failed to maintain records pursuant to the Labor Code and applicable IWC Wage Order by failing to maintain records showing meal periods.

79.    Defendants' failure to provide and maintain records required by the Labor Code and applicable IWC Wage Order deprived Plaintiff and Class Members of the ability to know, understand, and question the accuracy and frequency of meal periods. Therefore, Plaintiff and Class Members had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiff and Class Members have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial.

80.    Furthermore, Defendants knowingly and intentionally failed to furnish Plaintiff and Class Members with complete itemized wage statements accurately listing gross and net wages earned, the pay period begin date, and the address of the legal entity that is the employer.

81.    As a result of Defendants' violation of Labor Code sections 226(a), 226.6, 1174(d), 1174.5, and 1175, Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights.

82.    Specifically, Plaintiff and Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their

- 17 -

*First Amended* Class Action and Representative Action Complaint        Case No.  CIVDS1811980

1 legal right to receive, and their protected interest in receiving, complete, accurate, itemized wage

2 statements under Labor Code section 226(a).

3       83.     By failing to keep and/or provide accurate records as required by Labor Code

4 sections 226(a), 1174(d) and IWC Wage Order 9, section 7, Defendants have injured Plaintiff and

5 Class Members and made it difficult to calculate the unpaid minimum, regular, and additional

6 meal and rest period wages owed, as well as interest due to Plaintiff and Class Members.

7       84.     Plaintiff has also been injured as a result of having to bring this action to attempt to

8 obtain correct wage information following Defendants' refusal to comply with many of the

9 mandates of California's Labor Code and related laws and regulations.

10       85.     Labor Code section 226(e) provides that if an employer knowingly and

11 intentionally fails to provide an accurate wage statement listing, among other things, the amount

12 of gross or net wages, the name and address of the legal entity that is the employer, the name of

13 the employee and only the last four digits of his or her social security number or an employee

14 identification number, then the employee is entitled to recover the greater of all actual damages or

15 fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent

16 violation up to four thousand dollars ($4,000).

17       86.     Plaintiff and Class Members also seek and request, pursuant to Labor Code section

18 226(g), injunctive relief to ensure compliance by Defendants with section 226(a), to wit, that the

19 wage statements Defendants provide to their employees accurately list all wages earned, the pay

20 period begin date, and the address of the legal entity that is the employer. Plaintiff also requests an

21 award of costs and reasonable attorneys' fees.

22       87.     The exact amount of Plaintiff's and Class members' damages is all in an amount to

23 be shown according to proof at trial.

24                        **SIXTH CAUSE OF ACTION**
             **VIOLATION OF UNFAIR COMPETITION LAW**

25                   **(Bus. & Prof. Code §§ 17200, *et seq*.)**

26       88.     Plaintiff hereby incorporates by reference Paragraphs 1 through 87 above as though

27 fully set forth herein.

28       89.     California Business & Professions Code sections 17200, *et seq.*, prohibit acts of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 18 -

unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice...." Plaintiff and Class Members, as herein alleged, have suffered and continue to suffer injuries in fact due to Defendants' unfair and unlawful business practices.

90.   Defendants, and each of them, are "persons" as defined under Business & Professions Code section 17021.

91.   As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failing to pay wages for all hours worked, failing to provide mandated meal and/or rest periods, failing to timely pay final wages upon separation of employment, and failing to provide complete, accurate, itemized wage statements, all in order to decrease their costs and increase their profits.

92.   At all relevant times herein mentioned, Defendants did not pay Plaintiff and Class Members all wages and monies and other financial obligations attached thereto to which they were owed.

93.   Defendants' violations of the California Labor Code and IWC Orders, and their scheme to lower their payroll costs as alleged herein, constitute unlawful and unfair business practices as it was done in a systematic manner over a period of time to the detriment of their employees, including Plaintiff.

94.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class Members, and to the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

95.   Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

96.   A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 19 -

1   and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in

2   violation of California Business and Professions Code sections 17200, *et seq*.

3         97.    Plaintiff, individually, and on behalf of members of the putative Class, has no plain,

4   speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a

5   consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of

6   the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually,

7   and on behalf of members of the putative class, has suffered and will continue to suffer irreparable

8   harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair,

9   unlawful, and/or fraudulent business practices.

10         98.    Plaintiff, individually, and on behalf of members of the putative class, is entitled to,

11   and does seek such relief as may be necessary to disgorge the profits which Defendants have

12   acquired, or of which Plaintiff and Class Members have been deprived, by means of the above-

13   described unfair, unlawful and/or fraudulent business practices. Plaintiff and the members of the

14   Class are not obligated to establish individual knowledge of the unfair practices of Defendants in

15   order to recover restitution.

16         99.    Plaintiff, individually, and on behalf of members of the putative Class, is further

17   entitled to and does seek a declaration that the above-described business practices are unfair,

18   unlawful, and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from

19   engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the

20   future.

21         100.    Pursuant to Business & Professions Code sections 17200, *et seq*., Plaintiff and

22   Class Members are entitled to restitution of the wages withheld and retained by Defendants during

23   a period that commences four years prior to the filing of this complaint; a permanent injunction

24   requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award

25   of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other

26   applicable laws; and an award of costs.

27   ///

28   ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 20 -

**SEVENTH CAUSE OF ACTION**

**CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PAY REGULAR PAY/MINIMUM WAGES AND OVERTIME PREMIUM PAY**
**(Cal. Labor Code §§ 510, 558, 1194-1194.2, 2699(f)(2); Cal. Code Regs. Tit. 8, § 11090)**
**(On behalf of Plaintiff and similarly-aggrieved employees as against all Defendants)**

101.    Plaintiff hereby incorporates by reference Paragraphs 1 through 100 above as though fully set forth herein.

102.    Pursuant to Labor Code section 2699, Plaintiff seeks all applicable PAGA civil penalties and remedies for each aggrieved employee for each pay period in the applicable statute of limitations in which the aggrieved employee was not paid for all hours worked for each pay period, plus reasonable attorneys' fees and costs.

103.    The Private Attorneys General Act of 2004 ("PAGA") provides that:

> ...an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699(g)(1).

104.    Plaintiff RIVERA is an "aggrieved employee" under the PAGA, as he was employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover on behalf of himself and all other current and former aggrieved non-exempt employees, as defined above, the civil penalties provided by the PAGA, plus reasonable attorneys' fees and costs.

105.    Plaintiff, by virtue of the Notice correspondence dated April 6, 2018, attached hereto as **Exhibit A**, has satisfied all prerequisites to serve as a representative of the general public to enforce California's labor laws, including without limitation, the penalty provisions identified in California Labor Code section 2699.5. Because the LWDA took no steps within the applicable time period required to intervene, and because the Defendants took no corrective actions to remedy

- 21 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1 the allegations set forth above, Plaintiff, as a representative of the people of the State of California,

2 will seek, and hereby does seek, any and all civil penalties otherwise capable of being collected by

3 the Labor Commission and/or the Department of Labor Standards Enforcement ("DLSE").

4     106.     Any civil penalties recovered herein will be distributed in accordance with the

5 PAGA, with at least 75% of the penalties recovered being reimbursed to the State of California and

6 the LWDA, where applicable. *See* Cal. Lab. Code § 2699(i).

7     107.     Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that

8 arise from the policies, practices and business acts of Defendants to the extent provided by law as a

9 Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages

10 as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

11     108.     Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff and

12 other aggrieved non-exempt employees proper regular pay and minimum wages for regular hours

13 worked and/or overtime premium pay for overtime hours worked during the applicable statutory

14 period.

15     109.     California Labor Code section 510 provides:

16          Any work in excess of eight hours in one workday and any work in excess
         of 40 hours in any one workweek and the first eight hours worked on the

17          seventh day of work in any one workweek shall be compensated at the rate
         of no less than one and one-half times the regular rate of pay for an

18          employee.

19     110.     California Labor Code section 558 provides in pertinent part:

20          (a) Any employer or other person acting on behalf of an employer who
         violates, or causes to be violated, a section of this chapter or any provision

21          regulating hours and days of work in any order of the Industrial Welfare
         Commission shall be subject to a civil penalty as follows:

22

23             (1) For any initial violation, fifty dollars ($50) for each underpaid
            employee for each pay period for which the employee was

24             underpaid in addition to an amount sufficient to recover underpaid
            wages.

25
            (2) For each subsequent violation, one hundred dollars ($100) for

26             each underpaid employee for each pay period for which the
            employee was underpaid in addition to an amount sufficient to

27             recover underpaid wages.

28             (3) Wages recovered pursuant to this section shall be paid to the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 22 -

affected employee . . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

111. Labor Code section 1194(a) provides:

"(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

112. Pursuant to California Labor Code section 1198, the IWC provides the maximum hours of work and standard conditions of labor for California employees.

113. Section 3(A) of IWC Wage Order No. 9-2002 provides in pertinent part:

. . . employees shall not be employed more than eight. (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1 /2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a non-exempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

114. Section 4 of IWC Wage Order No. 9-2002 provides in pertinent part:

(A) Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016 . . . .

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

(B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

115.   Section 2(K) of IWC Wage Order No. 9-2002 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

116.   Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

117.   Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

118.   Labor Code section 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 510, 512, 514...1194, 1194.1" as provisions of the Code that allow for recovery of civil penalties pursuant to the PAGA.

119.   Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly compensate Plaintiff and other aggrieved non-exempt employees applicable minimum wage for all regular hours worked and overtime premium pay for hours worked in excess of eight hours per workday, forty hours per workweek, and/or hours worked on the seventh consecutive day in a workweek.

120.   As a direct and proximate result of the Defendants' unlawful acts, as alleged in

- 24 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   detail herein, Plaintiff and other aggrieved non-exempt employees have been deprived, and

2   continue to be deprived, of minimum wages for regular hours worked and proper overtime

3   premium pay for overtime hours worked.

4       ·121.    As such, Defendants are liable for PAGA penalties resulting from their failure to

5   provide Plaintiff and other aggrieved non-exempt employees minimum wages for regular hours

6   worked and proper overtime premium pay for overtime hours worked. Accordingly, Plaintiff is

7   entitled to recover, and hereby seeks through this Representative Action, all civil penalties

8   provided by California Labor Code sections 510, 1194.1, 1197.1 and 2699.5, as well as attorneys'

9   fees and costs pursuant to California Labor Code section 2699(g)(1).

10      122.    Plaintiff has fully complied with procedures specified in Labor Code section

11  2699.3. For purposes of this cause of action, recovery of civil penalties will include the recovery of

12  underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof

13  and subject to Court approval

14                          **EIGHTH CAUSE OF ACTION**

15  **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE MEAL OR REST
    PERIODS OR MEAL OR REST PERIOD PREMIUM PAY**

16  **(Cal. Lab. Code §§ 218.5, 218.6, 226.7, 512, 2699(f)(2); Cal. Code Regs. tit. 8, § 11090; IWC
    Wage Order 9, §§ 11-12)**

17  **(On behalf of Plaintiff and similarly-aggrieved employees as against all Defendants)**

18      123.    Plaintiff hereby incorporates by reference Paragraphs 1 through 122 above as

19  though fully set forth herein.

20      124.    Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff and

21  other aggrieved non-exempt employees lawful off-duty unpaid meal periods and off-duty paid rest

22  periods, as well as corresponding premium pay for denied meal and rest periods, during the

23  applicable statutory period.

24      125.    California Labor Code section 226.7 provides in pertinent part:

25          (a) An employer shall not require an employee to work during a meal or
            rest or recovery period mandated pursuant to an applicable statute, or
26          applicable regulation, standard, or order of the Industrial Welfare
            Commission . . . .
27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 25 -

(b) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

. . . .

126. California Labor Code section 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

127. California Labor Code section 558 provides in pertinent part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee . . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

128. Pursuant to California Labor Code section 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

129. Section 11 of IWC Wage Order No. 9-2002 provides in pertinent part:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except

- 26 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

*First Amended* Class Action and Representative Action Complaint          Case No.  CIVDS1811980

that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

. . . .

130. Sections 12(A) and 12(B) of IWC Wage Order No. 9-2002 provide:

(A)Every employer shall authorize and permit all employees to take rest periods, which in so far as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

131. Premium pay for denied lawful meal and rest periods is considered a "wage" rather than a penalty. *See Murphy v. Kenneth Cole Prods., Inc.* (2007) 40 Cal. 4th 1094, 1114.

132. Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices, and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 27 -

1  wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA

2  statute.

3  133.  Defendants' conduct throughout the applicable statutory period, as alleged in more

4  detail herein, violates the aforementioned regulations because Defendants failed to properly

5  provide Plaintiff and other aggrieved non-exempt employees lawful unpaid, off-duty 30-minute

6  meal periods and paid, off-duty 10-minute rest periods, free from management control, as well as

7  the corresponding required premium pay wages for denied meal and rest periods.

8  134.  As alleged in more detail above, Defendants denied Plaintiff and other aggrieved

9  non-exempt employees lawful off-duty meal and rest periods throughout the applicable statutory

10  period. Even when they were provided meal and rest periods of some form during the applicable

11  statutory period, those meal and rest periods were typically on duty, subject to management

12  control and continuance of work-related duties.  Since the aggrieved employees were paid at a

13  piece-rate or by-the-mile rate, Defendants failed to comply with paid 10-minute break periods, at

14  least paying minimum wage or a regular rate of compensation in lieu thereof.  Defendants' pay

15  policy was a direct violation of *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864.

16  135.  Upon information and belief, Plaintiff and other aggrieved non-exempt employees

17  did not enter into legally binding written agreements with Defendants agreeing to "on-duty" meal

18  periods, or waiving "off-duty" meal periods. Nor does the nature of their work prevent hourly

19  from being relieved of all duties during meal periods, as off-duty meal periods could be provided

20  without affecting, damaging, or destroying the performance of their work. To the contrary, any

21  inability to take uninterrupted off-duty meal periods was, and is, attributable solely to Defendants'

22  own insufficient staffing models, rather than the general nature of the work performed by Plaintiff

23  and other aggrieved non-exempt employees.

24  136.  Plaintiff is informed and believes, and based thereon alleges, that all other

25  aggrieved non-exempt employees have substantially similar job responsibilities.

26  137.  Relatedly, despite failing to provide Plaintiff and other aggrieved non-exempt

27  employees lawful uninterrupted off-duty meal and rest periods throughout the applicable statutory

28  period, Defendants also systematically denied Plaintiff and other aggrieved non-exempt

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 28 -

1    employees proper premium pay at the rate of one hour of pay at their regular pay rates for each
2    workday they were denied an unpaid, off-duty 30-minute meal period or paid, off-duty 10-minute
3    rest period.

4        138.   As such, Defendants are liable for PAGA penalties resulting from their failure to
5    provide Plaintiff and other aggrieved non-exempt employees lawful meal and rest periods and the
6    corresponding meal and rest period premium pay. Accordingly, Plaintiff is entitled to recover, and
7    hereby seeks through this Representative Action, all civil penalties provided by California Labor
8    Code sections 226.7, 512, and 558, as well as attorneys' fees and costs pursuant to California
9    Labor Code section 2699(g)(1).

10       139.   Aggrieved employees can recover penalties for denied rest periods under the
11   PAGA, as the civil penalty under California Labor Code section 558 applies to "any provision
12   regulating hours and days of work in any order" of the IWC, including the rest period requirement.
13   *See Thurman v. Bayshore Transit Mgmt., Inc.* (2012) 203 Cal. App. 4th 1112, 1153.

14       140.   Plaintiff has fully complied with procedures specified in Labor Code section
15   2699.3.

16       141.   For purposes of this cause of action, recovery of civil penalties will include the
17   recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount
18   according to proof and subject to Court approval.

19   

**NINTH CAUSE OF ACTION**
**CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE ACCURATE**
20 **ITEMIZED WAGE STATEMENTS & KEEP ACCURATE PAYROLL RECORDS**
**(Cal. Lab. Code §§ 226(a), 226.3, 556; Cal. Code Regs. tit. 8, § 11090)**
21 **(On behalf of Plaintiff and similarly-aggrieved employees as against all Defendants)**

22      142.   Plaintiff hereby incorporates by reference Paragraphs 1 through 141 above as
23   though fully set forth herein.

24       143.   Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff and
25   other aggrieved non-exempt employees accurate itemized wage statements during the applicable
26   statutory period.

27       144.   California Labor Code section 226 provides in pertinent part:

28          (a) Every employer shall, semimonthly or at the time of each payment of
       wages, furnish each of his or her employees, either as a detachable part of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 29 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and   (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

145.   Similarly, Section 7(B) of IWC Wage Order No. 9-2002 provides:

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

146.   As alleged in more detail above, Defendants violated the above statutes by failing to provide Plaintiff and other aggrieved non-exempt employees accurate itemized wage statements during the applicable statutory period, which accurately accounted for all hours worked and premium pay owed. The wage statements provided to Plaintiff and other aggrieved non-exempt employees fail to accurately reflect all overtime hours worked, overtime hourly rates, and/or actual gross wages and net wages earned, for the reasons detailed herein. Additionally, Defendants also failed to account for premium wages owed as a result of denying Plaintiff and other aggrieved non-exempt employees lawful meal and rest periods, as alleged above.

147.   California Labor Code section 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per

- 30 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake.

148.  Plaintiff also seeks civil penalties against Defendants for failure to maintain accurate payroll records during the applicable statutory period.

149.  California Labor Code section 1174 provides in pertinent part:

Every person employing labor in this state shall . . . .(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years.

150.  Similarly, Sections 7(A) and (C) of IWC Wage Order No. 9-2002 provide:

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and

- 31 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

151. California Labor Code section 1174.5 provides:

Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174 . . . shall be subject to a civil penalty of five hundred dollars ($500).

152. Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

153. As alleged in more detail above, Defendants violated the above statutes by failing to maintain accurate payroll records showing the hours worked daily by, and the wages paid to, Plaintiff and other aggrieved non-exempt employees. Defendants' payroll records pertaining to Plaintiff and other aggrieved non-exempt employees fail to accurately reflect all overtime hours worked, overtime hourly rates, actual gross wages and net wages earned, meal periods, and premium wages owed for denied lawful meal and rest periods.

154. As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and other aggrieved hourly employee accurate itemized wages statements during the applicable statutory period. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this representative action, all civil penalties provided by California Labor Code sections 226 and 226.3, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

155. Plaintiff has fully complied with procedures specified in Labor Code section 2699.3.

156. For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount

- 32 -

1 according to proof and subject to Court approval.

**TENTH CAUSE OF ACTION**
**CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO TIMELY PAY**
**WAGES OWED**
**(Cal. Lab. Code §§ 201-204, 210, 558, 2926, 2927; Cal. Code Regs. tit. 8, § 11090)**
**(On behalf of Plaintiff and similarly aggrieved employees as against all Defendants**

157.   Plaintiff hereby incorporates by reference Paragraphs 1 through 156 above as though fully set forth herein.

158.   Plaintiff seeks civil penalties against Defendants for their failure to timely pay Plaintiff and other aggrieved non-exempt employees all wages owed during the applicable statutory period.

159.   Pursuant to California Labor Code section 2926, "[a]n employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal."

160.   Pursuant to California Labor Code section 2927, "[a]n employee who is not employed for a specified term and who quits the service of his employer is entitled to compensation for services rendered up to the time of such quitting."

161.   Pursuant to California Labor Code section 201, "[i]f an employer discharges an employee the wages earned and unpaid at the time of discharge are due and payable immediately."

162.   California Labor Code section 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

163.   California Labor Code section 203(a) provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

- 33 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

164. California Labor Code section 204 provides:

(a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

165. California Labor Code section 210 provides:

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(b) The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties pursuant to this chapter or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and the attorneys thereof may proceed and act for and on behalf of the people in bringing these actions. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor and Workforce Development Agency dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of the General Fund.

166. Section 20 of IWC Order No. 9-2002 provides in pertinent part:

(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:

(1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

(2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

- 34 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

(3) The affected employee shall receive payment of all wages recovered.

. . . .

167.   Specifically, Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate civil penalty provided by the PAGA statute.

168.   Defendants violated the above statutes by failing to promptly pay Plaintiff and other aggrieved non-exempt employees all earned wages due each and every pay period, as well as immediately upon termination and/or within 72 hours upon resignation.

169.   During the applicable statutory period, Defendants violated, and continue to violate, California Labor Code section 204 and Section 20 of IWC Wage Order No. 9-2002 by failing to compensate Plaintiff and other aggrieved hourly employee overtime premium wages for overtime hours worked, premium pay for denied off-duty meal and rest periods (wages), and other wages due to Plaintiff and other aggrieved non-exempt employees each pay period, as alleged in more detail herein.

170.   Further, Defendants violated, and continue to violate, California Labor Code sections 210, 202, 2926, and 2927 by failing to compensate employees (including Plaintiff and other aggrieved non-exempt employees no longer working for Defendants) for services rendered up to the time of dismissal or quitting.

171.   As such, Defendants are liable for PAGA penalties resulting from their failure to timely pay Plaintiff and other aggrieved non-exempt employees all wages owed each and every pay period, and upon cessation of employment. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil penalties provided by California Labor Code sections 210 and 558, and IWC Order No. 9-2002, section 20, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

172.   Plaintiff has fully complied with procedures specified in Labor Code section 2699.3.

- 35 -

173.    For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval.

### PRAYER FOR RELIEF

Plaintiff, on behalf of himself and all others similarly situated, and as a representative on behalf of the State of California's Labor and Workforce Development Agency ("LWDA"), prays for damages, restitution, civil penalties, and all other proper relief and judgment against all Defendants, jointly and severally, as follows:

1.      That the matter be certified as a class action pursuant to California Code of Civil Procedure section 382 and applicable California Rules of Court;

2.      That Plaintiff be appointed as the Class Representative and as a Representative of the California LWDA pursuant to the PAGA;

3.      That counsel for Plaintiff be appointed Class Counsel and be counsel for the California LWDA absent intervention by the State of California in relation to the PAGA civil penalties claims;

4.      As to the First Cause of Action: To pay all minimum, regular, and/or overtime wages for all hours worked as required by law in an amount according to proof;

5.      As to the Second Cause of Action: To pay all meal period premiums for failure to provide off-duty meal periods as required by law, in an amount according to proof;

6.      As to the Third Cause of Action: To pay all rest period premiums for failure to provide paid 10-minute rest periods as required by law and the decision in *Bluford v. Safeway Inc.* (2013) 216 Cal.App.4th 864, in an amount according to proof;

7.      As to the Fourth Cause of Action: For penalty wages of 30-days' pay pursuant to Labor Code section 203 related to Defendants' failure to timely pay all wages due to Plaintiff and all other terminated or separated Class Members, distributed in a fair and equitable manner in an amount according to proof;

8.      On the Fifth Cause of Action: For statutory penalties under Labor Code sections 226(e) and (g) related to Defendants' failure to provide accurate wage statements to the extent

- 36 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  provided by law, up to a maximum of $4,000.00 per Class Member, distributed in a fair and

2  equitable manner in an amount in an amount according to proof;

3       9.    On the Sixth Cause of Action: For restitution of wages due to Class Members

4  pursuant to Business & Professions Code sections 17200, *et seq*., distributed in a fair and equitable

5  manner in an amount according to proof and an injunction compelling Defendants to meet their

6  obligation henceforth to properly pay minimum wages and meal and rest period premiums;

7       10.   On the Seventh Cause of Action: For recovery of all civil penalties for unpaid

8  minimum and regular wages and overtime premium pay for the applicable statutory period as

9  permitted by Labor Code sections 558(a)(3), 2699.3, and 1194.2-1197.1, to be distributed in the

10  manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of

11  the recovery to the aggrieved employees in an amount according to proof and subject to approval

12  by the Court;

13      11.   On the Eighth Cause of Action: For recovery of all civil penalties as permitted by

14  Labor Code sections 226.7, 512, 558(a)(3), and 2699.3 for non-compliant meal and rest periods

15  and failure to pay one-hour "premiums" to Plaintiff and other aggrieved employees to be

16  distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the

17  LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and

18  subject to approval by the Court;

19      12.   On the Ninth Cause of Action: recovery of all civil penalties as permitted by Labor

20  Code sections 226(a) and 226.3 for failing to provide accurate itemized wage statements, to be

21  distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the

22  LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and

23  subject to approval by the Court;

24      13.   On the Tenth Cause of Action: For recovery of all civil penalties pursuant to Labor

25  Code section 2699(f)(2) where a statutory civil penalty is not provided, for failing to comply with

26  Labor Code sections 201-203, 210, and 1197, to be distributed in the manner provided by Labor

27  Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the

28  aggrieved employees in an amount according to proof and subject to approval by the Court;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 37 -

14.   For reasonable attorneys' fees and costs of suit to the extent permitted by Labor Code sections 218.5, 1194, 1404, 2699(g)(1), and/or California Code of Civil Procedure section 1021.5, in an amount according to proof and subject to Court approval;

15.   For Pre-and post-judgment interest at the legal rate of 10% in the State of California on readily calculable monies due to the extent provided by California law, in an amount according to proof;

16.   For reasonable litigation costs, including costs of administration and accounting;

17.   For the Court to otherwise determine the appropriate remedy to compensate each Plaintiff and Class Member and "aggrieved employee" as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts, and fluid recovery if appropriate; and

18.   Any such other and further relief as this Court may deem necessary, just, and/or proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all claims triable as of right by jury.

Dated: June 26, 2018

**COHELAN KHOURY & SINGER**
**LEBE LAW, APC**

By: _____
Michael D. Singer
J. Jason Hill
Attorneys for Plaintiff MARC RIVERA

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 38 -

*First Amended* Class Action and Representative Action Complaint .   Case No. CIVDS1811980

Stock # EXA-5-B

**EXHIBIT A**

# COHELAN KHOURY & SINGER

### A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC•

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

**ATTORNEYS AT LAW**

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI ∆
J. JASON HILL†
JANINE R. MENHENNET

(† Also admitted in Illinois)
(∆ Of Counsel)

April 6, 2018

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## LABOR CODE SECTION 2699.3

### NOTICE VIA ONLINE SUBMISSION (https://dir.tfaforms.net/128)

California Labor and Workforce Development Agency

### NOTICE FEE VIA U.S. MAIL

Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

### VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT

Western Express, Inc. doing business as
Western Express Transport of California, Inc.
c/o National Registered Agents, Inc.
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**Re:    Notice pursuant to California Labor Code section 2698, *et seq.*, the Private
Attorneys General Act ("PAGA") sent by Marc Rivera, on behalf of
himself and all "aggrieved" hourly-paid California-based "Truck Drivers" of
Western Express, Inc.**

Dear PAGA Administrator:

Our office has been retained to represent aggrieved employee Marc Rivera
(hereinafter "Claimant"), who is a former employee of Western Express, Inc. doing business
as Western Express Transport of California, Inc. (hereinafter "Western Express"), in
connection with investigation of a representative action under California's Private Attorneys
General Act of 2004 ("PAGA"), Cal. Labor Code section 2698, *et seq.*, regarding potential
violations of applicable employment laws related to unpaid worktime and rest periods, non-
compliant paid rest periods, as well as derivative claims for inaccurate wage statements and
failure to timely pay wages due to terminated and/or voluntarily separated employees. Mr.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 2

Rivera was a piece-rate non-exempt employee of employer from approximately January 2017 to September 2017, with employee ID number 010621.

After initial investigation, Claimant alleges that the Western Express paid drivers solely by mileage and did not pay for pre-and post-trip inspection work duties and waiting time subject to employer control, and other non-driving time performing work duties in violation of California law. See, *Gonzalez v Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36 (employer does not satisfy minimum wage obligations under Wage Orders by averaging "flag-rate" (piece-rate) pay to auto mechanics, which would constitute illegal wage deduction and forfeiture under Labor Code sections 221 and 223; employees entitled to separate hourly compensation for time spent waiting for repair work or performing other non-repair tasks directed by employer during their shifts). Further, Claimant alleges that the employer did not separately pay for compliant 10-minute rest periods in violation of California law. *Bluford v Safeway Inc.* (2013) 216 Cal.App.4th 864 (task-based or piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law).

Further, after investigation, based on the California Division of Labor Standards Enforcement ("DLSE") records, the employer in this case did not timely comply with Labor Code section 226.2.[1] There is no evidence based on initial review of pay records that the employer ever paid one hour of pay at the employee's regular rate of pay as a premium for not authorizing or permitting a compliant 10-minute duty-free rest period as required by Labor Code section 226.7 and/or Industrial Wage Order 9-2001, section 12.

In addition, wage statements appear to show some form of wage deduction for advances provided to employees that appear to be in violation of Labor Code sections 221-223. Nowhere in any of Claimant's personnel files is there an authorization for such a deduction in favor of the Employer.

Finally, initial employee training time pay did not show on wage statements, nor the hours worked or the pay rate provided in violation of California Labor Code section 1194, minimum wage laws, and Labor Code sections 226(a)(1)-(6). There is no indication "hours

---

[1]   Labor Code § 226.2 provides employers an affirmative defense against any claims for recovery of wages, liquidated damages, civil penalties, statutory penalties, or premium pay under Labor Code § 226.7 that are based solely on the employer's failure to timely pay piece-rate employees the compensation due for rest and recovery periods and other nonproductive time for wages earned prior to December 31, 2015. The employer must, by no later than December 15, 2016, pay the employee's nonproductive time at the highest of:

-   The hourly rate determined by dividing the total compensation for the workweek—exclusive of compensation for rest and recovery periods and any premium compensation for overtime—by the total hours worked during the workweek, exclusive of rest and recovery periods; or
-   Minimum wage plus interest; or
-   4 percent of the employee's gross earnings less up to 1 percent paid for nonproductive time for the time period July 1, 2012, to December 31, 2015.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 3

worked" were recorded as required by IWC Wage Order 9-2001, section 1(k) or section 7. At present, without such records, which were requested, at a bare minimum, Western Express failed to supply accurate wage statements to trainee employees in California as required by Labor Code sections 226(a)(1)-(7) and failed to show the mileage rate for non-trainee drivers after their training time was completed.

## Legal and Factual Basis for Claims for PAGA Penalties

### A. Primary Claims for Civil Penalties

Claimant in this case is a former employee of Western Express who worked as a "piece-rate" or paid-by-the-mile driver who operated primarily in the State of California during the applicable limitations period. The other potential claimants and "aggrieved employees" are non-exempt employees who performed identical work under substantially identical piece-rate work rates or by-the-mile pay that did not include pay for pre- and post-trip inspection and waiting time activities, or were not provided separately paid 10-minute off-duty rest periods for approximately every 4 hours worked (or every major fraction thereof).

The pay practices include systematic failure to provide at least minimum wages for pre- and post-trip inspections, waiting time, and other work duties preliminary or after active driving, and the failure to provide paid rest periods based on the employees' regular rate of pay wherein the employees are relieved of all work duties (and can log off systems monitoring) in violation of IWC Wage Order 9-2001, section 12 and Labor Code section 226.7. There is no record of any compliance with Labor Code section 226.7 to pay meal/rest period "premiums" for non-compliant breaks nor is there any record that Western Express ever complied with the Legislative "safe-harbor" provision of Labor Code section 226.2.

Specifically, at present, Western Express continues to violate Labor Code section 226(a) by failing to list the complete and correct name of the employing entity on the wage statements provided to claimant, thus causing confusion as to who is the proper employer under Section 226(a)(8). Rather than stating the correct entity name, "WESTERN EXPRESS, INC. doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC.," the wage statements list "Western Express, Inc.," which can cause confusion if employees search for their employer and discover "Western Express, Inc." is a separate corporation in Fresno, California (Corporation number C2056198). See attached California Secretary of State Documents and redacted wage statements for Claimant, attached as Exhibits 1 and 2, respectively. Since Western Express, Inc., a local California company was already taken, in order to fully comply with proper identification of the employer on wage statements under Labor Code section 226(a)(8), the Employer at minimum should have listed their identity on California-based employee wage statements as "Western Express, Inc., dba (or doing business as) Western Express Transportation of

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 4

California, Inc." in order to prevent the actual confusion caused in this case.[2]  With the full designation, there would have been no confusion as to the identity of Claimant's employer.

Further, the wage statements systematically fail to set forth the number and amount of pay provided and the piece rate for each mile driven and the amount of pay for each rest period for shifts worked in California exceeding 4 hours.  The wage statements also violate Labor Code section 226.2(a), which states:

(a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:

(1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.

(2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:

(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

Since wage statements were also derivatively inaccurate by virtue of not including minimum wage owed for non-driving time and rest periods, as well as premiums for non-compliant rest periods, and did not comply with the statutory requirement to list the beginning and ending date of each pay period, Western Express is potentially liable for civil penalties pursuant to Labor Code section 2699(f)(2) and/or civil penalties pursuant to Labor Code section 226.3.

Further, as to separated or terminated aggrieved employees, like Claimant, it appears that the Employer acted willfully in not providing full and complete final pay, including unpaid minimum wages for non-driving time, separate hourly rest period pay, and/or "one hour pay" premiums in a timely manner, even though the Employer was on actual or constructive notice that its use of a piece-rate pay program failed to comply with California law as related to paid 10-minute rest periods for every 4 hours (or major fraction thereof) worked.  This would constitute a violation of Labor Code section 203 and invoke potential civil penalties under Labor Code section 210 and/or Labor Code section 2699(f)(2).

Finally, after reviewing requested personnel records for the Claimant, there is no evidence that the Employer complied with Labor Code section 2810.5 which states in

---

[2]  In fact, counsel sent a records request to both entities, only to have been contacted by the Fresno-based "Western Express, Inc." and told that Rivera never worked there.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 5

pertinent part:

> (a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

>> (A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.

>> (B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances.

>> (C) The regular payday designated by the employer in accordance with the requirements of this code.
>> (D) The name of the employer, including any doing business as names used by the employer.

>> (E) The physical address of the employer s main office or principal place of business, and a mailing address, if different.

>> (F) The telephone number of the employer.

>> (G) The name, address, and telephone number of the employer s workers compensation insurance carrier.

>> (H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

>> (I) Any other information the Labor Commissioner deems material and necessary.

> (2) The Labor Commissioner shall prepare a template that complies with the requirements of paragraph (1). The template shall be made available to employers in such manner as determined by the Labor Commissioner.

> (3) If the employer is a temporary services employer, as defined in Section 201.3, the notice described in paragraph (1) must also include the name, the physical address of the main office, the mailing address if different from the physical address of the main office, and the telephone number of the legal entity for whom the employee will perform work, and any other information the Labor Commissioner deems material and necessary. The requirements of this paragraph do not apply to a security services

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 6

company that is licensed by the Department of Consumer Affairs and that solely provides security services.

(b) An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven calendar days after the time of the changes, unless one of the following applies:

(1) All changes are reflected on a timely wage statement furnished in accordance with Section 226.

(2) Notice of all changes is provided in another writing required by law within seven days of the changes.....

Nothing in the records provided show any compliance with California Labor Code section 2810.5 as it relates to Claimant or other aggrieved employees.

Should the LWDA not intervene or investigate, Claimant will utilize California Labor Code section 1195.5 as a basis to engage in an accounting of wages and assessment of penalties.[3]

## B. Derivative Claims for Civil Penalties

### (1) Late Pay Claims – Labor Code §§ 203 and 210

Because Western Express knew of the issues related to paid rest breaks, and did not comply with Labor Code section 226.2's "safe harbor" provisions, the Employer willfully, intentionally, and knowingly engaged in unlawful patterns and practices regarding its piece-rate drivers in California in violation of California overtime laws and in violation of Wage Order 9-2001, section 12. Therefore, Western Express is liable for civil penalties for failure to timely pay wages due within the requirements of Labor Code sections 201-202, including but not limited to failing to pay final wages until the next regular pay date. The company also did not pay a day's wages for every day final pay was not paid through the date final wages were paid, as required by Labor Code section 203. Thus, Claimant and other aggrieved employees are entitled to seek recovery of civil penalties for each pay period for each aggrieved employee who was not paid overtime wages in compliance with Sections 201-202, and for each separated or terminated employee in the applicable limitations period, Claimant may recover civil penalties pursuant to Labor Code section 203, since regular and overtime wages due and owing were not paid within the applicable timeframe.

---

[3] Labor Code § 1195.5 states: "The Division of Labor Standards Enforcement shall determine, upon request, whether the wages of employees, which exceed the minimum wages fixed by the commission, have been correctly computed and paid. For this purpose, the division may examine the books, reports, contracts, payrolls and other documents of the employer relative to the employment of employees. The division shall enforce the payment of any sums found, upon examination, to be due and unpaid to the employees."

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 7

Similarly, civil penalties for violations may be assessed and recovered pursuant to Labor Code section 210, which states:

> (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:
>
>> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>>
>> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

### (2) Inaccurate Wage Statement Claims – Labor Code §§ 226(a) and 226.3

Also, as a direct result of Western Express's knowing and willful implementation of a systematic policy that failed to pay one-hour rest period "premiums" in the manner required by California law, each of the wage statements issued to Claimant and other aggrieved employees failed to state the correct number of hours worked, and the applicable rates of regular, overtime, and double-time pay required, and were therefore inaccurate and in violation of Labor Code section 226, which states in pertinent part:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, *an accurate itemized statement in writing showing*
>
>> (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid

By failing to pay rest period premiums as required by the Labor Code and Wage Order 9-2001, and by failing to show the "inclusive dates of the pay period for which the employee is paid," Western Express violated Labor Code sections 226(a) (1), (2), (5) and (6), and acted willfully and knowingly in violation of Labor Code section 226(e) because it understated hours worked, failed to provide applicable pay rates, including premium wages and rates, failed to show proper gross wages within the inclusive dates of each pay period.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
Page | 8

Pursuant to the PAGA, Claimant will seek recovery of civil penalties as permitted by Labor Code section 2699(f)(2) and/or Labor Code section 226.3, which states in pertinent part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

### (3) Trainee Pay Claims

As indicated above, trainee pay was provided to employees in California, but wage statements fail to state the total "hours worked" as required by Labor Code section 226(a) and fail to show the rate of pay provided. Thus, at a minimum, the wage statements are in violation. If the hours worked did not meet minimum wage requirements or daily/weekly overtime requirements, then additional violations are at issue since any estimate of hours worked by employees during training will be the only evidence as to actual hours subject to the Employer's control. Civil penalties will be available under the Wage Order, and all California minimum wage and overtime statutes, as applicable for the trainees in California.

### (4) Deductions from Pay under Labor Code §§ 221-224

Claimant also has wage statements showing advance pay and fees levied thereon by the Employer. However, there is no advance authorization for such deductions and it is believed that many aggrieved employees were subject to illegally deducted fees for such advancements in pay by the Employer without having pre-authorization. Thus, Claimant will seek civil penalties for each pay period where an unauthorized Employer advance fee deduction was taken as being in violation of Labor Code sections 221-224 and there is no record of such approved authorization by the aggrieved employee.

### (5)    Civil Penalties to Recover "Underpaid Wages" Labor Code § 558(a)

Finally, as part of Claimant's and other aggrieved employees' recovery of civil penalties, Claimant will seek underpaid minimum, regular, and/or overtime wages for non-driving work duties, as well unpaid wages for rest periods at the workers' regular rate of pay, and unpaid premium wages owed for Western Express's failure to separately pay Claimant and other aggrieved piece-rate drivers for rest periods, owed at their regular rate of compensation pursuant to Labor Code section 226.7 and the applicable Wage Order for each shift during the applicable limitations period, as provided under Labor Code section 558, which provides:

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
Page | 9

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

>> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

>> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

>> (3) Wages recovered pursuant to this section shall be paid to the affected employee.

### Conclusion

Claimant intends to file a PAGA complaint in a California Superior Court alleging the aforementioned violations. Claimant awaits notice from the LWDA as to whether it intends to pursue the matter, or whether Western Express will elect to cure remedies. Should the LWDA not intervene or investigate, Claimant intends to file a PAGA Representative Action against Western Express or any person responsible pursuant to Labor Code section 558.1 to recover civil penalties within 65 days of this Notice.

Sincerely,
COHELAN KHOURY & SINGER

J. Jason Hill, Esq.

Enclosures
Exhibit 1 - California Secretary of State Statements of Information
Exhibit 2 - Redacted Wage Statements for Claimant

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 10

cc:
**Via Certified Mail With Return Receipt**
Western Express, Inc.
7135 Centennial Place
Nashville, TN 37209

**Via First Class Mail**
Jonathan M. Lebe, Esq.
Lebe Law APC
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021

Legal Tabs Co. 1-800-322-3022

Stock # EX-5-B

**EXHIBIT 1**



# State of California
# Secretary of State

**Statement of Information**
(Foreign Corporation)

**FEES (Filing and Disclosure): $25.00. If amendment, see instructions.**
IMPORTANT - READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

| F |
|---|

**E-H59505**

**FILED**

In the office of the Secretary of
State of the State of California

**Dec - 5 2011**

This Space For Filing Use Only

---

**1. CORPORATE NAME**
C2802026
WESTERN EXPRESS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS
WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC.

7135 CENTENNIAL PLACE
NASHVILLE TN 37209

---

**DUE DATE:**

---

**No Change Statement** ( Not applicable if agent address of record is a P.O. Box address. See instructions.)

2. ☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 12.

If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement has been previously filed, this form must be completed in its entirety.

---

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 3 and 4 cannot be P.O. Boxes.)

| 3. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 7135 CENTENNIAL PLACE    NASHVILLE  TN 37209 | | | |

| 4. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| 5. MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 3 | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

---

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 6. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| PAUL L. WIECK  7135 CENTENNIAL PLACE   NASHVILLE, TN 37209 | | | | |

| 7. SECRETARY | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| ROLAND M. LOWELL  7135 CENTENNAIL PLACE   NASHVILLE, TN 37209 | | | | |

| 8. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| RICHARD C. PRICKETT, JR.  7135 CENTENNIAL PLACE   NASHVILLE TN 37209 | | | | |

---

**Agent for Service of Process** (If the agent is an individual, the agent must reside in California and Item 10 must be completed with a California street address (a P.O. Box is not acceptable). If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 10 must be left blank.)

**9. NAME OF AGENT FOR SERVICE OF PROCESS**
NATIONALREGISTERED AGENTS. INC.

| 10. STREET ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

---

**Type of Business**

**11. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION**
TRANSPORTATION

---

**12. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.**

| 12/05/2011 | ROLAND M. LOWELL | SECRETARY | |
|---|---|---|---|
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

SI-350 (REV 10/2010)                                          APPROVED BY SECRETARY OF STATE



**State of California**

**Secretary of State**

STATEMENT OF INFORMATION
(Domestic Stock Corporation)

| S |

**E-335987**

**FILED**

In the office of the Secretary of State
of the State of California

**Dec - 7 2006**

FEES (Filing and Disclosure): $25.00. If amendment, see instructions.

IMPORTANT - READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

1. CORPORATE NAME (Please do not alter if name is preprinted.)

C2056198
WESTERN EXPRESS, INC.

4324 E. ASHLAN
FRESNO, CA 93726

This Space For Filing Use Only

CALIFORNIA CORPORATE DISCLOSURE ACT (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year. Please see reverse for additional information regarding publicly traded corporations.

COMPLETE ADDRESSES FOR THE FOLLOWING (Do not abbreviate the name of the city. Items 2 and 3 cannot be P.O. Boxes.)

| 2. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|
| 4324 E. ASHLAN  FRESNO, CA  93726 | | |

| 3. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4324 E. ASHLAN  FRESNO, CA 93726 | | | |

NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS (The corporation must have these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 4. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| BETTY S MAGAN  4324 E. ASHLAN  FRESNO, CA 93726 | | | |

| 5. SECRETARY/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| SHAEN  MAGAN 4324 E. ASHLAN  FRESNO, CA 93726 | | | |

| 6. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| BETTY S MAGAN  4324 E. ASHLAN  FRESNO, CA 93726 | | | |

NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS (The corporation must have at least one director. Attach additional pages, if necessary.)

| 7. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| BETTY S MAGAN  4324 E. ASHLAN  FRESNO, CA 93726 | | | |

| 8. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| 9. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

10. NUMBER OF VACANCIES ON THE BOARD OF DIRECTIONS, IF ANY:

AGENT FOR SERVICE OF PROCESS (If the agent is an individual, the agent must reside in California and Item 12 must be completed with a California address. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 12 must be left blank.)

11. NAME OF AGENT FOR SERVICE OF PROCESS

BETTY S MAGAN

| 12. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4324 E. ASHLAN  FRESNO, CA 93726 | | | |

TYPE OF BUSINESS

13. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

TRUCKING

14. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| SHAEN MAGAN | | SECRETARY | 12/07/2006 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

| SI-200 C (REV 03/2005) | | APPROVED BY SECRETARY OF STATE |
|---|---|---|

Legal Tabs Co. 1-800-322-3022

Stock # EX-5-B

**EXHIBIT 2**

CO    FILE    DEPT.    CLOCK    VCHR. NO.    130
78T    010821    100000    RIVMA    0000041790    1

**Earnings Statement**

ADP

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:    01/15/2017
Period Ending:    01/21/2017
Pay Date:    01/27/2017

Taxable Marital Status:    Single
Exemptions/Allowances:
    Federal:    0
    CA:    0

REDACTED

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Trainee Pay | | | 128.57 | 128.57 |
| **Gross Pay** | | | **$120.57** | **128.57** |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -8.43 | 8.43 |
| | Social Security Tax | -7.97 | 7.97 |
| | Medicare Tax | -1.88 | 1.88 |
| | CA SUI/SDI Tax | -1.16 | 1.16 |
| | | | |
| | Other | | |
| | Advance | -61.00 | 61.00 |
| | Advance Fee | -1.00 | 1.00 |
| | Per Diem | | -128.57 |
| | | | |
| | Adjustment | | |
| | Per Diem | +128.57 | |
| | **Net Pay** | **$175.72** | |
| | Checking | -175.72 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $128.57

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:    00000041790
Pay date:    01/27/2017

THIS IS NOT A CHECK

Deposited to the account of          account number    transit  ABA          amount
MARC RIVERA                         xxxxxxxxxxxx8577    xxxx  xxxx          $175.72

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
|-----|------|-------|-------|-----------|-----|
| TBT | 010021 | 100000 | RIVMA | 0000081803 | 1 |

## Earnings   Statement

**ADP**

**WESTERN EXPRESS, INC**
7138 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 01/22/2017 |
|-------------------|------------|
| Period Ending: | 01/28/2017 |
| Pay Date: | 02/03/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Trainee Pay | | | 225.00 | 353.57 |
| **Gross Pay** | | | **$225.00** | 353.57 |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -18.15 | 28.58 |
| | Social Security Tax | -13.95 | 21.92 |
| | Medicare Tax | -3.27 | 5.13 |
| | CA SUI/SDI Tax | -2.02 | 3.18 |
| | | | |
| | Other | | |
| | Advance | -60.00 | 121.00 |
| | Advance Fee | -1.00 | 2.00 |
| | Per Diem | | -353.57 |
| | | | |
| | Adjustment | | |
| | Per Diem | +225.00 | |
| | **Net Pay** | **$351.61** | |
| | Checking | -351.61 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $225.00

© 2007 ADP LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000051803 |
|----------------|-------------|
| Pay date: | 02/03/2017 |

**THIS IS NOT A CHECK**

| Deposited to the account of | account number | transit ABA | amount |
|-----------------------------|----------------|-------------|--------|
| MARC RIVERA | xxxxxxxxxxx0577 | xxxx  xxxx | $351.61 |

## NON-NEGOTIABLE

| CO | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
|----|------|-------|-------|-----------|-----|
| TBT | 010821 | 100000 | RIVMA | 00000081843 | 1 |

**Earnings Statement**

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 01/29/2017
Period Ending: 02/04/2017
Pay Date: 02/10/2017

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Trainee Pay | | | 225.00 | 578.67 |
| **Gross Pay** | | | **$225.00** | **578.67** |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -18.15 | 44.73 |
| | Social Security Tax | -13.95 | 35.87 |
| | Medicare Tax | -3.26 | 8.39 |
| | CA SUI/SDI Tax | -2.03 | 5.21 |
| | **Other** | | |
| | Advance | -40.00 | 161.00 |
| | Advance Fee | -1.00 | 3.00 |
| | Per Diem | | -578.67 |
| | **Adjustment** | | |
| | Per Diem | +225.00 | |
| | **Net Pay** | | **$371.61** |
| | Checking | -371.61 | |
| | **Net Check** | | **$0.00** |

Your federal taxable wages this period are $225.00

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:     00000081843
Pay date:          02/10/2017

Deposited to the account of    account number    transit ABA    amount
MARC RIVERA                    xxxxxxxxxxxx8577   xxxx xxxx      $371.61

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 100 |
|-----|------|------|-------|-----------|-----|
| TBT | 010021 | 100000 | RIVMA | 0000071813 | 1 |

## Earnings Statement

ADP

**WESTERN EXPRESS, INC**
**7135 CENTENNIAL PLACE**
**NASHVILLE, TN 37209**

Period Beginning: 02/05/2017
Period Ending: 02/11/2017
Pay Date: 02/17/2017

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 0
  CA: 0

REDACTED

MARC RIVERA

Social Security Number: ▓▓▓▓

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Trainee Pay | | | 225.00 | 803.57 |
| Gross Pay | | | $225.00 | 803.57 |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -10.15 | 62.88 |
| | Social Security Tax | -13.95 | 49.82 |
| | Medicare Tax | -3.26 | 11.65 |
| | CA SUI/SDI Tax | -2.02 | 7.23 |
| | **Other** | | |
| | Advance | -60.00 | 221.00 |
| | Advance Fee | -1.00 | 4.00 |
| | Per Diem | | -803.57 |
| | **Adjustment** | | |
| | Per Diem | +225.00 | |
| | **Net Pay** | **$351.62** | |
| | Checking | -351.62 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $225.00

**WESTERN EXPRESS, INC**
**7135 CENTENNIAL PLACE**
**NASHVILLE, TN 37209**

Advice number: 00000071813
Pay date: 02/17/2017

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|-----------------------------|----------------|-------------|--------|
| MARC RIVERA | xxxxxxxxxxxx8577 | xxxx xxxx | $351.62 |

## NON-NEGOTIABLE

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 01082( | 100008 | RIVMA | 0000081823 | 1 |

**Earnings   Statement**

ADP

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 02/12/2017 |
|-------------------|------------|
| Period Ending: | 02/18/2017 |
| Pay Date: | 02/24/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 26.23 | 26.23 |
| Trainee Pay | | | 98.43 | 900.00 |
| **Gross Pay** | | | **$122.66** | 926.23 |

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Miles Driven | 43.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -7.84 | 70.72 |
| | Social Security Tax | -7.61 | 57.43 |
| | Medicare Tax | -1.78 | 13.43 |
| | CA SUI/SDI Tax | -1.11 | 8.34 |
| | **Other** | | |
| | Advance | -80.00 | 281.00 |
| | Advance Fee | -1.00 | 6.00 |
| | Per Diem | | -908.02 |
| | **Adjustment** | | |
| | Per Diem | +102.45 | |
| | **Net Pay** | **$145.77** | |
| | Checking | -145.77 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $122.66

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000081823 |
|----------------|-------------|
| Pay date: | 02/24/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| xxxxxxxxxxxx8577 | xxxx xxxx | $145.77 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
| TBT | 010821 | 100000 | RIVMA | 0000091000 | 1 |

**Earnings   Statement**

ADP

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 02/19/2017 |
| Period Ending: | 02/25/2017 |
| Pay Date: | 03/03/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
    Federal:     0
    CA:            0

**REDACTED**

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
| --- | --- | --- | --- | --- |
| Mileage Pay | | | 416.12 | 444.35 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$416.12** | 1,344.35 |

| Other Benefits and Information | this period | total to date |
| --- | --- | --- |
| Miles Driven | 2,925.00 | |

| Deductions | Statutory | | |
| --- | --- | --- | --- |
| | Federal Income Tax | -47.12 | 117.04 |
| | Social Security Tax | -25.92 | 83.35 |
| | Medicare Tax | -6.06 | 19.49 |
| | CA State Income Tax | -5.78 | 5.78 |
| | CA SUI/SDI Tax | -3.76 | 12.10 |
| | **Other** | | |
| | Advance | -160.00 | 441.00 |
| | Advance Fee | -2.00 | 7.00 |
| | Per Diem | | -1,316.52 |
| | Scale Ticket | | -33.00 |
| | **Adjustment** | | |
| | Per Diem | +409.50 | |
| | Scale Ticket | +33.00 | |
| | **Net Pay** | **$610.00** | |
| | Checking | -610.00 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $416.12

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000091800 |
| Pay date: | 03/03/2017 |

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
| --- | --- | --- | --- |
| MARC RIVERA | xxxxxxxxxxxx8577 | xxxx  xxxx | $610.00 |

**NON-NEGOTIABLE**

| CO | FILE | DEPT | CLOCK | VCHR. NO | 130 |
|----|------|------|-------|----------|-----|
| TBT | 010821 | 100000 | RIVMA | 0000101813 | 1 |

**Earnings   Statement**   **ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 02/26/2017 |
|-------------------|------------|
| Period Ending: | 03/04/2017 |
| Pay Date: | 03/10/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
. Federal:   0
  CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 279.00 | 723.35 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$279.00** | 1,623.35 |

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Miles Driven | 1,395.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -26.25 | 144.09 |
| | Social Security Tax | -17.30 | 100.65 |
| | Medicare Tax | -4.05 | 23.54 |
| | CA State Income Tax | -2.70 | 8.46 |
| | CA SUI/SDI Tax | -2.51 | 14.81 |
| | **Other** | | |
| | Advance | -80.00 | 521.00 |
| | Advance Fee | -1.00 | 8.00 |
| | Us Legal Serv | -7.61 | 7.61 |
| | Per Diem | | -1,510.82 |
| | Scale Ticket | | -55.00 |
| | **Adjustment** | | |
| | Per Diem | +195.30 | |
| | Scale Ticket | +22.00 | |
| | **Net Pay** | | **$395.08** |
| | Checking | -354.08 | |
| | **Net Check** | | **$0.00** |

Your federal taxable wages this period are $279.00

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000101813 |
|----------------|-------------|
| Pay date: | 03/10/2017 |

Deposited to the account of     account number     transit ABA     amount
MARC RIVERA                     xxxxxxxxxxxxx8577   xxxx  xxxx      $354.08

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
|-----|------|-------|-------|-----------|-----|
| TET | 010821 | 100000 | RIVMA | 00001111743 | 1 |

**Earnings   Statement**

ADP

*WESTERN EXPRESS, INC*
*7135 CENTENNIAL PLACE*
*NASHVILLE, TN 37209*

| Period Beginning: | 03/05/2017 |
|-------------------|------------|
| Period Ending: | 03/11/2017 |
| Pay Date: | 03/17/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

REDACTED

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 246.56 | 969.91 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$246.56** | **1,869.91** |

Your federal taxable wages this period are $246.56

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| Miles Driven | 1,684.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -21.36 | 165.47 |
| | Social Security Tax | -15.28 | 115.93 |
| | Medicare Tax | -3.57 | 27.11 |
| | CA SUI/SDI Tax | -2.22 | 16.63 |
| | CA State Income Tax | | 8.46 |
| | **Other** | | |
| | Advance | -355.00 | 876.00 |
| | Advance Fee | -1.00 | 9.00 |
| | Us Legal Serv | -7.61 | 16.22 |
| | Lumper | | -276.00 |
| | Per Diem | | -1,743.78 |
| | Scale Ticket | | -77.00 |
| | **Adjustment** | | |
| | Lumper | +276.00 | |
| | Per Diem | +232.98 | |
| | Scale Ticket | +22.00 | |
| | **Net Pay** | **$370.46** | |
| | Checking | -370.46 | |
| | **Net Check** | **$0.00** | |

Other Benefits and

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000111743 |
|----------------|-------------|
| Pay date: | 03/17/2017 |

| Deposited to the account of | account number | transit ABA | amount |
|-----------------------------|----------------|-------------|--------|
| MARC RIVERA | xxxxxxxxxxxx8577 | xxxx xxxx | $370.46 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 010821 | 100000 | RIVMA | 0006121737 | 1 |

## Earnings  Statement

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 03/12/2017 |
|---|---|
| Period Ending: | 03/18/2017 |
| Pay Date: | 03/24/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
   Federal:   0
   CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:  ▮▮▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 332.00 | 1,301.99 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$332.00** | **2,201.99** |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,088.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -34.21 | 199.68 |
| | Social Security Tax | -20.59 | 136.52 |
| | Medicare Tax | -4.82 | 31.93 |
| | CA State Income Tax | -3.07 | 12.33 |
| | CA SUI/SDI Tax | -2.99 | 19.82 |
| | **Other** | | |
| | Advance | -80.00 | 956.00 |
| | Advance Fee | -1.00 | 10.00 |
| | Us Legal Serv | -7.81 | 22.63 |
| | Lumper | | -276.00 |
| | Per Diem | | -2,037.60 |
| | Scale Ticket | | -77.00 |
| | **Adjustment** | | |
| | Per Diem | +293.72 | |
| | **Net Pay** | **$470.71** | |
| | Checking | -470.71 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $332.08

0 are for us

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000121737 |
|---|---|
| Pay date: | 03/24/2017 |

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MARC RIVERA | xxxxxxxxxxx8577 | xxxx  xxxx | $470.71 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
| .TBT | 010621 | 100000 | RIVMA | 0000131767 | I |

**Earnings   Statement**

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 03/19/2017
Period Ending: 03/25/2017
Pay Date: 03/31/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
    Federal:    0
    CA:         0

**MARC RIVERA**

**REDACTED**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 133.86 | 1,435.85 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$133.86** | 2,335.85 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 846.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -8.86 | 208.64 |
| | Social Security Tax | -8.30 | 144.02 |
| | Medicare Tax | -1.94 | 33.67 |
| | CA SUI/SDI Tax | -1.20 | 21.02 |
| | CA State Income Tax | | 12.33 |
| | | | |
| | **Other** | | |
| | Advance | -80.00 | 1,038.00 |
| | Advance Fee | -1.00 | 11.00 |
| | Us Legal Serv | -7.61 | 30.44 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,155.94 |
| | Scale Ticket | | -88.00 |
| | | | |
| | **Adjustment** | | |
| | Per Diem | +118.44 | |
| | Scale Ticket | +11.00 | |
| | **Net Pay** | **$154.29** | |
| | Checking | -154.29 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $133.86

---

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:     00000131767
Pay date:          03/31/2017

Deposited to the account of                account number     transit ABA     amount
MARC RIVERA                                xxxxxxxxxxxx8577    xxxx  xxxx      $154.29

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR: NO. | 130 |
| TBT | 010821 | 100000 | RIVMA | 00000141753 | 1 |

**Earnings   Statement**

ADP

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 03/26/2017 |
| Period Ending: | 04/01/2017 |
| Pay Date: | 04/07/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal   0
CA   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date | Other Benefits and | | | |
|---|---|---|---|---|---|---|---|---|
| Detention Pay | | | 2.50 | 2.50 | Information | this period | total to date | |
| Mileage Pay | | | 282.17 | 1,698.02 | Miles Driven | 1,554.00 | | |
| Trainee Pay | | | | 900.00 | | | | |
| Gross Pay | | | $284.67 | 2,600.52 | | | | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -24.10 | 232.74 |
| | Social Security Tax | -16.41 | 161.23 |
| | Medicare Tax | -3.84 | 37.71 |
| | CA State Income Tax | -2.39 | 14.72 |
| | CA SUI/SDI Tax | -2.38 | 23.40 |
| | **Other** | | |
| | Advance | -40.00 | 1,076.00 |
| | Advance Fee | -0.50 | 11.50 |
| | Us Legal Serv | -7.61 | 38.05 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,415.60 |
| | Scale Ticket | | -88.00 |
| | **Adjustment** | | |
| | Per Diem | +259.56 | |
| | Net Pay | $427.00 | |
| | Checking | -427.00 | |
| | Net Check | $0.00 | |

Your federal taxable wages this period are $264.67

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000141753 |
| Pay date: | 04/07/2017 |

**THIS IS NOT A CHECK**

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxxx0577 | xxxx xxxx | $427.00 |

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO | 130 |
|-----|------|------|-------|----------|-----|
| TBT | 010821 | 100000 | RIVMA | 0000161272 | 1 |

**Earnings   Statement**



**WESTERN EXPRESS, INC**
**7135 CENTENNIAL PLACE**
**NASHVILLE, TN 37209**

Period Beginning:   04/02/2017
Period Ending:   04/09/2017
Pay Date:   04/14/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
    Federal:   0
    CA:   0

**MARC RIVERA**

REDACTED

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 97.00 | 1,796.02 |
| Tuition Pay | | | 200.00 | 200.00 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$297.00** | 2,897.52 |

Your federal taxable wages this period are **$297.00**

Other Benefits and
Information          this period       total to date
Miles Driven            485.00

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -28.95 | 281.69 |
| | Social Security Tax | -18.42 | 179.65 |
| | Medicare Tax | -4.30 | 42.01 |
| | CA State Income Tax | -3.10 | 17.82 |
| | CA SUI/SDI Tax | -2.68 | 26.08 |
| | **Other** | | |
| | Advance | -45.00 | 1,121.00 |
| | Advance Fee | -0.50 | 12.00 |
| | Us Legal Serv | -7.01 | 45.66 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,463.40 |
| | Scale Ticket | | -99.00 |
| | **Adjustment** | | |
| | Per Diem | +87.90 | |
| | Scale Ticket | +11.00 | |
| | **Net Pay** | **$289.34** | |
| | Checking | -265.34 | |
| | **Net Check** | **$0.00** | |

**WESTERN EXPRESS , INC**
**7135 CENTENNIAL PLACE**
**NASHVILLE , TN 37209**

Advice number:   00000161772
Pay date:   04/14/2017

Deposited to the account of          account number   transit   ABA          amount
.MARC RIVERA                         xxxxxxxxxxx0577   xxxx xxxx          $265.34

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCRR NO. | 130 |
| TBT | 010621 | 100000 | RIVMA | 0000161760 | 1 |

**Earnings  Statement**

ADP

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:   04/09/2017
Period Ending:      04/16/2017
Pay Date:           04/21/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
 Federal:       0
 CA:            0

REDACTED

MARC  RIVERA

Social Security Number:  ▮▮▮▮▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 445.40 | 2,240.42 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Tuition Pay | | | | 200.00 |
| Gross Pay | | | $445.40 | 3,342.92 |

Your federal taxable wages this period are $445.40

Other Benefits and
Information                  this period        total to date
Miles Driven                 2,955.00

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -61.20 | 312.88 |
| | Social Security Tax | -27.61 | 207.26 |
| | Medicare Tax | -6.46 | 48.47 |
| | CA State Income Tax | -6.37 | 24.18 |
| | CA SUI/SDI Tax | -4.01 | 30.09 |
| | **Other** | | |
| | Advance | -40.00 | 1,161.00 |
| | Advance Fee | -0.50 | 12.50 |
| | Us Legal Serv | -7.61 | 53.27 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,738.20 |
| | Scale Ticket | | -99.00 |
| | **Adjustment** | | |
| | Per Diem | +254.80 | |
| | Net Pay | $505.44 | |
| | Checking | -505.44 | |
| | **Net Check** | $0.00 | |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:    00000161760
Pay date:         04/21/2017

THIS IS NOT A CHECK

Deposited  to the account  of
MARC RIVERA

account number    transit ABA          amount
xxxxxxxxxxxx8577   xxxx  xxxx           $505.44

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
|-----|------|-------|-------|-----------|-----|
| TBT | 010521 | 100000 | RIVMA | 0000171806 | 1 |

## Earnings   Statement



| Period Beginning: | 04/18/2017 |
|---|---|
| Period Ending: | 04/22/2017 |
| Pay Date: | 04/28/2017 |

**WESTERN EXPRESS, INC**
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

**MARC RIVERA**

REDACTED

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 395.20 | 2,835.62 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$395.20** | 3,738.12 |

Your federal taxable wages this period are **$395.20**

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | | 2,470.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -43.87 | 358.58 |
| | Social Security Tax | -24.50 | 231.76 |
| | Medicare Tax | -5.73 | 54.20 |
| | CA State Income Tax | -5.26 | 29.45 |
| | CA SUI/SDI Tax | -3.55 | 33.64 |

| | Other | | |
|---|---|---|---|
| | Advance | -213.95 | 1,374.95 |
| | Advance Fee | -5.00 | 17.50 |
| | Us Legal Serv | -7.61 | 60.88 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,911.10 |
| | Scale Ticket | | -99.00 |

| | Adjustment | | |
|---|---|---|---|
| | Per Diem | +172.90 | |

| **Net Pay** | | **$258.83** |
|---|---|---|
| Checking | | -258.83 |
| **Net Check** | | **$0.00** |

---

**WESTERN EXPRESS , INC**
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Advice number: | 00000171806 |
|---|---|
| Pay date: | 04/28/2017 |

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MARC RIVERA | xxxxxxxxxxxx8577 | xxxx xxxx | $258.83 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|----|------|------|-------|-----------|-----|
| TBT | 010021 | 100000 | RIVMA | 0000101780 | 1 |

## Earnings   Statement

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period  Beginning:    04/23/2017
Period  Ending:       04/29/2017
Pay  Date:            05/05/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
 Federal:   0
 CA:        0

**REDACTED**

MARC  RIVERA

Social Security Number:   █████

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 392.64 | 3,028.26 |
| Trk Roc | | | 100.00 | 100.00 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$492.64** | 4,230.76 |

Your federal taxable wages this period are $492.64

Other Benefits and
**Information**       this period       total to date
Miles Driven          2,454.00

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -58.30 | 414.88 |
| | Social Security Tax | -30.55 | 262.31 |
| | Medicare Tax | -7.15 | 61.35 |
| | CA State Income Tax | -8.45 | 37.90 |
| | CA SUI/SDI Tax | -4.44 | 38.08 |
| | **Other** | | |
| | Advance | -316.60 | 1,691.55 |
| | Advance Fee | -5.00 | 22.50 |
| | Us Legal Serv | -7.61 | 68.49 |
| | Lumper | | -275.00 |
| | Per Diem | | -3,132.58 |
| | Scale Ticket | | -110.00 |
| | **Adjustment** | | |
| | Per Diem | +221.48 | |
| | Scale Ticket | +11.00 | |
| | **Net Pay** | **$287.02** | |
| | Checking | -287.02 | |
| | **Net Check** | **$0.00** | |

© Not For LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:       00000181780
Pay date:            05/05/2017

*THIS IS NOT A CHECK*

Deposited  to the account of             account number    transit ABA        amount
MARC RIVERA                              xxxxxxxxxxxxx8577   xxxx  xxxx         $287.02

## NON-NEGOTIABLE

| CO | FILE | DEPT. | CLOCK | VCHR NO | 130 |
| TBT | 010621 | 100000 | RIVMA | 0000201788 | 1 |

## Earnings Statement

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:  05/07/2017
Period Ending:     05/13/2017
Pay Date:          05/19/2017

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:   0
CA:        0

**REDACTED**

MARC RIVERA

Social Security Number:  ▓▓▓▓

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 195.52 | 3,223.78 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$195.52** | 4,426.28 |

Your federal taxable wages this period are $195.52

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 1,222.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -15.13 | 429.99 |
| | Social Security Tax | -12.12 | 274.43 |
| | Medicare Tax | -2.89 | 64.18 |
| | CA SUI/SDI Tax | -1.76 | 39.84 |
| | CA State Income Tax | | 37.90 |
| | **Other** | | |
| | Advance | -88.45 | 1,778.00 |
| | Advance Fee | -2.00 | 24.50 |
| | Us Legal Serv | -7.61 | 76.10 |
| | Lumper | | -275.00 |
| | Per Diem | | -3,218.12 |
| | Scale Ticket | | -110.00 |
| | **Adjustment** | | |
| | Per Diem | +85.54 | |
| | **Net Pay** | **$131.32** | |
| | Checking | -153.16 | |
| | **Net Check** | **$0.00** | |

© 2000 ADP  LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:   00000201788
Pay date:        05/19/2017

**THIS IS NOT A CHECK**

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MARC RIVERA | xxxxxxxxxxxxx8577 | xxxx  xxxx | $153.16 |

## NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO | 100 |
|-----|------|-------|-------|----------|-----|
| TBT | 010821 | 100000 | RIVMA | 0000211753 | 1 |

## Earnings Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:    05/14/2017
Period Ending:       05/20/2017
Pay Date:            05/26/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:          0
CA:               0

REDACTED

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay |  |  | 476.40 | 3,702.18 |
| Detention Pay |  |  |  | 2.50 |
| Trainee Pay |  |  |  | 900.00 |
| Trk Rec |  |  |  | 100.00 |
| Tuition Pay |  |  |  | 200.00 |
| **Gross Pay** |  |  | **$476.40** | 4,904.68 |

Your federal taxable wages this period are $476.40

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,990.00 | |

| Deductions | Statutory |  |  |
|------------|-----------|--|--|
|  | Federal Income Tax | -58.16 | 486.15 |
|  | Social Security Tax | -29.66 | 304.09 |
|  | Medicare Tax | -6.94 | 71.12 |
|  | CA State Income Tax | -7.02 | 45.72 |
|  | CA SUI/SDI Tax | -4.30 | 44.14 |
|  | **Other** |  |  |
|  | Advance | -154.95 | 1,932.95 |
|  | Advance Fee | -4.00 | 28.60 |
|  | Us Legal Serv | -7.61 | 83.71 |
|  | Lumper |  | -276.00 |
|  | Per Diem |  | -3,427.42 |
|  | Scale Ticket |  | -110.00 |
|  | **Adjustment** |  |  |
|  | Per Diem | +209.30 |  |
|  | **Net Pay** | **$416.26** |  |
|  | Checking | -416.26 |  |
|  | **Net Check** | **$0.00** |  |

S-YU ADP 3LC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:      00000211753
Pay date:           05/26/2017

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit  ABA | amount |
|-----------------------------|----------------|--------------|--------|
| MARC RIVERA | xxxxxxxxxxxx8577 | xxxx  xxxx | $416.26 |

## NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 170 |
| TBT | 010021 | 100000 | RIVMA | 0000221751 | 1 |

**Earnings   Statement**

**ADP**

**WESTERN EXPRESS, INC**
**7135 CENTENNIAL PLACE**
**NASHVILLE, TN 37209**

Period Beginning:   05/21/2017
Period Ending:   05/27/2017
Pay Date:   06/02/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 478.07 | 4,180.25 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | | 5,382.75 |

Your federal taxable wages this period are $478.07

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Miles Driven | 2,807.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -66.11 | 542.26 |
| | Social Security Tax | -29.64 | 333.73 |
| | Medicare Tax | -6.93 | 78.06 |
| | CA State Income Tax | -7.80 | 53.62 |
| | CA SUI/SDI Tax | -4.30 | 48.44 |
| | **Other** | | |
| | Advance | -174.85 | 2,107.80 |
| | Advance Fee | -4.00 | 32.50 |
| | Us Legal Serv | -7.61 | 91.32 |
| | Lumper | -275.00 | |
| | Per Diem | -3,660.94 | |
| | Scale Ticket | -132.00 | |
| | **Adjustment** | | |
| | Per Diem | +233.62 | |
| | Scale Ticket | +22.00 | |
| | **Net Pay** | $442.35 | |
| | Checking | -442.35 | |
| | **Net Check** | $0.00 | |

**WESTERN EXPRESS , INC**
**7135 CENTENNIAL PLACE**
**NASHVILLE , TN 37209**

Advice number:   00000221751
Pay date:   06/02/2017

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxx8577 | xxxx xxxx | $442.35 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 010821 | 100000 | RIVMA | 0000231713 | I |

**Earnings   Statement**

**ADP.**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| | |
|---|---|
| Period Beginning: | 05/28/2017 |
| Period Ending: | 06/03/2017 |
| Pay Date: | 06/09/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:              0
CA:                    0

**REDACTED**

**MARC RIVERA**

Social Security Number:   [REDACTED]

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Layover Pay | | | 105.00 | 105.00 |
| Mileage Pay | | | 111.72 | 4,281.97 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$216.72** | 5,599.47 |

Your federal taxable wages this period are $216.72

Other Benefits and
**Information**

| | this period | total to date |
|---|---|---|
| Miles Driven | 931.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -17.25 | 659.51 |
| | Social Security Tax | -13.44 | 347.17 |
| | Medicare Tax | -3.14 | 81.19 |
| | CA SUI/SDI Tax | -1.98 | 50.40 |
| | CA State Income Tax | | 63.52 |
| | **Other** | | |
| | Advance | -88.45 | 2,194.25 |
| | Advance Fee | -2.00 | 34.50 |
| | Us Legal Serv | -7.01 | 90.93 |
| | Lumper | | -275.00 |
| | Per Diem | | -3,791.28 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +130.34 | |
| | **Net Pay** | **$215.2** | |
| | Checking | -216.21 | |
| | **Net Check** | **$0.00** | |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| | |
|---|---|
| Advice number: | 00000231713 |
| Pay data: | 08/09/2017 |

**THIS IS NOT A CHECK**

| Deposited to the account of | account number | transit ABA | amount |
|------------------------------|----------------|-------------|--------|
| MARC RIVERA | xxxxxxxxxxxxx8577 | xxxx xxxx | $216.21 |

**NON-NEGOTIABLE**

| CO | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
| TBT | 010821 | 100000 | RIVMA | 0000241765 | 1 |

**Earnings   Statement**

**ADP®**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:     06/04/2017
Period Ending:        06/10/2017
Pay Date:             06/16/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
      Federal:        0
      CA:             0

**REDACTED**

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Detention Pay | | | | 2.50 |
| Layover Pay | | | | 105.00 |
| Mileage Pay | | | | 4,291.97 |
| Trainee Pay | | | | 000.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | 750.00 | 5,599.47 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | | 559.51 |
| | Social Security Tax | | 347.17 |
| | Medicare Tax | | 81.19 |
| | CA State Income Tax | | 63.52 |
| | CA SUI/SDI Tax | | 50.40 |

| Other | | |
|---|---|---|
| Us Legal Serv | -7.01 | 108.54 |
| Advance | | 2,184.25 |
| Advance Fee | | 34.50 |
| Lumper | | -687.00 |
| Per Diem | | -3,791.20 |
| Scale Ticket | | -132.00 |

| Adjustment | | |
|---|---|---|
| Lumper | +312.00 | |

| Net Pay | $304.39 |
|---|---|
| Checking | -304.39 |
| **Net Check** | $0.00 |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:      00000241765
Pay date:           06/16/2017

Deposited to the account of      account number      transit ABA      amount
MARC RIVERA                      xxxxxxxxxxxx8577     xxxx  xxxx       $304.39

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR NO | 130 |
|-----|------|------|-------|---------|-----|
| TBT | 010821 | 100000 | RIVMA | 0000201756 | 1 |

**Earnings   Statement**



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:   07/02/2017
Period Ending:       07/08/2017
Pay Date:             07/14/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
  Federal:     0
  CA:          0

**REDACTED**

MARC RIVERA

Social Security Number:   ▮▮▮▮▮

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 176.64 | 4,468.61 |
| Detention Pay | | | | 2.50 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$176.64** | 5,776.11 |

Your federal taxable wages this period are $176.64

**Other Benefits and Information**

| | this period | total to date |
|--|-------------|---------------|
| Miles Driven | 1,104.00 | |

| Deductions | Statutory | | this period | year to date |
|-----------|-----------|--|-------------|--------------|
| | Federal Income Tax | | -13.24 | 572.75 |
| | Social Security Tax | | -10.95 | 358.12 |
| | Medicare Tax | | -2.56 | 83.75 |
| | CA SUI/SDI Tax | | -1.58 | 51.98 |
| | CA State Income Tax | | | 53.52 |
| | **Other** | | | |
| | Advance | | -43.95 | 2,236.20 |
| | Advance Fee | | -1.00 | 35.50 |
| | Us Legal Serv | | -7.61 | 114.15 |
| | Lumper | | | -587.00 |
| | Per Diem | | | -3,888.66 |
| | Scale Ticket | | | -132.00 |
| | **Adjustment** | | | |
| | Per Diem | | +77.28 | |
| | **Net Pay** | | **$173.03** | |
| | Checking | | -173.03 | |
| | **Net Check** | | **$0.00** | |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:   00000201758
Pay date:         07/14/2017

Deposited to the account of   MARC RIVERA

| | account number | transit  ABA | amount |
|--|----------------|--------------|--------|
| | XXXXXXXXXXXX8577 | XXXX  XXXX | $173.03 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 010821 | 100000 | RIVMA | 00000291833 | 1 |

**Earnings   Statement**

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 07/09/2017 |
|-------------------|------------|
| Period Ending: | 07/15/2017 |
| Pay Date: | 07/21/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:      0
CA:            0

**REDACTED**

MARC RIVERA

Social Security Number: ▮▮▮▮

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 586.24 | 5,054.85 |
| Detention Pay | | | | 2.50 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$586.24** | 6,362.35 |

Your federal taxable wages this period are **$586.24**

Other Benefits and
**Information**          this period        total to date
Miles Driven              3,664.00

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | −72.34 | 645.09 |
| | Social Security Tax | −36.35 | 394.47 |
| | Medicare Tax | −8.50 | 92.25 |
| | CA State Income Tax | −12.56 | 66.08 |
| | CA SUI/SDI Tax | −5.28 | 57.26 |
| | **Other** | | |
| | Advance | −217.90 | 2,458.10 |
| | Advance Fee | −5.00 | 40.50 |
| | Us Legal Serv | −7.61 | 121.78 |
| | Lumper | | −587.00 |
| | Per Diem | | −4,125.04 |
| | Scale Ticket | | −132.00 |
| | **Adjustment** | | |
| | Per Diem | +256.48 | |
| | **Net Pay** | **$477.16** | |
| | Checking | −477.16 | |
| | **Net Check** | **$0.00** | |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:        00000291833
Pay date:              07/21/2017

**THIS IS NOT A CHECK**

Deposited to the account of        account number     transit ABA        amount
MARC RIVERA                        xxxxxxxxxxxx0577    xxxx xxxx          $477.16

**NON-NEGOTIABLE**

CO.      FILE      DEPT      CLOCK      VOHR. N8      130
TBY    010821    100000    RIVMA    0000301823    1

## Earnings  Statement

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:      07/18/2017
Period Ending:         07/22/2017
Pay Date:              07/28/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
      Federal:      0
      CA:           0

**REDACTED**      MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Detention Pay | | | 18.25 | 18.75 |
| Mileage Pay | | | 677.92 | 5,832.77 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$694.17** | 6,956.52 |

Your federal taxable wages this period are $584.17

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 3,612.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -73.52 | 718.61 |
| | Social Security Tax | -36.83 | 431.30 |
| | Medicare Tax | -8.62 | 100.87 |
| | CA State Income Tax | -12.91 | 78.99 |
| | CA SUI/SDI Tax | -5.36 | 62.61 |
| | **Other** | | |
| | Advance | -130.65 | 2,586.75 |
| | Advance Fee | -3.50 | 44.00 |
| | Lumper | -312.00 | -275.00 |
| | Us Legal Serv | -7.61 | 129.37 |
| | Per Diem | | -4,377.88 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +252.84 | |
| | **Net Pay** | | **$256.02** |
| | Checking | -256.02 | |
| | **Net Check** | | **$0.00** |

I  BIO ADP  LLC

WESTERN EXPRESS, INC                Advice number:        00000301823
7135 CENTENNIAL PLACE              Pay date:             07/28/2017
NASHVILLE, TN 37209

**THIS IS NOT A CHECK**

Deposited to the account of          account number      transit/ ABA      amount
MARC RIVERA                          xxxxxxxxxxxxx8577    xxxx xxxx        $256.02

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
| TST | 010021 | 100000 | RIVMA | 0050311803 | 1 |

## Earnings Statement

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 07/23/2017
Period Ending: 07/29/2017
Pay Date: 08/04/2017

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

REDACTED

MARC RIVERA

Social Security Number: �â– ■â– 

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 182.56 | 5,815.33 |
| Detention Pay | | | | 18.75 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$182.56** | 7,139.08 |

Your federal taxable wages this period are $182.56

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 1,141.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -13.83 | 732.44 |
| | Social Security Tax | -11.32 | 442.62 |
| | Medicare Tax | -2.65 | 103.52 |
| | CA SUI/SDI Tax | -1.64 | 64.25 |
| | CA State Income Tax | | 78.99 |
| | **Other** | | |
| | Advance | -111.15 | 2,697.90 |
| | Advance Fee | -3.00 | 47.00 |
| | Us Legal Serv | -7.61 | 136.98 |
| | Lumper | | -275.00 |
| | Per Diem | | -4,457.75 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +79.87 | |
| | **Net Pay** | **$111.23** | |
| | Checking | -111.23 | |
| | **Net Check** | **$0.00** | |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number: 00000311803
Pay date: 08/04/2017

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MARC RIVERA | xxxxxxxxxxxxx8577 | xxxx xxxx | $111.23 |

## NON-NEGOTIABLE

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 110 |
| TBT | 010821 | 100000 | RIVMA | 00000321843 | 1 |

**Earnings  Statement**



*WESTERN  EXPRESS,  INC*
*7135 CENTENNIAL  PLACE*
*NASHVILLE,  TN 37209*

| Period Beginning: | 07/30/2017 |
| Period Ending: | 08/05/2017 |
| Pay Date: | 08/11/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
  Federal:    0
  CA:      0

**REDACTED**

**MARC  RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 461.60 | 8,276.93 |
| Detention Pay | | | | 18.75 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$461.60** | 7,600.60 |

Your federal taxable wages this period are $461.60

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,886.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | −53.64 | 788.08 |
| | Social Security Tax | −28.62 | 471.24 |
| | Medicare Tax | −6.69 | 110.21 |
| | CA State Income Tax | −7.08 | 88.07 |
| | CA SUI/SDI Tax | −4.16 | 80.41 |
| | **Other** | | |
| | Advance | −216.40 | 2,914.30 |
| | Advance Fee | −5.00 | 52.00 |
| | Us Legal Serv | −7.61 | 144.69 |
| | Lumper | | −275.00 |
| | Per Diem | | −4,659.70 |
| | Scale Ticket | | −132.00 |
| | **Adjustment** | | |
| | Per Diem | +201.95 | |
| | **Net Pay** | **$334.35** | |
| | Checking | −334.35 | |
| | **Net Check** | **$0.00** | |

*WESTERN  EXPRESS,  INC*
*7135 CENTENNIAL  PLACE*
*NASHVILLE,  TN 37209*

| Advice number: | 00000321843 |
| Pay date | 08/11/2017 |

**THIS IS NOT A CHECK**

| Deposited  to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MARC RIVERA | xxxxxxxxxxxxx8577 | xxxx  xxxx | $334.35 |

**NON−NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 100 |
|-----|------|------|-------|-----------|-----|
| TB7 | 010821 | 100000 | RIVMA | 0000304829 | 1 |

**Earnings  Statement**

ADP

WESTERN  EXPRESS,  INC
7135 CENTENNIAL  PLACE
NASHVILLE,  TN 37209

Period Beginning:    08/06/2017
Period Ending:       08/12/2017
Pay Date:            08/18/2017

Taxable Marital Status:  Single
Exemptions/Allowances:
  Federal:    0
  CA:         0

REDACTED

MARC  RIVERA

Social Security Number:  [REDACTED]

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Layover Pay | | | 35.00 | 140.00 |
| Mileage Pay | | | 553.92 | 6,830.85 |
| Detention Pay | | | | 18.75 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| Gross Pay | | | $588.92 | 8,189.60 |

Your federal taxable wages this period are $588.92

Other Benefits and

| Information | this period | total to date |
|-------------|-------------|---------------|
| Miles Driven | 3,462.00 | |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -72.73 | 858.81 |
| | Social Security Tax | -36.52 | 507.76 |
| | Medicare Tax | -8.54 | 118.75 |
| | CA State Income Tax | -12.68 | 98.75 |
| | CA SUI/SDI Tax | -5.30 | 73.71 |
| | **Other** | | |
| | Advance | -350.35 | 3,284.65 |
| | Advance Fee | -7.60 | 59.60 |
| | Us Legal Serv | -7.61 | 152.20 |
| | Lumper | | -275.00 |
| | Per Diem | | -4,902.04 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +242.34 | |
| | **Net Pay** | $330.03 | |
| | Checking | -330.03 | |
| | **Net Check** | $0.00 | |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:    00000331829
Pay date:         08/18/2017

Deposited to the account of          account number    transit ABA        amount
MARC RIVERA                          xxxxxxxxxxxx8577   xxxx  xxxx         $330.03

THIS IS NOT A CHECK

NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO | 130 |
|-----|------|-------|-------|----------|-----|
| TBT | 010921 | 100000 | RIVMA | 0000341821 | 1 |

## Earnings   Statement

**ADP**

WESTERN  EXPRESS,  INC
7135  CENTENNIAL  PLACE
NASHVILLE,  TN 37209

Period Beginning:     08/13/2017
Period Ending:         08/19/2017
Pay Date:               08/25/2017

Taxable ·Marital Status:    Single
Exemptions/Allowances:
    Federal:         0
    CA:              0

**MARC  RIVERA**

**REDACTED**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Layover Pay | | | 70.00 | 210.00 |
| Mileage Pay | | | 567.04 | 7,397.89 |
| Detention Pay | | | | 18.75 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| Gross Pay | | | $837.04 | 8,826.64 |

Your federal taxable wages this period are $837.04

Other Benefits and

| Information | this period | total to date |
|-------------|-------------|---------------|
| Miles Driven | 3,544.00 | |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -79.95 | 938.76 |
| | Social Security Tax | -39.49 | 547.25 |
| | Medicare Tax | -9.24 | 127.99 |
| | CA State Income Tax | -14.80 | 113.55 |
| | CA SUI/SDI Tax | -5.73 | 79.44 |
| | **Other** | | |
| | Advance | -376.95 | 3,641.60 |
| | Advance Fee | -4.50 | 64.00 |
| | Us Legal Serv | -7.61 | 159.81 |
| | Lumper | | -275.00 |
| | Per Diem | | -6,150.12 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +248.08 | |
| | Net Pay | $346.85 | |
| | Checking | -346.85 | |
| | Net Check | | |

WESTERN  EXPRESS ,  INC
7135  CENTENNIAL  PLACE
NASHVILLE ,  TN 37209

Advice number:        00000341821
Pay date:               08/25/2017

Deposited to the account of
MARC RIVERA

| account number | transit  ABA | amount |
|----------------|--------------|--------|
| xxxxxxxxxxxx8677 | XXXX  XXXX | $346.85 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

CO.   FILE   DEPT   CLOCK   VCHR. NO.   130
TST   010921   100000   RIVMA   0000341821   1

**Earnings   Statement**

ADP.

WESTERN   EXPRESS,   INC
7135 CENTENNIAL  PLACE
NASHVILLE,  TN 37209

Period Beginning:     08/13/2017
Period Ending:        08/19/2017
Pay Date:             08/25/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
   Federal        0
   CA             0

**REDACTED**

MARC RIVERA

Social Security Number: [REDACTED]

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Layover Pay | | | 70.00 | 210.00 |
| Mileage Pay | | | 587.04 | 7,397.89 |
| Detention Pay | | | | 18.75 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | $657.04 | 8,826.64 |

Your federal taxable wages this period are $637.04

Other Benefits and
**Information**                 this period        total to date
Miles Driven                     3,544.00

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -79.95 | 938.76 |
| | Social Security Tax | -39.49 | 547.25 |
| | Medicare Tax | -9.24 | 127.99 |
| | CA State Income Tax | -14.80 | 113.55 |
| | CA SUI/SDI Tax | -5.73 | 79.44 |
| | **Other** | | |
| | Advance | -376.95 | 3,641.60 |
| | Advance Fee | -4.50 | 64.00 |
| | Us Legal Serv | -7.61 | 159.81 |
| | Lumper | | -275.00 |
| | Per Diem | | -5,150.12 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +248.08 | |
| | **Net Pay** | $346.85 | |
| | Checking | -346.85 | |
| | **Net Check** | $0.00 | |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:     00000341821
Pay date:          08/25/2017

Deposited to the account of          account number     transit  ABA         amount
MARC RIVERA                          xxxxxxxxxxxx8577    xxxx  xxxx          $346.85

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR NO. | 130 |
|-----|------|-------|-------|----------|-----|
| TBT | 010521 | 100000 | RA/MA | 0000351840 | I |

**Earnings Statement** 

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 08/20/2017
Period Ending: 08/26/2017
Pay Date: 09/01/2017

Taxable Marital Status: Single
Exemptions/Allowances:
 Federal: 0
 CA: 0

**REDACTED**

MARC RIVERA

Social Security Number:

## Earnings

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 63.84 | 7,461.73 |
| Detention Pay | | | | 18.75 |
| Layover Pay | | | | 210.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$63.84** | 8,890.48 |

Your federal taxable wages this period are $63.84

Other Benefits and
Information    this period    total to date
Miles Driven        399.00

## Deductions

| Deductions | Statutory | | |
|------------|-----------|---|---|
| Federal Income Tax | -1.96 | | 940.72 |
| Social Security Tax | -3.96 | | 551.21 |
| Medicare Tax | -0.92 | | 128.61 |
| CA SUI/SDI Tax | -0.57 | | 80.01 |
| CA State Income Tax | | | 113.55 |
| **Other** | | | |
| Us Legal Serv | -7.61 | | 167.42 |
| Advance | | | 3,641.60 |
| Advance Fee | | | 64.00 |
| Lumper | | | -275.00 |
| Per Diem | | | -5,176.05 |
| Scale Ticket | | | -132.00 |
| **Adjustment** | | | |
| Per Diem | +27.93 | | |
| **Net Pay** | | | **$76.76** |
| Checking | | | -76.75 |
| **Net Check** | | | **$0.00** |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:    00000351840
Pay date:    09/01/2017

Deposited to the account of    account number    transit ABA    amount
MARC RIVERA    xxxxxxxxxxxx8577    xxxx xxxx    $76.75

THIS IS NOT A CHECK

**NON-NEGOTIABLE**