**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**LEBE LAW APC**
Jonathan Lebe (SBN 284605)
jon@lebelaw.com
777 S. Alameda Street, Second Floor
Los Angeles, California 90021
Telephone: (213) 358-7046/Facsimile: (310) 820-1258

Attorneys for Plaintiffs Marc Rivera, on behalf of himself and other similarly situated

*[Additional counsel listed on following page]*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC RIVERA, individually and on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN EXPRESS, INC., doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO. 5:18-cv-01633-JGB-SHK**<br><br>**DECLARATION OF J. JASON HILL IN SUPPORT OF PLAINTIFFS' <u>UNOPPOSED</u> MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       March 30, 2020<br>Time:       9:00 a.m.<br>Ctrm:       1, 2nd Floor<br>Judge:     Hon. Jesus G. Bernal |

*Vertical left margin:* **COHELAN KHOURY & SINGER** 605 C Street, Suite 200 San Diego, CA 92101

1

**DAVID YEREMIAN & ASSOCIATES, INC.**

2
David Yeremian (SBN 226337)
david@yeremianlaw.com

3
Alvin B. Lindsay (SBN 220236)

4
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705

5
Glendale, CA 91203

6
Telephone: (818) 230-8380/Facsimile: (818) 230-0308

7
**SOMMERS SCHWARTZ, P.C.**

8
Kevin J. Stoops (*pro hac vice pending*)
kstoops@sommerspc.com

9
Charles R. Ash, IV (*pro hac vice pending*)

10
crash@sommersp.com
One Towne Square, 17th Floor

11
Southfield, MI 48076

12
Telephone: (248) 355-0300/Facsimile: (248) 436-8453

13
Attorneys for Plaintiffs Jacquelyn Hutto, on behalf of
herself and other similarly situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

I, J. Jason Hill, declare as follows:

1.     I am a Partner with the law firm of Cohelan Khoury & Singer, co-counsel of record for Plaintiffs. I have been an attorney on this case since its inception. The following facts are within my personal knowledge and if called to testify I could and would competently testify thereto.

2.     I am a 1992 graduate of the University of Illinois at Urbana-Champaign and hold a B.A. in Philosophy, Political Science and Communications. In 1995, I received my J.D. degree from California Western School of Law, where I was a member of the Law Review an International Law Journal, as well as editor of the Telecommunications Law Forum. Currently, I am admitted to the bar in both California and Illinois, and am a broker licensed by the California Department of Real Estate. I maintain memberships not only with the San Diego County Bar Association, but also the National Association of Realtors, the California Association of Realtors and the San Diego Association of Realtors.

3.     In 1981, Timothy D. Cohelan and Isam C. Khoury formed Cohelan & Khoury, a Partnership of Professional Law Corporations, and within a few years began to focus on class actions. In 2009, Cohelan & Khoury became Cohelan Khoury & Singer. Our firm represents plaintiffs in complex, class and representative action litigation, including wage and hour, labor and employment, antitrust, consumer protection, construction defect and other public interest type class and representative actions. Attached as Exhibit 2 is a copy of my firm's Resume.

4.     Many of the attorneys in our firm are AV rated by Martindale-Hubbell. Managing Partner Michael D. Singer was named to the Daily Journal 2012, 2013, and 2018 list of Top California Labor and Employment Attorneys and selected to the Southern California Super Lawyers in 2010, 2012-2019. Isam Khoury, a founding Partner of the firm, and Partner Diana M. Khoury have also been selected by their peers based on ethics, experience and reputation

1  as Super Lawyers in Civil Litigation by the Southern California Super Lawyers
2  Magazine for the years 2010 through 2018.

3      5.    Cohelan Khoury & Singer has been certified by the State Bar of
4  California to provide the Mandatory Continuing Legal Education activity entitled
5  "Litigating California Class Actions" and has conducted MCLE certified seminars
6  on this topic. Senior Partner, Timothy D. Cohelan, is the author of Cohelan on
7  California Class Actions (1997-2019, updated annually), part of Thomson Reuters
8  Expert Series. Managing Partner, Michael D. Singer, is a contributing author on
9  the CEB publication California Wage and Hour Law: Compliance and Litigation
10  (2010-2019, updated annually), in which he wrote the opening chapter overview
11  on California Wage and Hour laws, including the public policy underpinnings for
12  those laws, and the PAGA Claim chapter. Mr. Singer has served as a columnist
13  for the California State Bar, Litigation Section on wage and hour litigation and has
14  contributed articles on wage and hour and class action issues through the years to
15  numerous California publications. Mr. Singer typically lectures several times per
16  year for continuing education courses on wage and hour and class action issues at
17  events in San Diego, Orange County, Los Angeles, and San Francisco. Mr. Singer
18  regularly contributes amicus curiae briefs on class action and employment issues
19  in the California Supreme Court and Courts of Appeal. In his capacity as Amicus
20  lesion for California Employment Lawyers Association, he coordinated, drafted or
21  co-drafted amicus letters and briefs on a wide range of labor law issues in the
22  rapidly developing decisional law, supporting Review in the Supreme Court, and
23  publication or depublication of Court of Appeal decisions. He has been engaged in
24  the practice of labor and employment law since 2000, handling well over 200
25  wage and hour class actions and several individual labor cases, and has litigated
26  several types of employment actions, including complex ERISA employee welfare
27  benefit plan cases, as well as wage and hour class actions before Federal and State
28  Courts in California. In 2014, Mr. Singer and I tried a wage and hour class action

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 2 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

involving claims for illegally deducted wages and unreimbursed expenses in the matter of *Dilts v Penske Logistics LLC, Inc*. We successfully appealed the trial court ruling in *Dilts* finding state laws preempted by the FAAAA for truck drivers. Mr. Singer has participated in over 50 appellate cases and argued writs and appeals before several California District Courts of Appeal, arguing for plaintiffs on rehearing in *Brinker International Inc. v. Superior Court* before the Fourth District Court of Appeal, as well as federal appeals in the Second, Third, and Ninth Circuit Courts of Appeals. In addition, Mr. Singer has drafted numerous appellate briefs as the appellant, respondent, or amicus curiae in employment class and individual actions. As co-Class Counsel in *Brinker Restaurant Corp. v. Superior Court* [formerly reported at (2008)165 Cal.App.4th 25], Mr. Singer argued before the Fourth District Court of Appeal in May 2008 on transfer from the California Supreme Court, and co-authored the successful Petition for Review. My firm has successfully tried class cases, obtained appellate reversals of class certification denials *(Hicks v. Kaufman and Broad,* (2001) 89 Cal.App.4th 908), certified multiple wage and hour class.

6.     As a part of our overall firm philosophy lawyers perform community service and pro bono work. Firm volunteer work includes service through the Legal Aid at Work, San Diego Volunteer Lawyer Program, the San Diego County Bar Foundation and Consumer Attorneys of San Diego. For instance, Mr. Singer has served on the Legal Aid at Work Board of Directors since 2011. Mr. Cohelan served as the Chair of the San Diego Volunteer Lawyers Program from 2015-2018, and currently sits on the Board as past Chair. He completed 24 years of volunteer judicial service as a Judge Pro Tem of the San Diego Superior Court, and Diana M. Khoury has served on the San Diego County Bar Foundation's (SDCBF) Board of Directors since 2013. SDCBF is the 501(c)(3) charitable arm of the San Diego County Bar Association. Furthermore, since admission to the California State Bar, Partner Diana M. Khoury has been a member of the San

Diego County Bar Association, Consumer Attorneys of San Diego, Consumer Attorneys of California, and American Association for Justice serving on numerous committees through the years for these organizations. For six years from 2010 through 2015, Ms. Khoury served on the Board of Directors for Consumer Attorneys of San Diego, serving as chair of numerous committees throughout the years. Our firm's recent pro bono victories include a settlement which prohibits the City of San Diego from targeting homeless people for illegal lodging tickets under Penal Code Section 467(j). (*Spencer v. City of San Diego*, USDC Case No 04CV-2314 BEN (WMC).) The *Spencer* settlement had the effect of increasing the number of available shelter beds in the City of San Diego.

7.   We consider ourselves experienced and qualified to evaluate the claims and viability of the defenses. That experience and those qualifications allowed our firm to assist in achieving an efficient resolution of the claims in this matter for the maximum non-reversionary Settlement Payment of $1,100,000 on behalf of an estimated 2,000 Class Members. The proposed Settlement is memorialized in the Joint Stipulation of Class Action Settlement ("Settlement Agreement") attached hereto as Exhibit 1.

8.   As part of the settlement, Plaintiff Jacqulyn Hutto will join this case as an additional Class Representative based on a proposed Second Amended Class Action Complaint, which will ultimately result in the dismissal of a related case pending before this Court in *Hutto, et al. v. Western Express, Inc., et al.,* U.S.D.C. Case No. 5:18-cv-01909-JGB (SHK). A copy of the Proposed Second Amended Complaint is attached to the Settlement Agreement as Exhibit A.

9.   For settlement purposes only, Plaintiffs' seek conditional certification for the Settlement Class defined as:

> "All current and former hourly non-exempt drivers in residing in the State of California at any time during the period from October 26, 2016 to January 13, 2020."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

10.    There are an estimated 2,000 Class Members who worked an estimated 20,000 weeks during the Class Period. Defendant provided workweek totals through date of mediation and has access to necessary additional data through the class period, but must use consultants to segment the electronic data as anticipated by the Settlement Agreement. This task is ongoing, Defendant is working in good faith, and the final numbers will be submitted to the Court in advance of the hearing date for preliminary approval.

11.    On May 5, 2018, Plaintiff Marc Rivera filed a putative class action complaint in San Bernardino Superior Court alleging that Defendant Western Express, Inc. implemented and maintained pay plan that did not pay all minimum wages for all "hours worked," failed to provide compliant meal and rest periods, and derivative claims for untimely final pay for formerly employed drivers, inaccurate wage statements and violation of California's Unfair Competition Law (UCL) ("*Rivera*").

12.    On June 26, 2018, Plaintiff filed a First Amended Complaint ("FAC") adding claims for civil penalties arising under the Private Attorney General Act ("PAGA") based on the same or similar underlying wage and hour allegations. The overall lynch-pin of the case was that Defendant still paid by a piece-rate or by-the-mile method of pay that failed to allow for paid 10-minute rest periods for at least the applicable minimum wage for shifts in California, and that the pay-plan in general discouraged and dis-incentivized drivers from taking unpaid off-duty 30-minute meal periods since any "down-time" meant the driver was not being paid. Defendant answered the FAC and then removed the action to this Court on or about August 3, 2018.

13.    On August 8, 2018, Plaintiff Jacquelyn Hutto filed a class action complaint in San Bernardino County Superior Court. Defendant removed the case on September 9, 2018. *Hutto, et al. v. Western Express, Inc., et al.*, U.S.D.C. Case No. 5:18-cv-01909-JGB (SHK) ("*Hutto*").

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

14. Just as the Parties were negotiating a possible privacy opt-out notice to obtain proposed class contact data, counsel herein was advised of the related-case in *Hutto* and by early December 2018, the Parties were in talks to consider early mediation.

15. It is worthy to note that the Department of Transportation in *Dilts* filed *amicus* briefing and actually presented argument to the Ninth Circuit panel taking the position 180-degrees contrary to the December 28, 2018 opinion by the FMCSA, urging the Ninth Circuit to apply California meal and rest period requirement to drivers whose shifts and routes were primarily intrastate

16. Plaintiffs' counsel conducted a lengthy and thorough investigation in the merits of Plaintiffs' claims and Defendant's asserted defenses prior to entering into the Settlement Agreement.

17. Multiple interviews were conducted with the Plaintiffs and several absent class members. Counsel also conducted an analysis of payroll records, and Defendant provided shift, pay and class aggregated wage data for mediation purposes. The parties were also well prepared to discuss the legal issues, certification prospects and the considerable unknown prospect about whether the FMCSA opinion would derail the case and cause potentially years of delay while the Ninth Circuit sorts out various pending appeals on the renewed preemption issue.

18. The Parties agreed to try to resolve in good faith in order to avoid active litigation and potential appeals, and scheduled a mediation with Lynn Frank in early July 2019. Due to unforeseen circumstances, that mediation was postponed and the parties rescheduled a mediation with Justice Jeffrey King (Ret.) of JAMS on September 12, 2019. At that time, after a full-day of arms-length negotiations, the Parties reached a tentative class action settlement that is now being proffered to this Court for preliminary approval.

///

**COHELAN KHOURY & SINGER**
605 C Street, Suite 200
San Diego, CA 92101

19.    The Parties have agreed (subject to approval of this Court, that the Class and Private Attorney General Act ("PAGA") claims be settled and compromised for a Gross Settlement Amount (GSA) of $1,100,000, no part of which may revert to Defendant, and which includes: (a) attorneys' fees of up to $366,300 (30% of the GSA) to compensate Class Counsel for work performed and all work remaining to be performed in documenting and administrating the settlement and securing final Court approval; (b) Counsel's litigation costs of up to $10,000; (c) Class Representative Enhancement Payments of $10,000 for each Class Representative in consideration and recognition of their initiation and prosecution of the Actions, serving as Class Representatives, work performed, risks undertaken, and giving a general release of all claims; (d) a payment to the Labor Workforce and Development Agency of $37,500; and Settlement Administrator expenses to CPT Group, Inc. of up to $30,000, to provide notice of the settlement to the Class. In addition, Defendant shall pay all employer-side payroll taxes outside the Gross Settlement Amount.

20.    After all Court-approved deductions, the remaining Net Settlement Amount, estimated at $636,200, will be distributed to all Participating Class Members based on the number of weeks each worked for Defendant during the Class Period in the relation to the total number of weeks worked by all Participating Class Members.

21.    The non-reversionary nature of the Settlement guarantees any amounts not distributed to the Settlement Administrator for administration costs, to Class Counsel for fees and costs, the LWDA for penalties, or to Class Representatives for Service Payments, will be reallocated to the Net Settlement Amount and distributed among the Participating Class Members.

22.    In other words, no portion of the Settlement will revert to Defendant under any circumstances. All uncashed or undeliverable Settlement Payment checks shall either be distributed to a *cy pres* mutually agreeable to the parties, *or*

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

*alternatively*, if there is a lesser administrative cost, sent in the name of the class member to the State of California Controller Office for Unclaimed Property Fund for further handling on behalf of the intended recipient.

23.   CPT Group, Inc., the Settlement Administrator selected by the Parties to administer the Settlement, will conduct a search of the National Change of Address database to update Class Member addresses, and will mail to each Class Member identified on the Class List prepared by Defendants, a Notice of Class Action Settlement ("Notice"), Change of Address Form, and pre-printed return envelope, (collectively "Notice Packet").  See, Exh.1, Exh. B – Notice, and Exh. C – Change of Address form.

24.   The proposed Notice advises the Class (1) of their right to participate in the Settlement; (2) of the amount of their estimated individual Settlement Payment; (3) that no claim form will be required to receive the Settlement Payment; (4) of the amounts requested for attorney's fees, costs, class representative service payments, payment to the LWDA, and administrator costs; (5) that a current address must be kept on file with the administrator to receive their payment; (6) how to object to the settlement and the deadline to do so; (7) how to request exclusion from the settlement and the deadline to do so; (8) how to obtain additional information; and (9) of the date, time, and place of the Final Approval hearing. See Exh. 1, Exh. A – Notice.

25.   With respect to the Released Claims, all Class Members who do not request to be excluded by returning a signed and dated and timely postmarked statement as described in the Class Notice will release the following claims against the Released Parties:

> All Class Members release all state and wage claims against Defendant, and its present and former parents, subsidiaries, co-employers, and each of their respective present and former owners, boards, directors, officers, trustees, shareholders, members, partners, employees, agents, attorneys, representatives, successors and assigns,

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Declaration of J. Jason Hill ISO Motion for Preliminary Approval of Class Action Settlement
Case No. 5:18-cv-01633-JGB-SHK

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and present and former parents, subsidiaries, affiliated and related parties, and each of them (including but not limited to Clarence Easterday), of any and all claims, debts, liabilities, demands, actions, or causes of actions of every nature and description that were alleged or that reasonably could have been alleged based on the factual allegations contained in the operative Complaint (the "Complaint") on file with this court including, but not limited to, claims pursuant to Labor Code sections, 201, 202, 203, 204, 210, 226(a), 226.2, 226.3, 512, 1174(d), 1194, 1194.2, 1197, 2699 et seq, and also unpaid wages, including under any theory of piece-rate law, unpaid minimum wage, meal and rest period violations, waiting time penalties, itemized wage statement penalties, wages for unpaid time, other civil or statutory penalties, attorneys' fees, and/or costs and all claims under the Private Attorneys General Act of 2004, and the Unfair Competition Law, alleged in the operative complaint within the Class Period (the "Claims").

26.    In addition to the Released Claims, Plaintiffs Rivera and Hutto will give a general release of all claims as to all Defendants.

27.    While Plaintiffs believe in the merits of their case, they also recognize the inherent risks and uncertainty of litigation, including that the Class could receive nothing, and understand the benefit of providing a significant settlement sum now. The specific risks include: (i) denial of certification; (ii) if class certification were granted, that Court may later decertify the Class; (iii) the need for a unanimous jury; (iv) the possibility of an unfavorable, or less favorable, result at trial; (v) the possibility post-trial motions may result in an unfavorable, or less favorable, result at trial; and, (vi) the possibility of an unfavorable, or less favorable result on appeal, and the certainty that process would be lengthy.

28.    Even if Plaintiffs prevailed over a potential summary judgment, a common defense to both certification and damages is Defendant's argument that they have facially compliant meal and rest policies and if drivers chose to disobey those policies, that it either creates too many potential individualized issues and in a damages phase, assuming a certified class, the trier of fact could conclude that

- 9 -

the losses were not that significant.

29.     Proceeding with litigation would impose significant risk of no recovery as well as ongoing and substantial additional expenditures of time and resources. Measured against that prospect, the Settlement achieved confers a significant and substantial benefit on the Class. If the proposed Settlement had not been achieved, continued litigation of the claims would take substantial time and possibly confer no benefit upon the Class. By contrast, the Settlement will yield a prompt, certain, and substantial recovery for the Class, without need for additional time or judicial resources.

30.     The Parties have thoroughly investigated and evaluated the case and engaged in sufficient investigation and discovery to support the Settlement.

31.     Between multiple interviews with the clients and several absent class members, client payroll records analysis and robust shift, pay and class aggregated wage data supplied for mediation purposes, the parties were well prepared to discuss the legal issues, certification prospects and the considerable unknown prospect about whether the FMCSA opinion would derail the case and cause potentially years of delay while the Ninth Circuit sorts out various pending appeals on the renewed preemption issue.

32.     Class Counsel, having prosecuted numerous wage and hour class actions, are experienced to evaluate the claims and to evaluate the risks and potential outcome of further litigation and the propriety of settlement on a fully-informed basis.

33.     Cohelan Khoury & Singer was counsel of record in the *Dilts v. Penske* matter and appeal that overturned summary judgment on application of California meal and rest to drivers in the face of Penske's preemption argument and was also co-counsel of record in *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004 (2012) and was instrumental in digesting for the Court the history of California Wage Orders on meal and rest periods, going back to as far as the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 10 -

early 1900's.

34.     Moreover, the *Bluford* decision in favor of the employee drivers was initially unpublished, but Cohelan Khoury & Singer filed a request for publication on behalf of the California Employment Lawyers Association (CELA) along with others in May 2013, which resulted in a partial publication order. Review was sought but denied by the California Supreme Court in that case on August 28, 2013. Cohelan Khoury & Singer was counsel of record periods in *Vaquero v. Stoneledge Furniture, LLC*, 9 Cal.App.5th 98 (2017) that expanded *Gonzales* and *Bluford's* holdings to commissioned sales employees for paid rest periods.

35.     Class Counsel have an established, published and proven track record on enforcing employee rights. The arm's-length settlement negotiations that took place and the investigation they undertook demonstrate that Class Counsel adequately represent the Class. Moreover, the named Plaintiffs and Class Counsel have no conflicts of interests with the Class. Rather, the named Plaintiffs, like each absent Class Member, have a strong interest in proving WEX's productivity pay plan was a common and uniform course of conduct, and each have the same interesting in obtaining redress. In pursing this litigation, Class Counsel, as well as the named Plaintiffs, have advanced and will continue to advance and fully protect the common interests of all members of the Class. Class Counsel have extensive experience and expertise in prosecuting complex class actions. Class Counsel are active practitioners who are highly experienced in class action and consumer fraud litigation

36.     In light of all the information provided above, the proposed Settlement reflects an excellent recovery for the Class and is well within the "ballpark" of reasonableness and should be granted preliminary approval.

///

///

///

Declaration of J. Jason Hill ISO Motion for Preliminary Approval of Class Action Settlement
Case No. 5:18-cv-01633-JGB-SHK

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

37.    On the same date the instant motion is filed with the Court, it will be served upon Defendant and provided to the Labor and Workforce Development Agency ("LWDA") electronically through the LWDA's website, https://www.dir.ca.gov/Private-Attorneys-General-Act/Private-Attorneys-General-Act.html, using the appropriate intake form.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct. Executed February 26, 2020 at San Diego, California.

*/s/ J. Jason Hill*
J. Jason Hill

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

# EXHIBIT 1

1  Michael D. Singer (SBN 115301)
2  msinger@ckslaw.com
   J. Jason Hill (SBN 179630)
3  jhill@ckslaw.com
4  **COHELAN KHOURY & SINGER**
   605 C Street, Suite 200
5  San Diego, California 92101
6  Tele.: (619) 595-3001/Fax: (619) 595-3000

7  Jonathan Lebe (SBN 284605)
8  jon@lebelaw.com
   **LEBE LAW APC**
9  777 S. Alameda Street, Second Floor
10 Los Angeles, California 90021
   Tele.: (213) 358-7046
11
12 Attorneys for Plaintiff MARC RIVERA and JACQUELYN HUTTO
   individually and on behalf of others similarly situated
13
14 [ADDITIONAL COUNSEL ON NEXT PAGE]
15
16           **UNITED STATES DISTRICT COURT**
17        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
18
19 MARC RIVERA and JACQUELYN   ) **CASE NO. 5:18-cv-01633-JGB-SHK**
   HUTTO, individually and on behalf of )
20 himself and others similarly situated, ) **CLASS ACTION**
                                          )
21        Plaintiffs,                     ) **JOINT STIPULATION OF CLASS**
                                          ) **ACTION SETTLEMENT**
22                                        )
23      vs.                               )
                                          )
24 WESTERN EXPRESS, INC. doing            )
   business as WESTERN EXPRESS            )
25 TRANSPORT OF CALIFORNIA,               )
   INC., a Tennessee Corporation; and     )
26 DOES 1 through 100, inclusive,         )
27                                        ) Complaint filed:   May 15, 2018
                                          ) Trial date:        Vacated
28      Defendants.                       )
   _____ )

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DAVID YEREMIAN & ASSOCIATES, INC.**
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, CA 91203
Telephone: (818) 230-8380/Facsimile: (818) 230-0308

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (*pro hac vice pending*)
kstoops@sommerspc.com
Charles R. Ash, IV (*pro hac vice pending*)
crash@sommersp.com
One Towne Square, 17th Floor
Southfield, MI 48076
Telephone: (248) 355-0300/Facsimile


**VARNER & BRANDT LLP**
Richard D. Marca (SBN 127365)
Richard.Marca@varnerbrandt.com
Jeff T. Olsen (SBN 283249)
Jeff.Olsen@varnerbrandt.com
3750 University Avenue, Suite 610
Riverside, California 92501
Tele.: (951) 274-7777/Fax: (951) 274-7770

Attorneys for Defendant WESTERN EXPRESS, INC.
dba WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## JOINT STIPULATION OF CLASS ACTION SETTLEMENT

This Joint Stipulation of Class Action Settlement ("Agreement" or "Settlement Agreement") is made and entered into by and between MARC RIVERA ("Rivera") and JACQUELYN HUTTO ("Hutto", referred to together with Rivera as "Plaintiffs"), on the one hand, individually and on behalf of all others similarly situated, and WESTERN EXPRESS, INC. doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation. ("Defendants"), on the other hand, (collectively, the "Parties"), and is subject to the terms and conditions below, and to the Court's approval. The Parties expressly acknowledge that this Agreement is entered into solely for the purpose of compromising significantly disputed claims and that nothing in this Settlement Agreement is an admission of liability or wrongdoing by Defendants. If for any reason the Settlement Agreement is not approved, it will be of no force or effect, and the Parties will be returned to their respective positions immediately prior to and as if they had never executed this Settlement Agreement as more fully set forth below.

## DEFINITIONS

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement will also be effective:

1.      "Action" means the civil action pending in the United Stated District Court for the Southern District of California, titled MARC RIVERA v. WESTERN EXPRESS, INC. doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation, Case No. 5:18-cv-01633-JGB-SHK.

2.      "Second Amended Class Action Complaint" means the operative complaint attached to this Settlement Agreement as Exhibit "A" which the Parties stipulate to filing for purposes of this settlement only, which includes adding

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff HUTTO as a class representative in in the RIVERA action as a co-Plaintiff.

3. "Class Counsel" means COHELAN KHOURY & SINGER and LEBE LAW APC, DAVID YEREMIAN & ASSOCIATES, INC. and SOMMERS SCHWARTZ, P.C.

4. "Class Counsel Fees and Costs" means attorneys' fees, costs, and expenses approved by the Court for Class Counsel 's litigation and resolution of the Actions, and all costs incurred and to be incurred by Class Counsel's counsel in the Actions, including, but not limited to, costs associated with documenting the Settlement, providing any notices required as part of the Settlement or Court order, securing the Court's approval of the Settlement, administering the Settlement, obtaining entry of the Judgment terminating the Actions, and expenses for any experts. Class Counsel will jointly request attorneys' fees not to exceed Thirty percent (30%) of the Gross Settlement Amount, or three hundred and sixty-six thousand dollars ($366,300.00), and litigation costs and expenses not to exceed ten thousand dollars ($10,000). Defendants have agreed not to oppose this request for Class Counsel Fees and Costs. Any portion of the Class Counsel Fees and Costs not awarded by the Court to Class Counsel will be automatically redistributed back into the Net Settlement Amount.

5. "Class List" means a complete list of all Class Members that Defendants will diligently and in good faith compile from their records and provide to the Settlement Administrator within thirty (30) days after the Court's entry of an order granting preliminary approval of this Settlement. The Class List will be formatted in Microsoft Office Excel and will include, to the extent available to Defendant, each Class Member's full name; most recent mailing address and telephone number; email address; Social Security number; his or her Individual Workweeks worked during the Class Period; and Defendant agrees to work with the Settlement Administrator to provide any other relevant information

needed to calculate the settlement payments.

6.      "Class Member(s)" or "Settlement Class" means all current and former hourly non-exempt drivers in residing in the State of California at any time during the period from October 26, 2016 to January 13, 2020 (the "Class" or "Settlement Class").

7.      "Class Period" means the period from October 26, 2016 through January 13, 2020.

8.      "Class Representative Enhancement Payments" means the amounts to be paid from the Gross Settlement Amount to the Plaintiffs in exchange for executing a general release and in recognition of their effort in prosecuting the Action on behalf of Class Members.  Plaintiffs will request and Defendants will not oppose Plaintiffs' application to the court for a payment of ten thousand dollars ($10,000) to Rivera and Hutto for each (up to a total of $20,000) for their willingness to serve as Class Representatives.  Any portion of the Class Representative Enhancement Payments not awarded to Plaintiffs will remain with the Gross Settlement Amount.  Class counsel may request a lesser amount based on facts and circumstances.

9.      "Court" means the United States District Court, Central District of California, or any other court taking jurisdiction of the Action.

10.     "Effective Date" means the date when the Final Approval Order becomes final.  For purposes of this Paragraph, the Final Approval Order "becomes final" upon the last to occur of the following: (a) if there are no objections to the Settlement, the date the Court enters an order granting final approval of the Settlement; or (b) if there are objections to the Settlement, and if an appeal, review, or writ is not sought from the Final Approval Order, the day after the time period to appeal the Settlement has expired.

11.     "Gross Settlement Amount" means the maximum settlement amount of one million one hundred thousand dollars ($1,100,000.00) to be paid by

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 3 -

Defendants in full satisfaction of all claims arising from the Actions, which includes all Individual Settlement Payments to Participating Class Members, the Class Representative Enhancement Payments, Settlement Administration Expenses and Class Counsel Fees and Costs.  Defendants will not be liable for payment of any amounts other than the Gross Settlement Amount in connection with the settlement of the Actions, except for payroll taxes Defendants will pay in connection with the portion of Individual Settlement Payments attributed to wages.

12.    "Individual Settlement Payment" means each Participating Class Member's share of the Net Settlement Amount, to be distributed to the Class Members who do not timely opt out of the Settlement.

13.    "Net Settlement Amount" means the maximum amount available for distribution to the Class Members, after deduction of the Class Counsel Fees and Costs, Class Representative Enhancement Payments and Settlement Administration Expenses.

14.    "Notice of Objection" means a Class Member's valid and timely written objection to the Settlement Agreement.  For the objection to be valid, it must include: (i) the objector's full name, signature, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection; and (v) a statement whether the objector intends to appear at the Final Approval hearing.  Further, if any objector intends to appear at the Final Approval hearing, either in person or through counsel, he or she must include notice of that fact and state the purpose for his or her appearance in his or her objection.  The Parties will be permitted to respond in writing to such objections within the time period set by the Court.  Any member of the Settlement Class who does not file a timely written objection to the Settlement or Class Counsel's motion for attorneys' fees and costs and provide notice of his or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

her or its intent to appear at the Final Approval hearing will be deemed to have waived any objections and will be foreclosed from making any objection to the settlement or Class Counsel's motion for attorneys' fees and costs, including by appealing the order granting Final Approval.

15.    "Notice Packet" means the Notice of Class Action Settlement, Change of Address form, and pre-printed return envelope, substantially in the forms attached as Exhibits B and C.

16.    "Participating Class Members" means all Class Members who do not submit valid Requests for Exclusion.

17.    "Preliminary Approval" means the Court order granting preliminary approval of the Settlement Agreement.

18.    "Released Claims" means all claims, rights, demands, liabilities, penalties, fines, debts and causes of action of every nature and description, under state, federal, and local law, whether known or unknown, arising from or related to the claims pled in the Plaintiffs' complaints filed in the Action or that could have been pled based on the factual allegations in the operative complaint,  in the Plaintiffs' original respective complaints, or in the Second Amended Class Action Complaint (Exhibit "A"), including but not limited to claims premised on alleged: unpaid wages, including any theory of piece-rate law, unpaid minimum wage, meal and rest period premiums, waiting time penalties, itemized wage statements, wages for unpaid time, other civil or statutory penalties related thereto, and any claim based on California Labor Code sections 201, 202, 203, 204, 226, 226.2, 226.3, 226.7, 510, 512, 1174(d) 1194, 1194.2, 1197, 2699 et seq., the Private Attorneys General Act of 2004, California Code of Regulations, Title 8 Section 11000 et seq., the applicable Industrial Welfare Commission (IWC) Wage Orders, including 7-2001, Business & Professions Code section 17200-17208 or any related damages, penalties, restitution, disgorgement, interest or attorneys' fees.

19.    "Released Parties" means each of Defendants and each of their current

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and former and present parents, subsidiaries and affiliated companies and entities and their current, former and future officers, directors, members, managers, employees, consultants, partners, parents, affiliates, subsidiaries, shareholders, attorneys, insurers, representatives, joint venturers and agents, any predecessors, successors, assigns, or legal representatives and any individual or entity who or which could be jointly liable with Defendants and all persons or entities acting by, through under or in concert with any of them.

20.   "Request for Exclusion" means a timely letter submitted by a Class Member indicating a request to be excluded from the Settlement.  The Request for Exclusion must: (a) set forth the name, address, telephone number and last four digits of the Social Security Number of the Class Member requesting exclusion; (b) be signed by the Class Member; (c) be returned by mail to the Settlement Administrator at the specified address indicated in the Notice Packet; (d) clearly state that the Class Member does not wish to be included in the Settlement; and (e) be faxed or postmarked on or before the Response Deadline.

21.   "Response Deadline" means the deadline by which Class Members must fax or postmark to the Settlement Administrator valid Requests for Exclusion, or file and serve objections to the Settlement.  The Response Deadline will be sixty (60) calendar days from the initial mailing of the Notice Packet by the Settlement Administrator, unless the 60th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline for Requests for Exclusion will be extended fifteen (15) calendar days for any Class Member who is re-mailed a Notice Packet by the Settlement Administrator in accordance with the notice procedure described in Paragraphs 33 through 40 of this Settlement Agreement, unless the 15th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open. The Response Deadline may also be extended by express

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

1   agreement between Class Counsel and Defendants.

2      22.   "Settlement Administration Expenses" means the costs payable to the

3   Settlement Administrator for administering this Settlement, including, but not

4   limited to, establishing a post office box, toll free number, and toll free facsimile

5   number for the return of Class Member communications, printing, distributing

6   (including with appropriate postage), and tracking documents for this Settlement,

7   any searches to locate any Class Members, calculating estimated amounts per

8   Class Member, tax reporting, distributing the Individual Settlement Payments,

9   Class Representative Enhancement Payments and Class Counsel Fees and Costs,

10  and providing necessary certification of completion of notice, reports and

11  declarations, establishing and administering a qualified settlement fund account

12  and other responsibilities set forth in this Settlement Agreement and as requested

13  by the Parties.

14     23.   "Settlement Administrator" means CPT Group, or any other third-

15  party class action settlement administrator agreed to by the Parties and approved

16  by the Court for the purposes of administering this Settlement.  The Parties each

17  represent that they do not have any financial interest in the Settlement

18  Administrator or otherwise have a relationship with the Settlement Administrator

19  that could create a conflict of interest.  The Parties will seek agreement from the

20  Settlement Administrator to defend, indemnify, and hold the Parties harmless for

21  any disclosure, breach of privacy or security of Class Member data under

22  Settlement Administrator's control, possession, or management.

23     24.   "Settlement PAGA Period" means, for purposes of settlement and

24  release only, the Settlement PAGA Members are defined as follows:   Class

25  Members employed by Defendant in California at any time between April 6, 2017

26  and January 13, 2020.

27  ///

28  ///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 7 -

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

**TERMS OF AGREEMENT**

Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants agree as follows, for purposes of settlement only:

25. Filing of Second Amended Complaint to add Ms. HUTTO as a co-Plaintiff to the RIVERA action. Solely for the purpose of facilitating the settlement Hutto will dismiss her later-filed action and join as a co-Plaintiff with RIVERA, as a single action pending in one court, the Parties stipulate to the filing of the Second Amended Complaint. Defendants are not required to file a response to the Second Amended Complaint, and Defendants' prior filed Answer including its general denials and affirmative defenses will be deemed its Answer to the Second Amended Complaint, and Defendant will maintain all available defenses to the allegations in the Second Amended Complaint.

26. Impact of Any Court Determination Not to Enter Final Approval Order or Rescission by Defendants. In the event that the Court does not enter a Final Approval Order, or Defendants rescind the Settlement Agreement pursuant to paragraph 42, and this Settlement Agreement does not become effective, the following will occur:

a. the Parties' stipulation to the filing of the Second Amended Complaint will be deemed revoked as of the date the Court denies entry of Final Approval ("Final Approval Denial Date"), the Second Amended Complaint will be deemed stricken and the operative complaint in United States District Court, Central District of California, Case No. 5:18-cv-01633-JGB-SHK will be Plaintiff MARC RIVERA's First Amended Complaint (as if this settlement agreement was never in existence, and not to prejudice any party);

b. on the Final Approval Denial Date, the status of each of the respective RIVERA and HUTTO Actions will be deemed to return to their status at the time immediately prior to the filing of the Notice of Settlement and as if the Parties had never executed this Settlement Agreement and as if the Consolidated Amended

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 8 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Complaint had never been filed; and

     c.     To the extent required by any court or otherwise necessary, Plaintiffs will take all necessary steps to give effect to subparagraphs a. and b. above.

     27.   <u>Funding of the Gross Settlement Amount</u>.  Within thirty (30) days of the Effective Date (as defined below), Defendants shall fund the Gross Settlement Amount, into a settlement account to be established by the Settlement Administrator..

     28.   <u>Class Counsel Fees and Costs, and PAGA Apportionment</u>. Defendants agree not to oppose or impede any application or motion by Class Counsel for Class Counsel Fees a fee request of up to 30% of the Gross Settlement Amount, plus the reimbursement of costs and expenses associated with Class Counsel's litigation and settlement of the Actions, not to exceed twenty thousand dollars ($10,000).  In consideration of their awarded attorneys' fees and costs and expenses, Class Counsel waive any and all claims to any further attorneys' fees and expenses in connection with the Actions.  Of the Gross Settlement Amount, Plaintiffs agree to allocate fifty thousand dollars and zero cents ($50,000.00) to represent alleged civil penalties recoverable under the Private Attorney General Act of 2004 ("PAGA").  Of the PAGA allocation amount, seventy-five percent (75%), or $37,500, will be made payable to the California Labor and Workforce Development Agency (LWDA) as part of the State of California and the remaining twenty-five percent (25%), or $12,500.00, will be distributed in pro-rata fashion among the Settlement PAGA Class Members according to the number of pay-periods worked in the PAGA statute of limitations period who did not opt-out of the settlement.

     29.   <u>Class Representative Enhancement Payment</u>.  In exchange for Plaintiffs each executing a general release, and in recognition of their effort in prosecuting the Actions on behalf of Class Members, Defendants agree not to oppose any application or motion for a Class Representative Enhancement

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Payment of an amount not to exceed ten thousand dollars ($10,000) to Plaintiff Rivera, and respectively, an amount not to exceed ten thousand dollars ($10,000) to Plaintiff Hutto, though class counsel may elect to seek a lesser amount based on facts and circumstances.  The Class Representative Enhancement Payments, which will be paid from the Gross Settlement Amount, will be in addition to the Plaintiffs' Individual Settlement Payments paid pursuant to the Settlement. Plaintiffs will be solely and legally responsible to pay any and all applicable taxes on the payment made pursuant to this paragraph and will indemnify and hold Defendants harmless from any claim or liability for taxes, penalties, or interest arising as a result of the payments.

30.   Settlement Administration Expenses.  The Settlement Administrator will be paid for the reasonable fees and costs of administration of the Settlement, which are estimated to be Twenty-Five Thousand Dollars ($25,000).   The Settlement Administration Expenses will not exceed Thirty Thousand Dollars ($30,000) unless the Settlement Administrator obtains prior approval from the Parties and the Court.  These will include, inter alia, fees and costs payable to the Settlement Administrator for printing, distributing (including with appropriate postage), and tracking documents for this Settlement, any searches to locate any Class Members, calculating estimated amounts per Class Member, tax reporting, distributing the Individual Settlement Payments, Class Representative Enhancement Payment and Class Counsel Fees and Costs and providing necessary certification of completion of notice, reports and declarations, establishing and administering a qualified settlement fund account, required tax reporting on the Individual Settlement Payments, the issuing of 1099 and W-2 IRS forms and other responsibilities as requested by the Parties.

31.   Net Settlement Amount.  The Net Settlement Amount will be used to satisfy Individual Settlement Payments to Participating Class Members from the Settlement Class in accordance with the terms of this Agreement.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

EXHIBIT 1, PAGE 24

32.     <u>Individual Settlement Payment Calculations</u>.  Each Participating Class Member will receive a Settlement Payment, which is a pro-rata share of the Net Settlement Amount based on the number of workweeks actually worked by that Class Member as an employee of Defendants during the Class Period ("Individual Workweeks").  The Settlement Payment for each individual Participating Class Member will be calculated by setting the Participating Class Member's Individual Workweeks as a ratio of the total number of workweeks worked by all Class Members during the Class Period ("Class Workweeks") and then multiplying that ratio times the Net Settlement Amount.  The formula is as follows:  Jane Doe Settlement Payment = (Jane Doe Individual Workweeks / Class Workweeks) x Net Settlement Amount. The Parties agree that the formula for allocating the Individual Settlement Payments to Participating Class Members provided in this Settlement Agreement is reasonable and that the Individual Settlement Payments provided in this Settlement Agreement are designed to provide a fair settlement to all members of the Settlement Class, despite the uncertainties associated with the amounts alleged to be owed.  The Individual Settlement Payments will be reduced by any required deductions for each Participating Class Member as set forth in this Settlement Agreement.

33.     <u>No Credit Toward Benefit Plans</u>/No Derivative Penalties.     The Individual Settlement Payments made to Participating Class Members under this Agreement, as well as any other payments made pursuant to this Settlement Agreement, will not be utilized to calculate any additional benefits under any benefit plans to which any Class Members may be eligible, including, but not limited to:  profit-sharing plans, bonus plans, 401(k) plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.  Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions, or amounts to which any Class Members may be entitled under any benefit plans.  The payment of Individual Settlement Payments shall not trigger

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

any derivative penalties or required payments by Defendants to Class Members in any way.

34.   Release of Claims.  Upon the Effective Date, and except as to such rights of claims as may be created by this Settlement, Plaintiffs and each Class Member and PAGA Class Member who has not submitted a valid and timely Request for Exclusion, fully release and discharge Defendant and Released Parties from all Released Claims.

35.   Settlement Administration Process.  The Parties agree to cooperate in the administration of the settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

36.   Delivery of the Class List.  Within thirty (30) days of Preliminary Approval, Defendants will provide the Class List to the Settlement Administrator.

37.   Notice by First-Class U.S. Mail.  Within ten (10) business days after receiving the Class List from Defendants, the Settlement Administrator will mail a Notice Packet to all Class Members via regular First-Class U.S. Mail.

38.   Confirmation of Contact Information in the Class Lists.   Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes.  Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address, and the Settlement Administrator will indicate the date of such re-mailing on the Notice Packet.  If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved, and will then perform a single re-mailing.  Those Class Members who receive a re-mailed Notice Packet will have between the latter of (i) an additional fifteen calendar (15) days or (ii) the Response Deadline to fax or postmark a

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 12 -

Request for Exclusion or file and serve an objection to the Settlement. Upon completion of these steps by the Settlement Administrator, Defendant and the Settlement Administrator will be deemed to have satisfied their obligation to provide the Class Notice to the affected Class Member.   The affected Class Member will nonetheless remain a member of the Class and will be bound by all the terms of the Settlement and the Court's Final Approval Order and Judgment based thereon.

39.   <u>Notice Packets</u>.   All Class Members will be mailed a Notice Packet. Each Notice Packet will include : (1) the Notice of Class Action Settlement, Change of Address form, and pre-printed return envelope, and provide information regarding the nature of the Actions, (2) a summary of the Settlement's principal terms, (3) the Settlement Class definition, (4) his or her Individual Workweeks during the Class Period, (5) each Class Member's estimated Individual Settlement Payment and the formula for calculating Individual Settlement Payments, (6) the dates which comprise the Class Period, (7) instructions on how to submit valid Requests for Exclusion or objections, (8) the deadlines by which the Class Member must fax or postmark a Request for Exclusions or file and serve objections to the Settlement, and (9) the claims to be released, as set forth in this Settlement Agreement.

40.   <u>Disputed Information on Notice Packets</u>.   Any disputes regarding a Class Member's Individual Workweeks will be resolved and decided by the Settlement Administrator based on Defendants' records which, for purposes of this Settlement only, will be presumptively determinative, subject to rebuttal by competent evidence, in any dispute over entitlement to payment, or over membership in the Class.   Each Class Member's Individual Workweeks will be stated on the Class Member's notice form.   Any Class Member who disputes any data provided in his or her notice form must notify the Settlement Administrator of the dispute in writing by the Response Deadline and submit all evidence relating to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the dispute to the Settlement Administrator at such time.  If there is a dispute, the Settlement Administrator will within seven (7) days after receipt of any letter raising such a dispute, but no later than seven (7) days after the Response Deadline, make a determination, based on clear and convincing documentary evidence, whether Defendant's information provided to the Settlement Administrator was incorrect.  The Settlement Administrator may consult with Counsel for the Parties in reaching this determination.  The Settlement Administrator will give written notice to the Class Member and counsel for the Parties of its determination for each dispute.

41.  <u>Request for Exclusion Procedures</u>.  Any Class Member wishing to opt-out from the Settlement Agreement must sign and fax or postmark a written Request for Exclusion to the Settlement Administrator on or before the Response Deadline.  The date of the fax or postmark on the return mailing envelope will be the exclusive means to determine whether a Request for Exclusion has been timely submitted.

42.  <u>Defective Submissions</u>.  If a Class Member's Request for Exclusion is defective as to the requirements listed in this Settlement Agreement, that Class Member will be given an opportunity to cure the defect(s).  The Settlement Administrator will mail the Class Member a cure letter within three (3) business days of receiving the defective submission to advise the Class Member that his or her submission is defective and that the defect must be cured to render the Request for Exclusion valid.  The Class Member will have until the later of (i) Response Deadline or (ii) fifteen (15) calendar days from the date of the cure letter to fax or postmark a revised Request for Exclusion.

43.  <u>Settlement Terms Bind All Class Members Who Do Not Opt-Out</u>.  Any Class Member who does not affirmatively opt-out of the Settlement Agreement by submitting a timely and valid Request for Exclusion will be bound by all of its terms, including those pertaining to the Released Claims, as well as

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

any Judgment that may be entered by the Court if it grants final approval to the Settlement.

44.   <u>Revocation of Settlement Agreement (by Defendants)</u>.   If more than two and one half percent (2.5%) of the Class Members opt out of the Settlement, Defendants may, at their election, rescind the Settlement and all actions taken in furtherance of it will be null and void.   Defendants must exercise this right of rescission, in writing, to Class Counsel within 15 calendar days after the Settlement Administrator notifies the Parties of the total number of Requests for Exclusion received by the Response Deadline.   If the option to rescind is exercised, then Defendants will be solely responsible for all costs associated with administering the settlement, including the Class Administrator's Costs accrued to that point, but Defendants will not be liable for paying any other portion of the Gross Settlement Amount.

45.   <u>Objection Procedures</u>.   To object to the Settlement Agreement, a Class Member may not submit a Request for Exclusion and must file a valid Notice of Objection with the Court and serve copies of the Notice of Objection on the Parties on or before the Response Deadline.   The Notice of Objection must be signed by the Class Member and contain all information required by this Settlement Agreement.   The postmark date of the filing and service will be deemed the exclusive means for determining that the Notice of Objection is timely.   Class Members who fail to object in the manner specified above will be deemed to have waived all objections to the Settlement and will be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement Agreement.   Class Members who file and serve timely notices of objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement Agreement or appeal from the Final Approval Order and Judgment.   Class Counsel

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

will not represent any Class Members with respect to any such objections to this Settlement.

46.   Certification Reports By Settlement Administrator Regarding Individual Settlement Payment Calculations. The Settlement Administrator will provide Defendants' counsel and Class Counsel a weekly report which certifies: (i) the number of Class Members who have submitted valid Requests for Exclusion; (ii) the number of any deficient Requests for Exclusion and (iii) whether a Class Member has submitted a challenge to information contained in their Notice Packet. Additionally, the Settlement Administrator will provide to counsel for both Parties any updated reports regarding the administration of the Settlement Agreement as needed or requested.

47.   Timing of Distribution of Individual Settlement Payments. Within 20 days of Defendants depositing the funds as set forth above, the Settlement Administrator will issue payments to (1) Participating Class Members; (2) Plaintiffs; and (3) Class Counsel.  The Settlement Administrator will also issue a payment to itself for Court-approved services performed in connection with the settlement.

48.   Uncashed or Undeliverable Settlement Checks.  After 30 days of issuance of Individual Settlement Payment checks to Participating Class Members, the Administrator will mail a reminder postcard to all members of the Class who have yet to cash their Settlement Payment checks, and advise that all checks will be voided after 120 calendars if not cashed by that date.  The Parties understand there have been complications with sending uncashed check funds to the State of California in the name of the Settlement Class Member as the Controller's Office for Unclaimed Property Fund.  The parties desire that such uncashed checks be sent to the California Controller Unclaimed Property Fund; however, in the event that the Unclaimed Property Fund is not or will not accept such funds in the name of the Settlement Class Member, the parties jointly designate the Children's

- 16 -

Advocacy Institute "caichildlaw.org" as a designate *cy pres* for such funds. Certification of Completion. Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

49.   Treatment of Individual Settlement Payments.   All Individual Settlement Payments will be allocated as follows: twenty percent (20%) of each Individual Settlement Payment will be allocated for the settlement of wage claims and subject to withholdings and taxes, the remaining Eighty percent (80%) will be allocated to the settlement of claims as nontaxable statutory penalties and/or interest under the California Labor Code.  The portion allocated to wages in each Individual Settlement Payment will be reported on an IRS Form W-2 and the portions allocated to interest and penalties will be reported on an IRS Form-1099 by the Settlement Administrator.

50.   Administration of Taxes by the Settlement Administrator.   The Settlement Administrator will be responsible for issuing to Plaintiff, Participating Class Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Agreement. The Settlement Administrator will also be responsible for forwarding all payroll taxes and other legally required withholdings to the appropriate government authorities.

51.   Tax Liability.   Defendants make no representation as to the tax treatment or legal effect of the payments called for in this Settlement Agreement, and Plaintiffs and Participating Class Members are not relying on any statement, representation, or calculation by Defendants or by the Settlement Administrator in this regard.  Plaintiffs and Participating Class Members understand and agree that except for Defendants' payment of the employer's portion of any payroll taxes, Plaintiffs and Participating Class Members will be solely responsible for the payment of any taxes and penalties assessed on the payments described in this Settlement Agreement, and agree to indemnify Defendant as to any tax issues

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 17 -

therefrom.

52. <u>Defendants' Responsibility for Employer Taxes</u>:  For any portion of the Class Members' Individual Settlement Payments that are designated as "wages" for purposes of tax reporting, Defendants will separately pay the employer contributions of all federal, state, and local taxes (including, but not limited to, FICA, FUTA, and SDI).  The employer contributions will not be paid or deducted from the Gross Settlement Amount.

53. Circular 230 Disclaimer.  EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

54.     <u>No Prior Assignments</u>.   The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement Agreement.

55.     <u>Release of Claims by Class Members and Settlement PAGA Class Members</u>. Upon the Effective Date, all Class Members and PAGA Class Members who do not timely submit a valid Request for Exclusion do and will be deemed to have fully, finally and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all Released Claims accruing during the Class Period.  In addition, on the Effective Date, all Class Members who do not timely submit a valid Request for Exclusion and all successors in interest will be permanently enjoined and forever barred from prosecuting any and all Released Claims against the Released Parties.

56.     <u>Release by Plaintiffs</u>. Upon the Effective Date, in addition to the claims being released by all Class Members, both of the Plaintiffs will provide the following additional general release ("General Release"):  Rivera and Hutto, each on her own behalf and on behalf of her heirs, spouses, executors, administrators, attorneys, agents and assigns, fully and finally releases the Released Parties from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 19 -

asserted, whether in tort, contract, or for violation of any state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Released Parties committed or omitted prior to the execution of this Agreement.  This General Release includes any unknown claims. To the extent the foregoing releases are releases to which Section 1542 of the California Civil Code or similar provisions of other applicable law may apply, Plaintiffs expressly waive any and all rights and benefits conferred upon them by the provisions of Section 1542 of the California Civil Code or similar provisions of applicable law which are as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The significance of this release and waiver of Civil Code Section 1542 has been explained to Plaintiffs by their counsel.

57.  <u>Nullification of Settlement Agreement</u>.  In the event that:  (i) the Court does not finally approve the Settlement as provided in this Settlement Agreement; or (ii) the Settlement does not become final for any other reason, then this Settlement Agreement and any documents generated to bring it into effect will be null and void.  Any order or judgment entered by the Court in furtherance of this Settlement Agreement (that is not approved) will likewise be treated as void from the beginning.

58.  <u>Preliminary Approval Hearing</u>.  Plaintiffs will obtain a hearing before the Court to request the Preliminary Approval of the Settlement Agreement, and the entry of a Preliminary Approval Order for: (i) conditional certification of the Settlement Class for settlement purposes only, (ii) preliminary approval of the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

proposed Settlement Agreement, and (iii) setting a date for a Final Approval/Settlement Fairness Hearing.  The Preliminary Approval Order will provide for the Notice Packet to be sent to all Class Members as specified in this Settlement Agreement.  In conjunction with the Preliminary Approval motion, Plaintiff will submit this Settlement Agreement, which sets forth the terms of this Settlement and will include the proposed Notice Packet.

59.   Final Settlement Approval Hearing and Entry of Judgment.  Upon expiration of the deadlines to fax or postmark Requests for Exclusion, or file and serve objections to the Settlement Agreement, and with the Court's permission, a Final Approval/Settlement Fairness Hearing will be conducted to determine the Final Approval of the Settlement Agreement along with the amounts properly payable for (i) Individual Settlement Payments; (ii) the Class Counsel Fees and Costs; (iii) the Class Representative Enhancement Payments; and (iv) all Settlement Administration Expenses.  The Final Approval/Settlement Fairness Hearing will not be held earlier than forty five (45) days after the Response Deadline.  Class Counsel will be responsible for drafting all documents necessary to obtain final approval.  Class Counsel will also be responsible for drafting the attorneys' fees and costs application to be heard at the Final Approval/Settlement Fairness Hearing.

60.   Judgment and Continued Jurisdiction.   Upon final approval of the Settlement by the Court or after the Final Approval/Settlement Fairness Hearing, the Parties will present a proposed Judgment to the Court for its approval.  After entry of the Judgment, the Court will have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) Settlement administration matters, and (iii) such post- Judgment matters as may be appropriate under court rules or as set forth in this Agreement.

61.   Exhibits Incorporated by Reference.  The terms of this Agreement include the terms set forth in any attached Exhibits, which are incorporated by this

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 21 -

reference as though fully set forth in this Settlement Agreement.  Any Exhibits to this Agreement are an integral part of the Settlement.

62.  <u>Confidentiality Agreement</u>.  The Parties and their counsel agree that none of them will issue any marketing materials, press release, social media post, internet or website announcement, or otherwise initiate any contact with the press, respond to any press inquiry or have any communication with the press regarding the Settlement or the terms of this settlement.  Class Counsel will not communicate with other wage-hour plaintiffs' counsel about this settlement, nor utilize it in any way in their marketing or advertising materials or website, prior to Preliminary Approval.  Plaintiffs will not discuss the Settlement with anyone other than their counsel, tax advisors or spouses, except as required or authorized by law.  Additionally, Class Counsel agree that the fact that the Actions were filed and/or settled will not be included in any filing or court submission in any other case or controversy unless required to do so by applicable law or done in submissions to courts or arbitrators in connection with establishing adequacy as class counsel or relevant experience in wage and hour lawsuits.

63.  <u>Entire Agreement</u>.  This Settlement Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.  The Parties expressly recognize California Civil Code Section 1625 and California Code of Civil Procedure Section 1856(a), which provide that a written agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence, and the Parties agree that no such extrinsic oral or written representations or terms will modify, vary or contradict the terms of this Agreement.

64.  <u>Amendment or Modification</u>.  This Settlement Agreement may be amended or modified only by a written instrument mutually signed by counsel for all Parties or their successors-in-interest.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

EXHIBIT 1, PAGE 36

65.   <u>Authorization to Enter Into Settlement Agreement</u>.   Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement.   The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.   The signatories to the Settlement Agreement affirm they have the authority, and are authorized, to enter the Agreement and bind the Defendants. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

66.   <u>Binding on Successors and Assigns</u>.   This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

67.   <u>Execution and Counterparts</u>.   This Settlement Agreement is subject only to the execution of all Parties.   However, the Agreement may be executed in one or more counterparts.   All executed counterparts and each of them, including facsimile and scanned copies of the signature page, will be deemed to be one and the same instrument provided that counsel for the Parties will exchange among themselves original signed counterparts.

68.   <u>Acknowledgement that the Settlement is Fair and Reasonable</u>.   The Parties believe this Settlement Agreement is a fair, adequate and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential.   The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity

- 23 -

to consult with their counsel regarding the fairness and reasonableness of this Agreement.

69.   <u>Invalidity of Any Provision</u>.  Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

70.   <u>Non-Admission of Liability</u>.  The Parties enter into this Settlement Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation.  In entering into this Settlement Agreement, Defendants do not admit, and specifically deny, that they have violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its current or former employees.  Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, will be construed as an admission or concession by Defendants of any such violations or failures to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions will not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendants or to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable law.

71.   <u>Captions</u>.  The captions and section numbers in this Agreement are inserted for the reader's convenience, and in no way define, limit, construe or describe the scope or intent of the provisions of this Agreement.

72.   <u>Waiver</u>.  No waiver of any condition or covenant contained in this Agreement or failure to exercise a right or remedy by any of the Parties hereto will

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

73.   Enforcement Actions.  In the event that one or more of the Parties institutes any legal action or other proceeding against any other Party to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under this Settlement Agreement, the prevailing Party will be entitled to recover from the non-prevailing Party reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

74.   Mutual Preparation.  The Parties have had a full opportunity to negotiate the terms and conditions of this Agreement.  Accordingly, this Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms'-length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

75.   Representation By Counsel.  The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel.  Further, Plaintiff and Class Counsel warrant and represent that there are no liens on the Settlement Agreement.

76.   All Terms Subject to Final Court Approval.  All amounts and procedures described in this Settlement Agreement will be subject to final Court approval.

77.   Cooperation and Execution of Necessary Documents.  All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

78.   Binding Agreement.  The Parties warrant that they understand and have full authority to enter into this Agreement, and further intend that this

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 25 -

Agreement will be fully enforceable and binding on all Parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

**PLAINTIFF**

Dated: _2/26/2020_, 2020          By: _____

Marc Rivera

**REPRESENTED BY:**

**COHELAN KHOURY & SINGER**
**LEBE LAW APC**

Dated: _2/26_, 2020          By: _____

Michael D. Singer
J. Jason Hill
Attorneys for Plaintiff Marc Rivera

**PLAINTIFF**

Dated: _____, 2020          By:_____

Jacquelyn Hutto

**REPRESENTED BY:**

**DAVID YEREMIAN & ASSOCIATES, INC.**
**SOMMERS SCHWARTZ, P.C.**

Dated: _____, 2020          By: _____

David Yeremian
Alvin B. Lindsay
Attorneys for Plaintiff Jacquelyn Hutto

EXHIBIT 1, PAGE 40

Agreement will be fully enforceable and binding on all Parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

**PLAINTIFF**

Dated: _____, 2020        By:_____
                                          Marc Rivera

**REPRESENTED BY:**

**COHELAN KHOURY & SINGER**
**LEBE LAW APC**

Dated: _____, 2020        By: _____
                                          Michael D. Singer
                                          J. Jason Hill
                                Attorneys for Plaintiff Marc Rivera

**PLAINTIFF**

Dated: _02.25.2020_, 2020       By:_____
                                          Jacquelyn Hutto

**REPRESENTED BY:**

**DAVID YEREMIAN & ASSOCIATES, INC.**
**SOMMERS SCHWARTZ, P.C.**

Dated: _February 25_, 2020      By: _____
                                          David Yeremian
                                          Alvin B. Lindsay
                                Attorneys for Plaintiff Jacquelyn Hutto

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 26 -

1

2

3

4  Dated: _2/26_____, 2020

5

6

7

8

9

10

11

12  Dated: _2/26_____, 2020

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**DEFENDANT**

**WESTERN EXPRESS, INC.**

By: _Clarence C Easterday_
[NAME]
Print _CLARENCE C. EASTERDAY_
As authorized agent of
Western Express, Inc.

**REPRESENTED BY:**

**VARNER & BRANDT LLP**

By: _____
Richard D. Marca
Jeff T. Olsen
Attorneys for Defendant Western Express,
Inc.

- 27 -

JOINT STIPULATION OF CLASS ACTION SETTLEMENT

EXHIBIT 1, PAGE 42

# EXHIBIT 1-A

**COHELAN KHOURY & SINGER**
Michael D. Singer (SBN 115301)
msinger@ckslaw.com
J. Jason Hill (SBN 179630)
jhill@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**LEBE LAW APC**
Jonathan Lebe (SBN 284605)
jon@lebelaw.com
777 S. Alameda Street, Second Floor
Los Angeles, California 90021
Telephone: (213) 358-7046/Facsimile: (310) 820-1258

[Additional counsel listed on following page]

Attorneys for Plaintiffs Marc Rivera and Jacquelyn Hutto,
on behalf of themselves and other similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC RIVERA and JACQUELYN HUTTO, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN EXPRESS, INC., doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 5:18-cv-01633-JGB-SHK<br><br>*SECOND AMENDED* CLASS ACTION and REPRESENTATIVE ACTION COMPLAINT PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT ("PAGA") FOR:<br><br>**(1) Failure to Pay Minimum Wages for All Hours Worked in Violation of Cal. Labor Code §§ 226.2 and 1194.2;**<br><br>**(2) Failure to Provide Off-Duty, Unpaid 30-Mintue Meal Periods or a "Premium Wage" in Lieu Thereof in Violation of Cal. Labor Code § 226.7 and Industrial Welfare Commission ("IWC") Wage Order 9, § 11;** |

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**(3) Failure to Provide Off-Duty, Paid Rest Periods or a "Premium Wage" in Lieu Thereof in Violation of Cal. Labor Code § 226.7 and IWC Wage Order 9, § 12;**

**(4) Failure to Timely Pay Final Wages to Terminated or Separated Employees in Violation of Cal. Labor Code § 203;**

**(5) Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code §§ 226(a)-(e);**

**(6) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.;**

**(7)  Civil Penalties Pursuant to the PAGA Based on Violations of Cal. Labor Code § 1194.2 for Failure to Pay all "Hours Worked";**

**(8)   Civil Penalties Pursuant to the PAGA Based on Violations of Cal. Labor Code § 226.7 and IWC Wage Order 9, §§ 11-12 for Failure to Provide Off-Duty Meal and Rest Periods or a "Premium Wage" in Lieu Thereof;**

**(9) Civil Penalties Pursuant to the PAGA Based on Violations of Cal. Labor Code § 226.3 for Non-compliant Wage Statements;**

**(10)   Civil Penalties Pursuant to the PAGA Based on Violations of Cal. Labor Code § 210 for Untimely Payment of Wages;**

---

*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

**(11) Civil Penalties Pursuant to the PAGA based on Violations of the Applicable IWC Wage Orders as Permitted by Labor Code § 558(a)**

Action Filed:   May 15, 2018
**DEMAND FOR JURY TRIAL**

**DAVID YEREMIAN & ASSOCIATES, INC.**
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, CA 91203
Telephone: (818) 230-8380/Facsimile: (818) 230-0308

**SOMMERS SCHWARTZ, P.C.**
Kevin J. Stoops (*pro hac vice pending*)
kstoops@sommerspc.com
Charles R. Ash, IV (*pro hac vice pending*)
crash@sommersp.com
One Towne Square, 17th Floor
Southfield, MI 48076
Telephone: (248) 355-0300/Facsimile: (248) 436-8453

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

Plaintiffs MARC RIVERA and JACQUELYN HUTTO (referred to herein as "Plaintiffs"), on behalf of themselves and all others similarly situated and as Representatives on behalf of the California Labor and Workforce Development Agency pursuant the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2698, *et seq*., complain and allege as follows:

## INTRODUCTION & GENERAL ALLEGATIONS

1.      Plaintiffs bring this action against their former employer, WESTERN EXPRESS, INC., a Tennessee corporation, doing business in California as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., and DOES 1 through 10 (collectively referred to herein as "Defendants"), for California Labor Code violations stemming from Defendants' failure to pay minimum wages for all hours worked, failure to provide mandated meal and/or rest periods or to pay additional wages in lieu thereof, failure to timely pay final wages upon separation of employment, and failure to provide complete, accurate itemized wage statements. Plaintiffs also seek civil penalties as against the Defendants pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2699, *et seq*., and underpayment of wages as a civil penalty pursuant to Labor Code section 558 (a) for violations of the applicable Industrial Welfare Commission Wage Order, 9-2002.

2.      Plaintiffs bring this class action on behalf of themselves and all other similarly-situated current and former drivers of Defendants who resided in California at any time within the Relevant Time Period, as defined below, and whose job duties include, among other things, driving commercial motor vehicles and performing services related thereto, and who are/were compensated on a piece-rate or per-mile basis for at least part of their compensation (hereinafter, the "Represented Employees").

3.      At all relevant times, Plaintiffs and other similarly-situated Represented Employees are/were responsible for providing freight hauling and

- 1 -
*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

logistic services for Defendants within the State of California, as well as throughout various other states.

4.      Plaintiffs and Represented Employees seek to recover damages, liquidated damages, interest, penalties, costs of suit and attorneys' fees resulting from Defendants' failure to pay minimum wages for all hours worked, failure to provide mandated meal and/or rest periods, failure to timely pay final wages upon separation, failure to provide complete, accurate itemized wage statements and injunctive relief against Defendants' unfair business practices related thereto.

5.      The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

6.      After initial investigation, Plaintiffs allege that Defendants paid drivers solely by mileage and did not pay for pre-and post-trip inspection work duties and waiting time subject to employer control, and other non-driving time performing work duties in violation of California law. See, *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36 (2013) (employer does not satisfy minimum wage obligations under Wage Orders by averaging "flag-rate" (piece-rate) pay to auto mechanics, which would constitute illegal wage deduction and forfeiture under Labor Code sections 221 and 223; employees entitled to separate hourly compensation for time spent waiting for repair work or performing other non-repair tasks directed by employer during their shifts). Further, Plaintiffs allege that Defendants did not separately pay for compliant 10-minute rest periods in violation of California law. See, *Bluford v. Safeway Inc.,* 216 Cal.App.4th 864 (2013) (task-based or piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage laws).

7.      Further, after investigation, based on the California Division of Labor Standards Enforcement ("DLSE") records, Defendants did not timely comply with

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 2 -

Labor Code section 226.2. Labor Code section 226.2 provides employers an affirmative defense against any claims for recovery of wages, liquidated damages, civil penalties, statutory penalties, or premium pay under Labor Code section 226.7 that are based solely on the employer's failure to timely pay piece-rate employees the compensation due for rest and recovery periods and other non-productive time for wages earned prior to December 31, 2015. The employer must have, by no later than December 15, 2016, paid the employee's non-productive time at the highest of: The hourly rate determined by dividing the total compensation for the workweek—exclusive of compensation for rest and recovery periods and any premium compensation for overtime—by the total hours worked during the workweek, exclusive of rest and recovery periods; or Minimum wage plus interest; or 4 percent of the employee's gross earnings less up to 1 percent paid for non-productive time for the time period of July 1, 2012 to December 31, 2015. Plaintiffs are informed and believe that Defendants failed to comply with Labor Code section 226.2, and thereafter, failed to comply with the requirements to pay drivers for 10-minute rest periods at their regular rate of pay, or at least at California's applicable minimum wage.

8.      For the Relevant Time Period, Plaintiffs allege that Defendants, and each of them:

a.  Failed to pay the statutory minimum wage for all hours worked to Plaintiffs and Represented Employees in violation of California Labor Code sections 221, 223, 1194, 1194.2, and 1197, and Industrial Welfare Commission ("IWC") Wage Order 9;

b.  Failed to pay all wages due and owing to Plaintiffs and Represented Employees in violation of California Labor Code sections 201, 202, 203, 212, 218.6, 221, 223, 224, 226.7, 450, 512, 558, 1194, 1194.2, and 1197, and IWC Wage Order 9;

c.  Failed to provide Plaintiffs and Represented Employees at least

- 3 -

thirty (30)-minute duty-free meal periods as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California Labor Code sections 226.7, 512, and 558, and IWC Wage Order 9.   Here, Plaintiffs, the Represented Employees, and the similar "aggrieved employees" were not relieved of all duties during meal periods due to Defendants' policies and uniform business practices;

d.  Failed to provide Plaintiffs and Represented Employees with mandated rest periods of at least ten (10) minutes per four (4) hours of work, or major faction thereof, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California Labor Code sections 226.7, 558, and IWC Wage Order 9. Here, Plaintiffs, the Represented Employees, and the similar "aggrieved employees" were not paid separately for 10-minute rest periods in violation of the holding in *Bluford v. Safeway Inc.,* 216 Cal.App.4th 864 (2013) (task-based or piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage laws);

e.  Failed to provide complete, accurate itemized wage statements to Plaintiffs and Represented Employees in violation of California Labor Code sections 226, 226.6, 1174, 1174.5, and 1175, and IWC Wage Order 9;

f.  Failed to provide Plaintiffs and Represented Employees with the mandated notice required under California Labor Code section 2810.5;

g.  Violated California Business and Professions Code sections

- 4 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

17200, *et seq.* as further set forth below; and

h.  Violated the California Private Attorneys General Act of 2004, Labor Code sections 2698, *et seq.*

## JURISDICTION & VENUE

9.  Jurisdiction and venue are proper here because, upon information and belief and throughout the Relevant Time Period, Defendants were, and are, licensed to do business in the State of California, maintain a physical facility located at 15521 Slover Avenue, Fontana, California, County of San Bernardino, and because many of the acts alleged herein occurred throughout San Bernardino County and/or other counties within the State of California.

10.  Throughout the Relevant Time Period, Plaintiffs and Represented Employees resided within the State of California and performed work for Defendants throughout the State of California, as well as in various other states. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California.

11.  Plaintiffs are informed and believe and thereon allege that they and Represented Employees had virtually the same job duties and responsibilities. As a consequence, any differences between particular individual employees who work or have worked as a driver for Defendants, in terms of the duties actually performed, were and are legally insignificant to the issues presented by this action.

12.  Represented Employees have suffered damages and will continue to suffer the same harm as Plaintiffs as a result of Defendants' unlawful conduct unless the relief requested herein is granted.

## PARTIES

### Plaintiff

13.  Plaintiff MARC RIVERA resides in Gardena in the State of California. RIVERA was employed with Defendants from approximately January 2017 through August 2017 as a truck driver and was paid on a piece-rate or by-the-

- 5 -

*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

1 mile basis.

2       14.   Plaintiff JACQUELYN HUTTO resided in the State of California

3 during the Relevant Time Period. HUTTO was employed with Defendants from

4 approximately December 2017 through July 2018 as a truck driver and was paid on

5 a piece-rate or by-the-mile basis.

6       15.   According to the wage statements Plaintiffs received while working

7 for Defendants, their employer was Defendant WESTERN EXPRESS, INC.

8 However, California secretary of state records another domestic WESTERN

9 EXPRESS, INC. in Fresno, California, who was not Plaintiffs' employer. Rather,

10 since the name of was taken, WESTERN EXPRESS, INC. omitted the fact on its

11 wage statements that it was operating in the state of California as WESTERN

12 EXPRESS TRANSPORTATION OF CALIFORNIA, INC., which actually misled

13 Plaintiffs since employment record requests were sent to the incorrect company,

14 the "Western Express. Inc." operating in Fresno, California. The Fresno, California

15 entity was never Plaintiffs' employer at any time during the relevant time period

16 and once presented with a record request, informed Plaintiffs through their counsel

17 that no such records of their employment existed.

18       16.   Throughout their employment with Defendants, Plaintiffs did not

19 receive minimum wages for all hours worked, and were not provided with

20 mandated meal and/or rest periods or paid the mandated additional wages in lieu

21 thereof. Plaintiffs also did not receive complete, accurate itemized wage

22 statements.  Additionally, Plaintiffs were not timely paid all their final wages upon

23 their separation of employment from Defendants.

24   **Defendants**

25       17.   On information and belief, and throughout the Relevant Time Period,

26 Defendant WESTERN EXPRESS, INC. is a Tennessee corporation authorized to

27 do and doing business in the State of California as WESTERN EXPRESS

28 TRANSPORT OF CALIFORNIA, INC. A search of the California Secretary of

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 6 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

State Webpage produced the following information about Defendant WESTERN EXPRESS, INC.: (a) corporate license number C2802026, filed September 6, 2005, and active; (b) address of 7135 Centennial Place, Nashville, Tennessee 37209; and (c) the agent for service of process as National Registered Agents, Inc., 818 W. Seventh St., Suite 930, Los Angeles, California 90017.

18.     All Defendants' principle business offices and local headquarters in the State of California are primarily located in San Bernardino County, in Fontana, California.

19.     Plaintiffs are informed and believe, and based thereon allege, that Defendants are engaged in the hauling and delivery of freight across the United States.

20.     Plaintiffs are informed and believe, and based thereon allege, that Defendants conduct business throughout the United States and maintain a terminal located in Fontana, California, among other states, and is the legal employer of Plaintiffs and Represented Employees during the Relevant Time Period.

21.     Plaintiffs are ignorant of the true names, capacities, relationships, and extent of participation in the conduct herein alleged, of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief allege that those Defendants are legally responsible for the payment of penalties and damages to Plaintiffs and Represented Employees by virtue of Defendants' unlawful actions and practices, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

22.     Plaintiffs are informed and believe, and based thereon allege, that the Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respect pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. On information and belief, a unity of interest and ownership between

- 7 -

each Defendant exists such that all Defendants acted as a single employer of Plaintiffs and Represented Employees.

## **CLASS ACTION ALLEGATIONS**

23.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 22 above as though fully set forth herein.

24.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure, Rule 23. The Class that Plaintiffs seek to represent is defined as follows:

> All current and former employee drivers of Defendants who resided in California at any time within the Relevant Time Period, whose job duties include, among other things, driving commercial motor vehicles and performing services related thereto within the State of California, and who are/were paid on a "piece rate" and/or rate-per-mile basis for compensation purposes.

25.     Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues as appropriate.

26.     Plaintiffs are members of the Class they seek to represent.

27.     This action is appropriately suited for a class action because:

a.  The members of the Class which Plaintiffs seek to represent are sufficiently numerous that joinder is impracticable. Although the exact number is currently unknown to Plaintiffs, this information is easily ascertainable from Defendants' payroll and personnel records.

b.  Common questions of fact and law predominate. Such common questions include, but are not limited to:

i.   Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to pay the statutory minimum wage to Plaintiffs and Class Members for all hours

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 8 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

worked;

ii. Whether Defendants violated the California Labor Code and applicable IWC Wage Order by failing to provide daily mandated meal and/or rest periods to Plaintiffs and Class Members and/or failing to compensate Plaintiffs and Class Members with one additional hour of wages in lieu of each meal or rest period denied;

iii. Whether Defendants violated IWC Wage Order 9, section 12 by failing to separately pay for "paid" ten-minute rest periods for every four hours worked (or major fraction thereof), at least at minimum wage, so as to comply with the decision in *Bluford v. Safeway Inc.,* 216 Cal.App.4th 864 (2013);

iv. Whether Defendants violated the California Labor Code by failing to pay all wages due upon separation of employment between Defendants and Plaintiffs and Class Members, whether such separation was voluntary or involuntary;

v. Whether Defendants violated the California Labor Code by failing to provide Plaintiffs and Class Members with complete, accurate itemized wage statements;

vi. Whether Defendants violated California Business & Professions Code sections 17200, *et seq.* by: failing to pay minimum wages for all hours worked by Plaintiffs and Class Members; failing to provide mandated meal and/or rest periods to Plaintiffs and Class Members and not compensating such employees with one hour of additional wages in lieu of each meal or rest period denied; failing to timely pay all final wages due upon separation of employment between Defendants and Plaintiff Class Members; and failing to provide Plaintiffs and

- 9 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Members with complete, accurate itemized wage statements;

vii.   Whether Defendants violated sections 17200, *et seq.* of the California Business and Professions Code and, without limitation, California Labor Code sections 201, 202, 203, 212, 218.6, 221, 223, 224, 226, 226.6, 226.7, 450, 512, 558, 1174, 1174.5, 1175, 1194, 1194.2, 1197, 1198.5, 2800, 2802, and 2810.5, among possibly other sections inadvertently omitted, and the applicable IWC Wage Order, which violations constitute false, fraudulent, unlawful, unfair and deceptive business practices; and

viii.   Whether Plaintiffs and Class Members are entitled to equitable relief pursuant to California Business & Professions Code sections 17200, *et seq.*

c.   Plaintiffs' claims are typical of the Class. Plaintiffs, like other members of the Class, were subjected to Defendants' ongoing Labor Code and IWC Wage Order violations pertaining to payment of minimum wages for all hours worked, meal and rest periods, payment of final wages upon separation of employment, inaccurate and/or incomplete itemized wage statements

d.   Plaintiffs will fairly and adequately protect the interest of all members of the Class because it is in their best interest to prosecute the claims alleged herein to obtain full compensation due to them and all Class Members. Plaintiffs' interests are not in conflict with those of the Class Members. Further, Plaintiffs and Class Representatives' counsel are competent and experienced in litigating large employment class actions and other complex litigation matters, including many wage and hour class action

- 10 -

1    cases.

2    28.    A class action is superior to other available means for the fair and

3  efficient adjudication of this controversy. Individual joinder of all Class Members

4  is not practicable, and questions of law and fact common to the Class predominate

5  over any questions affecting only individual members of the Class. Each member

6  of the Class has been damaged and is entitled to recovery by reason of Defendants'

7  unlawful policies and practices alleged in the Complaint.

8    29.    Class action procedure will allow those similarly-situated persons to

9  litigate their claims in the manner that is most efficient and economical for the

10 parties and the judicial system. Plaintiffs know of no difficulty that might be

11 encountered in management of this litigation which would preclude maintenance

12 as a class action.

13    30.    The class action is manageable because all common issues can be

14 determined from identical payroll records and other corporate records showing

15 piece-rate pay, and common uniform policies that will minimize or eradicate

16 individual issues at trial.

17    31.    Plaintiffs also bring this action as a Representative Action pursuant to

18 Labor Code sections 2698, *et seq*., the California Private Attorneys General Act of

19 2004 ("PAGA") for themselves and all similar "aggrieved employees." Plaintiff

20 RIVERA provided notice to the California Labor and Workforce Development

21 Agency ("LWDA") on or about April 6, 2018. Plaintiff HUTTO provided notice to

22 the LWDA on or about August 7, 2018. The LWDA did not intervene and the

23 Defendants did not seek to cure. As a result, as a matter of law, Plaintiffs are

24 entitled to amend this Complaint for full compliance and exhaustion of notice

25 requirements under the PAGA and seek civil penalty assessments against

26 Defendants as Representatives of the State of California as hereinafter alleged and

27 in accordance with law, in additional to costs and reasonable attorneys' fees a

28 provided by the PAGA statute.  True and correct copies of the April 6, 2018 and

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 11 -

August 7, 2018 Notices to the LWDA and to the Defendants are attached hereto **Exhibit A** and **Exhibit B**, respectively, and are expressly incorporated into this Second Amended Complaint as if set forth in full. Plaintiffs allege that the notice period provided by statute has expired for each notice and amendment is proper pursuant to Labor Code section 2699.3(a)(2)(C).

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES FOR ALL HOURS WORKED
## (Cal. Labor Code §§ 221, 223, 1194, 1194.2, 1197; IWC Wage Order 9, § 4)

32.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 31 above as though fully set forth herein.

33.   Failure of an employer to pay its employees the California minimum wage violates, *inter alia*, Labor Code section 1197 and IWC Wage Order 9, section 4.

34.   During the Relevant Time Period, Plaintiffs and Class Members were employed by Defendants as over-the-road drivers and were paid a per-mileage rate for each mileage driven for at least part of their compensation.

35.   While over-the-road, Plaintiffs and Class Members were required to remain on assignment continually for more than 24 hours and were confined to the general vicinity of their assigned truck for more than 24 consecutive hours. Plaintiffs and Class Members reported their status to Defendants via the Qualcomm computer in their assigned truck.

36.   During the Relevant Time Period, Defendants required Plaintiffs and Class Members to remain under their control without paying for all "hours worked" and resulted in Plaintiffs and Class Members earning less than the applicable California minimum hourly wage for each hour worked.

37.   Specifically, Defendants maintained and continue to maintain a practice of refusing to compensate Class Members for time spent not driving, including but not limited to, fueling vehicles, waiting for the loading and unloading

- 12 -

*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  of trailers, performing pre- and post-trip inspections, and completing paperwork.

2  38.  Plaintiffs and Class Members were not exempt from the requirement

3  to be paid at least the applicable California minimum wage throughout the

4  Relevant Time Period for each hour worked.

5  39.  Plaintiffs are informed and believe, and thereon allege, that

6  Defendants intentionally, willfully, and improperly failed to pay minimum wages

7  to them and Class Members in violation of Labor Code sections 221, 223, 1194,

8  and 1197.

9  40.  Defendants' conduct was willful because Defendants knew Plaintiffs

10  and Class Members were entitled to be paid at least the California minimum wage

11  throughout the Relevant Time Period for each hour worked, yet Defendants chose

12  not to pay them in accordance thereto.

13  41.  As a result of Defendants' wrongful conduct, Plaintiffs and Class

14  Members have been damaged in amounts to be proven at trial.

15  42.  Plaintiffs, on behalf of themselves and Class Members, seek recovery

16  of all unpaid wages, including unpaid minimum wages, liquidated damages,

17  interest, attorneys' fees and costs of suit, pursuant to Labor Code sections 1194 and

18  1194.2, against Defendants in an amount to be proven at trial.

19
20
21

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MANDATED MEAL PERIODS**
**OR TO PAY ADDITIONAL WAGES IN LIEU THEREOF**
**(Cal. Labor Code §§ 226.7, 512, 558; IWC Wage Order 9, § 11)**

22  43.  Plaintiffs hereby incorporate by reference Paragraphs 1 through 42

23  above as though fully set forth herein.

24  44.  Labor Code section 512(a) and IWC Wage Order 9, section 11(A)

25  provide that an employer may not require, cause, or permit an employee to work

26  for a period of more than five hours per day without providing the employee with

27  an uninterrupted meal period of not less than 30 minutes, except that if the total

28  work period per day of the employee is not more than six hours, the meal period

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 13 -

may be waived by mutual consent of both the employer and the employee.

45. Labor Code section 512(a) and IWC Wage Order 9, section 11(B) further provide that an employer may not require, cause, or permit an employee to work for a period of more than ten hours per day without providing the employee with a second uninterrupted meal period of not less than 30 minutes, except that if the total hours worked is not more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

46. Labor Code section 226.7(a) provides that no employer shall require an employee to work during any mandated meal period.

47. Pursuant to Labor Code section 226.7(b) and IWC Wage Order 9, section 11(D), an employee is entitled to one additional hour of pay at the employee's regular rate of pay for each work day that the meal period was not provided.

48. On information and belief, and at all times relevant, Plaintiffs allege that they and Class Members systematically worked periods of more than five (5) hours without receiving the mandated 30-minute duty-free meal period and for periods of more than ten (10) hours without receiving the mandated second 30-minute, duty-free meal period while in the employ of Defendants.

49. On information and belief, Plaintiffs and Class Members did not voluntarily or willfully waive the mandated meal periods. Any expressed or implied waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiffs and Class Members to take meal periods in accordance with California law.

50. By their failure to provide Plaintiffs and Class Members with meal periods as required by California law, and failing to pay one hour of additional

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 14 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

wages in lieu of each meal period not provided, Defendants willfully violated Labor Code sections 226.7 and 512, and IWC Wage Order 9, section 11. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a meal period was not lawfully provided.

51.     As a result of Defendants' unlawful acts, Plaintiffs and Class Members have been deprived of additional wages in amounts to be proven at trial, and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees and costs of suit.

52.     Defendants are also liable to Plaintiffs and Class Members for the civil penalties provided for in Labor Code section 558 because of the violations alleged in this claim for relief.

53.     Further, after the employment of Plaintiffs and other members of the Class ended, Defendants never paid them all wages due to them (as defined by applicable California law) because these employees were never paid any of the additional hours of wages with respect to meal periods described above in this paragraph. Defendants' failure to pay said additional hours of wages after these employees' employment ended was willful within the meaning of Labor Code section 203. Therefore, under Labor Code section 203, as additional relief and continuation of wages for failure to comply with the meal period laws, each of these employees is entitled to one day's wages, at the regular rate, for each day following the time periods in Labor Code sections 201 or 202, up to a maximum of 30 days' wages for each employee. Because none of these employees were ever paid the additional hours of wages with respect to meal periods described above in this paragraph, each of these employees is entitled to 30 days' additional wages.

///

///

///

- 15 -

///

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE MANDATED REST PERIODS**
**OR TO PAY ADDITIONAL WAGES IN LIEU THEREOF**
**(Cal. Labor Code §§ 226.7, 558; IWC Wage Order 9, § 12)**

54.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 53 above as though fully set forth herein.

55.     IWC Wage Order 9, section 12(A) mandates that employees be provided with a rest period of ten (10) minutes per four (4) hours worked, or major fraction thereof.

56.     Labor Code section 226.7(a) provides that no employer shall require an employee to work during any mandated rest period.

57.     Pursuant to Labor Code section 226.7(b) and IWC Wage Order 9, section 12(B), an employee is entitled to one additional hour of pay at the employees' regular rate of pay for each work day that the rest period was not provided.

58.     On information and belief, and at all times relevant, Plaintiffs allege that they and Class Members were denied the required ten (10)-minute rest periods for every four (4) hours, or major fraction thereof, worked per day as non-exempt employees, and that Defendants further failed to provide compensation in lieu of rest periods not provided.

59.     Specifically, Defendants and each of them, failed to authorize and permit ten-minute rest periods, paid as separate hourly pay in addition to piece-rate (or by-the-mile) pay for Class Members subject to the Defendants' piece-rate or pay-by-the-mile rate, for every four hours worked (or major fraction thereof). This uniform and systematic policy of Defendants directly violated the holding in *Bluford v. Safeway Inc.,* 216 Cal.App.4th 864 (2013) in that it failed to compensate separately for rest periods and does not comply with California minimum wage laws.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 16 -

60.   Further – and in the alternative — even if periods of rest were authorized, Defendants' uniform and systematic policies and business practices did not allow for the Class Members to be relieved of all duties during rest periods as Plaintiffs, the Represented Employees, and aggrieved employees were required to monitor all aspects of client, employer, and other business-related communications during any purported break period.

61.   On information and belief, Plaintiffs and Class Members did not voluntarily or willfully waive the mandated rest periods. Any expressed or implied waivers obtained from Plaintiffs and/or Class Members were not willfully obtained, were not voluntarily agreed to, were a condition of employment, or were a part of a contract of an unlawful adhesion. Defendants did not permit or authorize Plaintiffs and Class Members to take rest periods in accordance with California law by not offering paid rest periods as required by *Bluford*.

62.   By their failure to provide Plaintiffs and Class Members with rest periods as required by California law, and failing to pay one hour of additional wages in lieu of each rest period not provided, Defendants willfully violated Labor Code section 226.7 and IWC Wage Order 9, section 12. Accordingly, Defendants are liable for one hour of additional wages at the employee's regular rate of compensation for each work day that a rest period was not lawfully provided.

63.   As a result of Defendants' unlawful acts, Plaintiffs and Class Members have been deprived of additional wages in amounts to be proven at trial, and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees and costs of suit.

64.   Defendants are also liable to Plaintiffs and Class Members for the civil penalties provided for in Labor Code section 558 because of the violations alleged in this claim for relief.

65.   Further, after the employment of Plaintiffs and other members of the Class ended, Defendants never paid them all wages due to them (as defined by

- 17 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

applicable California law) because these employees were never paid any of the additional hours of wages with respect to rest periods described above in this paragraph. Defendants' failure to pay said additional hours of wages after these employees' employment ended was willful within the meaning of Labor Code section 203. Therefore, under Labor Code section 203, as additional relief and continuation of wages for failure to comply with the rest period laws, each of these employees is entitled to one day's wages, at the regular rate, for each day following the time periods in Labor Code sections 201 or 202, up to a maximum of 30 days' wages for each employee. Because none of these employees were ever paid the additional hours of wages with respect to rest periods described above in this paragraph, each of these employees is entitled to 30 days' additional wages.

**FOURTH CAUSE OF ACTION**
**FAILURE TO TIMELY PAY FINAL WAGES**
**(Cal. Labor Code §§ 201-203)**

66.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 65 above as though fully set forth herein.

67.     Labor Code section 201 requires employers to immediately pay any wages, without abatement or reduction, to any employee who is discharged.

68.     Labor Code section 202 provides that if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

69.     For a violation of Labor Code sections 201 or 202, Labor Code section 203(a) provides that where the employer willfully fails to timely pay any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, but that the wages shall not continue for

- 18 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  more than 30 days.

2      70.   As alleged above, Plaintiffs and Class Members are entitled to

3  compensation for all wages earned, including without limitation, unpaid minimum

4  wages and additional wages for meal and/or rest periods they were denied.

5  Plaintiffs and Class Members are therefore entitled to Labor Code section 203

6  penalties.

7      71.   More than 30 days have passed since Plaintiffs and certain affected

8  Class Members were terminated or have voluntarily left Defendants' employ

9  without giving at least 72-hour notice, and on information and belief, they have not

10  received payment pursuant to Labor Code section 203. As a consequence of

11  Defendants' willful conduct in not paying all earned wages, Plaintiffs and certain

12  affected Class Members are entitled to 30 days' wages as a penalty under Labor

13  Code section 203, as well as any underlying unpaid wages.

14      72.   The exact amount of Labor Code section 203 penalties is all in an

15  amount to be shown according to proof at trial.

16  **FIFTH CAUSE OF ACTION**

17  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**<br>**(Cal. Labor Code §§ 226, 226.6, 1174, 1174.5, 1175; IWC Wage Order 9, § 7)**

18      73.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 72

19  above as though fully set forth herein.

20      74.   Labor Code section 226(a) requires an employer to provide its

21  employees with itemized wage statements accurately stating gross wages earned,

22  total hours worked, the number of piece-rate units earned and any applicable piece

23  rate if the employee is paid on a piece-rate basis, all deductions, net wages earned,

24  the inclusive dates of the pay period, the employee's name and the last four digits

25  of his or her social security number (or employee identification number), the name

26  and address of the legal entity that is the employer, and all applicable hourly rates

27  in effect during the pay period and the corresponding number of hours worked at

28  each hourly rate by the employee.

COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101

- 19 -

75.     Labor Code section 1174(d) requires, in part, that employers, including Defendants, maintain payroll records showing the daily hours worked and the wages paid to employees, among other requirements.

76.     Pursuant to Labor Code section 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by Labor Code section 1174(d) is subject to a penalty.

77.     Pursuant to IWC Wage Order 9, section 7(A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods and total hours worked daily shall also be recorded.

78.     Additionally, IWC Wage Order 9, section 7(A)(5) requires employers to keep total hours worked in the pay period and applicate rates of pay.

79.     At all relevant times, Defendants failed to maintain records pursuant to the Labor Code and applicable IWC Wage Order by failing to maintain records showing meal periods.

80.     Defendants' failure to provide and maintain records required by the Labor Code and applicable IWC Wage Order deprived Plaintiffs and Class Members of the ability to know, understand, and question the accuracy and frequency of meal periods. Therefore, Plaintiffs and Class Members had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. As a direct result, Plaintiffs and Class Members have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial.

81.     Furthermore, Defendants knowingly and intentionally failed to furnish Plaintiffs and Class Members with complete itemized wage statements accurately listing gross and net wages earned, the pay period begin date, and the address of

- 20 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the legal entity that is the employer.

82. As a result of Defendants' violation of Labor Code sections 226(a), 226.6, 1174(d), 1174.5, and 1175, Plaintiffs and Class Members have suffered injury and damage to their statutorily-protected rights.

83. Specifically, Plaintiffs and Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, complete, accurate, itemized wage statements under Labor Code section 226(a).

84. By failing to keep and/or provide accurate records as required by Labor Code sections 226(a), 1174(d) and IWC Wage Order 9, section 7, Defendants have injured Plaintiffs and Class Members and made it difficult to calculate the unpaid minimum, regular, and additional meal and rest period wages owed, as well as interest due to Plaintiffs and Class Members.

85. Plaintiffs have also been injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of California's Labor Code and related laws and regulations.

86. Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide an accurate wage statement listing, among other things, the amount of gross or net wages, the name and address of the legal entity that is the employer, the name of the employee and only the last four digits of his or her social security number or an employee identification number, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation up to four thousand dollars ($4,000).

87. Plaintiffs and Class Members also seek and request, pursuant to Labor Code section 226(g), injunctive relief to ensure compliance by Defendants with

- 21 -

*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

section 226(a), to wit, that the wage statements Defendants provide to their employees accurately list all wages earned, the pay period begin date, and the address of the legal entity that is the employer. Plaintiffs also request an award of costs and reasonable attorneys' fees.

88.    The exact amount of Plaintiffs' and Class Members' damages is all in an amount to be shown according to proof at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF UNFAIR COMPETITION LAW**
**(Bus. & Prof. Code §§ 17200, *et seq*.)**

89.    Plaintiffs hereby incorporate by reference Paragraphs 1 through 88 above as though fully set forth herein.

90.    California Business & Professions Code sections 17200, *et seq*., prohibit acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice…." Plaintiffs and Class Members, as herein alleged, have suffered and continue to suffer injuries in fact due to Defendants' unfair and unlawful business practices.

91.    Defendants, and each of them, are "persons" as defined under Business & Professions Code section 17021.

92.    As alleged herein, Defendants engaged in conduct that violated California's wage and hour laws, including failing to pay wages for all hours worked, failing to provide mandated meal and/or rest periods, failing to timely pay final wages upon separation of employment, and failing to provide complete, accurate, itemized wage statements, all in order to decrease their costs and increase their profits.

93.    At all relevant times herein mentioned, Defendants did not pay Plaintiffs and Class Members all wages and monies and other financial obligations attached thereto to which they were owed.

94.    Defendants' violations of the California Labor Code and IWC Orders, and their scheme to lower their payroll costs as alleged herein, constitute unlawful

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

and unfair business practices as it was done in a systematic manner over a period of time to the detriment of their employees, including Plaintiffs.

95.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs, other Class Members, and to the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

96.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

97.     A violation of California Business & Professions Code sections 17200, *et seq*. may be predicated on the violation of any state or federal law. All of the acts described herein as violations of, among other things, the California Labor Code and IWC Wage Orders, are unlawful and in violation of public policy, and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code sections 17200, *et seq*.

98.     Plaintiffs, individually, and on behalf of members of the putative Class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiffs, individually, and on behalf of members of the putative class, have suffered and will continue to suffer irreparable harm unless Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful, and/or fraudulent business practices.

99.     Plaintiffs, individually, and on behalf of members of the putative class, are entitled to, and do seek such relief as may be necessary to disgorge the profits which Defendants have acquired, or of which Plaintiffs and Class Members have been deprived, by means of the above-described unfair, unlawful and/or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 23 -

fraudulent business practices. Plaintiffs and the members of the Class are not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

100.   Plaintiffs, individually, and on behalf of members of the putative Class, are further entitled to and does seek a declaration that the above-described business practices are unfair, unlawful, and/or fraudulent, and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

101.   Pursuant to Business & Professions Code sections 17200, *et seq*., Plaintiffs and Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiffs and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## SEVENTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PAY REGULAR PAY/MINIMUM WAGES AND OVERTIME PREMIUM PAY (Cal. Labor Code §§ 510, 558, 1194-1194.2, 2699(f)(2); Cal. Code Regs. Tit. 8, § 11090)
### (On behalf of Plaintiffs and other aggrieved employees as against all Defendants)

102.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 101 above as though fully set forth herein.

103.   Pursuant to Labor Code section 2699, Plaintiffs seek all applicable PAGA civil penalties and remedies for each aggrieved employee for each pay period in the applicable statute of limitations in which the aggrieved employee was not paid for all hours worked for each pay period, plus reasonable attorneys' fees and costs.

104.   The Private Attorneys General Act of 2004 ("PAGA") provides that:

- 24 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

…an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699(g)(1).

105. Plaintiffs are "aggrieved employees" under the PAGA, as they were employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations set forth herein. Accordingly, Plaintiffs seek to recover on behalf of themselves and all other current and former aggrieved non-exempt employees, as defined above, the civil penalties provided by the PAGA, plus reasonable attorneys' fees and costs.

106. Plaintiffs, by virtue of the Notices dated April 6, 2018 and August 7, 2018, attached hereto as **Exhibit A** and **Exhibit B**, respectively, have satisfied all prerequisites to serve as representatives of the general public to enforce California's labor laws, including without limitation, the penalty provisions identified in California Labor Code section 2699.5. Because the LWDA took no steps within the applicable time period required to intervene, and because the Defendants took no corrective actions to remedy the allegations set forth above, Plaintiffs, as representatives of the people of the State of California, will seek, and hereby do seek, any and all civil penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement ("DLSE").

107. Any civil penalties recovered herein will be distributed in accordance with the PAGA, with at least 75% of the penalties recovered being reimbursed to

- 25 -

*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

the State of California and the LWDA, where applicable. *See* Cal. Lab. Code § 2699(i).

108.   Specifically, Plaintiffs seek to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

109.   Plaintiffs seek civil penalties against Defendants for failure to provide Plaintiffs and other aggrieved non-exempt employees proper regular pay and minimum wages for regular hours worked and/or overtime premium pay for overtime hours worked during the applicable statutory period.

110.   California Labor Code section 510 provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

111.   California Labor Code section 558 provides in pertinent part:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>
> > (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> >
> > (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
> >
> > (3) Wages recovered pursuant to this section shall be

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 26 -

1    paid to the affected employee . . . .

2    (c) The civil penalties provided for in this section are in
3    addition to any other civil or criminal penalty provided by law.

4    112.   Labor Code section 1194(a) provides:

5    "(a) Notwithstanding any agreement to work for a lesser wage,
6    any employee receiving less than the legal minimum wage or
     the legal overtime compensation applicable to the employee is
7    entitled to recover in a civil action the unpaid balance of the
     full amount of this minimum wage or overtime compensation,
8    including interest thereon, reasonable attorney's fees, and
9    costs of suit."

10   113.   Pursuant to California Labor Code section 1198, the IWC provides the

11   maximum hours of work and standard conditions of labor for California employees.

12   114.   Section 3(A) of IWC Wage Order No. 9-2002 provides in pertinent

13   part:

14   . . . employees shall not be employed more than eight (8)
     hours in any workday or more than 40 hours in any workweek
15   unless the employee receives one and one-half (1 1 /2) times
16   such employee's regular rate of pay for all hours worked over
     40 hours in the workweek. Eight (8) hours of labor constitutes
17   a day's work. Employment beyond eight (8) hours in any
18   workday or more than six (6) days in any workweek is
19   permissible provided the employee is compensated for such
     overtime at not less than:
20
21   (a) One and one-half (11/2) times the employee's
     regular rate of pay for all hours worked in excess of
22   eight (8) hours up to and including 12 hours in any
23   workday, and for the first eight (8) hours worked on the
     seventh (7th) consecutive day of work in a workweek;
24   and

25   (b) Double the employee's regular rate of pay for all
26   hours worked in excess of 12 hours in any workday and
     for all hours worked in excess of eight (8) hours on the
27   seventh (7th) consecutive day of work in a workweek.

28   (c) The overtime rate of compensation required to be

- 27 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

paid to a non-exempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

115. Section 4 of IWC Wage Order No. 9-2002 provides in pertinent part:

(A) Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016 . . . .

(B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

116. Section 2(K) of IWC Wage Order No. 9-2002 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

117. Labor Code section 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

118. Labor Code section 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows… (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per

- 28 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

pay period for each subsequent violation."

119.   Labor Code section 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 510, 512, 514…1194, 1194.1" as provisions of the Code that allow for recovery of civil penalties pursuant to the PAGA.

120.   Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly compensate Plaintiffs and other aggrieved non-exempt employees applicable minimum wage for all regular hours worked and overtime premium pay for hours worked in excess of eight hours per workday, forty hours per workweek, and/or hours worked on the seventh consecutive day in a workweek.

121.   As a direct and proximate result of the Defendants' unlawful acts, as alleged in detail herein, Plaintiffs and other aggrieved non-exempt employees have been deprived, and continue to be deprived, of minimum wages for regular hours worked and proper overtime premium pay for overtime hours worked.

122.   As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiffs and other aggrieved non-exempt employees minimum wages for regular hours worked and proper overtime premium pay for overtime hours worked. Accordingly, Plaintiffs are entitled to recover, and hereby seek through this Representative Action, all civil penalties provided by California Labor Code sections 510, 1194.1, 1197.1 and 2699.5, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

123.   Plaintiffs have fully complied with procedures specified in Labor Code section 2699.3. For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval.

///

*Second Amended* Class and Representative Action Complaint          Case No. 5:18-cv-01633-JGB-SHK

EXHIBIT 1, PAGE 75

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

///

## EIGHTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE MEAL OR REST PERIODS OR MEAL OR REST PERIOD PREMIUM PAY
### (Cal. Lab. Code §§ 218.5, 218.6, 226.7, 512, 2699(f)(2); Cal. Code Regs. tit. 8, § 11090; IWC Wage Order 9, §§ 11-12)
### (On behalf of Plaintiffs and other aggrieved employees as against all Defendants)

124.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 123 above as though fully set forth herein.

125.   Plaintiffs seek civil penalties against Defendants for failure to provide Plaintiffs and other aggrieved non-exempt employees lawful off-duty unpaid meal periods and off-duty paid rest periods, as well as corresponding premium pay for denied meal and rest periods, during the applicable statutory period.

126.   California Labor Code section 226.7 provides in pertinent part:

(a) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . .

(b) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

. . . .

127.   California Labor Code section 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is

- 30 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

128. California Labor Code section 558 provides in pertinent part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee . . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

129. Pursuant to California Labor Code section 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

130. Section 11 of IWC Wage Order No. 9-2002 provides in pertinent part:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 31 -

employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

. . . .

131.    Sections 12(A) and 12(B) of IWC Wage Order No. 9-2002 provide:

(A)Every employer shall authorize and permit all employees to take rest periods, which in so far as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 32 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

132.   Premium pay for denied lawful meal and rest periods is considered a "wage" rather than a penalty. *See Murphy v. Kenneth Cole Prods., Inc*., 40 Cal. 4th 1094, 1114 (2007).

133.   Specifically, Plaintiffs seek to recover civil penalties pursuant to the PAGA that arise from the policies, practices, and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

134.   Defendants' conduct throughout the applicable statutory period, as alleged in more detail herein, violates the aforementioned regulations because Defendants failed to properly provide Plaintiffs and other aggrieved non-exempt employees lawful unpaid, off-duty 30-minute meal periods and paid, off-duty 10-minute rest periods, free from management control, as well as the corresponding required premium pay wages for denied meal and rest periods.

135.   As alleged in more detail above, Defendants denied Plaintiffs and other aggrieved non-exempt employees lawful off-duty meal and rest periods throughout the applicable statutory period. Even when they were provided meal and rest periods of some form during the applicable statutory period, those meal and rest periods were typically on duty, subject to management control and continuance of work-related duties. Since the aggrieved employees were paid at a piece-rate or by-the-mile rate, Defendants failed to comply with paid 10-minute break periods, at least paying minimum wage or a regular rate of compensation in lieu thereof. Defendants' pay policy was a direct violation of *Bluford v. Safeway Inc.,* 216 Cal.App.4th 864 (2013).

136.   Upon information and belief, Plaintiffs and other aggrieved non-

- 33 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  exempt employees did not enter into legally binding written agreements with
2  Defendants agreeing to "on-duty" meal periods, or waiving "off-duty" meal
3  periods. Nor does the nature of their work prevent hourly from being relieved of all
4  duties during meal periods, as off-duty meal periods could be provided without
5  affecting, damaging, or destroying the performance of their work. To the contrary,
6  any inability to take uninterrupted off-duty meal periods was, and is, attributable
7  solely to Defendants' own insufficient staffing models, rather than the general
8  nature of the work performed by Plaintiffs and other aggrieved non-exempt
9  employees.

10      137.   Plaintiffs are informed and believe, and based thereon allege, that all
11  other aggrieved non-exempt employees have substantially similar job
12  responsibilities.

13      138.   Relatedly, despite failing to provide Plaintiffs and other aggrieved
14  non-exempt employees lawful uninterrupted off-duty meal and rest periods
15  throughout the applicable statutory period, Defendants also systematically denied
16  Plaintiffs and other aggrieved non-exempt employees proper premium pay at the
17  rate of one hour of pay at their regular pay rates for each workday they were
18  denied an unpaid, off-duty 30-minute meal period or paid, off-duty 10-minute rest
19  period.

20      139.   As such, Defendants are liable for PAGA penalties resulting from
21  their failure to provide Plaintiffs and other aggrieved non-exempt employees
22  lawful meal and rest periods and the corresponding meal and rest period premium
23  pay. Accordingly, Plaintiffs are entitled to recover, and hereby seek through this
24  Representative Action, all civil penalties provided by California Labor Code
25  sections 226.7, 512, and 558, as well as attorneys' fees and costs pursuant to
26  California Labor Code section 2699(g)(1).

27      140.   Aggrieved employees can recover penalties for denied rest periods
28  under the PAGA, as the civil penalty under California Labor Code section 558

- 34 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1   applies to "any provision regulating hours and days of work in any order" of the
2   IWC, including the rest period requirement. *See Thurman v. Bayshore Transit*
3   *Mgmt., Inc.,* 203 Cal. App. 4th 1112, 1153 (2012).

4       141.   Plaintiffs have fully complied with procedures specified in Labor
5   Code section 2699.3.

6       142.   For purposes of this cause of action, recovery of civil penalties will
7   include the recovery of underpaid wages pursuant to Labor Code sections
8   558(a)(1)-(3), in an amount according to proof and subject to Court approval.

9       **<u>NINTH CAUSE OF ACTION</u>**
10  **CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS & KEEP ACCURATE PAYROLL RECORDS**
11  **(Cal. Lab. Code §§ 226(a), 226.3, 556; Cal. Code Regs. tit. 8, § 11090)**
12  **(On behalf of Plaintiffs and other aggrieved employees as against all Defendants)**

14      143.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 142
15  above as though fully set forth herein.

16      144.   Plaintiffs seek civil penalties against Defendants for failure to provide
17  Plaintiffs and other aggrieved non-exempt employees accurate itemized wage
18  statements during the applicable statutory period.

19      145.   California Labor Code section 226 provides in pertinent part:

20      (a) Every employer shall, semimonthly or at the time of each
21  payment of wages, furnish each of his or her employees, either
22  as a detachable part of the check, draft, or voucher paying the
    employee's wages, or separately when wages are paid by
23  personal check or cash, an accurate itemized statement in
24  writing showing (1) gross wages earned, (2) total hours
    worked by the employee, except for any employee whose
25  compensation is solely based on a salary and who is exempt
    from payment of overtime under subdivision (a) of Section
26  515 or any applicable order of the Industrial Welfare
    Commission, (3) the number of piece-rate units earned and
27  any applicable piece rate if the employee is paid on a piece-
28  rate basis, (4) all deductions, provided that all deductions

- 35 -

made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and  (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

146.   Similarly, Section 7(B) of IWC Wage Order No. 9-2002 provides:

(B) Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

147.   As alleged in more detail above, Defendants violated the above statutes by failing to provide Plaintiffs and other aggrieved non-exempt employees accurate itemized wage statements during the applicable statutory period, which accurately accounted for all hours worked and premium pay owed. The wage statements provided to Plaintiffs and other aggrieved non-exempt employees fail to accurately reflect all overtime hours worked, overtime hourly rates, and/or actual gross wages and net wages earned, for the reasons detailed herein. Additionally, Defendants also failed to account for premium wages owed as a result of denying Plaintiffs and other aggrieved non-exempt employees lawful meal and rest periods, as alleged above.

148.   California Labor Code section 226.3 provides:

Any employer who violates subdivision (a) of Section 226

- 36 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake.

149.   Plaintiffs also seek civil penalties against Defendants for failure to maintain accurate payroll records during the applicable statutory period.

150.   California Labor Code section 1174 provides in pertinent part:

Every person employing labor in this state shall . . . .(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years.

151.   Similarly, Sections 7(A) and (C) of IWC Wage Order No. 9-2002 provide:

(A) Every employer shall keep accurate information with respect to each employee including the following:

(1) Full name, home address, occupation and social security number.

(2) Birth date, if under 18 years, and designation as a minor.

(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be

- 37 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6) When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

(C) All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day and year, and shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. An employee's records shall be available for inspection by the employee upon reasonable request.

152. California Labor Code section 1174.5 provides:

Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174 . . . shall be subject to a civil penalty of five hundred dollars ($500).

153. Specifically, Plaintiffs seek to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate penalty provided by the PAGA statute.

154. As alleged in more detail above, Defendants violated the above statutes by failing to maintain accurate payroll records showing the hours worked daily by, and the wages paid to, Plaintiffs and other aggrieved non-exempt

- 38 -

employees. Defendants' payroll records pertaining to Plaintiffs and other aggrieved non-exempt employees fail to accurately reflect all overtime hours worked, overtime hourly rates, actual gross wages and net wages earned, meal periods, and premium wages owed for denied lawful meal and rest periods.

155.   As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiffs and other aggrieved hourly employee accurate itemized wages statements during the applicable statutory period. Accordingly, Plaintiffs are entitled to recover, and hereby seek through this representative action, all civil penalties provided by California Labor Code sections 226 and 226.3, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

156.   Plaintiffs have fully complied with procedures specified in Labor Code section 2699.3.

157.   For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval.

### TENTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER THE PAGA FOR FAILURE TO TIMELY PAY WAGES OWED
### (Cal. Lab. Code §§ 201-204, 210, 558, 2926, 2927; Cal. Code Regs. tit. 8, § 11090)
### (On behalf of Plaintiffs and other aggrieved employees as against all Defendants

158.   Plaintiffs hereby incorporate by reference Paragraphs 1 through 157 above as though fully set forth herein.

159.   Plaintiffs seek civil penalties against Defendants for their failure to timely pay Plaintiffs and other aggrieved non-exempt employees all wages owed during the applicable statutory period.

160.   Pursuant to California Labor Code section 2926, "[a]n employee who is not employed for a specified term and who is dismissed by his employer is

- 39 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

entitled to compensation for services rendered up to the time of such dismissal."

161.   Pursuant to California Labor Code section 2927, "[a]n employee who is not employed for a specified term and who quits the service of his employer is entitled to compensation for services rendered up to the time of such quitting."

162.   Pursuant to California Labor Code section 201, "[i]f an employer discharges an employee the wages earned and unpaid at the time of discharge are due and payable immediately."

163.   California Labor Code section 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

164.   California Labor Code section 203(a) provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

165.   California Labor Code section 204 provides:

> (a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which

- 40 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

166.  California Labor Code section 210 provides:

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(b) The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties pursuant to this chapter or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and the attorneys thereof may proceed and act for and on behalf of the people in bringing these actions. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor and Workforce Development Agency dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of the General Fund.

167.  Section 20 of IWC Order No. 9-2002 provides in pertinent part:

(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:

(1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

(2) Subsequent Violations — $100.00 for each

- 41 -

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

(3) The affected employee shall receive payment of all wages recovered.

168.   Specifically, Plaintiffs seek to recover civil penalties pursuant to the PAGA that arise from the policies, practices, and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and underpayment of wages as permitted by Labor Code section 558, as a separate civil penalty provided by the PAGA statute.

169.   Defendants violated the above statutes by failing to promptly pay Plaintiffs and other aggrieved non-exempt employees all earned wages due each and every pay period, as well as immediately upon termination and/or within 72 hours upon resignation.

170.   During the applicable statutory period, Defendants violated, and continue to violate, California Labor Code section 204 and Section 20 of IWC Wage Order No. 9-2002 by failing to compensate Plaintiffs and other aggrieved hourly employee overtime premium wages for overtime hours worked, premium pay for denied off-duty meal and rest periods (wages), and other wages due to Plaintiffs and other aggrieved non-exempt employees each pay period, as alleged in more detail herein.

171.   Further, Defendants violated, and continue to violate, California Labor Code sections 210, 202, 2926, and 2927 by failing to compensate employees (including Plaintiffs and other aggrieved non-exempt employees no longer working for Defendants) for services rendered up to the time of dismissal or quitting.

172.   As such, Defendants are liable for PAGA penalties resulting from their failure to timely pay Plaintiffs and other aggrieved non-exempt employees all wages owed each and every pay period, and upon cessation of employment. Accordingly, Plaintiffs are entitled to recover, and hereby seek through this

- 42 -

Representative Action, all civil penalties provided by California Labor Code sections 210 and 558, and IWC Order No. 9-2002, section 20, as well as attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1).

173.   Plaintiffs have fully complied with procedures specified in Labor Code section 2699.3.

174.   For purposes of this cause of action, recovery of civil penalties will include the recovery of underpaid wages pursuant to Labor Code sections 558(a)(1)-(3), in an amount according to proof and subject to Court approval.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all others similarly situated, and as representatives on behalf of the State of California's Labor and Workforce Development Agency ("LWDA"), pray for damages, restitution, civil penalties, and all other proper relief and judgment against all Defendants, jointly and severally, as follows:

1.   That the matter be certified as a class action pursuant to California Code of Civil Procedure section 382 and applicable California Rules of Court;

2.   That Plaintiffs be appointed as the Class Representatives and as Representatives of the California LWDA pursuant to the PAGA;

3.   That counsel for Plaintiffs be appointed Class Counsel and be counsel for the California LWDA absent intervention by the State of California in relation to the PAGA civil penalties claims;

4.   As to the First Cause of Action: To pay all minimum, regular, and/or overtime wages for all hours worked as required by law in an amount according to proof;

5.   As to the Second Cause of Action: To pay all meal period premiums for failure to provide off-duty meal periods as required by law, in an amount according to proof;

6.   As to the Third Cause of Action: To pay all rest period premiums for

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 43 -

failure to provide paid 10-minute rest periods as required by law and the decision in *Bluford v. Safeway Inc.,* 216 Cal.App.4th 864 (2013), in an amount according to proof;

7.      As to the Fourth Cause of Action: For penalty wages of 30-days' pay pursuant to Labor Code section 203 related to Defendants' failure to timely pay all wages due to Plaintiffs and all other terminated or separated Class Members, distributed in a fair and equitable manner in an amount according to proof;

8.      On the Fifth Cause of Action: For statutory penalties under Labor Code sections 226(e) and (g) related to Defendants' failure to provide accurate wage statements to the extent provided by law, up to a maximum of $4,000.00 per Class Member, distributed in a fair and equitable manner in an amount in an amount according to proof;

9.      On the Sixth Cause of Action: For restitution of wages due to Class Members pursuant to Business & Professions Code sections 17200, *et seq.*, distributed in a fair and equitable manner in an amount according to proof and an injunction compelling Defendants to meet their obligation henceforth to properly pay minimum wages and meal and rest period premiums;

10.      On the Seventh Cause of Action: For recovery of all civil penalties for unpaid minimum and regular wages and overtime premium pay for the applicable statutory period as permitted by Labor Code sections 558(a)(3), 2699.3, and 1194.2-1197.1, to be distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

11.      On the Eighth Cause of Action: For recovery of all civil penalties as permitted by Labor Code sections 226.7, 512, 558(a)(3), and 2699.3 for non-compliant meal and rest periods and failure to pay one-hour "premiums" to Plaintiffs and other aggrieved employees to be distributed in the manner provided

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 44 -

by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

12.   On the Ninth Cause of Action: recovery of all civil penalties as permitted by Labor Code sections 226(a) and 226.3 for failing to provide accurate itemized wage statements, to be distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

13.   On the Tenth Cause of Action: For recovery of all civil penalties pursuant to Labor Code section 2699(f)(2) where a statutory civil penalty is not provided, for failing to comply with Labor Code sections 201-203, 210, and 1197, to be distributed in the manner provided by Labor Code section 2699(i) with 75% of recovery to the LWDA and 25% of the recovery to the aggrieved employees in an amount according to proof and subject to approval by the Court;

14.   For reasonable attorneys' fees and costs of suit to the extent permitted by Labor Code sections 218.5, 1194, 1404, 2699(g)(1), and/or California Code of Civil Procedure section 1021.5, in an amount according to proof and subject to Court approval;

15.   For Pre- and post-judgment interest at the legal rate of 10% in the State of California on readily calculable monies due to the extent provided by California law, in an amount according to proof;

16.   For reasonable litigation costs, including costs of administration and accounting;

17.   For the Court to otherwise determine the appropriate remedy to compensate each Plaintiff and Class Member and "aggrieved employee" as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts, and fluid recovery if

- 45 -

1    appropriate; and

2         18.    Any such other and further relief as this Court may deem necessary,

3    just, and/or proper.

4                      **DEMAND FOR JURY TRIAL**

5         Plaintiffs demand a jury trial of all claims triable as of right by jury.

6    Dated: February 26, 2020              **COHELAN KHOURY & SINGER**

7                                          **LEBE LAW APC**

8                                          **DAVID YEREMIAN &**
                                           **ASSOCIATES, INC.**

9                                          **SOMMERS SCHWARTZ, P.C.**

10

11

12                                         By:   s/J. Jason Hill

13                                               Michael D. Singer

14                                               J. Jason Hill
                                           Attorneys for Plaintiffs MARC

15                                         RIVERA and JACQUELYN HUTTO,
                                           individually and on behalf of others

16                                         similarly situated

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 46 -

# EXHIBIT A

# COHELAN KHOURY & SINGER
A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, APLC*
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, APLC♦

(*Also admitted in the District of Columbia)
(♦Also admitted in Colorado)

ATTORNEYS AT LAW

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
www.ckslaw.com

JEFF GERACI △
J. JASON HILL†
JANINE R. MENHENNET

(† Also admitted in Illinois)
(△ Of Counsel)

April 6, 2018

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## LABOR CODE SECTION 2699.3

## NOTICE VIA ONLINE SUBMISSION (https://dir.tfaforms.net/128)

California Labor and Workforce Development Agency

## NOTICE FEE VIA U.S. MAIL

Department of Industrial Relations
Accounting Unit
455 Golden Gate Avenue, 10th Floor
San Francisco, CA 94102

## VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT

Western Express, Inc. doing business as
Western Express Transport of California, Inc.
c/o National Registered Agents, Inc.
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

**Re:** **Notice pursuant to California Labor Code section 2698, *et seq.*, the Private Attorneys General Act ("PAGA") sent by Marc Rivera, on behalf of himself and all "aggrieved" hourly-paid California-based "Truck Drivers" of Western Express, Inc.**

Dear PAGA Administrator:

Our office has been retained to represent aggrieved employee Marc Rivera (hereinafter "Claimant"), who is a former employee of Western Express, Inc. doing business as Western Express Transport of California, Inc. (hereinafter "Western Express"), in connection with investigation of a representative action under California's Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code section 2698, *et seq.*, regarding potential violations of applicable employment laws related to unpaid worktime and rest periods, non-compliant paid rest periods, as well as derivative claims for inaccurate wage statements and failure to timely pay wages due to terminated and/or voluntarily separated employees. Mr.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
Page | 2

Rivera was a piece-rate non-exempt employee of employer from approximately January 2017 to September 2017, with employee ID number 010621.

After initial investigation, Claimant alleges that the Western Express paid drivers solely by mileage and did not pay for pre-and post-trip inspection work duties and waiting time subject to employer control, and other non-driving time performing work duties in violation of California law. See, *Gonzalez v Downtown LA Motors, LP* (2013) 215 Cal.App.4th 36 (employer does not satisfy minimum wage obligations under Wage Orders by averaging "flag-rate" (piece-rate) pay to auto mechanics, which would constitute illegal wage deduction and forfeiture under Labor Code sections 221 and 223; employees entitled to separate hourly compensation for time spent waiting for repair work or performing other non-repair tasks directed by employer during their shifts). Further, Claimant alleges that the employer did not separately pay for compliant 10-minute rest periods in violation of California law. *Bluford v Safeway Inc.* (2013) 216 Cal.App.4th 864 (task-based or piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law).

Further, after investigation, based on the California Division of Labor Standards Enforcement ("DLSE") records, the employer in this case did not timely comply with Labor Code section 226.2.[1] There is no evidence based on initial review of pay records that the employer ever paid one hour of pay at the employee's regular rate of pay as a premium for not authorizing or permitting a compliant 10-minute duty-free rest period as required by Labor Code section 226.7 and/or Industrial Wage Order 9-2001, section 12.

In addition, wage statements appear to show some form of wage deduction for advances provided to employees that appear to be in violation of Labor Code sections 221-223. Nowhere in any of Claimant's personnel files is there an authorization for such a deduction in favor of the Employer.

Finally, initial employee training time pay did not show on wage statements, nor the hours worked or the pay rate provided in violation of California Labor Code section 1194, minimum wage laws, and Labor Code sections 226(a)(1)-(6). There is no indication "hours

---

[1] Labor Code § 226.2 provides employers an affirmative defense against any claims for recovery of wages, liquidated damages, civil penalties, statutory penalties, or premium pay under Labor Code § 226.7 that are based solely on the employer's failure to timely pay piece-rate employees the compensation due for rest and recovery periods and other nonproductive time for wages earned prior to December 31, 2015. The employer must, by no later than December 15, 2016, pay the employee's nonproductive time at the highest of:

- The hourly rate determined by dividing the total compensation for the workweek—exclusive of compensation for rest and recovery periods and any premium compensation for overtime—by the total hours worked during the workweek, exclusive of rest and recovery periods; or
- Minimum wage plus interest; or
- 4 percent of the employee's gross earnings less up to 1 percent paid for nonproductive time for the time period July 1, 2012, to December 31, 2015.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 3

worked" were recorded as required by IWC Wage Order 9-2001, section 1(k) or section 7. At present, without such records, which were requested, at a bare minimum, Western Express failed to supply accurate wage statements to trainee employees in California as required by Labor Code sections 226(a)(1)-(7) and failed to show the mileage rate for non-trainee drivers after their training time was completed.

## Legal and Factual Basis for Claims for PAGA Penalties

### A. Primary Claims for Civil Penalties

Claimant in this case is a former employee of Western Express who worked as a "piece-rate" or paid-by-the-mile driver who operated primarily in the State of California during the applicable limitations period. The other potential claimants and "aggrieved employees" are non-exempt employees who performed identical work under substantially identical piece-rate work rates or by-the-mile pay that did not include pay for pre- and post-trip inspection and waiting time activities, or were not provided separately paid 10-minute off-duty rest periods for approximately every 4 hours worked (or every major fraction thereof).

The pay practices include systematic failure to provide at least minimum wages for pre- and post-trip inspections, waiting time, and other work duties preliminary or after active driving, and the failure to provide paid rest periods based on the employees' regular rate of pay wherein the employees are relieved of all work duties (and can log off systems monitoring) in violation of IWC Wage Order 9-2001, section 12 and Labor Code section 226.7. There is no record of any compliance with Labor Code section 226.7 to pay meal/rest period "premiums" for non-compliant breaks nor is there any record that Western Express ever complied with the Legislative "safe-harbor" provision of Labor Code section 226.2.

Specifically, at present, Western Express continues to violate Labor Code section 226(a) by failing to list the complete and correct name of the employing entity on the wage statements provided to claimant, thus causing confusion as to who is the proper employer under Section 226(a)(8). Rather than stating the correct entity name, "WESTERN EXPRESS, INC. doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC.," the wage statements list "Western Express, Inc.," which can cause confusion if employees search for their employer and discover "Western Express, Inc." is a separate corporation in Fresno, California (Corporation number C2056198). See attached California Secretary of State Documents and redacted wage statements for Claimant, attached as Exhibits 1 and 2, respectively. Since Western Express, Inc., a local California company was already taken, in order to fully comply with proper identification of the employer on wage statements under Labor Code section 226(a)(8), the Employer at minimum should have listed their identity on California-based employee wage statements as "Western Express, Inc., dba (or doing business as) Western Express Transportation of

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 4

California, Inc." in order to prevent the actual confusion caused in this case.[2]  With the full designation, there would have been no confusion as to the identity of Claimant's employer.

Further, the wage statements systematically fail to set forth the number and amount of pay provided and the piece rate for each mile driven and the amount of pay for each rest period for shifts worked in California exceeding 4 hours.  The wage statements also violate Labor Code section 226.2(a), which states:

> (a) For employees compensated on a piece-rate basis during a pay period, the following shall apply for that pay period:
>
>> (1) Employees shall be compensated for rest and recovery periods and other nonproductive time separate from any piece-rate compensation.
>
>> (2) The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:
>
>>> (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

Since wage statements were also derivatively inaccurate by virtue of not including minimum wage owed for non-driving time and rest periods, as well as premiums for non-compliant rest periods, and did not comply with the statutory requirement to list the beginning and ending date of each pay period, Western Express is potentially liable for civil penalties pursuant to Labor Code section 2699(f)(2) and/or civil penalties pursuant to Labor Code section 226.3.

Further, as to separated or terminated aggrieved employees, like Claimant, it appears that the Employer acted willfully in not providing full and complete final pay, including unpaid minimum wages for non-driving time, separate hourly rest period pay, and/or "one hour pay" premiums in a timely manner, even though the Employer was on actual or constructive notice that its use of a piece-rate pay program failed to comply with California law as related to paid 10-minute rest periods for every 4 hours (or major fraction thereof) worked.  This would constitute a violation of Labor Code section 203 and invoke potential civil penalties under Labor Code section 210 and/or Labor Code section 2699(f)(2).

Finally, after reviewing requested personnel records for the Claimant, there is no evidence that the Employer complied with Labor Code section 2810.5 which states in

---

[2]  In fact, counsel sent a records request to both entities, only to have been contacted by the Fresno-based "Western Express, Inc." and told that Rivera never worked there.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 5

pertinent part:

(a) (1) At the time of hiring, an employer shall provide to each employee a written notice, in the language the employer normally uses to communicate employment-related information to the employee, containing the following information:

(A) The rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, as applicable.

(B) Allowances, if any, claimed as part of the minimum wage, including meal or lodging allowances.

(C) The regular payday designated by the employer in accordance with the requirements of this code.

(D) The name of the employer, including any doing business as names used by the employer.

(E) The physical address of the employer s main office or principal place of business, and a mailing address, if different.

(F) The telephone number of the employer.

(G) The name, address, and telephone number of the employer s workers compensation insurance carrier.

(H) That an employee: may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

(I) Any other information the Labor Commissioner deems material and necessary.

(2) The Labor Commissioner shall prepare a template that complies with the requirements of paragraph (1). The template shall be made available to employers in such manner as determined by the Labor Commissioner.

(3) If the employer is a temporary services employer, as defined in Section 201.3, the notice described in paragraph (1) must also include the name, the physical address of the main office, the mailing address if different from the physical address of the main office, and the telephone number of the legal entity for whom the employee will perform work, and any other information the Labor Commissioner deems material and necessary. The requirements of this paragraph do not apply to a security services

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | **6**

company that is licensed by the Department of Consumer Affairs and that solely provides security services.

(b) An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven calendar days after the time of the changes, unless one of the following applies:

(1) All changes are reflected on a timely wage statement furnished in accordance with Section 226.

(2) Notice of all changes is provided in another writing required by law within seven days of the changes.....

Nothing in the records provided show any compliance with California Labor Code section 2810.5 as it relates to Claimant or other aggrieved employees.

Should the LWDA not intervene or investigate, Claimant will utilize California Labor Code section 1195.5 as a basis to engage in an accounting of wages and assessment of penalties.[3]

### B. Derivative Claims for Civil Penalties

### (1) Late Pay Claims – Labor Code §§ 203 and 210

Because Western Express knew of the issues related to paid rest breaks, and did not comply with Labor Code section 226.2's "safe harbor" provisions, the Employer willfully, intentionally, and knowingly engaged in unlawful patterns and practices regarding its piece-rate drivers in California in violation of California overtime laws and in violation of Wage Order 9-2001, section 12. Therefore, Western Express is liable for civil penalties for failure to timely pay wages due within the requirements of Labor Code sections 201- 202, including but not limited to failing to pay final wages until the next regular pay date. The company also did not pay a day's wages for every day final pay was not paid through the date final wages were paid, as required by Labor Code section 203. Thus, Claimant and other aggrieved employees are entitled to seek recovery of civil penalties for each pay period for each aggrieved employee who was not paid overtime wages in compliance with Sections 201-202, and for each separated or terminated employee in the applicable limitations period, Claimant may recover civil penalties pursuant to Labor Code section 203, since regular and overtime wages due and owing were not paid within the applicable timeframe.

---

[3]  Labor Code § 1195.5 states: "The Division of Labor Standards Enforcement shall determine, upon request, whether the wages of employees, which exceed the minimum wages fixed by the commission, have been correctly computed and paid. For this purpose, the division may examine the books, reports, contracts, payrolls and other documents of the employer relative to the employment of employees. The division shall enforce the payment of any sums found, upon examination, to be due and unpaid to the employees."

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 7

Similarly, civil penalties for violations may be assessed and recovered pursuant to Labor Code section 210, which states:

> (a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:
>
>> (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>>
>> (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

### (2)  Inaccurate Wage Statement Claims – Labor Code §§ 226(a) and 226.3

Also, as a direct result of Western Express's knowing and willful implementation of a systematic policy that failed to pay one-hour rest period "premiums" in the manner required by California law, each of the wage statements issued to Claimant and other aggrieved employees failed to state the correct number of hours worked, and the applicable rates of regular, overtime, and double-time pay required, and were therefore inaccurate and in violation of Labor Code section 226, which states in pertinent part:

> (a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, *an accurate itemized statement in writing showing*
>
>> (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid

By failing to pay rest period premiums as required by the Labor Code and Wage Order 9-2001, and by failing to show the "inclusive dates of the pay period for which the employee is paid," Western Express violated Labor Code sections 226(a) (1), (2), (5) and (6), and acted willfully and knowingly in violation of Labor Code section 226(e) because it understated hours worked, failed to provide applicable pay rates, including premium wages and rates, failed to show proper gross wages within the inclusive dates of each pay period.

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 8

Pursuant to the PAGA, Claimant will seek recovery of civil penalties as permitted by Labor Code section 2699(f)(2) and/or Labor Code section 226.3, which states in pertinent part:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

### (3)  Trainee Pay Claims

As indicated above, trainee pay was provided to employees in California, but wage statements fail to state the total "hours worked" as required by Labor Code section 226(a) and fail to show the rate of pay provided.  Thus, at a minimum, the wage statements are in violation.  If the hours worked did not meet minimum wage requirements or daily/weekly overtime requirements, then additional violations are at issue since any estimate of hours worked by employees during training will be the only evidence as to actual hours subject to the Employer's control. Civil penalties will be available under the Wage Order, and all California minimum wage and overtime statutes, as applicable for the trainees in California.

### (4)  Deductions from Pay under Labor Code §§ 221-224

Claimant also has wage statements showing advance pay and fees levied thereon by the Employer. However, there is no advance authorization for such deductions and it is believed that many aggrieved employees were subject to illegally deducted fees for such advancements in pay by the Employer without having pre-authorization.  Thus, Claimant will seek civil penalties for each pay period where an unauthorized Employer advance fee deduction was taken as being in violation of Labor Code sections 221-224 and there is no record of such approved authorization by the aggrieved employee.

### (5)  Civil Penalties to Recover "Underpaid Wages" Labor Code § 558(a)

Finally, as part of Claimant's and other aggrieved employees' recovery of civil penalties, Claimant will seek underpaid minimum, regular, and/or overtime wages for non-driving work duties, as well unpaid wages for rest periods at the workers' regular rate of pay, and unpaid premium wages owed for Western Express's failure to separately pay Claimant and other aggrieved piece-rate drivers for rest periods, owed at their regular rate of compensation pursuant to Labor Code section 226.7 and the applicable Wage Order for each shift during the applicable limitations period, as provided under Labor Code section 558, which provides:

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | 9

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

### Conclusion

Claimant intends to file a PAGA complaint in a California Superior Court alleging the aforementioned violations. Claimant awaits notice from the LWDA as to whether it intends to pursue the matter, or whether Western Express will elect to cure remedies. Should the LWDA not intervene or investigate, Claimant intends to file a PAGA Representative Action against Western Express or any person responsible pursuant to Labor Code section 558.1 to recover civil penalties within 65 days of this Notice.

Sincerely,
**COHELAN KHOURY & SINGER**

J. Jason Hill, Esq.

Enclosures
Exhibit 1 - California Secretary of State Statements of Information
Exhibit 2 - Redacted Wage Statements for Claimant

California Labor and Workforce Development Agency
Re: Western Express, Inc. dba Western Express Transport of California, Inc.
April 6, 2018
P a g e | **10**

cc:
**<u>Via Certified Mail With Return Receipt</u>**
Western Express, Inc.
7135 Centennial Place
Nashville, TN 37209

**<u>Via First Class Mail</u>**
Jonathan M. Lebe, Esq.
Lebe Law APC
777 S. Alameda Street, Second Floor
Los Angeles, CA 90021

# EXHIBIT 1



# State of California

## Secretary of State

**Statement of Information**
(Foreign Corporation)

**FEES (Filing and Disclosure): $25.00. If amendment, see instructions.**
**IMPORTANT - READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

| F |

**E-H59505**

**FILED**

In the office of the Secretary of
State of the State of California

**Dec - 5 2011**

This Space For Filing Use Only

**1. CORPORATE NAME**

C2802026
WESTERN EXPRESS, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS
WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC.

7135 CENTENNIAL PLACE
NASHVILLE TN 37209

**DUE DATE:**

**No Change Statement** ( Not applicable if agent address of record is a P.O. Box address. See instructions.)

2. ☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed **to Item 12.**

If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement has been previously filed, this form must be completed in its entirety.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 3 and 4 cannot be P.O. Boxes.)

| 3. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 7135 CENTENNIAL PLACE       NASHVILLE  TN 37209 | | | |

| 4. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| 5. MAILING ADDRESS OF THE CORPORATION, IF DIFFERENT THAN ITEM 3 | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 6. CHIEF EXECUTIVE OFFICER/          ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| PAUL L. WIECK  7135 CENTENNIAL PLACE    NASHVILLE, TN 37209 | | | |

| 7. SECRETARY          ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| ROLAND M. LOWELL  7135 CENTENNAIL PLACE    NASHVILLE, TN 37209 | | | |

| 8. CHIEF FINANCIAL OFFICER/          ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| RICHARD C. PRICKETT, JR.  7135 CENTENNIAL PLACE   NASHVILLE TN 37209 | | | |

**Agent for Service of Process** (If the agent is an individual, the agent must reside in California and Item 10 must be completed with a California street address (a P.O. Box is not acceptable). If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 10 must be left blank.)

**9. NAME OF AGENT FOR SERVICE OF PROCESS**

NATIONALREGISTERED AGENTS. INC.

| 10. STREET ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, **IF AN INDIVIDUAL** | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

**Type of Business**

**11. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION**

TRANSPORTATION

**12. THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT.**

| 12/05/2011 | ROLAND M. LOWELL | SECRETARY | |
|---|---|---|---|
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

| SI-350 (REV 10/2010) | | APPROVED BY SECRETARY OF STATE |



# State of California
## Secretary of State

**STATEMENT OF INFORMATION**
(Domestic Stock Corporation)

**S**

# E-335987

## FILED

In the office of the Secretary of State
of the State of California

## Dec - 7 2006

| FEES (Filing and Disclosure): $25.00. If amendment, see instructions. |
|---|
| **IMPORTANT - READ INSTRUCTIONS BEFORE COMPLETING THIS FORM** |

1. CORPORATE NAME (Please do not alter if name is preprinted.)
C2056198
WESTERN EXPRESS, INC.

4324 E. ASHLAN
FRESNO, CA 93726

This Space For Filing Use Only

**CALIFORNIA CORPORATE DISCLOSURE ACT** (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year. Please see reverse for additional information regarding publicly traded corporations.

**COMPLETE ADDRESSES FOR THE FOLLOWING** (Do not abbreviate the name of the city. Items 2 and 3 cannot be P.O. Boxes.)

| 2. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | | ZIP CODE |
|---|---|---|---|
| 4324 E. ASHLAN   FRESNO, CA 93726 | | | |

| 3. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4324 E. ASHLAN   FRESNO, CA 93726 | | | |

**NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS** (The corporation must have these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| 4. CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| BETTY S MAGAN  4324 E. ASHLAN   FRESNO, CA 93726 | | | |

| 5. SECRETARY/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| SHAEN   MAGAN  4324 E. ASHLAN   FRESNO, CA 93726 | | | |

| 6. CHIEF FINANCIAL OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| BETTY S MAGAN  4324 E. ASHLAN   FRESNO, CA 93726 | | | |

**NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS** (The corporation must have at least one director. Attach additional pages, if necessary.)

| 7. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| BETTY S MAGAN   4324 E. ASHLAN   FRESNO, CA 93726 | | | |

| 8. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

| 9. NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| | | | |

10. NUMBER OF VACANCIES ON THE BOARD OF DIRECTIONS, IF ANY:

**AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and Item 12 must be completed with a California address. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 12 must be left blank.)

11. NAME OF AGENT FOR SERVICE OF PROCESS

BETTY S MAGAN

| 12. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 4324 E. ASHLAN   FRESNO, CA 93726 | | | |

**TYPE OF BUSINESS**

13. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION

TRUCKING

14. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| SHAEN  MAGAN | | SECRETARY | 12/07/2006 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

| SI-200 C (REV 03/2005) | APPROVED BY SECRETARY OF STATE |
|---|---|

# EXHIBIT 2

| CO | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
|----|------|-------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000041799 | 1 |

**Earnings   Statement**



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 01/15/2017 |
|---|---|
| Period Ending: | 01/21/2017 |
| Pay Date: | 01/27/2017 |

Taxable Marital Status: Single
Exemptions/Allowances:
   Federal:   0
   CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

**Earnings**

| | rate | hours | this period | year to date |
|---|---|---|---|---|
| Trainee Pay | | | 128.57 | 128.57 |
| **Gross Pay** | | | **$128.57** | 128.57 |

**Deductions**

| Statutory | | |
|---|---|---|
| Federal Income Tax | -8.43 | 8.43 |
| Social Security Tax | -7.97 | 7.97 |
| Medicare Tax | -1.86 | 1.86 |
| CA SUI/SDI Tax | -1.16 | 1.16 |

| Other | | |
|---|---|---|
| Advance | -61.00 | 61.00 |
| Advance Fee | -1.00 | 1.00 |
| Per Diem | | -128.57 |

| Adjustment | |
|---|---|
| Per Diem | +128.57 |

| **Net Pay** | **$175.72** |
|---|---|
| Checking | -175.72 |

| **Net Check** | **$0.00** |
|---|---|

Your federal taxable wages this period are $128.57

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000041799 |
|---|---|
| Pay date: | 01/27/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxx8577 | xxxx xxxx | $175.72 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
|-----|------|-------|-------|-----------|-----|
| TBT | 010821 | 100000 | RIVMA | 0000061803 | 1 |

## Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| | |
|---|---|
| Period Beginning: | 01/22/2017 |
| Period Ending: | 01/28/2017 |
| Pay Date: | 02/03/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:     0
CA:           0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Trainee Pay | | | 225.00 | 353.57 |
| **Gross Pay** | | | **$225.00** | 353.57 |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -16.15 | 26.58 |
| | Social Security Tax | -13.95 | 21.92 |
| | Medicare Tax | -3.27 | 5.13 |
| | CA SUI/SDI Tax | -2.02 | 3.18 |
| | **Other** | | |
| | Advance | -60.00 | 121.00 |
| | Advance Fee | -1.00 | 2.00 |
| | Per Diem | | -353.57 |
| | **Adjustment** | | |
| | Per Diem | +225.00 | |
| | **Net Pay** | **$351.61** | |
| | Checking | -351.61 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $225.00

© 2000 ADP, LLC

WESTERN  EXPRESS , INC
7135  CENTENNIAL  PLACE
NASHVILLE , TN 37209

Advice number:          00000051803
Pay date:                    02/03/2017

Deposited  to the account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|-----------------|--------------|--------|
| xxxxxxxxxxxx8577 | xxxx  xxxx | $351.61 |

**THIS IS NOT A CHECK**

## NON-NEGOTIABLE

| CO  | FILE   | DEPT.  | CLOCK | VCHR. NO.  | 130 |
|-----|--------|--------|-------|------------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000061843 | 1   |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

# Earnings  Statement



Period Beginning: 01/29/2017
Period Ending: 02/04/2017
Pay Date: 02/10/2017

Taxable Marital Status: Single
Exemptions/Allowances:
   Federal: 0
   CA: 0

**REDACTED**

**MARC  RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Trainee  Pay |  |  | 225.00 | 578.57 |
| **Gross Pay** |  |  | **$225.00** | 578.57 |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
|  | Federal  Income  Tax | -18.15 | 44.73 |
|  | Social  Security  Tax | -13.95 | 35.87 |
|  | Medicare  Tax | -3.26 | 8.39 |
|  | CA  SUI/SDI  Tax | -2.03 | 5.21 |
|  | **Other** |  |  |
|  | Advance | -40.00 | 161.00 |
|  | Advance  Fee | -1.00 | 3.00 |
|  | Per  Diem |  | -578.57 |
|  | **Adjustment** |  |  |
|  | Per  Diem | +225.00 |  |
|  | **Net Pay** | **$371.61** |  |
|  | Checking | -371.61 |  |
|  | **Net Check** | **$0.00** |  |

Your  federal  taxable  wages  this  period  are  $225.00

© 2000 ADP  LLC

WESTERN  EXPRESS , INC
7135  CENTENNIAL  PLACE
NASHVILLE , TN 37209

Advice number: 00000061843
Pay date: 02/10/2017

Deposited  to the account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|-----------------|--------------|--------|
| xxxxxxxxxxxx8577 | xxxx  xxxx | $371.61 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 190 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 00000071813 | 1 |

# Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 02/05/2017 |
|---|---|
| Period Ending: | 02/11/2017 |
| Pay Date: | 02/17/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
　Federal:　　0
　CA:　　　　0

**REDACTED**

## MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Trainee Pay | | | 225.00 | 803.57 |
| **Gross Pay** | | | **$225.00** | 803.57 |

| Deductions | Statutory | this period | year to date |
|---|---|---|---|
| | Federal Income Tax | -18.15 | 62.88 |
| | Social Security Tax | -13.95 | 49.82 |
| | Medicare Tax | -3.26 | 11.65 |
| | CA SUI/SDI Tax | -2.02 | 7.23 |
| | **Other** | | |
| | Advance | -60.00 | 221.00 |
| | Advance Fee | -1.00 | 4.00 |
| | Per Diem | | -803.57 |
| | **Adjustment** | | |
| | Per Diem | +225.00 | |
| | **Net Pay** | **$351.62** | |
| | Checking | -351.62 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $225.00

© 2000 ADP  LLC

WESTERN  EXPRESS , INC
7135  CENTENNIAL  PLACE
NASHVILLE , TN 37209

| Advice number: | 00000071813 |
|---|---|
| Pay date: | 02/17/2017 |

Deposited  to the account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|---|---|---|
| xxxxxxxxxxxxx8577 | xxxx  xxxx | $351.62 |

THIS IS NOT A CHECK

## NON-NEGOTIABLE

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000081823 | 1 |

**Earnings Statement**

ADP

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| | |
|---|---|
| Period Beginning: | 02/12/2017 |
| Period Ending: | 02/18/2017 |
| Pay Date: | 02/24/2017 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 26.23 | 26.23 |
| Trainee Pay | | | 96.43 | 900.00 |
| Gross Pay | | | $122.66 | 926.23 |

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Miles Driven | 43.00 | |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -7.84 | 70.72 |
| | Social Security Tax | -7.61 | 57.43 |
| | Medicare Tax | -1.78 | 13.43 |
| | CA SUI/SDI Tax | -1.11 | 8.34 |
| | **Other** | | |
| | Advance | -60.00 | 281.00 |
| | Advance Fee | -1.00 | 5.00 |
| | Per Diem | | -906.02 |
| | **Adjustment** | | |
| | Per Diem | +102.45 | |
| | **Net Pay** | $145.77 | |
| | Checking | -145.77 | |
| | **Net Check** | $0.00 | |

Your federal taxable wages this period are $122.66

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| | |
|---|---|
| Advice number: | 00000081823 |
| Pay date: | 02/24/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| xxxxxxxxxxxxx8577 | xxxx xxxx | $145.77 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 136 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000091800 | 1 |

# Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 02/19/2017
Period Ending: 02/25/2017
Pay Date: 03/03/2017

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 418.12 | 444.35 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$418.12** | 1,344.35 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,925.00 | |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -47.12 | 117.84 |
| | Social Security Tax | -25.92 | 83.35 |
| | Medicare Tax | -6.06 | 19.49 |
| | CA State Income Tax | -5.76 | 5.76 |
| | CA SUI/SDI Tax | -3.76 | 12.10 |

| Other | | |
|-------|---|---|
| Advance | -160.00 | 441.00 |
| Advance Fee | -2.00 | 7.00 |
| Per Diem | | -1,315.52 |
| Scale Ticket | | -33.00 |

| Adjustment | | |
|------------|---|---|
| Per Diem | +409.50 | |
| Scale Ticket | +33.00 | |

| **Net Pay** | **$610.00** |
|-------------|-------------|
| Checking | -610.00 |
| **Net Check** | **$0.00** |

Your federal taxable wages this period are $418.12

© 2000 ADP, LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number: 00000091800
Pay date: 03/03/2017

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| XXXXXXXXXXXX8577 | XXXX  XXXX | $610.00 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO | FILE | DEPT | CLOCK | VGHR. NO | 130 |
|---|---|---|---|---|---|
| TBT | 010821 | 100000 | RIVMA | 0000101813 | 1 |

## Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 02/26/2017 |
|---|---|
| Period Ending: | 03/04/2017 |
| Pay Date: | 03/10/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
   Federal:   0
   CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 279.00 | 723.35 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$279.00** | 1,623.35 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 1,395.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -26.25 | 144.09 |
| | Social Security Tax | -17.30 | 100.65 |
| | Medicare Tax | -4.05 | 23.54 |
| | CA State Income Tax | -2.70 | 8.48 |
| | CA SUI/SDI Tax | -2.51 | 14.61 |
| | **Other** | | |
| | Advance | -80.00 | 521.00 |
| | Advance Fee | -1.00 | 8.00 |
| | Us Legal Serv | -7.61 | 7.61 |
| | Per Diem | | -1,510.82 |
| | Scale Ticket | | -55.00 |
| | **Adjustment** | | |
| | Per Diem | +195.30 | |
| | Scale Ticket | +22.00 | |
| | **Net Pay** | | **$354.88** |
| | Checking | -354.88 | |
| | **Net Check** | | **$0.00** |

Your federal taxable wages this period are $279.00

© 2000 ADP, LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000101813 |
|---|---|
| Pay date: | 03/10/2017 |

THIS IS NOT A CHECK

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxxx8577 | xxxx xxxx | $354.88 |

## NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
| TRT | 010621 | 100000 | RIVMA | 0000111743 | 1 |

**Earnings   Statement**



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 03/05/2017 |
| Period Ending: | 03/11/2017 |
| Pay Date: | 03/17/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
  Federal:   0
  CA:   0

**REDACTED**

MARC   RIVERA

Social Security Number: ▮▮▮▮▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 246.56 | 969.91 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$246.56** | 1,869.91 |

Your federal taxable wages this period are $246.56

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 1,664.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -21.38 | 165.47 |
| | Social Security Tax | -15.28 | 115.93 |
| | Medicare Tax | -3.57 | 27.11 |
| | CA SUI/SDI Tax | -2.22 | 16.83 |
| | CA State Income Tax | | 8.46 |

| Other | | |
|---|---|---|
| Advance | -355.00 | 876.00 |
| Advance Fee | -1.00 | 9.00 |
| Us Legal Serv | -7.61 | 15.22 |
| Lumper | | -275.00 |
| Per Diem | | -1,743.78 |
| Scale Ticket | | -77.00 |

| Adjustment | | |
|---|---|---|
| Lumper | +275.00 | |
| Per Diem | +232.98 | |
| Scale Ticket | +22.00 | |

| **Net Pay** | **$370.46** |
|---|---|
| Checking | -370.46 |
| **Net Check** | **$0.00** |

©1989 ADP LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000111743 |
| Pay date: | 03/17/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxxx8577 | xxxx  xxxx | $370.46 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000121737 | 1 |

## Earnings   Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| | |
|---|---|
| Period Beginning: | 03/12/2017 |
| Period Ending: | 03/18/2017 |
| Pay Date: | 03/24/2017 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 332.08 | 1,301.99 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$332.08** | 2,201.99 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,088.00 | |

| Deductions | Statutory | | |
|-----------|-----------|---|---|
| | Federal Income Tax | -34.21 | 199.68 |
| | Social Security Tax | -20.59 | 136.52 |
| | Medicare Tax | -4.82 | 31.93 |
| | CA State Income Tax | -3.87 | 12.33 |
| | CA SUI/SDI Tax | -2.99 | 19.82 |

| | Other | | |
|---|-------|---|---|
| | Advance | -80.00 | 956.00 |
| | Advance Fee | -1.00 | 10.00 |
| | Us Legal Serv | -7.61 | 22.83 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,037.50 |
| | Scale Ticket | | -77.00 |

| | Adjustment | | |
|---|------------|---|---|
| | Per Diem | +293.72 | |
| | **Net Pay** | **$470.71** | |
| | Checking | -470.71 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $332.08

© 2000 ADP, LLC.

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| | |
|---|---|
| Advice number: | 00000121737 |
| Pay date: | 03/24/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| xxxxxxxxxxxxx8577 | xxxx  xxxx | $470.71 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|----|------|------|-------|-----------|-----|
| 7BT. | 010621 | 100000 | RIVMA | 0000131757 | 1 |

## Earnings Statement

**ADP**

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 03/19/2017
Period Ending: 03/25/2017
Pay Date: 03/31/2017

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 133.86 | 1,435.85 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$133.86** | 2,335.85 |

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| Miles Driven | 846.00 | |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -8.96 | 208.64 |
| | Social Security Tax | -8.30 | 144.82 |
| | Medicare Tax | -1.94 | 33.87 |
| | CA SUI/SDI Tax | -1.20 | 21.02 |
| | CA State Income Tax | | 12.33 |
| | **Other** | | |
| | Advance | -80.00 | 1,038.00 |
| | Advance Fee | -1.00 | 11.00 |
| | Us Legal Serv | -7.81 | 30.44 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,155.94 |
| | Scale Ticket | | -88.00 |
| | **Adjustment** | | |
| | Per Diem | +118.44 | |
| | Scale Ticket | +11.00 | |
| | **Net Pay** | **$154.29** | |
| | Checking | -154.29 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $133.86

---

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number: 00000131757
Pay date: 03/31/2017

**THIS IS NOT A CHECK**

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| XXXXXXXXXXXX8577 | XXXX XXXX | $154.29 |

**NON-NEGOTIABLE**

| CO. TBT | FILE 010621 | DEPT 100000 | CLOCK RIVMA | VCHR. NO. 0000141753 | 130 1 |
|---------|-------------|-------------|-------------|----------------------|-------|

**Earnings   Statement**

ADP

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 03/26/2017 |
| Period Ending: | 04/01/2017 |
| Pay Date: | 04/07/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:    0
CA:         0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Detention Pay | | | 2.50 | 2.50 |
| Mileage Pay | | | 262.17 | 1,698.02 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$264.67** | 2,600.52 |

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Miles Driven | 1,854.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -24.10 | 232.74 |
| | Social Security Tax | -16.41 | 161.23 |
| | Medicare Tax | -3.84 | 37.71 |
| | CA State Income Tax | -2.39 | 14.72 |
| | CA SUI/SDI Tax | -2.38 | 23.40 |
| | **Other** | | |
| | Advance | -40.00 | 1,076.00 |
| | Advance Fee | -0.50 | 11.50 |
| | Us Legal Serv | -7.61 | 38.05 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,415.50 |
| | Scale Ticket | | -88.00 |
| | **Adjustment** | | |
| | Per Diem | +259.56 | |
| | **Net Pay** | **$427.00** | |
| | Checking | -427.00 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are $264.67

© 2000 ADP, LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000141753 |
| Pay date: | 04/07/2017 |

*THIS IS NOT A CHECK*

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| xxxxxxxxxxxx8577 | xxxx  xxxx | $427.00 |

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO | 130 |
|-----|------|------|-------|----------|-----|
| TBT | 010821 | 100000 | RVMA | 0000151272 | 1 |

# Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 04/02/2017
Period Ending: 04/08/2017
Pay Date: 04/14/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

## Earnings

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 97.00 | 1,795.02 |
| Tuition Pay | | | 200.00 | 200.00 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| **Gross Pay** | | | **$297.00** | 2,897.52 |

Your federal taxable wages this period are $297.00

**Other Benefits and Information**

| | this period | total to date |
|---|-------------|---------------|
| Miles Driven | | 485.00 |

## Deductions

### Statutory

| | |
|---|---|
| Federal Income Tax | -28.95 |
| Social Security Tax | -18.42 |
| Medicare Tax | -4.30 |
| CA State Income Tax | -3.10 |
| CA SUI/SDI Tax | -2.68 |

| | year to date |
|---|---|
| | 261.69 |
| | 179.65 |
| | 42.01 |
| | 17.82 |
| | 26.08 |

### Other

| | this period | year to date |
|---|---|---|
| Advance | -45.00 | 1,121.00 |
| Advance Fee | -0.50 | 12.00 |
| Us Legal Serv | -7.61 | 45.66 |
| Lumper | | -275.00 |
| Per Diem | | -2,483.40 |
| Scale Ticket | | -99.00 |

### Adjustment

| | |
|---|---|
| Per Diem | +67.90 |
| Scale Ticket | +11.00 |

| **Net Pay** | **$265.34** |
|---|---|
| Checking | -265.34 |
| **Net Check** | **$0.00** |

© 2000 ADP  LLC

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:   00000151772
Pay date:   04/14/2017

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| xxxxxxxxxxxx8577 | XXXX XXXX | $265.34 |

THIS IS NOT A CHECK

## NON-NEGOTIABLE

| CO. | FILE | DEPT | CLOCK | VCHR NO. | 130 |
| TBT | 010621 | 100090 | RIVMA | 0000161760 | 1 |

**Earnings   Statement**   

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:   04/09/2017
Period Ending:   04/15/2017
Pay Date:   04/21/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

**REDACTED**

**MARC RIVERA**

Social Security Number:

| **Earnings** | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 445.40 | 2,240.42 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$445.40** | 3,342.92 |

Your federal taxable wages this period are $445.40

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,956.00 | |

| **Deductions** | **Statutory** | | |
|---|---|---|
| | Federal Income Tax | -51.20 | 312.89 |
| | Social Security Tax | -27.61 | 207.26 |
| | Medicare Tax | -6.46 | 48.47 |
| | CA State Income Tax | -6.37 | 24.19 |
| | CA SUI/SDI Tax | -4.01 | 30.09 |
| | **Other** | | |
| | Advance | -40.00 | 1,161.00 |
| | Advance Fee | -0.50 | 12.50 |
| | Us Legal Serv | -7.61 | 53.27 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,738.20 |
| | Scale Ticket | | -99.00 |
| | **Adjustment** | | |
| | Per Diem | +254.60 | |
| | **Net Pay** | **$556.44** | |
| | Checking | -556.44 | |
| | **Net Check** | **$0.00** | |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:   00000161760
Pay date:   04/21/2017

**THIS IS NOT A CHECK**

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxxx8577 | xxxx xxxx | $556.44 |

**NON-NEGOTIABLE**

| CO. TBT | FILE 010621 | DEPT. 100000 | CLOCK RIVMA | VCHR. NO. 0000171806 | 130 1 |
|---|---|---|---|---|---|

## Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 04/16/2017 |
|---|---|
| Period Ending: | 04/22/2017 |
| Pay Date: | 04/28/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:  0
CA:  0

**REDACTED**

**MARC  RIVERA**

Social Security Number:

| **Earnings** | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 395.20 | 2,635.62 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$395.20** | 3,738.12 |

Your federal taxable wages this period are $395.20

**Other Benefits and Information**

| | this period | total to date |
|---|---|---|
| Miles Driven | 2,470.00 | |

| **Deductions** | **Statutory** | | |
|---|---|---|---|
| | Federal Income Tax | -43.67 | 356.58 |
| | Social Security Tax | -24.50 | 231.78 |
| | Medicare Tax | -5.73 | 54.20 |
| | CA State Income Tax | -5.26 | 29.45 |
| | CA SUI/SDI Tax | -3.55 | 33.64 |
| | **Other** | | |
| | Advance | -213.95 | 1,374.95 |
| | Advance Fee | -5.00 | 17.50 |
| | Us Legal Serv | -7.61 | 60.88 |
| | Lumper | | -275.00 |
| | Per Diem | | -2,911.10 |
| | Scale Ticket | | -99.00 |
| | **Adjustment** | | |
| | Per Diem | +172.90 | |
| | **Net Pay** | **$258.83** | |
| | Checking | -258.83 | |
| | **Net Check** | **$0.00** | |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000171806 |
|---|---|
| Pay date: | 04/28/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxxxx8577 | xxxx xxxx | $258.83 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000161780 | 1 |

## Earnings   Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| | |
|---|---|
| Period  Beginning: | 04/23/2017 |
| Period  Ending: | 04/29/2017 |
| Pay  Date: | 05/05/2017 |

Taxable  Marital Status:   Single
Exemptions/Allowances:
Federal:              0
CA.                   0

**REDACTED**

**MARC  RIVERA**

Social Security  Number:

### Earnings

| Earnings | rate | hours | this period | year  to date |
|----------|------|-------|-------------|---------------|
| Mileage  Pay | | | 392.64 | 3,028.26 |
| Trk  Rec | | | 100.00 | 100.00 |
| Detention  Pay | | | | 2.50 |
| Trainee  Pay | | | | 900.00 |
| Tuition  Pay | | | | 200.00 |
| Gross  Pay | | | $492.64 | 4,230.76 |

Your  federal  taxable  wages  this  period  are  $492.64

### Other  Benefits  and Information

| Information | this  period | total  to  date |
|-------------|--------------|-----------------|
| Miles  Driven | 2,454.00 | |

### Deductions

| | Statutory | | |
|---|-----------|---|---|
| | Federal  Income  Tax | -58.30 | 414.86 |
| | Social  Security  Tax | -30.55 | 262.31 |
| | Medicare  Tax | -7.15 | 61.35 |
| | CA  State  Income  Tax | -8.45 | 37.90 |
| | CA  SUI/SDI  Tax | -4.44 | 38.08 |
| | **Other** | | |
| | Advance | -316.60 | 1,691.55 |
| | Advance  Fee | -5.00 | 22.50 |
| | Us  Legal  Serv | -7.61 | 68.49 |
| | Lumper | | -275.00 |
| | Per  Diem | | -3,132.58 |
| | Scale  Ticket | | -110.00 |
| | **Adjustment** | | |
| | Per  Diem | +221.48 | |
| | Scale  Ticket | +11.00 | |
| | **Net Pay** | $287.02 | |
| | Checking | -287.02 | |
| | **Net  Check** | $0.00 | |

© 2000 ADP, LLC

WESTERN  EXPRESS , INC
7135  CENTENNIAL  PLACE
NASHVILLE , TN 37209

| | |
|---|---|
| Advice number: | 00000161780 |
| Pay  date: | 05/05/2017 |

**THIS IS NOT A CHECK**

Deposited  to  the  account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|-----------------|--------------|--------|
| xxxxxxxxxxxxx8577 | xxxx  xxxx | $287.02 |

## NON-NEGOTIABLE

| CO | FILE | DEPT. | CLOCK | VCHR NO | 130 |
|----|------|-------|-------|---------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000201768 | 1 |

## Earnings   Statement



WESTERN EXPRESS, INC
7136 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 05/07/2017
Period Ending: 05/13/2017
Pay Date: 05/19/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:   0
CA:   0

**MARC RIVERA**

**REDACTED**

Social Security Number: ▮

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 195.62 | 3,223.78 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$195.62** | 4,426.28 |

Your federal taxable wages this period are $195.62

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Miles Driven | 1,222.00 | |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -15.13 | 429.99 |
| | Social Security Tax | -12.12 | 274.43 |
| | Medicare Tax | -2.83 | 64.18 |
| | CA SUI/SDI Tax | -1.76 | 39.84 |
| | CA State Income Tax | | 37.90 |
| | **Other** | | |
| | Advance | -86.45 | 1,776.00 |
| | Advance Fee | -2.00 | 24.50 |
| | Us Legal Serv | -7.61 | 76.10 |
| | Lumper | | -275.00 |
| | Per Diem | | -3,218.12 |
| | Scale Ticket | | -110.00 |
| | **Adjustment** | | |
| | Per Diem | +85.54 | |
| | **Net Pay** | **$153.16** | |
| | Checking | -153.16 | |
| | **Net Check** | **$0.00** | |

© 2000 ADP  LLC

WESTERN EXPRESS , INC
7136 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number:   00000201768
Pay date:   05/19/2017

Deposited to the account of
MARC RIVERA

| | account number | transit ABA | amount |
|---|----------------|-------------|--------|
| | xxxxxxxxxxxx8577 | xxxx xxxx | $153.16 |

**THIS IS NOT A CHECK**

## NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO | 180 |
|-----|------|-------|-------|----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000211753 | 1 |

## Earnings Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning: 05/14/2017
Period Ending: 05/20/2017
Pay Date: 05/26/2017

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 478.40 | 3,702.18 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$478.40** | 4,904.68 |

Your federal taxable wages this period are $478.40

Other Benefits and

| Information | this period | total to date |
|-------------|-------------|---------------|
| Miles Driven | 2,990.00 | |

| Deductions | Statutory | | |
|------------|-----------|-------------|--------------|
| | Federal Income Tax | -58.16 | 486.15 |
| | Social Security Tax | -29.66 | 304.09 |
| | Medicare Tax | -6.94 | 71.12 |
| | CA State Income Tax | -7.82 | 45.72 |
| | CA SUI/SDI Tax | -4.30 | 44.14 |
| | **Other** | | |
| | Advance | -154.95 | 1,932.95 |
| | Advance Fee | -4.00 | 28.50 |
| | Us Legal Serv | -7.61 | 83.71 |
| | Lumper | | -275.00 |
| | Per Diem | | -3,427.42 |
| | Scale Ticket | | -110.00 |
| | **Adjustment** | | |
| | Per Diem | +209.30 | |
| | **Net Pay** | **$416.26** | |
| | Checking | -416.26 | |
| | **Net Check** | **$0.00** | |

© 1993 ADP, INC.

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

Advice number: 00000211753
Pay date: 05/26/2017

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| xxxxxxxxxxxx8577 | xxxx xxxx | $416.26 |

THIS IS NOT A CHECK

## NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 130 |
| TBT | 010621 | 100000 | RIVMA | 0000221751 | 1 |

**Earnings Statement** 

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 05/21/2017 |
| Period Ending: | 05/27/2017 |
| Pay Date: | 06/02/2017 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 478.07 | 4,180.25 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$478.07** | 5,382.75 |

Your federal taxable wages this period are $478.07

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,807.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -66.11 | 542.26 |
| | Social Security Tax | -29.64 | 333.73 |
| | Medicare Tax | -6.93 | 78.05 |
| | CA State Income Tax | -7.80 | 53.52 |
| | CA SUI/SDI Tax | -4.30 | 48.44 |
| | **Other** | | |
| | Advance | -174.85 | 2,107.80 |
| | Advance Fee | -4.00 | 32.50 |
| | Us Legal Serv | -7.61 | 91.32 |
| | Lumper | | -275.00 |
| | Per Diem | | -3,660.94 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +233.52 | |
| | Scale Ticket | +22.00 | |
| | **Net Pay** | **$442.35** | |
| | Checking | -442.35 | |
| | **Net Check** | **$0.00** | |

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000221751 |
| Pay date: | 06/02/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxxx8577 | xxxx xxxx | $442.35 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000231713 | 1 |

# Earnings   Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period  Beginning:      05/28/2017
Period  Ending:         06/03/2017
Pay  Date:              06/09/2017

Taxable Marital Status:   Single
Exemptions/Allowances:
    Federal:      0
    CA:           0

**REDACTED**

MARC  RIVERA

Social Security Number: ▓▓▓▓▓▓

## Earnings

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Layover Pay | | | 105.00 | 105.00 |
| Mileage Pay | | | 111.72 | 4,291.97 |
| Detention Pay | | | | 2.50 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$216.72** | 5,599.47 |

Your federal taxable wages this period are $216.72

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Miles Driven | 931.00 | |

## Deductions

| Deductions | | this period | year to date |
|------------|--|-------------|--------------|
| **Statutory** | | | |
| Federal Income Tax | | -17.25 | 559.51 |
| Social Security Tax | | -13.44 | 347.17 |
| Medicare Tax | | -3.14 | 81.19 |
| CA SUI/SDI Tax | | -1.96 | 60.40 |
| CA State Income Tax | | | 53.52 |
| **Other** | | | |
| Advance | | -86.45 | 2,194.25 |
| Advance Fee | | -2.00 | 34.50 |
| Us Legal Serv | | -7.61 | 98.93 |
| Lumper | | | -275.00 |
| Per Diem | | | -3,791.28 |
| Scale Ticket | | | -132.00 |
| **Adjustment** | | | |
| Per Diem | | +130.34 | |
| **Net Pay** | | **$215.21** | |
| Checking | | -215.21 | |
| **Net Check** | | **$0.00** | |

© 2000 ADP LLC

WESTERN  EXPRESS , INC
7135  CENTENNIAL  PLACE
NASHVILLE , TN 37209

Advice number:        00000231713
Pay  date:            06/09/2017

Deposited  to the account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|-----------------|--------------|--------|
| xxxxxxxxxxxx8577 | xxxx  xxxx | $215.21 |

THIS IS NOT A CHECK

# NON-NEGOTIABLE

| CO | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000241765 | 1 |

# Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 06/04/2017 |
|---|---|
| Period Ending: | 06/10/2017 |
| Pay Date: | 06/16/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:  0
CA:  0

**REDACTED**

MARC RIVERA

Social Security Number:

## Earnings

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Detention Pay | | | | 2.50 |
| Layover Pay | | | | 105.00 |
| Mileage Pay | | | | 4,291.97 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | $0.00 | 5,599.47 |

## Deductions

### Statutory

| | this period | year to date |
|---|---|---|
| Federal Income Tax | | 559.51 |
| Social Security Tax | | 347.17 |
| Medicare Tax | | 81.19 |
| CA State Income Tax | | 53.52 |
| CA SUI/SDI Tax | | 50.40 |

### Other

| | this period | year to date |
|---|---|---|
| Us Legal Serv | -7.61 | 106.54 |
| Advance | | 2,194.25 |
| Advance Fee | | 34.50 |
| Lumper | | -587.00 |
| Per Diem | | -3,791.28 |
| Scale Ticket | | -132.00 |

### Adjustment

| | this period |
|---|---|
| Lumper | +312.00 |

| **Net Pay** | **$304.39** |
|---|---|
| Checking | -304.39 |

| **Net Check** | **$0.00** |
|---|---|

©2000 ADP  LLC

WESTERN  EXPRESS , INC
7135  CENTENNIAL  PLACE
NASHVILLE , TN 37209

| Advice number: | 00000241765 |
|---|---|
| Pay date: | 06/16/2017 |

Deposited  to the account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|---|---|---|
| xxxxxxxxxxxx8577 | XXXX  XXXX | $304.39 |

THIS IS NOT A CHECK

## NON-NEGOTIABLE

| CO. | FILE | DEPT | CLOCK | VCHR. NO | 130 |
|-----|------|------|-------|----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000201788 | 1 |

**Earnings  Statement** 

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 07/02/2017 |
|-------------------|------------|
| Period Ending: | 07/08/2017 |
| Pay Date: | 07/14/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:  0
CA:  0

**REDACTED**

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 176.64 | 4,468.61 |
| Detention Pay | | | | 2.50 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$176.64** | 5,776.11 |

Your federal taxable wages this period are $176.64

| Other Benefits and Information | this period | total to date |
|-------------------------------|-------------|---------------|
| Miles Driven | 1,104.00 | |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | -13.24 | 572.75 |
| | Social Security Tax | -10.95 | 358.12 |
| | Medicare Tax | -2.56 | 83.75 |
| | CA SUI/SDI Tax | -1.58 | 51.98 |
| | CA State Income Tax | | 53.52 |
| | **Other** | | |
| | Advance | -43.95 | 2,238.20 |
| | Advance Fee | -1.00 | 36.50 |
| | Us Legal Serv | -7.61 | 114.15 |
| | Lumper | | -587.00 |
| | Per Diem | | -3,868.56 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +77.28 | |
| | **Net Pay** | **$173.03** | |
| | Checking | -173.03 | |
| | **Net Check** | **$0.00** | |

© 2000 ADP, LLC

WESTERN  EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000281758 |
|----------------|-------------|
| Pay date: | 07/14/2017 |

Deposited  to  the  account  of
MARC RIVERA

| account number | transit  ABA | amount |
|----------------|--------------|--------|
| XXXXXXXXXXXX8577 | XXXX  XXXX | $173.03 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000291633 | 1 |

**Earnings Statement** 

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:  07/09/2017
Period Ending:    07/15/2017
Pay Date:         07/21/2017

Taxable Marital Status:  Single
Exemptions/Allowances:
  Federal:  0
  CA:       0

**REDACTED**

MARC RIVERA

Social Security Number: ▮▮▮▮

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay |  |  | 586.24 | 5,054.85 |
| Detention Pay |  |  |  | 2.50 |
| Layover Pay |  |  |  | 105.00 |
| Trainee Pay |  |  |  | 900.00 |
| Trk Rec |  |  |  | 100.00 |
| Tuition Pay |  |  |  | 200.00 |
| **Gross Pay** |  |  | **$586.24** | 6,362.35 |

Your federal taxable wages this period are $586.24

Other Benefits and

| Information | this period | total to date |
|-------------|-------------|---------------|
| Miles Driven | 3,664.00 |  |

| Deductions | Statutory | | |
|------------|-----------|--|--|
|  | Federal Income Tax | -72.34 | 645.09 |
|  | Social Security Tax | -36.35 | 394.47 |
|  | Medicare Tax | -8.50 | 92.25 |
|  | CA State Income Tax | -12.56 | 66.08 |
|  | CA SUI/SDI Tax | -5.28 | 57.26 |

| Other | | |
|-------|--|--|
| Advance | -217.90 | 2,456.10 |
| Advance Fee | -5.00 | 40.50 |
| Us Legal Serv | -7.61 | 121.76 |
| Lumper |  | -587.00 |
| Per Diem |  | -4,125.04 |
| Scale Ticket |  | -132.00 |

| Adjustment | | |
|------------|--|--|
| Per Diem | +256.48 |  |
| **Net Pay** | **$477.18** |  |
| Checking | -477.18 |  |
| **Net Check** | **$0.00** |  |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:  00000291833
Pay date:       07/21/2017

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| XXXXXXXXXXXX8577 | XXXX XXXX | $477.18 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO | 130 |
|-----|------|------|-------|----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000301823 | 1 |

**Earnings   Statement** 

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Period Beginning:    07/16/2017
Period Ending:       07/22/2017
Pay Date:            07/28/2017

Taxable Marital Status:    Single
Exemptions/Allowances:
  Federal:        0
  CA:             0

**REDACTED**

MARC RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Detention Pay | | | 16.25 | 18.75 |
| Mileage Pay | | | 577.92 | 5,632.77 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$594.17** | 6,956.52 |

Your federal taxable wages this period are $594.17

Other Benefits and

| Information | this period | total to date |
|-------------|-------------|---------------|
| Miles Driven | 3,612.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | -73.52 | 718.61 |
| | Social Security Tax | -36.83 | 431.30 |
| | Medicare Tax | -8.62 | 100.87 |
| | CA State Income Tax | -12.91 | 78.99 |
| | CA SUI/SDI Tax | -5.35 | 62.61 |
| | **Other** | | |
| | Advance | -130.65 | 2,586.75 |
| | Advance Fee | -3.50 | 44.00 |
| | Lumper | -312.00 | -275.00 |
| | Us Legal Serv | -7.61 | 129.37 |
| | Per Diem | | -4,377.88 |
| | Scale Ticket | | -132.00 |
| | **Adjustment** | | |
| | Per Diem | +252.84 | |

| **Net Pay** | **$256.02** |
|-------------|-------------|
| Checking | -256.02 |
| **Net Check** | **$0.00** |

© 2000 ADP LLC

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:    00000301823
Pay date:         07/28/2017

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|----------------|-------------|--------|
| XXXXXXXXXXXX8577 | XXXX XXXX | $256.02 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 130 |
| TBT | 010021 | 100000 | RIVMA | 0000311803 | 1 |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

# Earnings  Statement



| Period Beginning: | 07/23/2017 |
| Period Ending: | 07/29/2017 |
| Pay Date: | 08/04/2017 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal:    0
CA:          0

**REDACTED**

MARC  RIVERA

Social Security Number:

## Earnings

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 182.56 | 5,815.33 |
| Detention Pay | | | | 18.75 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$182.56** | 7,139.08 |

Your federal taxable wages this period are $182.56

Other Benefits  and

| Information | this period | total to date |
|---|---|---|
| Miles Driven | 1,141.00 | |

## Deductions

| | Statutory | this period | year to date |
|---|---|---|---|
| | Federal Income Tax | −13.83 | 732.44 |
| | Social Security Tax | −11.32 | 442.62 |
| | Medicare Tax | −2.65 | 103.52 |
| | CA SUI/SDI Tax | −1.64 | 64.25 |
| | CA State Income Tax | | 78.99 |

| Other | | |
|---|---|---|
| Advance | −111.15 | 2,697.90 |
| Advance Fee | −3.00 | 47.00 |
| Us Legal Serv | −7.61 | 136.98 |
| Lumper | | −275.00 |
| Per Diem | | −4,467.75 |
| Scale Ticket | | −132.00 |

| Adjustment | | |
|---|---|---|
| Per Diem | +79.87 | |

| **Net Pay** | **$111.23** |
|---|---|
| Checking | −111.23 |
| **Net Check** | **$0.00** |

I AVB ADF ILL

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Advice number: | 00000311803 |
| Pay date: | 08/04/2017 |

CHECK

Deposited  to the account of
MARC  RIVERA

| account number | transit ABA | amount |
|---|---|---|
| XXXXXXXXXXX8577 | XXXX XXXX | $111.23 |

THIS IS NOT

**NON-NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 190 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000321843 | 1 |

## Earnings  Statement 

WESTERN  EXPRESS,  INC
7135 CENTENNIAL  PLACE
NASHVILLE,  TN 37209

| Period Beginning: | 07/30/2017 |
|---|---|
| Period Ending: | 08/05/2017 |
| Pay Date: | 08/11/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
   Federal:    0
   CA:      0

**MARC  RIVERA**

**REDACTED**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Mileage Pay | | | 461.60 | 6,276.93 |
| Detention Pay | | | | 18.75 |
| Layover Pay | | | | 105.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$461.60** | 7,600.68 |

Your federal taxable wages this period are $461.60

**Other Benefits  and**

| Information | this period | total to date |
|---|---|---|
| Miles Driven | 2,886.00 | |

| Deductions | Statutory | | |
|------------|-----------|--|--|
| | Federal Income Tax | −53.64 | 786.08 |
| | Social Security Tax | −28.62 | 471.24 |
| | Medicare Tax | −6.69 | 110.21 |
| | CA State Income Tax | −7.08 | 88.07 |
| | CA SUI/SDI Tax | −4.16 | 68.41 |
| | **Other** | | |
| | Advance | −216.40 | 2,914.30 |
| | Advance Fee | −5.00 | 52.00 |
| | Us Legal Serv | −7.61 | 144.69 |
| | Lumper | | −275.00 |
| | Per Diem | | −4,659.70 |
| | Scale Ticket | | −132.00 |
| | **Adjustment** | | |
| | Per Diem | +201.95 | |
| | **Net Pay** | **$334.35** | |
| | Checking | −334.35 | |
| | **Net Check** | **$0.00** | |

© 2007 ADP  LLC

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Advice number: | 00000321843 |
|---|---|
| Pay date: | 08/11/2017 |

Deposited  to the account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|---|---|---|
| xxxxxxxxxxxx8577 | xxxx  xxxx | $334.35 |

THIS IS NOT A CHECK

**NON−NEGOTIABLE**

| CO. | FILE | DEPT | CLOCK | VCHR. NO. | 180 |
|-----|------|------|-------|-----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000334829 | 1 |

## Earnings  Statement



WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Period Beginning: | 08/06/2017 |
|---|---|
| Period Ending: | 08/12/2017 |
| Pay Date: | 08/18/2017 |

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 0
CA: 0

**REDACTED**

MARC RIVERA

Social Security Number: ▮▮▮▮▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Layover Pay | | | 35.00 | 140.00 |
| Mileage Pay | | | 553.92 | 6,830.85 |
| Detention Pay | | | | 18.75 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$588.92** | 8,189.60 |

Your federal taxable wages this period are $588.92

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 3,462.00 | |

| Deductions | | | |
|---|---|---|---|
| **Statutory** | | | |
| Federal Income Tax | | -72.73 | 868.81 |
| Social Security Tax | | -36.52 | 507.76 |
| Medicare Tax | | -8.54 | 118.75 |
| CA State Income Tax | | -12.68 | 98.75 |
| CA SUI/SDI Tax | | -5.30 | 73.71 |
| **Other** | | | |
| Advance | | -350.35 | 3,264.65 |
| Advance Fee | | -7.60 | 59.50 |
| Us Legal Serv | | -7.61 | 152.20 |
| Lumper | | | -275.00 |
| Per Diem | | | -4,902.04 |
| Scale Ticket | | | -132.00 |
| **Adjustment** | | | |
| Per Diem | | +242.34 | |
| **Net Pay** | | **$330.03** | |
| Checking | | -330.03 | |
| **Net Check** | | **$0.00** | |

1 396 46P 0/C

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Advice number: | 00000334829 |
|---|---|
| Pay date: | 08/18/2017 |

Deposited to the account of
MARC RIVERA

| account number | transit ABA | amount |
|---|---|---|
| xxxxxxxxxxxxx8577 | xxxx xxxx | $330.03 |

THIS IS NOT A CHECK

## NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR. NO | 130 |
|-----|------|-------|-------|----------|-----|
| TBT | 010621 | 100000 | RIVMA | 0000341821 | 1 |

## Earnings  Statement



WESTERN  EXPRESS,  INC
7135 CENTENNIAL  PLACE
NASHVILLE,  TN 37209

Period Beginning:     08/13/2017
Period Ending:        08/19/2017
Pay Date:             08/25/2017

Taxable ·Marital Status:    Single
Exemptions/Allowances:
Federal:       0
CA:            0

**REDACTED**

### MARC  RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Layover Pay | | | 70.00 | 210.00 |
| Mileage Pay | | | 567.04 | 7,397.89 |
| Detention Pay | | | | 18.75 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$637.04** | 8,826.64 |

Your federal taxable wages this period are $637.04

| Other Benefits and Information | this period | total to date |
|--------------------------------|-------------|---------------|
| Miles Driven | 3,544.00 | |

| Deductions | Statutory | | |
|------------|-----------|---|---|
| | Federal Income Tax | −79.95 | 938.76 |
| | Social Security Tax | −39.49 | 547.25 |
| | Medicare Tax | −9.24 | 127.99 |
| | CA State Income Tax | −14.80 | 113.55 |
| | CA SUI/SDI Tax | −5.73 | 79.44 |
| | **Other** | | |
| | Advance | −376.95 | 3,641.60 |
| | Advance Fee | −4.50 | 64.00 |
| | Us Legal Serv | −7.61 | 159.81 |
| | Lumper | | −275.00 |
| | Per Diem | | −5,150.12 |
| | Scale Ticket | | −132.00 |
| | **Adjustment** | | |
| | Per Diem | +248.08 | |
| | **Net Pay** | **$346.85** | |
| | Checking | −346.85 | |
| | **Net Check** | **$0.00** | |

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

Advice number:      00000341821
Pay date:           08/25/2017

Deposited  to the account  of
MARC  RIVERA

| | account number | transit ABA | amount |
|---|----------------|-------------|--------|
| | xxxxxxxxxxxx8577 | xxxx xxxx | $346.85 |

**THIS IS NOT A CHECK**

## NON-NEGOTIABLE

CO.    FILE      DEPT      CLOCK   VCHR. NO.    130
TBT    010821    100000    RIVMA   0000341821    1

# Earnings  Statement



WESTERN  EXPRESS,  INC
7135 CENTENNIAL  PLACE
NASHVILLE,  TN 37209

| Period Beginning: | 08/13/2017 |
|---|---|
| Period Ending: | 08/19/2017 |
| Pay Date: | 08/25/2017 |

Taxable Marital Status:   Single
Exemptions/Allowances:
Federal:      0
CA:           0

**REDACTED**

MARC  RIVERA

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Layover Pay | | | 70.00 | 210.00 |
| Mileage Pay | | | 567.04 | 7,397.89 |
| Detention Pay | | | | 18.75 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **637.04** | 8,826.64 |

Your federal taxable wages this period are $637.04

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 3,544.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | −79.95 | 938.76 |
| | Social Security Tax | −39.49 | 547.25 |
| | Medicare Tax | −9.24 | 127.99 |
| | CA State Income Tax | −14.80 | 113.55 |
| | CA SUI/SDI Tax | −5.73 | 79.44 |
| | **Other** | | |
| | Advance | −376.95 | 3,841.60 |
| | Advance Fee | −4.50 | 64.00 |
| | Us Legal Serv | −7.61 | 159.81 |
| | Lumper | | −275.00 |
| | Per Diem | | −5,150.12 |
| | Scale Ticket | | −132.00 |
| | **Adjustment** | | |
| | Per Diem | +248.08 | |
| | **Net Pay** | **$346.85** | |
| | Checking | −346.85 | |
| | **Net Check** | **$0.00** | |

r 2009 ADP  LLC

WESTERN EXPRESS, INC
7135 CENTENNIAL PLACE
NASHVILLE, TN 37209

| Advice number: | 00000341821 |
|---|---|
| Pay date: | 08/25/2017 |

THIS IS NOT A CHECK

Deposited  to the account  of
MARC  RIVERA

| account  number | transit  ABA | amount |
|---|---|---|
| xxxxxxxxxxxx8577 | xxxx  xxxx | $346.85 |

# NON-NEGOTIABLE

| CO. | FILE | DEPT. | CLOCK | VCHR NO. | 130 |
|-----|------|-------|-------|----------|-----|
| TBT | 010621 | 100000 | RNVMA | 0000351840 | 1 |

**Earnings   Statement**



WESTERN  EXPRESS,  INC
7135 CENTENNIAL  PLACE
NASHVILLE,  TN 37209

| Period Beginning: | 08/20/2017 |
|---|---|
| Period Ending: | 08/26/2017 |
| Pay Date: | 09/01/2017 |

Taxable Marital Status:  Single
Exemptions/Allowances:
Federal:         0
CA:              0

**REDACTED**

**MARC  RIVERA**

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Mileage Pay | | | 63.84 | 7,461.73 |
| Detention Pay | | | | 18.75 |
| Layover Pay | | | | 210.00 |
| Trainee Pay | | | | 900.00 |
| Trk Rec | | | | 100.00 |
| Tuition Pay | | | | 200.00 |
| **Gross Pay** | | | **$63.84** | 8,890.48 |

Your federal taxable wages this period are $63.84

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Miles Driven | 399.00 | |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | −1.96 | 940.72 |
| | Social Security Tax | −3.96 | 551.21 |
| | Medicare Tax | −0.92 | 128.91 |
| | CA SUI/SDI Tax | −0.57 | 80.01 |
| | CA State Income Tax | | 113.55 |
| | **Other** | | |
| | Us Legal Serv | −7.61 | 167.42 |
| | Advance | | 3,641.60 |
| | Advance Fee | | 64.00 |
| | Lumper | | −275.00 |
| | Per Diem | | −5,178.05 |
| | Scale Ticket | | −132.00 |
| | **Adjustment** | | |
| | Per Diem | +27.93 | |
| | **Net Pay** | **$76.75** | |
| | Checking | −76.75 | |
| | **Net Check** | **$0.00** | |

I 0500 A6P  0.0

WESTERN EXPRESS , INC
7135 CENTENNIAL PLACE
NASHVILLE , TN 37209

| Advice number: | 00000351840 |
|---|---|
| Pay date: | 09/01/2017 |

THIS IS NOT A CHECK

Deposited  to the account of
MARC  RIVERA

| account  number | transit  ABA | amount |
|---|---|---|
| xxxxxxxxxxxxx8577 | xxxx  xxxx | $76.75 |

**NON-NEGOTIABLE**

# EXHIBIT B



RICHARD D. FOX
RICHARD L. GROFFSKY
DANIEL D. SWANSON
MICHAEL J. CUNNINGHAM
MATTHEW G. CURTIS
CHARLES R. ASH III
ROBERT B. SICKELS
ANDREW KOCHANOWSKI

KENNETH T. WATKINS
SAMUEL A. MEKLIR
JOSEPH H. BOURGON
KEVIN J. STOOPS
JASON J. THOMPSON
LANCE C. YOUNG
MATTHEW L. TURNER
JABRAN G. YASSO

JUDITH A. SUSSKIND
LISA M. ESSER-WEIDENFELLER
RAMONA C. HOWARD
ANDY DRAGOVIC
TAD T. ROUMAYAH
CHARLES R. ASH IV
BENJAMIN J. WILENSKY
ROD M. JOHNSTON

PARKER G. STINAR
DINA M. ZALEWSKI
MICHAEL D. McCULLOUGH, II

OF COUNSEL
PAUL GROFFSKY
NORMAN D. TUCKER
JOSEPH E. GRINNAN

DAVID M. BLACK
RICHARD D. TOTH
ARVIN J. PEARLMAN, P.C.
WILLIAM MITCHELL III, P.L.C.
C.K. YOON, PLLC
WILLIAM C. GAGE, P.C.
AVANTI LAW GROUP, PLLC

STANLEY S. SCHWARTZ
(1930-2004)
NORMAN S. SOMMERS
(1919-2015)
LEONARD B. SCHWARTZ
(1934 -2017)
STEVEN J. SCHWARTZ
(1936-2016)

August 7, 2018

*Via Online Submission Only To:*
https://dir.tfaforms.net/128
*(copy by certified mail to Western Express, Inc.)*

Private Attorneys General Act
Attn. PAGA Administrator
455 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102

Western Express, Inc.
4324 E. Ashlan
Fresno, CA 93726
Certified Mail Tracking Number:

Western Express, Inc.
7135 Centennial Pl.
Nashville, Tennessee 37209-1033
Certified Mail Tracking Number:

Re:   **Labor Code § 2699 Penalties – PAGA Notice Letter**
      ***Jacquelyn Hutto, John McDaniel, et al. v. Western Express, Inc., et al.***
      **San Bernardino County Superior Court**

To Whom It May Concern:

This office represents Jacquelyn Hutto and John McDaniel ("Plaintiffs") and other aggrieved employees (collectively "Aggrieved Employees") for, *inter alia*, violations of California Labor Code §§ 201, 202, 203, 204, 210, 218, 218.5, 218.6, 221, 226, 226.2, 226.7, 510, 511, 512, 558, 1174, 1185, 1194, 1194.2, 1197, 2802 and California Code of Regulations, Title 8, section 11000 *et seq.*; provisions of the Industrial Welfare Commission (IWC) Wage Order(s); and California Business & Professions Code § 17200 *et seq.*

The purpose of this letter is to comply with the Private Attorneys General Act of 2004, pursuant to California Labor Code § 2698 *et. seq.* ("the Act"). Plaintiffs wish to bring a representative action, pursuant to the Act, on behalf of themselves and the State of California against Defendants, Western Express, Inc. (a California Corporation), Western Express, Inc. (a Tennessee Corporation), and DOES 1 through 10 inclusive (who are referred to herein collectively as "Defendants").

**WWW.SOMMERSPC.COM**   |   ONE TOWNE SQUARE, 17TH FLOOR, SOUTHFIELD, MI 48076   |   MAIN: 248-355-0300   |   FAX: 248-746-4001

MEDICAL MALPRACTICE   |   BIRTH INJURY   |   PERSONAL INJURY   |   CLASS ACTION   |   EMPLOYMENT   |   COMMERCIAL LAW & INTELLECTUAL PROPERTY

EXHIBIT 1, PAGE 138



Page 2

Additionally, this correspondence will serve to satisfy the notice requirements under the Act, along with a copy of Plaintiffs' Class Action Complaint, which is attached to this Notice letter. The Complaint is being concurrently filed in San Bernardino County Superior Court, and will be assigned a local case number. The Complaint allegations and claims are incorporated into this Notice Letter, and Plaintiff will amend the Complaint to add a PAGA cause of action should the LWDA determine not to investigate.

We also herein set forth the facts and theories and the California <u>Labor Code</u> violations which Defendants engaged in with respect to our client and all of their Aggrieved Employees in California. The attached Class Action Complaint provides the details of Plaintiffs' class-wide claims and the applicable California law governing them. They include numerous violations that subject Defendants to civil penalties under the Act.

### REVLEVANT FACTS

Plaintiffs and the Aggrieved Employees were employed by Defendants in California as truck drivers.  Plaintiffs worked out of Defendants' Fontana and Bloomington locations, in San Bernardino County, however, upon information and belief, Defendants employ other Aggrieved Employees at locations throughout the State of California.

Plaintiffs and the Aggrieved Employees were/are paid by Defendants on a piece-rate basis; specifically, they were only paid on the miles they drove without regard to the real-time hours they worked.  Plaintiffs and the Aggrieved Employees were only paid when their wheels were turning, and not paid for time spent on essential work activities such as (by way of illustration and not limitation): fueling, completing paper work, loading and unloading time (a.k.a. drop-and-hitch time), and pre/post shift vehicle inspections.  Plaintiffs and the Aggrieved Employees regularly work five (5) or six (6) days per week, with work shifts of more than ten (10) hours per day, and in many instances over twelve (12) hours per day, but did not receive the California minimum wage for each hour worked.  Moreover, Defendants failed to accurately and completely record all hours worked by Plaintiff and the Aggrieved Employees and failed to include an accurate accounting of the hours they worked on their wage statement, as required by the <u>Labor Code</u>.

Defendants also failed to pay Plaintiffs and all other Aggrieved Employees additional compensation for non-productive rest periods, as is required for employees paid on a piece-rate basis. In addition to failing to pay Plaintiff and the Aggrieved Employees for their nonproductive time, including their off-duty rest periods, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have also consistently failed to provide Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendants pay Employees premium pay for each day on



Page 3

which requisite rest breaks were not provided or were deficiently provided. As Plaintiffs and the Aggrieved Employees generally worked shifts of over ten (10) or twelve (12) hours, they were entitled to receive three (3) rest periods for every such shift, and Defendants failed to implement policies and practices which accounted for and authorized and permitted Plaintiffs and the Aggrieved Employees to timely take all required rest periods under California law. Defendants must pay rest period wages and penalty premium wages as required under Labor Code § 226.7.

Defendants did not always permit Plaintiffs and the Aggrieved Employees to take uninterrupted meal breaks, as required by the Labor Code. Pursuant to Labor Code § 512 an employer may not employ an employee for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.  To the extent Plaintiff and the Class were able to take a meal period, it was often interrupted by work demands or other requirements driven by Defendants, including by responding to calls and text messages received on personal cellular phones.  Pursuant to Labor Code § 226.7, Defendants must pay Plaintiffs and the Aggrieved Employees one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

Defendants also consistently failed to issue accurate itemized wage statements as required by Labor Code § 226(a), as the wage statements Defendants provided to the Employee drivers in the Class failed to list or to accurately list the wage rates or the hours worked at those rates or pieces earned during the pay period which led to the calculated pay listed by Defendants without any further detail.  As a result, Defendants provided Plaintiff and the other members of the Class with wage statements that were inaccurate and which systematically violated California Labor Code § 226.

Defendants also failed to pay Aggrieved Employees all wages owed at the time of their termination or within seventy-two (72) hours of their resignation, as required under Labor Code § 203. Defendants also consistently failed to pay Aggrieved Employees all wages due on a semi-monthly basis.

As addressed in further detail in the attached Class Action Complaint, Plaintiff and the Aggrieved Employees complain of the following violations committed by Defendants:

**<u>Failure to Pay Minimum Wages</u>**

Defendants violated the law by failing to pay Aggrieved Employees minimum wages for all hours worked. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states, "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The applicable minimum wages fixed by the commission for work during the relevant period is found



Page 4

in the Wage Orders. Defendants had a common policy and/or practice of failing to pay Aggrieved Employees minimum wages for all hours worked. Aggrieved Employees were required to work off the clock during non-productive time and rest periods and during their meal periods without pay, and were subject to under-payment of wages owed. Thus, Aggrieved Employees were required to work hours without wages and Defendants failed to pay Aggrieved Employees the minimum wage for all hours worked. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Aggrieved Employees. In light of the forgoing, the Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558.

**Meal-Period Liability Under Labor Code § 226.7**

Defendants have regularly required Aggrieved Employees to work shifts in excess of five (5) hours without providing them with uninterrupted meal periods of not less than thirty (30) minutes as required under Labor Code §§ 226.7, 512, and applicable Wage Orders. Specifically, employees were required to work through their meal periods which they were consistently denied, as addressed above. Also, what meal periods Aggrieved Employees did take were consistently taken after their fifth consecutive hour of work, or interrupted by job requirements, all in violation of the Labor Code and applicable Wage Orders. On shifts over ten hours, second meal periods were not provided. Defendants also failed to pay Aggrieved Employees "premium pay," i.e. one hour of wages at each Aggrieved Employee's effective regular rate of pay, for each meal period that Defendants failed to provide or deficiently provided. In light of the forgoing, Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558.

**Rest-Break Liability Under Labor Code § 226.7**

Defendants have consistently failed to provide Aggrieved Employees with paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours, as required under Labor Code § 226.7. Specifically, Aggrieved Employees were required to remain under Defendants' control and work through their rest periods, which they were continuously denied. Defendants also failed to pay Aggrieved Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided. In light of the forgoing, Plaintiff and Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558.

**Unlawfully Collecting or Receiving Wages in Violation of Labor Code § 221**

Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." As discussed above, Defendants caused unlawful deductions from the wages it paid the Aggrieved Employees



Page 5

by requiring them to deduct from their paid wages work related expenses such as for personal cell phone use, vehicle maintenance fees, advance and unloader fees, and scale tickets In light of the forgoing, Plaintiff and Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558.

## Failure to Issue Accurate Wage Statements in Violation of Labor Code § 226

California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized wage statements in writing. These statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

Defendants failed to provide Aggrieved Employees with accurate itemized wage statements in writing, as required by the Labor Code. Specifically, the wage statements given to Aggrieved Employees failed to accurately account for wages, hours worked, pieces earned, hourly rates and piece rates, and did not provide pay for non-productive time and premium pay for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to Aggrieved Employees. In light of the forgoing, Plaintiffs and Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558.

## Failure to Issue Semimonthly Payments in Violation of Labor Code § 204

In failing to pay Aggrieved Employees wages, minimum wages, premium pay, etc., Defendants failed to timely pay Aggrieved Employees wages on a semimonthly basis as required under Labor Code § 204. Defendants failed to maintain accurate records showing accurate hours worked daily and the wages paid to Aggrieved Employees, as well as the meal and rest periods taken by Aggrieved Employees, as required by Labor Code § 1174 and the applicable IWC wage orders. In light of the forgoing, Plaintiff and Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558.

## Failure to Keep Records In Accordance With Labor Code § 1174

Labor Code § 1174 requires employers to keep records showing payroll data and the hours worked daily by and the wages paid to employees. By failing to pay Aggrieved Employees proper wages, minimum wages, premium pay, etc., all discussed herein, Defendants failed to maintain proper employment records in accordance with Section 1174. In light of the forgoing, Plaintiff and Aggrieved Employees seek to recover penalties pursuant to Labor Code §§ 1174.5 and 2699, *et seq.*



Page 6

## **Waiting Time Penalties Pursuant to Labor Code § 203**

Some Aggrieved Employees (such as Plaintiff Hutto) no longer work for Defendants; they either resigned or were terminated from Defendants' employ. Based on the forgoing, Defendants have had a consistent policy of failing to pay all wages owed to Aggrieved Employees at the time of their termination of within seventy-two (72) hours of their resignation, as required by California under Labor Code § 203. In light of the forgoing, Plaintiff and Aggrieved Employees seek to recover wages and penalties pursuant to Labor Code § 558.

## **Reimbursement of Necessary Expenditures Under Labor Code § 2802**

Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. In the present case, Aggrieved Employees incurred necessary expenditures in the performance of their job duties for Defendants, namely, the cost of fuel, vehicle maintenance, necessary repairs, and the cost of cellular telephone service, which Employees were required to purchase in order to execute their duties under Defendants' employ. From four (4) years prior to the original filing of this lawsuit and continuing to the present, Defendants consistently failed to reimburse Aggrieved Employees for these necessarily incurred business expenses.

## **Unfair Competition Under Business and Professions Code § 17200,** *et seq.*

Consequently, Defendants' conduct has been and continues to be unfair, unlawful, and harmful to Aggrieved Employees and the general public in violation of Business & Professions Code § 17200 *et seq.*

We have been constrained to initially move forward with the filing of this Complaint, alleging the causes of action discussed herein, without the PAGA claim. We will proceed with filing the attached Complaint and will amend it following the running of the notice period as to this PAGA Notice Letter. Thus, any action by the LWDA would not resolve the entirety of the case, and the interest of judicial economy will be served by allowing the case to proceed as a cohesive whole as to the allegations and claims as described herein and in the attached Complaint.

This letter and the attached Complaint therefore provide the requisite notice under the Act to the LWDA and Defendants by setting forth the specific provisions of the Labor Code and related provisions Plaintiffs allege have been violated, including the facts and relevant theories alleged against Defendants. To prevent the violations described in the Complaint and herein from occurring, and to remedy past violations, Plaintiffs respectfully request that the LWDA conduct an investigation into Defendants' employment practices in accordance with the Act.



Page 7

Wherefore we request that you advise us, by certified mail within thirty (60) days of the postmark on this letter, whether you intend to proceed with these claims or whether Plaintiff and the Aggrieved Employees should include them as a Labor Code § 2699 claim in an amended Complaint.

Regards,
SOMMERS SCHWARTZ, P.C.

Charles R. Ash, IV

Cc: by Certified Mail to Western Express Inc. (a Tennessee Corporation); Western Express, Inc. (a California Corporation)

# EXHIBIT 1-B

**United States District Court, for the Central District of California**
**Consolidated Lawsuits of**

*Rivera et al v. Western Express, Inc.*
United States Central District Court – Case No. 5:18-cv-01633-JGB-SHK

*A court authorized this notice.  This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

# NOTICE OF SETTLEMENT OF CLASS ACTION

To:     All California residents who worked for WESTERN EXPRESS, INC., a Tennessee corporation, doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC. ("Defendant") as current or former hourly non-exempt drivers in the state of California at any time during the time period from October 26, 2016 until January 13, 2020 (the "Settlement Class" or "Settlement Class Members").

**If you are a Settlement Class Member, as described above, you are eligible for a payment from the Settlement described in this Notice <u>without</u> the need to return a claim form.**

**PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | To receive your settlement payment, you do not need to do anything. Your payment will be automatically mailed to you if the Court grants final approval of the Settlement. [*You must, however, keep a current address on file with the Settlement Administrator to ensure receipt of your check.*] |
| **EXCLUDE YOURSELF** | If you ask to be excluded and money or benefits are later awarded, you won't share in those. But, you keep any rights to sue DEFENDANT WESTERN EXPRESS separately about the same legal claims in this lawsuit. |
| **OBJECT** | Object to the Settlement if you think the Settlement is not fair by sending your written objection to the Settlement Administrator and, if you wish, appear at the Final Approval Hearing |

- **YOUR RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE.**

- **DEFENDANT DENIES ALL OF THE CLAIMS BUT SUPPORTS THE SETTLEMENT AND WILL NOT RETALIATE IN ANY MANNER AGAINST ANY CLASS MEMBER WHO REMAINS IN THE CLASS AND RECEIVES A SETTLEMENT PAYMENT.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**
1. Why was this notice issued? ................................................................................. Page
2. What is this lawsuit about? ................................................................................. Page
3. What is a class action? ...................................................................................... Page
4. Why is there a settlement? ................................................................................. Page
5. Who are the Parties in this lawsuit? ..................................................................... Page
6. Who are the Parties representing the Plaintiffs and the Class? ........................................ Page

**THE TERMS OF THE SETTLEMENT**
7. What is the Settlement Amount?........................................................................... Page
8. How will the settlement payments be calculated and how much will my award be?......... Page

**HOW TO GET A PAYMENT**
9. How can I get my settlement payment? .................................................................. Page
10. When can I expect to receive my settlement payment? .............................................. Page
11. What am I giving up to get a payment?................................................................. Page

**EXCLUDING YOURSELF FROM THE SETTLEMENT**
12. How do I get out of the Settlement and this Lawsuit? ............................................... Page
13. If I don't exclude myself, can I sue for the same thing later? ...................................... Page
14. If I exclude myself, can I get money from this Settlement?......................................... Page

**OBJECTING TO THE SETTLEMENT**
15. How do I tell the Court that I don't like the Settlement? ............................................ Page

**THE COURT'S FINAL FAIRNESS HEARING**
16. When and where will the Court decide whether to approve the Settlement?..................... Page
17. Do I have to come to the hearing?....................................................................... Page
18. May I appear and speak at the hearing? ............................................................... Page

**GETTING MORE INFORMATION**
19. Who can I contact if I have questions about the Settlement?....................................... Page

**ADDITIONAL IMPORTANT INFORMATION** ......................................................... Page

## BASIC INFORMATION

**1.** **Why was this notice issued**

A Court authorized this notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve it. This notice explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible to receive them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as the *Rivera, et al. v. Western Express, Inc.*, Case No. 5:18-cv-01633-JGB-SHK, (the "Lawsuit").

**2.** **What is this lawsuit about?**

The Lawsuit alleges that Defendant did not pay truck drivers all the wages they earned; did not provide them required meal periods; did not offer them required paid rest periods; did not provide them accurate wage statements; and did not timely pay them all wages earned when they left the company.

Defendant denies all of the claims in the Lawsuit. The Settlement is not an admission of any wrongdoing by Defendant or an indication that any law was violated.

**3.** **What is a class action?**

In a class action lawsuit, one or more people called Class Representatives (in this case, Marc Rivera and Jacquelyn Hutto) sue on behalf of others who may have similar claims, who are called a class or class members.

**4.** **Why is there a Settlement?**

The Court did not decide in favor of Plaintiff Marc Rivera and Jacquelyn Hutto, or Defendant. There was no trial. Instead, both sides agreed to a no-fault settlement of the lawsuit ("Settlement"). That way, they avoid the cost of a trial, and the people affected will get compensation from the Settlement.

**5.** **Who are the Parties in this Lawsuit?**

Marc Rivera and Jacquelyn Hutto are the Plaintiffs. Mr. Rivera and Ms. Hutto were drivers for Defendant. Defendant is Western Express, Inc. doing business as Western Express Transport if California, Inc.

**6.** **Who are the Attorneys representing the Plaintiff and the Class, and representing Defendant?**

| Counsel for Plaintiffs | Counsel for Plaintiffs | Counsel for Defendant Western Express |
|---|---|---|
| **COHELAN KHOURY & SINGER** | **DAVID YEREMIAN AND ASSOCIATES INC.** | **VARNER & BRANDT LLP** |
| Isam C. Khoury, Esq. | David Yeremian, Esq. | Richard D. Marca, Esq. |
| J. Jason Hill, Esq. | Alvin B. Lindsay, Esq. | Jeff T. Olsen, Esq. |
| 605 "C" Street, Suite 200 | 535 North Brand Boulevard, Ste. 705 | 3750 University Avenue, Suite 610 |
| San Diego, CA 92101-5305 | Glendale, CA 91203 | Riverside, California 92501 |
| Telephone: (619) 595-3001 | Telephone: (818) 230-8380 | Telephone: (951) 274-7777 |
| | | |
| **LEBE LAW, APLC** | **SOMMERS SCHWARTZ PC** | |
| Jonathan M. Lebe, Esq. | Kevin J. Stoops, Esq. | |
| 777 S. Alameda Street, 2nd Floor | One Towne Square, Suite 1700 | |
| Los Angeles, CA 90021 | Southfield, MI 48076 | |
| Telephone: (213) 358-7046 | Telephone: (248) 355-0300 | |

## THE TERMS OF THE SETTLEMENT

**7.**      **What is the Settlement Amount?**

The proposed Settlement provides for a maximum payment of **$1,100,000** to fully and finally resolve all claims in the Lawsuit (referred to as the "Gross Settlement Amount"). Class Counsel will apply to the Court for attorneys' fees of up to **$_____** (\_\_\_% of the Gross Settlement Amount ); litigation costs estimated not to exceed **$\_\_\_\_\_**; a Class Representative service payment not to exceed of **$_____**, (**$_____**total), to Marc Rivera and Jacquelyn Hutto for their work and effort in prosecuting this case, risks taken for the payment of costs in the event of loss, and a general release of all claims; settlement  administration expenses to CPT Group Inc., estimated not to exceed **$_____**, a payment in the sum of **$_____**(\_\_\_\_\_% of $_____) to the California Labor Workforce and Development Agency, and the employer-side taxes. The exact amount of the attorneys' fees, litigation costs, Class Representative service payment, and settlement administration expenses will be determined by the Court at the Final Approval hearing if the Settlement is approved.

Following the Court-approved deductions, the remaining portion of the Settlement, the Net Settlement Amount ("NSA") is estimated to be **$_____**. The NSA will be apportioned and paid out entirely, _automatically,_ to all Class Members. No portion of the NSA will revert to Western Express under any circumstances.

**8.**      **How will the Settlement Payments be calculated and how much will my award be?**

Class Members will receive their pro-rata share of the NSA based on the number of weeks they worked for Western Express as delivery drivers in the state of California at any time during the time period from October 26, 2016 to January 13, 2020.

Here's how it works – the NSA will be entirely distributed to the members of the Class. The NSA allocated to each individual Class Member will be based on the individual Class Member's total number of weeks worked during the Class Period, in relation to the total number of weeks worked by all Class Members, estimated to be _____. Weeks will be calculated by the Settlement Administrator according to Western Express's records. It is estimated that Class Members will be paid approximately $\_\_\_\_\_ per week worked during the Class Period, less applicable tax withholdings, although the actual amount that is paid may be lower or higher than the amount estimated. Settlement Awards shall be subject to applicable withholding taxes on that portion of the payment allocated to wages. Settlement Award payments will be allocated 50% to wages for which an IRS W-2 form will be issued, and 50% to penalties and interest for which an IRS 1099 form will be issued.

## HOW TO GET A PAYMENT

**9.**      **How can I get my Settlement Payment?**

If the settlement is approved, you do not need to do anything to receive your Settlement Award check. If the Court approves the Settlement at a final approval hearing, your Settlement Award check will be mailed to the address on file with the Settlement Administrator. **It is your responsibility to keep the Settlement Administrator informed of any change in your address, as your Settlement Award will be mailed to the last known address it has on file for you** if the Court approves the settlement.

**10.      When can I expect to receive my Settlement Award?**

If the Court approves the settlement, your share of the Settlement will be paid approximately 90 days after the Court grants final approval of the Settlement. ***Your share of the Settlement will be mailed to the address on file for you.*** Again, if this address is not correct, or if you move after you receive this Notice, you should notify the Settlement Administrator by mail or by calling the Settlement Administrator at 800-_____.

Class Members receiving a Settlement Award will be responsible for paying all taxes, if any, due on the Settlement Award.

**11.      What am I giving up to get a payment?**

Class Members will be giving up or "releasing" the claims described below:

**Release of Claims**:  After the Court has approved the Settlement, each Settlement Class Member ("Releasor") will be bound by the approval and judgment and thereby releases Defendant Western Express Inc., dba Western Express Transport of California, Inc. and any of their parent, subsidiary, predecessor and affiliated entities or related entities, their current and former directors, officers, managers, servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, issuers and assigns, employees, agents, vendors, customers and anyone acting on their behalves ("Releasees") from any and all claims, including under related state, federal or local law, whether known or unknown, that were or could have been alleged or asserted in the Lawsuit, or arose from the facts stated in Plaintiff's complaints and/or amended complaints, for: (1) Failure to pay regular pay, minimum wages, or for work performed off-the clock (including any alleged violations of Labor Code §§ 558.1, 1194, 1194.2, 1197, 1197.1, 1198; Cal. Code Regs. tit. 8, § 11090 and any wage order or regulation); (2) Failure to provide overtime pay, or overtime premium pay (including any alleged violation of Labor Code §§ 510, 558, 558.1, 1194; Cal. Code Regs. tit. 8, § 11090 and any wage order or regulation); (3) Failure to provide meal periods or timely meal periods, and failure to pay meal period premiums (including any alleged violation of Labor Code §§ 218.5, 218.6, 226.7, 512, 558, 558.1, 1198, 2810; Cal. Code Regs. tit. 8, § 11090 and any wage order or regulation); (4) Failure to provide rest periods and rest period premium pay (including under Cal. Labor Code §§ 226.7, 218.5, 218.6, 558, 558.1, 1198; Cal. Code Regs. tit. 8, § 11090 and any wage order or regulation); (5) Failure to reimburse for necessary expenditures (including under Cal. Labor Code §§ 2802, 2804, 510, 558.1, 6400 *et seq*.; Cal. Code Regs. tit. 8, § 11090 and any wage order or regulation); (6) Failure to provide accurate wage statements & keep accurate payroll records (including under Cal. Labor Code §§ 226, 226.3, 558.1, 1174, 1174.5; Cal. Code Regs. tit. 8, § 11090 and any wage order or regulation); (7) Failure to Timely Pay Wages Owed (including under Labor Code §§ 201-204, 210, 218.6, 2926, 2927; Cal. Code Regs. tit. 8, § 11090 and any wage order or regulation); (8) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. (including under or arising from Labor Code § 90.5(a) and any wage order or regulation); (9) an accounting; and (10) Violation of the Private Attorneys General Act, California Labor Code section 2698 *et seq*. This release also includes all derivative or alternatively-pleaded claims based on the foregoing claims or facts alleged in the Lawsuit. The release further includes claims brought under any theory of recovery, or seeking any form of relief, including damages, punitive damages, costs, or attorneys' fees, including pursuant to CCP § 1021.5, that were or could have been alleged in the Lawsuit based on the foregoing claims or facts alleged in the Lawsuit, including claims for all unpaid wages under the California Labor Code or any IWC Wage order, and or any other derivative or penalty claims, or common law claims ("Released Claims").

The release in this this section applies to claims arising from the Releasors' employment with Defendant in the State of California from October 26, 2016 to January 13, 2020.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**12.**     **How do I get out of the Settlement and this Lawsuit?**

If you wish to pursue a separate lawsuit, with a separate attorney at your own expense, or do not want to participate in the Settlement for other reasons, you should exclude yourself from this Lawsuit (that is, "opt out" of the Settlement). To opt out and exclude yourself from the Lawsuit, you must provide a signed and dated letter to the Administrator requesting to be excluded. The letter must state in substance:

"I wish to opt out of the class action Lawsuit and Settlement entitled *Rivera, et al. v. Western Express, Inc.,* Lead Case No. 5:18-cv-01633-JGB (SHKx) filed in the United States District Court for the Central District of California. I understand that by requesting to be excluded from the Settlement, I will receive no money from the Settlement described in this Notice."

The opt out request letter must include the case name, case number, full name, current address, telephone number and last four digits of your social security number, signed by you, and must be postmarked and mailed to the Administrator at the following address (or in the enclosed envelope) on or before _____, 2020. [60 *calendar days within mailing of Notice Packet.]* Opt-out requests postmarked after this date may be disregarded.

> *Rivera, et al. v. Western Express, Inc.* Class Action
> c/o CPT Group, Inc.
> P. O. Box _____
> _____, _____

If you exclude yourself from the Settlement, you also give up any right to appeal the terms of the Settlement because the Settlement no longer affects you.

**13.**     **If I don't exclude myself, can I sue Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims that this Settlement resolves. *If you have a claim or lawsuit already against Defendant, you must speak to your lawyer in that case immediately*.  You may need to exclude yourself from the Settlement and this Lawsuit to continue your own lawsuit.  Remember, the deadline to postmark a request to exclude yourself (to "opt out") of this Lawsuit is _____, 2020. [*60 calendar days within mailing of Notice Packet.]*

**14.**     **If I exclude myself, can I get money from this Settlement?**

No. If you exclude yourself, you will not receive an Individual Settlement Payment. The Individual Settlement Payment that you would have been entitled to receive will be redistributed to Participating Class Members. No portion of the Settlement monies will go back to Defendant as a result of a request to be excluded.

## OBJECTING TO THE SETTLEMENT

**15.**     **How do I tell the Court that I don't like the Settlement?**

If you don't think the Settlement is fair, you can object to the Settlement and tell the Court that you don't agree with the Settlement or some part of it before the Court decides whether to grant final approval of the Settlement.

To object, you must submit a timely written objection. Your objection must state that you object to the proposed Settlement of the case entitled *Rivera, et al. v. Western Express, Inc.,* United States District Court, Central

District of California, Lead Case No. 5:18-cv-01633-JGB (SHKx). Be sure to include your name, address, telephone number, and signature, and the specific reasons you object to the Settlement. Mail your written objection to the addresses listed below postmarked on or before _____, 2020. [*60 calendar days within mailing of Notice Packet.*]

| | | |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Central District of<br>California –<br>Eastern Division<br>3470 Twelfth Street<br>Rivera, CA 92501-3801<br><br>**Counsel for Plaintiff**<br>**COHELAN  KHOURY  &**<br>**SINGER**<br>Isam C. Khoury<br>J. Jason Hill<br>605 "C" Street, Suite 200<br>San Diego, CA 92101-5305<br>Telephone:  (619) 595-3001 | **Counsel for Plaintiff**<br>**LEBE LAW, APLC**<br>Jonathan M. Lebe, Esq.<br>777 S. Alameda Street, Second Floor<br>Los Angeles, CA 90021<br>Telephone: (213) 358-7046<br><br>**Counsel for Plaintiff**<br>**DAVID YEREMIAN AND**<br>**ASSOCIATES INC.**<br>David Yeremian, Esq.<br>Alvin B. Lindsay, Esq.<br>535 North Brand Boulevard, Suite 705<br>Glendale, CA 91203<br>Telephone: (818) 230-8380 | **Counsel for Plaintiff**<br>**SOMMERS SCHWARTZ PC**<br>Kevin J. Stoops, Esq.<br>One Towne Square, Suite 1700<br>Southfield, MI 48076<br>Telephone: (248) 355-0300<br><br>**Counsel for Defendant Western Express**<br>**VARNER & BRANDT LLP**<br>Richard D. Marca, Esq.<br>Jeff T. Olsen, Esq.<br>3750 University Avenue, Suite 610<br>Riverside, California 92501<br>Telephone: (951) 274-7777 |

If you have questions regarding this Settlement, you should contact the Settlement Administrator. Do **NOT** contact attorneys for Defendant or any of its managers and supervisors, etc.

## THE COURT'S FINAL FAIRNESS HEARING

**16.     When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval hearing in Courtroom 1 on the Second Floor of the United States District Court Central District of California, Eastern Division located at 3470 Twelfth Street, Riverside, California 92501 on _____, 2020, at ____ a.m./p.m. At this hearing the Court will determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court will also be asked to approve Class Counsel's request for attorneys' fees and litigation costs, the Class Representative's service payment, and the Settlement Administrator's fees and expenses. The Court may reschedule the Final Approval hearing without further notice to Class Members. However, any Class Member who has submitted an objection and indicated an intention to speak at the Final Approval Hearing will be notified by Class Counsel of any rescheduling of the date and time of the Final Fairness hearing.

**17.     Do I have to come to the hearing?**

No.  Class Counsel will answer any questions the Judge may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire and pay your own lawyer to attend if you so desire.

**18.      May I speak at the hearing?**

You may appear at the Final Approval Hearing and ask the Court for permission to speak, however, to appear at the final approval hearing, you must submit either a timely objection, or a notice of intent to appear at the hearing. To do so, please timely submit the objection or notice of intent to appear to the Settlement Administrator and attorneys for Plaintiff and Defendant at the three addresses listed in section 12 no later than [*60 calendar days within mailing of Notice Packet*].  Any notice of intent to appear should include a description of any arguments you intend to make.

| GETTING MORE INFORMATION |
| :---: |

**19.      Who may I contact if I have questions about the settlement?**

This Notice is only a summary of the class action Lawsuit and proposed Settlement. For more information, you may personally inspect the files and the Settlement Agreement at the United States District Court, Central District – Eastern Division located at 3470 Twelfth Street, Riverside, California 92501, during regular Court hours. You may also contact Class Counsel if you need more information or have questions. You may also contact the Settlement Administrator by calling toll free 1-_____, or you can write to Settlement Administrator, at _____ [**insert address**].

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, WESTERN EXPRESS OR ANY OF ITS MANAGERS, SUPERVISORS, OR ATTORNEYS FOR INFORMATION.**

| ADDITIONAL IMPORTANT INFORMATION |
| :---: |

A.      **It is your responsibility to ensure that the Settlement Administrator** has your current mailing address and telephone number on file, as this will be the address to which your Settlement Award will be sent if the Settlement is approved.

B.      **Settlement Award checks should be cashed promptly upon receipt**. Proceeds of checks which remain uncashed after 120 days from the date of issuance will be forwarded to the State of California Controller's Office for Unclaimed Property Fund. If your check is lost or misplaced, you should contact the Settlement Administrator immediately to request a replacement.

# EXHIBIT 1-C

**United States District Court, for the Central District of California**

*Rivera et al v. Western Express, Inc.*
United States Central District Court – Case No. 5:18-cv-01633-JGB-SHK

# <u>CHANGE OF ADDRESS FORM</u>

I wish to change my name and/or mailing address and/or other contact information, for purposes of receiving communications related to this Lawsuit and Settlement to the following:

Name (First, Middle, Last): _____

Former Names (if any): _____

Home Street Address: _____

City, State, Zip Code: _____

Telephone Number(s):  Home: _____ Work: _____

Email:_____

Last 4 digits of Social Security Number:  XXX-XX-___ ___ ___ ___        **[Required]**

I understand all future correspondence in this Lawsuit, including but not necessarily limited to important notices or settlement payments, will be sent to the address listed above and not to the address previously used.  I hereby request and consent to the use of the address listed above for these purposes.

Dated: _____, 2019

_____
Signature                    **[Required]**

**PLEASE RETURN THIS FORM IN THE ENVELOPE PROVIDED
OR VIA UNITED STATES FIRST CLASS MAIL TO:**

*Rivera, et al. v. Western Express, Inc.* Class Action
Class Action Settlement Administrator
c/o CPT Group
P. O. Box _____
_____, _____

# EXHIBIT 2

# COHELAN KHOURY & SINGER

A PARTNERSHIP OF PROFESSIONAL LAW CORPORATIONS

TIMOTHY D. COHELAN, * APLC
ISAM C. KHOURY, APC
DIANA M. KHOURY, APC
MICHAEL D. SINGER, •APLC

(*Also admitted in the District of Columbia)
(•Also admitted in Colorado)

**ATTORNEYS AT LAW**

605 "C" STREET, SUITE 200
SAN DIEGO, CALIFORNIA 92101-5305
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
**www.ckslaw.com**

JEFF GERACI ∆
J. JASON HILL†
MARTA MANUS
KRISTINA DE LA ROSA

(† Also admitted in Illinois)
(∆ Of Counsel)

**TIMOTHY D. COHELAN** and **ISAM C. KHOURY** are the founding partners of **COHELAN KHOURY & SINGER**, a civil litigation firm established in 1981. Since 1987, Cohelan Khoury & Singer has specialized in class action cases and has been certified as class counsel and lead counsel in numerous state and federal court cases throughout the United States. The firm has successfully prosecuted well over 150 class action cases representing diverse groups of victims, including urban homeless entitled to emergency shelter; victims of a national health insurance fraud scheme; retirees entitled to pension benefits; defrauded investors; consumers; and workers entitled to back wages. Cohelan Khoury & Singer's diverse practice currently includes representation of, among others, employees contesting wage and hour violations as well as consumers battling unfair business practices.

Cohelan Khoury & Singer has a broad array of experience in prosecuting class action cases. The firm has successfully achieved a landmark California Supreme Court reversal of a court of appeal reversal of a trial court grant of certification affecting over 100,000 workers in *Brinker Restaurant Corp. v. Super. Ct.* (2012) 53 Cal.4th 1004, as well as a groundbreaking reversal of a class certification denial in *Hicks v. Kaufman and Broad* (2001) 89 Cal.App.4th 908. Cohelan Khoury & Singer has also achieved statewide recognition for pro bono public interest work including successful cases prosecuted on behalf of homeless persons in *Hoffmaster v. City of San Diego* (1997) 55 Cal.App.4th 1098.

Cohelan Khoury & Singer's public interest work has been recognized in numerous cases including that of United States District Court Judge Milton Pollack, a Senior United States District Court Judge for the Southern District of New York, who has publicly stated that he had "seen no similar indication of a public service rendered by any group of lawyers in all the years I have practiced law myself, which is for 38, or the 27 years that I have been on the bench." Judge Pollack's comments came in connection with a class action case brought on behalf of thousands of victims of health insurance fraud across the nation.

The firm has substantial trial experience in class action, representative, and complex litigation, as well as individual matters. Cohelan Khoury & Singer is one of a handful of firms to have tried class action wage and hour cases, including an independent contractor misclassification action on behalf of newspaper carriers against the Orange County Register and an action for unpaid wages, wage deductions, and expense

reimbursements on behalf of a certified class of truckers and appliance installation helpers. The firm also tried to judgment a certified case against the State of Hawaii Child Support Enforcement Agency for wrongful retention of child support monies. The agency was ordered to conduct an accounting and pay the funds to the custodial parents. The firm has also represented large numbers of individuals collectively for construction defect claims and major investment frauds, recovering monies related to cracked slab foundations and defrauded investors of Ponzi schemes.

Cohelan Khoury & Singer has certified classes in heavily contested hearings against the following entities:

1. Atlantic Richfield Corporation, Chevron Corporation, Exxon Corporation, Mobil Oil Corporation, Shell Oil Company, Texaco, Inc., Tosco Corporation, Ultramar Corporation, and Unocal Corporation
2. Empire Blue Cross/Blue Shield
3. Pioneer Mortgage
4. Liebert Corporation
5. PaineWebber, Inc.
6. Dayton Hudson Corp.
7. Chartwell Financial
8. Cal Fed, Inc.
9. Jones, American Thrift
10. Service Technicians, Inc.
11. Kaufman & Broad
12. Washington Mutual Bank
13. Albertson's, Inc.
14. Wells Fargo Home Mortgage, Inc.
15. Brinker Restaurant Corporation
16. FedEx Ground Package System
17. Ethan Allen, Inc.
18. State of Hawaii Child Support Enforcement Agency
19. Victoria Apartments
20. AT&T Wireless Services, Inc.
21. Farmers Insurance Company
22. City of San Diego
23. Lewis Homes of California
24. Freedom Communications, Inc. d/b/a The Orange County Register
25. California Pizza Kitchen
26. Raytheon Company
27. Les Schwab Tire Centers of California, Inc.
28. Catholic Healthcare West
29. Kaiser Foundation Hospitals
30. Penske Logistics and Penske Truck Leasing
31. Conair
32. Container Connection of Southern California
33. Ashley Furniture/Stoneledge Furniture
34. Save Mart Supermarkets
35. PICO Enterprises, Inc. dba Phyle Inventory Control Specialist and PICS
36. Certified Class Counsel well over 100 settlement classes

Cohelan Khoury & Singer has obtained numerous verdicts, judgments, or settlements since September 1993. Listed below are examples of cases the firm has played a central role in the resolution of and which have received final approval by the Court:

- *Bennett v. Countrywide*, San Diego Superior Court, Case No. GIC840981 [expense reimbursement claim by commission employees];
- *Evans v. Washington Mutual Bank*, Orange County Superior Court Case No. 02CC15415 [expense reimbursement and wage deduction claim by commission employees];
- *Gonzalez, et al. v. Freedom Communications, Inc. d/b/a The Orange County Register*, Orange County Superior Court Case No. 03CC08756 [home delivery carriers misclassified as "independent contractors"];
- *Aravena v. Cisco Systems, Inc.*, Orange County Superior Court Case No. 07CC01367 [OT misclassification claim by IT employees];
- *Venturini v. Genentech, Inc.*, San Francisco Superior Court Case No. CGC-09-492494 [OT misclassification claim by IT employees];
- *Durrani v. Western Digital Corporation, et al.*, Orange County Superior Court Case No. 30-2009-00268212 [OT misclassification claim by IT Employees];
- *Watson v. Raytheon Company*, United States District Court, Southern District of California Case No. 10CV0634 [Ot misclassification claim by IT employees];
- *Bills v. Sutter Health*, Alameda Superior Court Case No. RG09465894 [Ot misclassification claim by IT employees];
- *Smith v. California Pizza Kitchen*, San Diego Superior Court Case No. 37-2008-00083992 [OT misclassification claims by managers and assistant managers];
- *Dunn v. The Kroger Company, et al.*, Los Angeles Superior Court Case No. Case No. BC323252 [meal and rest break claims];
- *Gallen v. Gambro Healthcare, Inc.*, Orange County Superior Court Case No. 04CC00571 [OT claims by nurses];
- *Hohnbaum, et al. v. Brinker Restaurant Corp.*, San Diego Superior Court Case No. GIC834348 [meal and rest break claims];
- *Liberty Mutual Overtime Cases*, Los Angeles Superior Court Case No. J.C.C.P. 4234 [OT misclassification of Insurance Claims Handlers];
- *Leisinger-Reed, et al. v. Equinox Holdings, Inc., et al*., Los Angeles Superior Court Case No. BC481860 [unpaid wages, and meal and rest break claims by massage therapists, estheticians, and nail technicians];
- *Rite Aid Wage and Hour Cases*, Los Angeles Superior Court Case No. J.C.C.P. 4583 [OT, Meal and Rest Period Claims by Pharmacists]
- *Djukich v. Carwell, LLC*, Unites States District Court, Central District of California Case No. 13CV4455 BRO [unpaid wages claims by automotive technicians];

- *Laureano, Jr. et al. v. The Art of Shaving-FL, LLC*, Los Angeles Superior Court Case No. BC550093 [meal and rest break and overtime claims by non-exempt employees];
- *Martinez v. Alameda Health System*, Alameda Superior Court Case No. RG14719205 [unpaid wages by non-exempt employees];
- *Freeman v. Coast to Coast Manpower, LLC*, Los Angeles Superior Court Case No. BC543709 [unpaid wages, meal and rest break, and vacation pay claims by truck drivers];
- *Morales v. The Los Angeles Country Club*, Los Angeles Superior Court Case No. BC566493 [unpaid wages, meal and rest break, reporting and split shift pay, expense reimbursement and improper wage deductions claims by non-exempt employees];
- *Bradley v. Safe Haven Security Services, Inc.*, San Diego Superior Court Case No. 37-2015-00019576-CU-OE-CTL [expense reimbursement and wage statement claims by Sales Representatives]; and
- *Czuchaj, et al. v. Conair Corporation,* United States District Court, Southern District of California Case No. 13CV1901 BEN (RBB) [implied warranty of merchantability of certain models of hair dryers], among others.

**TIMOTHY D. COHELAN**, Founding Partner, author of *Cohelan on California Class Actions* (Thomson Reuters, 1997-2019, updated annually), is the son of the late Jeffery Cohelan, former California Congressman. He is a 1974 graduate of California Western School of Law, where he was a law review editor. Mr. Cohelan served as an Officer in the U.S. Navy from 1968 to 1971 and received a B.A. from the University of Arizona in 1967. Mr. Cohelan was admitted to the State Bar of California in 1974, and was admitted to the Bar in the District of Columbia in 1996. He also served as the Chairman of the San Diego Coast Regional Commission from 1978 to 1981. From 1982 to 2006, Mr. Cohelan served the San Diego Superior Court as a Judge Pro Tem, hearing and ruling on hundreds of matters during his service.

Timothy Cohelan was named a "California Lawyer of the Year" by California Lawyer Magazine (Clay Award) in 1996. Mr. Cohelan's memberships include former member of the Board of Governors of the Association of Business Trial Lawyers for San Diego County, member of the American Bar Association and the Consumer Attorneys of California and San Diego County Bar Association. His main areas of practice include class action, civil, wage and hour and antitrust cases.

Mr. Cohelan served as the Chair of San Diego Volunteer Lawyer Program, a non-profit successor of Legal Aid, from 2015 through 2018 and currently sits on the Board as past Chair. As an advocate for the homeless, Mr. Cohelan received San Diego County Bar Association honors for community service in connection with his work on behalf of SDVLP on an important class action case impacting homeless shelter locations.

**ISAM C. KHOURY,** Founding Partner, is a 1970 graduate of the University of California at San Diego and received a law degree from Hastings School of Law in 1973. Mr. Khoury is a member of the State Bar of California, admitted in 1974, the San Diego County Bar Association, Consumer Attorneys of San Diego and Consumer Attorneys of California. He has successfully litigated numerous complex civil matters to verdict, jury and non-jury. His main areas of practice include civil tort litigation, personal injury, business torts, antitrust and class action cases.

In recent years, Mr. Khoury has emphasized wage and hour class action matters having assisted in the litigation to judgement or settlement of over 150 wage and hour class actions. The Southern California Super Lawyers Magazine has selected Mr. Khoury as a southern California/San Diego Super lawyer for the years 2011 through 2017. He has been approved as a CLE lecturer and has participated in seminars on class action wage and hour issues, the complexities of mediation, and the procedural requirements involved in class action settlements. He has argued appeals and been co-counsel in several matters of major import including California Supreme Court decisions including the *Brinker* decision clarifying California meal and rest break requirements and *Harris v Liberty Mutual* which defined parameters for the use of the administrative exemption.

**MICHAEL D. SINGER**, Managing Partner, is a 1984 graduate of U.C. Hastings Law School. He graduated magna cum laude from San Francisco State University in 1980 with a B.A. in English. He was admitted to the State Bar of California in 1984 and the State Bar of Colorado in 2001. For over thirteen years, he served as co-chair and liaison to the California Employment Lawyers Association (CELA). He is a member of the San Diego County Bar Association. He is the author of the opening chapter overview on California wage and hour law and PAGA Claim chapter in *California Wage and Hour Law: Compliance and Litigation* (CEB 2010-2019). He was named to the Daily Journal 2012, 2013 and 2018 list of the Top California Labor and Employment Attorneys. Mr. Singer serves on the Legal Aid at Work Board of Directors. His main areas of practice include employment wage and hour, consumer, and unfair competition class actions and appellate practice.

Mr. Singer regularly contributes amicus curiae briefs on class action and employment issues in the California Supreme Court and Courts of Appeal. In his capacity as Amicus lesion for CELA, he coordinated, drafted or co-drafted amicus letters and briefs on a wide range of labor law issues in the rapidly developing decisional law, supporting Review in the Supreme Court, and publication or depublication of Court of Appeal decisions in the following cases since January 1, 2008: *Chindarah v. Pick up Stix*, 171 Cal. App. 4th 796 (2009), California Superior Court Case No. S171864 [regarding propriety under Labor Code section 206.5 and California Rules of Court of settling with absent class members without court supervision prior to class certification] (Supporting Petition for Review; Review Denied); *Lu v Hawaiian Gardens Casino*, California Supreme Court Case No. S171442 [whether a private cause of action exists under the Labor Code for tip pooling

violations](Review Granted); *Brinkley v Public Storage*, 198 P.3d 1087 (2009), California Supreme Court Case No. S168806 [denying class certification of rest and meal period claims](Review Granted); *Estrada v. Fedex Ground Package System*, 154 Cal. App. 4th 1 (2007), California Supreme Court Case No. S156595 [judgment finding drivers entitled to expense reimbursement] (supporting opposition to Review; Review denied); *Group Brewer v Premier Golf*, 168 Cal. App. 4th 1243 (2008), California Supreme Court Case No. 169666 [holding punitive damages unavailable in connection with wage claims] (supporting Petition for Review; Review Denied); *Christler v. Express Messenger*, California Supreme Court Case No. S171439 [jury verdict finding employees independent contractors] (supporting Petition for Review; Review Denied); *Watkins v. Wachovia*, 172 Cal. App. 4th 1576 (2009), California Court of Appeal Case No. B199982 [affirming dismissal of appeal following denial of class certification based on employee severance agreement resolving claims] (depublication request pending); *Ghazaryan v. Diva Limousine*, 169 Cal. App. 4th 1524 (2008), California Court of Appeal Case No. B201509 [reversing class certification denial] (publication request granted); *Bufil v Dollar Financial Group*, 162 Cal. App. 4th 1193 (2008), California Court of Appeal Case No. A118143 [reversing certification denial of meal period claims applying collateral estoppels] (publication request granted); *Kurian v. U.S. Mortgage Capital*, California Court of Appeal Case No. B201013 [regarding propriety of wage compromises under Labor Code section 206.5] (publication request denied); *BCBG Overtime Cases*, 163 Cal. App. 4th 1293 (2008), California Supreme Court Case No. S165348 [propriety of defendant bringing preemptive motion to deny class certification] (depublication request denied); *Kenny v Supercuts*, 252 F.R.D. 641 (2008), United State District Court Case No. C 06-07521 CRB; *Salazar v Avis*, 251 F.R.D. 529 (2008), United State District Court Case No. 07-CV-0064-IEG-WMC [denying certification of rest and meal period claims] (request that 9th Circuit Court of Appeals certify question to the California Supreme Court denied); and *Methodist Hospital v Superior Court*, California Court of Appeal Case No. B208295 [ruling a private right of action exists for rest and meal period claims under Labor Code section 226.7] (supporting opposition to Petition for Writ; Writ denied), among many others.

Mr. Singer is a contributor to the Los Angeles Daily Journal, having authored articles on the California Court of Appeal decision in *Parris v. Superior Court* regarding communications with absent class members (May, 2003), SB 796 (Dunn, D-Garden Grove), California's Private Attorneys General Law providing employees a private right of action against employers for civil penalties under the Labor Code (October 2003), the California Court of Appeal decision in *Bell v. Farmers Ins. Exch*. and its guidance for the use of statistical sampling and extrapolation to prove aggregate class-wide damages (February 2004), and the then-pending Supreme Court decision regarding Sav-On and Overtime Class Suits.

He is an MCLE lecturer on class action procedure and wage and hour issues and has argued appeals in the Second, Third, and Ninth Federal Circuit Courts of Appeals, as

well as the Second and Fourth California District Courts of Appeal. Published decisions include *Hicks v. Kaufman and Broad Home Corp.* (2001) 89 Cal.App.4th 908 (reversing the denial of certification of a class of home buyers for construction defects); *Hicks v. Superior Court* (2004) 115 Cal.App.4th 77 (challenging implied construction warranty disclaimers); *Federal Home Loan Mortgage Corp. v. La Conchita Ranch Co.* (1998) 68 Cal.App.4th 856 (defending challenge to attorney disqualification); and *Save Our NTC, Inc. v. City of San Diego* (2003) 105 Cal.App.4th 285 (challenging private development of former naval training center). He also contributed to the briefing of *Aguilar v. Atlantic Richfield, et al.* (2001) 25 Cal.4th 826 (summary judgment of antitrust claim of certified class of 20 million California drivers). He is one of the very few attorneys in the State of California to have tried a wage and hour class action involving contested procedures regarding the use of sampled and statistical evidence.

**DIANA M. KHOURY,** Partner, received a law degree from Western State University in 1986 and is a graduate of San Diego State University, where she received her Bachelors of Science degree in 1975. She is a member of the State Bar of California, admitted in 1987. Since admission to the bar, Ms. Khoury has been a member of the San Diego County Bar Association, Consumer Attorneys of San Diego, Consumer Attorneys of California, American Bar Association and the American Association of Justice. From 2010 through 2016, Ms. Khoury served on the Board of Directors for Consumer Attorneys of San Diego. Since 2013, Ms. Khoury has served on the Board of Directors for the San Diego County Bar Foundation, ("SDCBF"), the 501(c) (3) charitable arm of the San Diego County Bar Association. Ms. Khoury has been selected by her peers based on ethics, experience and reputation as a "Super Lawyer" in Civil Litigation from 2010 through the present by the Southern California Super Lawyers Magazine, and is also AV-Preeminent rated by Martindale –Hubbell, the highest possible rating for a lawyer.

Upon being admitted to the State Bar of California, a major focus of Ms. Khoury's practice has been on consumer rights litigation, and has included civil tort litigation, personal injury, and business torts. Throughout her career, she has taken numerous jury trials to verdict. She has been a lecturer for Mandatory Continuing Legal Education regarding class actions. Ms. Khoury currently represents employees in wage and hour class actions, where her recognized specialty is class action resolution.

**JEFF GERACI**, Partner, is a 1982 graduate of Pitzer College with a degree in Sociology. He is a 1990 graduate of the University of San Diego School of Law, and has practiced employment law for over seventeen years. He has handled matters in California state and federal trial and appellate courts, and before many administrative agencies, including the California Division of Labor Standards Enforcement, the Department of Fair Employment and Housing, the Equal Employment Opportunity Commission, the California State Personnel Board, the California Board of Psychology, and the California State Commission for Teacher Credentialing.

Mr. Geraci has provided counseling and representation in all areas of employment law, including wrongful termination, employment discrimination, sexual harassment, and wage and hour laws. His practice is now focused on class actions, including wage and hour class action litigation and consumer actions.

Mr. Geraci's published decisions include *McAlindin v. County of San Diego* (1999) 192 F.3d 1226 [reversing summary judgment in a disability discrimination case] and *Araiza v. National Steel and Shipbuilding* (S.D. Cal. 1997) 973 F. Supp. 963 [denying mandatory arbitration of employment claims under a collective arbitration agreement].

Mr. Geraci is a member of the Labor and Employment Law sections of the California and San Diego County Bar Associations, and has served as Editor of the Employment Law column for the Consumer Attorneys of San Diego monthly publication, *Trial Bar News*. He is a past recipient of the Wiley W. Manuel Award for Pro Bono Service.

**J. JASON HILL**, Partner, is a 1992 graduate of the University of Illinois at Urbana-Champaign and holds a B.A. in Philosophy, Political Science and Communications. In 1995, he received his J.D. degree from California Western School of Law, where he was a member of the Law Review an International Law Journal, as well as editor of the Telecommunications Law Forum. Currently, Mr. Hill is admitted to the bar in both California and Illinois, and is a broker licensed by the California Department of Real Estate. He maintains memberships not only with the San Diego County Bar Association, but also the National Association of Realtors, the California Association of Realtors and the San Diego Association of Realtors.

Prior to joining Cohelan Khoury & Singer, Hill represented large institutional clients in a variety of civil litigation settings, including insurance coverage, employment law, health care law, general and professional liability, as well as, premises and product liability claims. He has particular emphasis on all aspects of professional liability claims in a healthcare setting, as well as claims brought pursuant to the Emergency Medical Treatment and Active Labor Act (EMTALA) and the Elder Abuse and Dependent Adult Civil Protections Act (EADACPA). Mr. Hill is also an accomplished appellate practitioner and has briefed and/or argued over 40 matters in both state and federal courts of appeal, yielding several published decisions on a range of legal issues.

**MARTA MANUS**, Attorney, is a 2008 graduate of California Western School of Law. She graduated with honors and received a Bachelor of Arts in Psychology from California State University Northridge. Ms. Manus has been a member of the State Bar of California since her admission in December 2008. She has practiced before all District Courts in the state of California as well as the Fourth District Court of Appeal and the U.S. Court of Appeals for the Ninth Circuit.

Ms. Manus has been successfully litigating employment law cases for nearly a decade, representing employees in all aspects of labor and employment law matters, including employment discrimination, wrongful termination, retaliation, and wage and hour class action lawsuits. Her practice focuses primarily on employee-side wage and hour class actions. Ms. Manus is a member of the Labor and Employment Law sections of the California and San Diego Bar Associations as well as the Federal Bar Association. Ms. Manus was recognized by San Diego Super Lawyers as a Rising Star in 2015, 2016, and 2017.

**KRISTINA DE LA ROSA**, Attorney, was born and raised in San Diego. She graduated from UC San Diego in 2006 with a B.A. in Psychology, where she was also a 4- year member of the Women's NCAA intercollegiate soccer team. She received her law degree from Santa Clara Law School in 2011 and was admitted to the California State Bar in the same year.

During law school, she interned for Equal Rights Advocates, the ACLU of Southern California, and externed for the Hon. John F. Herlihy (Ret.). She volunteered for the Katherine and George Alexander Community Law Center Workers' Rights workshops and earned the Witkin Award for Excellence and the Richard S. Rosenberg Prize for Excellence in Labor Law. Immediately after passing the bar, she began representing employees in class action wage and hour litigation. She also volunteered for the California Rural Legal Assistance, Inc., assisting farm workers with filing wage and worker's compensation claims. Ms. De La Rosa remains committed to protecting employee rights and represents employees and consumers in class and collective actions across California, helping them recover millions of dollars in unpaid wages, restitution and penalties. Ms. De La Rosa is a member of CELA.