Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Krysta Kauble Pachman (280951)
kpachman@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100 / Fax: (310) 789-3150

Robert J. Wasserman (258538)
rwasserman@mayallaw.com
William J. Gorham (151773)
wgorham@mayallaw.com
**MAYALL HURLEY P.C.**
2453 Grand Canal Boulevard
Stockton, California 95207-8253
Phone: (209) 477-3833 / Fax: (209) 473-4818

*Attorneys for* CURTIS MARKSON, MARK MCGEORGE, CLOIS MCCLENDON, and ERIC CLARK

(Additional Counsel for Plaintiffs Listed on Next Page)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC RIVERA, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br>vs.<br>WESTERN EXPRESS, INC., doing business as WESTERN EXPRESS TRANSPORT OF CALIFORNIA, INC., a Tennessee Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:18-cv-01633-JGB-SHK<br><br>Judge: Hon. Jesus G. Bernal<br><br>**OBJECTION TO CLASS ACTION SETTLEMENT AND OPPOSITION TO MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

1

7215717v1/015712

Counsel for the proposed Class in *Markson v. CRST, et al.*, Case No. 5:17-cv-01261-FMO-SPx, pending in the Central District of California, respectfully request the Court to deny the motion for preliminary approval because the release in the Settlement Agreement is overbroad.[1] *Markson* Counsel file this objection on behalf of the absent class members in the *Rivera* litigation who are also members of the putative class in *Markson*. *See San Francisco NAACP v. San Francisco Unified School Dist.*, 59 F. Supp. 2d 1021, 1033 (N.D. Cal. 1999) (considering an amicus curiae's objections to class action settlement even though it was not filed on behalf of a particular class member).

The class in *Markson* includes "All current or former California residents 'under contract' as motor vehicle carrier drivers with CRST International, Inc., CRST Expedited, Inc.; C.R. England, Inc., Western Express, Inc. ("Western Express"), Schneider National, Inc., or Southern Refrigerated Transport, Inc., at any time from May 15, 2013 to the present." Case No. 5:17-cv-01261-FMO-SPx, Doc. No. 55. The *Markson* case is based on allegations that, *inter alia*, Western Express and other carriers violated the antitrust laws by participating in a conspiracy to restrain competition among themselves in order to suppress compensation of their own workers, in violation of federal and California antitrust laws. Because both this case and the *Markson* case involve California residents employed by Western Express from October 26, 2016 to January 13, 2020, there is a significant overlap in class membership.

Given the overlap in the class definitions in this case and *Markson*, the release in the proposed Settlement Agreement is untenable. The release is expansive, including "all claims, rights, demands, liabilities, penalties, fines, debts and causes of action **of every nature and description**, under state, federal, and local law, **whether known or unknown**, arising from or related to the claims pled in Plaintiffs' complaints

---

[1] All capitalized terms have the same meaning as defined terms in the Settlement Agreement. Doc. No. 27-2.

filed in the Action or ***that could have been pled*** based on the factual allegations in the operative complaint, in the Plaintiffs' original complaints, or in the Second Amended Class Action Complaint…" Settlement Agreement (Doc. No. 27-2) at ¶ 18. Because the Settlement Agreement could impact the claims of the class members in *Markson*, the parties should clarify that the scope of the release does not preclude the *Markson* plaintiffs from maintaining their claims against Western Express. Alternatively, the Court should deny Plaintiffs' motion for preliminary approval because the release does not adequately protect the interests of the many class members who are in both classes and should be permitted to recover in both actions.

## II.  LEGAL STANDARD

Courts consider several factors when determining whether a proposed settlement is "fair, reasonable and adequate" under Rule 23(e). *Chi v. Univ. of S. California*, No. 2:18-CV-04258-SVW(GJSx), 2019 WL 3064457, at *2 (C.D. Cal. Apr. 18, 2019) (denying motion for preliminary approval). At the preliminary approval stage, the moving parties must demonstrate that the Court will "likely be able to" (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal. *Id.; see also Ehrheart v. Verizon Wireless,* 609 F.3d 590, 593 (3d Cir. 2010) (stressing that "[t]he purpose of Rule 23(e) is to protect the unnamed members of the class," and that a "district court acts as a fiduciary" for absent class members).

In making such a determination, the Court should consider whether:

(A)  the class representatives and class counsel have adequately represented the class;

(B)  the proposal was negotiated at arm's length;

(C)  the relief provided for the class is adequate, taking into account:

  (i)  the costs, risks, and delay of trial and appeal;

3

7215717v1/015712

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

   (iv) any agreement required to be identified under Rule 23(e)(3); and

 (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2)(A)-(D).

## III. THE SETTLEMENT AGREEMENT DOES NOT SATISFY RULE 23

The Settlement Agreement presented to the Court does not satisfy the standard for preliminary approval because the release is overbroad. The scope of the release is as follows:

> "Released Claims" means all claims, rights, demands, liabilities, penalties, fines, debts and causes of action of every nature and description, under state, federal, and local law, whether known or unknown, arising from or related to the claims pled in the Plaintiffs' complaints filed in the Action or that could have been pled based on the factual allegations in the operative complaint, in the Plaintiffs' original respective complaints, or in the Second Amended Class Action Complaint (Exhibit "A"), including but not limited to claims premised on alleged: unpaid wages, including any theory of piece-rate law, unpaid minimum wage, meal and rest period premiums, waiting time penalties, itemized wage statements, wages for unpaid time, other civil or statutory penalties related thereto, and any claim based on California Labor Code sections 201, 202, 203, 204, 226, 226.2, 226.3, 226.7, 510, 512, 1174(d) 1194, 1194.2, 1197, 2699 et seq.,

the Private Attorneys General Act of 2004, California Code of Regulations, Title 8 Section 11000 et seq., the applicable Industrial Welfare Commission (IWC) Wage Orders, including 7- 2001, Business & Professions Code section 17200-17208 or any related damages, penalties, restitution, disgorgement, interest or attorneys' fees.

Settlement Agreement (Doc. No. 27-2) at ¶ 18.

The release is not limited to any and all claims asserted in this action. The release included in the Settlement includes "all claims, rights, demands, liabilities, penalties, fines, debts and causes of action *of every nature and description*, under state, federal, and local law, *whether known or unknown*, arising from or related to the claims pled in Plaintiffs' complaints filed in the Action or *that could have been pled* based on the factual allegations in the operative complaint, in the Plaintiffs' original complaints, or in the Second Amended Class Action Complaint…" *Id.*

"A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but *only* where the released claim[s] [are] based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (internal quotation marks omitted) (emphasis added); *see also Chavez v. PVH Corp.*, No. 13-CV-01797-LHK, 2015 WL 581382, at *5 (N.D. Cal. Feb. 11, 2015) ("District courts in this Circuit have declined to approve settlement agreements where such agreements would release claims based on different facts than those alleged in the litigation at issue.").

In *Hadley v. Kellogg Sales Company*, Case No. 16-cv-04955-LHK, 2020 WL 836673, at *2 (N.D. Cal. Feb. 20, 2020), for example, the court denied preliminary approval as inconsistent with Ninth Circuit precedent where the class members released "any and all claims, demands, rights, suits, liabilities, injunctive and/or declaratory

5

7215717v1/015712

relief, and causes of action *of every nature and description whatsoever*, including costs, expenses, penalties, and attorneys' fees, whether known or unknown, matured or unmatured, at law or in equity, existing under federal or state law, that any Class member has or may have against the Released Kellogg Persons arising out of or *related in any way* to the transactions, occurrences, events, behaviors, conduct, practices, and policies alleged in the Actions regarding the Class Products, which have been, or which could have been asserted in the Actions, and in connection with the conduct of the Actions, that have been brought, could have been brought, or are currently pending in any forum in the United States." (emphasis in original).

Here, like in *Hadley*, the release encompasses claims "of every nature and description," "whether known or unknown," that were pled "or that could have been pled," and exceeds those claims "based on the identical factual predicate as that underlying the claims in the settled class action." *See also Willner v. Manpower, Inc.*, Case No. 11-cv-02846-JST, 2014 WL 4370694, at *2 (N.D. Cal. Sept. 3, 2014) (denying preliminary approval when the release included claims "of every nature and description, *whether known or unknown*" that were "*related in any way to any claim alleged in the Lawsuit*" and thus likely released claims beyond the scope of the allegations in the operative complaint) (emphasis in original).

Unless the parties clarify that the release does not impact the rights of the proposed Class in *Markson*, the Court should deny preliminary approval.

Dated: March 19, 2020

By: /s/ Krysta Kauble Pachman
Marc M. Seltzer
Steven G. Sklaver
Krysta Kauble Pachman (28091)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com

6

7215717v1/015712

ssklaver@susmangodfrey.com
kpachman@susmangodfrey.com

Matthew R. Berry (*pro hac vice*)
Ian M. Gore (*pro hac vice*)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
mberry@susmangodfrey.com
igore@susmangodfrey.com

Robert J. Wasserman
William J. Gorham
Nicholas J. Scardigli
Vladimir J. Kozina
MAYALL HURLEY P.C.
2453 Grand Canal Boulevard
Stockton, California 95207
Telephone: (209) 477-3833
rwasserman@mayallaw.com
wgorham@mayallaw.com
nscardigli@mayallaw.com
vjkozina@mayallaw.com

Jonathan Melmed (290218)
MELMED LAW GROUP P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
jm@melmedlaw.com

Craig J. Ackerman (SBN: 229832)
ACKERMANN AND TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
cja@ackermanntilajef.com

***Attorneys for Plaintiffs***

7215717v1/015712

7